United States Courts
Southern District of Texas
ENTERED

AUG 1 6 2002

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA Litigation | } } } MDL-1446 |
| THIS DOCUMENT RELATES TO: | } |
| All Cases | } } |
| MARK NEWBY, ET AL., | } } |
| Plaintiffs | } } |
| VS. | } } CIVIL ACTION NO. H-01-3624 } CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | } } |
| Defendants | } |

## ORDER

Pending before the Court is Lead Plaintiff the Regents of the University of California's motion for a limited production of Enron documents (instrument #802).

Lead Plaintiff explains that in the New York bankruptcy court it moved for a limited modification of the automatic stay as to Debtor Enron Corporation to obtain copies of all documents and materials produced by the Debtor related to any inquiry or investigation by any legislative branch committee, the executive branch, including the Department of Justice and the Securities and Exchange Commission, and all transcripts of witness interviews or depositions related to those inquiries. After review of the briefing and oral argument, on May 22, 2002 Judge Arthur Gonzalez lifted the automatic stay, provided that this Court determines that the PSLRA's discovery stay should be lifted, to require Enron to produce such documents, subject to any attorney-client privilege or work product protection asserted by Enron and a reasonable time for review. Ex. to Motion. Because these materials have already been made available to and reviewed by numerous governmental entities and others, Lead Plaintiff asks the Court to order the PSLRA's discovery stay to be lifted for the same reasons it did in its February 27, 2002 scheduling order,



when it lifted the stay as to certain ERISA documents and made them available to both <u>Tittle</u> and <u>Newby</u> Plaintiffs because the PSLRA's discovery stay "was designed to prevent fishing expeditions in frivolous securities lawsuits" and "was not designed to keep secret from counsel in securities cases documents that have already become available for review by means other than discovery in the securities case." Feb. 27, 2002 Order (#326) at 3-4.

Opposition has been filed by Enron Corporation (#883), joined by Defendant Kenneth Lay (#884) and Certain Officer Defendants (Richard Buy, Richard Causey, Kenneth Rice, Joseph M. Hirko, Stanley C. Horton, Steven Kean, Kevin Hannon, Mark Frevert, Mark Koenig, Jeff McMahon, Lawrence Whalley and Cindy K. Olson)(#890). Emphasizing the unambiguous text of 15 U.S.C. § 78u-4(b)(3)(B),[1] which allows only two exceptions to the PSLRA's ban on discovery during pendency of motions to discuss, Defendants note that Lead Plaintiff does not claim that it can show that particularized discovery is essential to preserve evidence or to prevent prejudice to Lead Plaintiff. They complain, "Plaintiff offers no authority or rationale for expanding the Court's Scheduling Order's accommodation of the ERISA claims to order wholesale production of hundreds of thousands of pages of documents in the securities case." Defendants insist that the PSLRA prohibits discovery requests, whether a "fishing expedition" or a "surgical strike." They argue that until the Court rules on the motions to dismiss challenging the legal sufficiency of the amended consolidated complaint, the securities action "should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed," as Congress intended. <u>SG Cowan Securities Corp. v. U.S.D.C. of the N.D. Cal.</u>, 189 F.3d 909, 912 (9th Cir. 1999).

---

[1] Section 78u-4(b)(3)(B) provides,

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or to prevent prejudice to that party.

In reply, Lead Plaintiff underlines the point that this request does not "pose . . . a threat of the abusive litigation threatened by the PSLRA" and that "Defendants therefore should not be allowed to hide behind the statute." While recognizing that the PSLRA's discovery stay protected Defendants from unnecessary discovery costs, Lead Plaintiff argues that here the burden would be slight because Enron has already found, reviewed, and organized the documents. The Court agrees. In a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse. Accordingly, the Court

**ORDERS** that the motion for limited production is **GRANTED**.

**SIGNED** at Houston, Texas, this _15th_ day of August, 2002.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE