IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

FEB 28 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARK NEWBY, ET AL., | } | |
| Plaintiffs | } | |
| VS. | } | CIVIL ACTION NO. H-01-3624 |
| ENRON CORPORATION, ET AL., | } | AND CONSOLIDATED CASES |
| Defendants | } | |
| PIRRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, Derivatively On Behalf of ENRON CORPORATION, ET. AL., | } | |
| Plaintiffs | } | |
| VS. | } | CIVIL ACTION NO. H-01-3645 |
| KENNETH LAY, ET AL., | } | AND CONSOLIDATED CASES |
| Defendants | } | |
| PAMELA M. TITTLE, on behalf of herself and a class of persons similarly situated, ET AL., | } | |
| Plaintiffs | } | |
| VS. | } | CIVIL ACTION NO. H-01-3913 |
| ENRON CORP., an Oregon Corporation, ET AL., | } | AND CONSOLIDATED CASES |
| Defendants. | } | |

## SCHEDULING ORDER

On February 25, 2002 this Court held a scheduling conference participated in by the consolidated *Tittle* parties and the consolidated *Newby* parties. The Court heard

326

from plaintiffs and defendants in each case and has considered the arguments of all sides. The consolidated *Pirrelli* case has been automatically stayed by the Enron bankruptcy proceeding and remains so.[1] That stay of claims against Enron Corporation in the *Tittle* consolidated action was lifted by The Hon. Arthur J. Gonzalez, United States Bankruptcy Judge, Southern District of New York, for the limited purpose of allowing, *inter alia*, Enron to participate in the scheduling of the *Tittle* case.

      The Court is mindful that the eyes of the nation are on this Court and the civil justice system to see if we are up to the challenge of giving to all parties in these suits their day in court. It is the nation's impression that the justice system grinds slowly in a Dickensian fashion, and it is the hope of this Court that that impression can be changed by an efficient resolution of these cases. To that end, the Court finds that the agreed to and proposed schedules submitted by the plaintiffs and defendants are each deficient in some respect. The Court has taken into account the positions and arguments of each group of parties and has fashioned what the Court believes to be a workable schedule, one that will require the expenditure of a great deal of time and energy by the lawyers and parties, but one that will bring this case to resolution in as short a time frame as humanly possible, while serving the interests of justice. The scheduled dates are considered by this Court to be FIRM DATES. These are not floating dates subject to change without sufficient reason. By separate order the Court will establish a monthly conference call so that counsel and the Court may confer. Accordingly, it is hereby

---

[1] At this time, because the Detective Endowment Association Annuity Fund has moved in the Bankruptcy Court to lift the stay as to the shareholder derivative suits, the Court chooses not to administratively close the *Pirrelli* action.

**ORDERED** that the *Newby* and *Tittle* plaintiffs and defendants shall confer within the next ten days and as promptly as possible take the steps necessary to set up and fund in Houston, Texas, a document depository for the receipt and maintenance of discovery in all of these consolidated cases. The depository shall be accessible to the attorneys for all parties. The logistics of setting up the depository and protocols for access and copying will be left to the professionalism of experienced counsel. It is further

**ORDERED** that, pursuant to the order of the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge for the Southern District of New York, partially lifting the bankruptcy stay, Enron Corporation will produce, subject to attorney client privilege or work product protection:

(1) a copy of all documents and materials Enron has produced since filing for bankruptcy in connection with any inquiry(ies) or investigation(s) into the Company's handling of its ERISA-governed pension plans, that were provided, or that may be provided, pursuant to subpoena

   (a) by any committee of the Legislative branch of the United States Government, or

   (b) by the Executive branch of the United States Government, including, but not limited to, the Department of Labor, and

(2) copies of all transcripts of witness interviews or depositions in Enron's possession, custody or control, given or taken in connection with said inquiry(ies) or investigation(s).

These copies of documents, transcripts and depositions shall be deposited in the document depository in Houston, Texas by April 1, 2002 and made available to all lawyers in both the consolidated *Tittle* and *Newby* cases. The automatic stay of discovery

mandated by the PSLRA was designed to prevent fishing expeditions in frivolous securities lawsuits. It was not designed to keep secret from counsel in securities cases documents that have become available for review by means other than discovery in the securities case. Furthermore, as pointed out during the hearing, the *Tittle* plaintiffs are included within the putative class of the *Newby* case. Any materials withheld because of privilege or work product shall be documented in a privileged log. It is further

**ORDERED** that interrogatories, requests for admissions, and document requests that plaintiffs in the *Newby* or *Tittle* case wish to propound to defendants, including Enron, be proposed as soon as possible so that, should any claims survive the motions to dismiss, the *Newby* and *Tittle* defendants will have had an opportunity to review the discovery requests during the pendency of the motions to dismiss and can respond within a reasonable time frame after a ruling on the motions, should a response be necessary. In no event shall Enron's answer, objection, or other response to the discovery be required until the bankruptcy stay is lifted for all purposes on June 21, 2002, pursuant to Judge Gonzalez's Order. It is further

**ORDERED** that the plaintiffs in the *Tittle* case, inasmuch as they are not subject to the PSLRA stay of discovery, may immediately begin any discovery unique to their case that has not been stayed in the *Newby* case by the PSLRA. All discovery shall be placed in the document depository in Houston, Texas. It is further

**ORDERED** that expert witnesses, whether on the class issues or on the merits of the case, shall be designated by a party and shall file at that time a comprehensive expert report. The counter expert must then be designated and provide his or her comprehensive report. Waiting to depose the counter expert until after a first

designated expert has been deposed will unnecessarily prolong the discovery process. Accordingly, it is hereby

~~ORDERED~~ that the Pretrial Scheduling Order, which shall apply to the consolidated *Tittle* and *Newby* cases shall be as follows:

| | | |
|---|---|---|
| Consolidated Complaints filed by | April 1, 2002 | ✓ |
| Motions to dismiss due | May 1, 2002 | ✓ |
| Opposition to Motions to dismiss | June 3, 2001 | |
| Replies to Opposition to Motions to dismiss | June 17, 2002 | |
| Class discovery begins | July 1, 2002 | ✓ |
| Class discovery ends | September 2, 2002 | |
| Plaintiffs' Motions for Class Certification | October 1, 2002 | |
| Defendants' Opposition | November 1, 2002 | |
| Plaintiffs' Replies | December 2, 2002 | |
| Deadline to join new parties or to file third party complaints or cross complaints/claims: | January 2, 2003 | ✓ |
| All fact discovery completed by | April 1, 2003 | |
| Plaintiffs' expert witnesses named and a comprehensive report of the experts' opinions furnished by | April 15, 2003 | ✓ |
| Defendants' expert witnesses named and a comprehensive report of the experts' opinions furnished by | May 15, 2003 | ✓ |
| Expert Discovery completed by | July 2, 2003 | |
| Motions for Summary Judgment and all other dispositive motions ~~filed and served by~~ | August 15, 2003 | ✓ |
| Joint Pretrial Order filed by | October 15, 2003 | ✓ |
| Plaintiffs are responsible for filing the Pretrial Order on time. | | |
| Docket Call is set for 1:30 pm | November 14, 2003 | ✓ |
| Trial is set for 9:00 am | December 1, 2003 | ✓ |

- 5 -

**SIGNED** at Houston, Texas, this 27th day of February, 2002.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE