U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
JAN 29 2003
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re Tyco International, Ltd.
Multidistrict Litigation (MDL 1335)

MDL DOCKET NO. 02-1335-3
ALL CASES

PRACTICE AND PROCEDURE ORDER NO. 5

The New York County District Attorney has intervened in this multidistrict litigation proceeding and seeks a stay of all discovery until he completes a parallel grand jury investigation and prosecutions of three of the defendants in this case. Several of the defendants also seek to stay discovery until I rule on their anticipated motions to dismiss. They argue that a stay is required in the Securities Actions by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 (b)(3)(B) (1997) ("stay provision"), and that prudence warrants a similar stay in the ERISA and Derivative Actions. I determine that the District Attorney's concerns can better be addressed by

targeted requests for protective orders, that document discovery should proceed in the ERISA and Derivative Actions, and that documents produced in the ERISA and Derivative Actions should be shared with counsel in the Securities Actions.

I.

A. <u>The Civil Cases</u>

Plaintiffs in various jurisdictions have filed more than 30 actions against Tyco and its directors and officers. These cases were consolidated by the Judicial Panel on Multidistrict Litigation and assigned to this court for case management. The consolidated cases are grouped into one of the following three categories, depending upon the theory of liability asserted by each suit: (1) Securities Actions; (2) ERISA Actions; and (3) Derivative Actions.

The Securities Actions plaintiffs allege that the defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, <u>see, e.g.</u>, 15 U.S.C. §§ 78j, and Rule 10b-5 promulgated thereunder, by making material misrepresentations and failing to disclose material information regarding Tyco's accounting

practices and financial condition. They further allege that certain Tyco executives violated §20A of the Exchange Act, see 15 U.S.C. § 78t-1, by selling large amounts of Tyco common stock while in possession of material, non-public information.

The ERISA Action plaintiffs, who were employed by Tyco and participated in its retirement plan by investing in Tyco stock, allege that the defendants violated provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et. seq. (1999 & Supp. 2002). Specifically, they contend that the defendants breached their fiduciary duties, mismanaged Tyco's retirement plan, made material misrepresentations and failed to disclose material information regarding Tyco's accounting practices and financial condition. See 29 U.S.C. § 1104.

Lastly, the Derivative Action plaintiffs contend that Tyco's directors and officers breached their fiduciary duties by, among other things, failing to properly monitor Tyco's accounting practices and oversee its financial well-being. The Derivative Action suits also include allegations that the directors and executives committed corporate waste and grossly mismanaged the corporation.

B. **The Criminal Cases**

The New York County District Attorney has obtained an indictment against Dennis Kozlowski, Tyco's former Chief Executive Officer, and Mark Swartz, Tyco's former Chief Financial Officer. Both men are charged with one count of Enterprise Corruption under New York Penal Law Section 460.20(1)(a), one count of Conspiracy in the Fourth Degree, under New York Penal Law Section 105.10(1), and one count of Violating New York General Business Law Section 352-C(5). The indictment also charges Kozlowski and Swartz with numerous counts of Larceny in the First Degree under New York Penal Law Section 155.42 and Falsifying Business Records in the First Degree under New York Penal Law Section 175.10. The District Attorney has also obtained an indictment against Mark Belnick, Tyco's former general counsel, charging him with six counts of Falsifying Business Records. The District Attorney further represents that he is conducting a grand jury investigation that could lead to additional charges against the three defendants and others.

It is undisputed that the pending charges and the grand jury investigation arise from the same events that are at issue in this proceeding.

-4-

II.

A.  <u>The District Attorney's Request for a Stay</u>

The District Attorney argues that if I allow discovery in this proceeding, it "will likely lead to the premature disclosure of sensitive information that could subvert the criminal prosecutions." Aff. of Mark Frasier Schell at ¶ 16.  More particularly, he alleges that: (1) evidence of value in the criminal cases will become lost or corrupted; (2) witnesses in criminal cases will use discovery information to commit perjury; (3) witnesses in the criminal cases will be overburdened by having to respond to discovery in this proceeding; (4) my rulings might be inconsistent with rulings made by the judge in the criminal cases; and (5) issues will arise concerning the defendants' Fifth Amendment rights.  While I am sensitive to these concerns, I am not persuaded that they warrant a blanket prohibition on discovery.

First, I am not proposing to allow the parties to take depositions or engage in other testimonial forms of discovery. Thus, there is no danger that witnesses will be discouraged from cooperating in the criminal cases because of demands placed on

-5-

them in responding to deposition requests. Nor is it likely that discovery will affect the defendants' Fifth Amendment Rights.[1] Second, the District Attorney's unsupported assertion that evidence of value in the criminal cases will become lost or corrupted if I allow document discovery to proceed is not persuasive. If anything, document discovery will tend to preserve evidence which might otherwise be overlooked or destroyed. Third, I foresee little danger of inconsistent rulings in the state and federal cases. Other than on discovery issues, the only significant rulings that I will likely make in this case before the criminal cases are resolved will concern defendants' anticipated motions to dismiss and plaintiffs' anticipated motions for class certification. These rulings are unlikely to have any bearing on the criminal cases. Moreover, to the extent that I may be asked to rule on discovery disputes, I will pay substantial deference to any related rulings by the state court. Thus, the risk of inconsistent rulings is minimal.

I acknowledge the District Attorney's concern that witnesses in the criminal cases may exploit information obtained through

---

[1] It is significant in this regard that both Kozlowski and Belnick oppose the District Attorney's request for a stay.

-6-

discovery in this case to commit perjury. This concern, however, must be balanced against the significant interest that the parties in this proceeding have in obtaining an expeditious resolution of the pending claims. Given these competing interests, document discovery should proceed. The District Attorney should be notified of any discovery requests and given an opportunity to seek targeted protective orders pursuant to Fed. R. Civ. P. 26(c) to address any particularized concern that giving the parties access to certain documents will permit witnesses in the criminal cases to commit perjury.

B. <u>Defendants' Request for a Stay</u>

All of the defendants except Kozlowski and Belnick seek to stay discovery until I resolve their anticipated motions to dismiss. Their argument can be summarized as follows: (1) the Securities Actions assert claims that are subject to the stay provision; (2) the ERISA and Derivative Actions arise from the same course of conduct as the Securities Actions; and (3) allowing discovery in the ERISA and Derivative Actions will undermine any stay in the Securities Actions because discovery produced in the former actions inevitably will benefit the

plaintiffs in the Securities Actions. While I accept defendants' contention that the PSLRA ordinarily requires a stay of discovery in securities actions, I do not agree that a similar stay is warranted in the ERISA and Derivative Actions.

Congress enacted the stay provision to deter plaintiffs from filing frivolous securities claims in the hope that either the high cost of responding to discovery will force corporate defendants to settle or that discovery will reveal information that can be used to save an otherwise deficient claim from dismissal. See In Re WorldCom, Inc. Securities Lit., 2002 WL 31628566*4 (S.D.N.Y. 2002) (summarizing stay provision's legislative history). While the stay provision only applies to federal securities claims, see 15 U.S.C. § 78u-4(b)(3)(B), its purpose clearly would be undermined if litigants could circumvent the stay by using litigation tactics. To partially address this concern, Congress amended the PSLRA to authorize a federal court to stay discovery in parallel state court actions, see 15 U.S.C. § 78u-4(b)(3)(D) (Supp. 2002). Further, at least one circuit court has held that discovery in a case subject to the stay provision should also be stayed with respect to supplemental

-8-

state law claims, see SG Cowen Sec. v. U.S. Dist. Ct. for N.D. pf Ca., 189 F.3d 909, 913 n.1 (9th Cir. 1999).

I would not hesitate to stay discovery in the ERISA and Derivative Actions if I were to determine that the plaintiffs filed them in an attempt to circumvent the stay provision. The evidence, however, does not support such a conclusion. The ERISA and Derivative Actions were filed as separate lawsuits by different counsel on behalf of different plaintiffs. The claims asserted in those actions are not frivolous and defendants do not claim that plaintiffs' counsel are working together to thwart the stay provision. Absent evidence of collusion, I will not stay discovery in the ERISA and Derivative Actions merely because they have been consolidated with the Securities Actions for pretrial purposes.

I am also unpersuaded by defendants' contention that a stay is warranted because the plaintiffs in the Securities Actions will derive an indirect benefit from the fact that I am allowing limited discovery in the ERISA and Derivative Actions. I recognize that if plaintiffs in the ERISA and Derivative Actions uncover new evidence of wrongdoing by the defendants, they are

-9-

likely to amend their complaints and thereby provide the plaintiffs in the Securities Actions with information that may be useful in drafting their own amended complaint. I fail to see, however, how such a result will encourage plaintiffs in future cases to file frivolous securities claims. In any event, any interest that the defendants have in delaying discovery does not override the legitimate interest that the plaintiffs in the ERISA and Derivative Actions have in obtaining an expeditious resolution of their claims.

A more difficult question is presented by plaintiffs' request in the Securities Actions for access to documents produced in the ERISA and Derivative Actions. The stay provision permits "particularized discovery" in an action subject to the stay to avoid "undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). Other courts have invoked this exception to give plaintiffs in securities cases access to information that has been made available to investigative agencies and plaintiffs in other actions. See WorldCom, 2002 WL 31628566 at *4-5; In Re Enron Corp. Sec. Derivative and ERISA Litig., 2002 WL 31845114 *1-2 (S.D. Tex. 2002). These courts reason that such discovery is

-10-

"particularized" because it is limited to the discovery documents that have already been produced to others and it prevents "undue prejudice" by placing all potential claimants on an equal footing with respect to discovery. See id. This approach makes sense in a case like this where (1) the Securities Action plaintiffs would be at a serious disadvantage if they are denied access to documents that are produced to the other plaintiffs and government investigators; (2) the defendants will not incur any additional costs if the Securities Actions plaintiffs are given access to the documents; (3) keeping all parties on an equal footing with respect to discovery serves important case management interests in this complex litigation; and (4) none of the claims at issue are frivolous.

## CONCLUSION

For the reasons set forth in this Practice and Procedure Order, I grant plaintiffs' requests in the ERISA and Derivative Actions to engage in document discovery. Any documents produced in the ERISA and Derivative Actions shall also be made available to the plaintiffs in the Securities Actions. The District

-11-

Attorney shall be served with copies of any discovery requests.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
Chief Judge

January 30, 2003

cc: Counsel of Record

-12-