KIRBY McINERNEY LLP
Roger W. Kirby
Peter S. Linden
Ira M. Press
830 Third Avenue, 10th Floor
New York, NY  10022 (212) 371-6600

Attorneys for Movant, the ATD Group

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TILLIE SALTZMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES O. PRINCE, ROBERT E. RUBIN, STEPHEN R. VOLK, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN and ROBERT DRUSKIN,<br><br>Defendants. | Civil Action No.<br>07 CIV 9901 (SHS) |
| LENNARD HAMMERSCHLAG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, SALLIE KRAWCHECK, and GARY CRITTENDEN,<br><br>Defendants. | No. 07 CIV 10258 (SHS) |

**MEMORANDUM IN SUPPORT OF MOTION OF THE ATD GROUP
FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF,
AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................ 1

FACTUAL BACKGROUND ................................................ 1

ARGUMENT ................................................................ 2

I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............. 2

II.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............... 4

     A.   Movant is Willing to Serve as Lead Plaintiff
          On Behalf of All Purchasers of Citigroup Securities ................ 4

     B.   Movant has the Largest Financial
          Interest in the Relief Sought by the Class .......................... 5

     C.   Movant Satisfies the Requirements of
          Rule 23 of the Federal Rules of Civil Procedure .................... 6

     D.   Movant Will Fairly and Adequately Represent the
          Interests of the Class and is Not Subject to Unique Defenses ....... 9

III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ...... 11

CONCLUSION .............................................................. 11

# TABLE OF AUTHORITIES

## Cases

*Daniels v. Amerco*,
   1983-1 Trade Cas. P 65, 274 (S.D.N.Y.1983) .................................. 8

*Fischler v. Amsouth Bancorporation*,
   1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) ....................... 7

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .......................................... 7

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d. Cir. 1992) ............................................ 8, 10

*In re Olsten Corp. Sec. Litig.*,
   3 F.Supp. 2d 286 (E.D.N.Y. 1998) ........................................... 7

*In re Oxford Health Plans*,
   191 F.R.D. 369 (S.D.N.Y. 2000) ............................................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .............................................. 7

*Lax v. First Merchants Acceptable Corporation*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) ................................ 7

*Sofran v. LaBranche & Co., Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ............................................. 3

## Statutes and Regulations

15 U.S. §78u-4a ................................................... *passim*

Fed. R. Civ. P. 23(a) ................................................... 7

Fed. R. Civ. P. 42(a) ................................................. 1, 3

## INTRODUCTION

Class Members Edward and Elaine Altman, Jonathan Butler, M. David Diamond and David and Henrietta Whitcomb (collectively "Movant" or the "ATD Group") respectfully submit this memorandum of law in support of their motion (i) for an order pursuant to Fed R. Civ. P. 42(a) consolidating the above-captioned actions; (ii) for Movant's appointment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as Lead Plaintiff in the above-captioned securities fraud class actions; and (iii) for the Court's approval of Movant's selection of Lead Counsel for the proposed Class.

The above captioned proposed class actions all allege violations by Citigroup, Inc. ("Citigroup" or the "Company") and certain of its officers and directors of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

The ATD Group is a member of the proposed class of purchasers of Citigroup securities between January 1, 2004 through November 5, 2007 (the "Class Period"). Collectively, its members acquired more than 3.9 million shares of Citigroup stock during the class period, for total consideration of more than $203 million, and they suffered loses of $76.8 million. See exhibit D to accompanying affidavit of Ira M. Press ("Press Aff.").

## FACTUAL BACKGROUND

Citigroup is one of the largest banking institutions in the United States. It provides various financial services to customers in the United States and internationally through a network of more than 8,000 bank branches. The company also provides securities

brokerage, investment management and investment banking services. According to its most recently filed quarterly report, Citigroup has more than five billion shares outstanding.

The above-captioned actions assert claims for violation of the Securities Exchange Act of 1934 on behalf of investors in Citigroup securities against *inter alia* Citigroup, Charles Prince (Citigroup's Chairman/CEO), Sallie Krawchek (who was Citigroup's CFO from November 2004 until March 2007) and Gary Crittenden (who replaced Krawchek as CFO in March 2007). The suits allege that Citigroup's class period financial statements were materially inaccurate in their description of Citigroup's exposure to subprime mortgage related securities. The actions allege that Citigroup's stock was artificially inflated as a result of the misrepresentations and omissions concerning sub-mortgage related exposure.

The actions further allege that a series of disclosures of the extent of Citigroup's liability in October and November 2007 caused a material decline in Citigroup's stock price, thereby causing injury to members of the putative class.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of

2

> any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be identical in order to be consolidated. See *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

The above-captioned actions have the same core defendants: Citigroup, Charles Prince, Sallie Krawcheck and Gary Crittenden, and allege the same legal bases for liability: Sections 10(b) and 20(a) of the Exchange Act. Furthermore, each of these actions alleges that defendants made materially false and misleading statements during the class period concerning Citigroup's subprime exposure which materially misstated Citigroup's financial performance, and in turn artificially inflated the market price for Citigroup securities. All of the actions seek to be certified as class actions on behalf of a class of similarly-situated investors in Citigroup securities.

These common issues of law and fact, contained in the actions before this Court, support consolidation pursuant to Fed. R. Civ. P. 42(a). Accordingly, consolidation should be granted.

3

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Sections 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action.

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure 15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant is believed to have the largest financial interest in the relief sought in these actions among all putative class members who have filed complaints or filed timely motions for lead plaintiff appointment. As such, movant is entitled to the presumption that it is the most adequate plaintiff to represent all class period purchasers of Citigroup securities.

### A.   Movant is Willing to Serve as Lead Plaintiff On Behalf of All Purchasers of Citigroup Securities

On November 8 and 9, 2007, counsel for plaintiffs in the above-captioned actions caused notices to be published on newswire service, pursuant to Sections

4

21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Citigroup securities that they had until January 7, 2008 to file a motion to be appointed as Lead Plaintiff. *See* Press Aff. Exhibits A, B. The PSLRA provides that motions for appointment of lead plaintiff must be filed within 60 days following publication of the statutory notice. Movant has filed this motion within the statutory time period. In connection with this motion and the filing of its complaint, Movant has attached sworn Certifications of all ATD Group members attesting that they are willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Press Aff., at Exhibit C.

Accordingly, the ATD Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), which expressly authorizes that the Lead Plaintiff may comprise a group, and case law has made clear that groups are satisfactory provided that they are not an assembly of mutual strangers organized by counsel to secure the lead plaintiff position.

The ATD Group comprises *only* former shareholders of a closely-held corporation, Automated Trading Desk, who acquired the Citigroup stock as part of the

5

consideration of their June 30, 2007 agreement to sell ATD to Citigroup. The Group members have known each other for years, and they jointly sought out and obtained legal representation to pursue their claims against Citigroup. (See, Whitcomb decl at Press Aff Exh E). In other words, they are not unrelated class members who have been combined by counsel to aggregate to the largest class period "loss". As the members of the ATD Group have a clear pre-litigation relationship, by any standard they meet the definition of a "group" expressly authorized by the PSLRA. *See* 15 U.S. §78u-4a(B)(iii).

The ATD Group members acquired 3,919,526 shares of Citigroup securities during the class periods, at a price of more than $52 per share, for total consideration of $203,980,364. They did not sell any of those securities during the class period, and they suffered damages of $76,859,111.79. See Press Decl., Ex. D. Because the ATD Group members did not hold any Citigroup shares when the class period started, their loss is the same whether calculated pursuant to First-In-First-Out ("FIFO") methodology or Last-In-First-Out ("LIFO") methodology.

The ATD Group believes that its financial interest in the relief sought by the class is greater than those of all other qualified movants seeking appointment as lead plaintiff.

    C.    **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff

must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two– typicality and adequacy – directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); *Lax v. First Merchants Acceptable Corporation, et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) at *20 ("Evidence regarding the requirements of Rule 23 will of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at this stage") (quoting *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)), accord, *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements

of Rule 23").

The ADT Group fulfills all of the requirements of Rule 23. The Group shares substantially the same questions of law and fact with other purchasers of Citigroup securities, such as, whether defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements which falsely depicted Citigroup financials, and whether these statements artificially inflated the price of Citigroup's securities. Movant acquired Citigroup securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. All other persons and entities who acquired Citigroup securities during the Class Period overpaid as a result of the same misconduct that caused Movant's injury. *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions") (*quoting Daniels v. Amerco*, 1983-1 Trade Cas. P 65, 274 (S.D.N.Y.1983)). These shared claims also satisfy the requirement that the claims of the representative parties be typical of other purchasers of Citigroup securities.

The ATD Group acquired its Citigroup common stock at $52.0421 per share, the price at which Citigroup stock then was trading publicly on the New York Stock Exchange. The ATD Group members did not receive any non-public representations or

information concerning Citigroup's financial condition, as confirmed by the acquisition documents, which specifically refer the ATD shareholders to Citigroup's SEC filings and Citigroup's internet website (i.e., the same public information upon which all class members relied) for information concerning Citigroup's financial condition, and by the Whitcomb decl. (Press Aff, Exh.  ). The Group's shared acquisitions at precisely the price at which Citgroup common stock traded on the New York Stock Exchange and on the information available to other class members also satisfy the requirement that the claims of the representative parties be typical of other purchasers of Citigroup securities.

Thus, the close alignment of interests between Movant and other Class Period purchasers of Citigroup securities as well as Movant's strong desire to prosecute the claims on behalf of such persons and entities, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D.  Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class;
>
> or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992).

Movant's ability and desire to fairly and adequately represent other purchasers of Citigroup securities has been discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render it inadequate to represent other purchasers of Citigroup securities. Further, Movant has demonstrated its commitment to protecting the interests of the Class by signing Certifications expressing the group members' willingness to serve as class representative and provide deposition and trial testimony, if necessary. Movant has selected experienced and competent counsel, who, as detailed below, will provide excellent representation of the Class' interests. See Press Aff Exhibit F (resume of Movant's counsel). Moreover, the fact that Movant has the largest known financial stake in the litigation also provides an incentive for Movant to vigorously prosecute this action. Accordingly, Movant should be appointed Lead Plaintiff for the Class.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected the law firm of Kirby McInerney, LLP to serve as Lead Counsel for the proposed class. Kirby McInerney LLP is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Press Aff., at Exhibit F. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the purchasers of Citigroup securities will receive the best legal representation available.

## CONCLUSION

For all the foregoing reasons, the ATD Group respectfully requests that the Court: (i) consolidate the above captioned actions (ii) appoint it as Lead Plaintiff; (iii) approve its selection of Lead Counsel for the Class; and (iv) grant such other and further

relief as the Court may deem just and proper.

Dated:     New York, New York
           January 7, 2008

                                  Respectfully submitted,

                                  **KIRBY McINERNEY LLP**

By:    _/s/ Ira Press_____
        Roger W. Kirby (RK 4503)
        Peter S. Linden (PL 8945)
        Ira M. Press (IP 5313)
        830 Third Avenue, 10th Floor
        New York, NY  10022
        Tel: (212) 371-6600


        **ALLEN BROTHERS, P.L.L.C.**
        Kenneth Gold
        James Allen, Sr.
        400 Monroe, Suite 220
        Detroit, MI  48226
        Tel: (313) 962-7777

        Attorneys for Movant, The ATD Group

F:\Files\C1\C1\FILES\citigroup\Memo Supporting Motion for Consolidation.wpd