**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, TENNESSEE CONSOLIDATED RETIREMENT SYSTEM, SJUNDE AP-FONDEN, FJÄRDE AP-FONDEN, and PENSIONSKASSERNES ADMINISTRATION A/S, Individually and On Behalf of All Others Similarly Situated, | Electronically Filed |
| Plaintiffs, | No. 1:08-cv-00135 (SHS) |
| v. | ECF CASE |
| CITIGROUP INC., CHARLES O. PRINCE, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN, TODD S. THOMSON, ROBERT DRUSKIN, THOMAS G. MAHERAS, MICHAEL STUART KLEIN, DAVID C. BUSHNELL, JOHN C. GERSPACH, STEPHEN R. VOLK, GEORGE DAVID and KPMG LLP, | |
| Defendants. | |
| TILLIE SALTZMAN, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Electronically Filed |
| vs. | No. 1:07-cv-9901(SHS) |
| CITIGROUP INC., CHARLES O. PRINCE, ROBERT E. RUBIN, STEPHEN R. VOLK, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN and ROBERT DRUSKIN, | ECF CASE |
| Defendants. | |
| LENNARD HAMMERSCHLAG, Individually, and On Behalf of All Others Similarly Situated, | |
| Plaintiff | Electronically Filed |
| v. | No. 1:07-cv-10258(SHS) |
| CITIGROUP INC., CHARLES PRINCE, SALLIE KRAWCHECK, and GARY CRITTENDEN, | ECF CASE |
| Defendants. | |

| | |
|---|---|
| JUDY G. FISHER,<br><br>                Plaintiff,<br><br>- against -<br><br>CITIGROUP INC., ET AL.,<br><br>                Defendants. | Electronically Filed<br><br>No. 1:08-civ.-0136 (SHS)<br><br>ECF CASE |

**DECLARATION OF GREGORY W. SMITH IN FURTHER SUPPORT OF THE MOTION OF THE GLOBAL PENSION FUNDS FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFFS AND FOR THE APPROVAL OF LEAD PLAINTIFFS' CHOICE OF COUNSEL**

**GREGORY W. SMITH**, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a member of the Bar of the State of Colorado and I am the General Counsel of the Public Employees' Retirement Association of Colorado ("Colorado PERA"). I respectfully submit this Declaration in support of the Motion of Colorado PERA, Tennessee Consolidated Retirement System ("TCRS"), Sjunde AP-Fonden ("AP7"), Fjärde AP-Fonden ("AP4"), and Pensionskassernes Administration A/S ("PKA") (collectively, the "Global Pension Funds") for consolidation, for appointment as Lead Plaintiffs in the above-captioned actions (the "Actions") against Citigroup Inc. ("Citigroup" or the Company") and related defendants, and for approval of the Global Pension Funds' selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") (together, "Proposed Lead Counsel") to serve as Co-Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2.      I am a graduate of the University of Colorado at Boulder and the University of Denver College of Law. Prior to joining Colorado PERA as General Counsel, I was a litigation partner with a firm in Denver, Colorado, experience that provides me with the ability to supervise and direct complex litigation.

3.      Colorado PERA was established in 1931 and operates by authority of the Colorado General Assembly. Colorado PERA provides retirement and other benefits to the employees of more than 400 government agencies and public entities in the State of Colorado. Colorado PERA's membership includes employees of the Colorado state government, most teachers in the State of Colorado, many university and college employees, judges, many employees of Colorado cities and towns, Colorado State Troopers, and the employees of a number of other public entities within the State of Colorado. With approximately $42 billion in

assets and more than 230 employees, Colorado PERA is the 25th largest public pension plan in the United States.

4. As General Counsel for Colorado PERA, I monitor outside litigation matters for the Association. In this regard, I supervise outside counsel and I have authority to make decisions regarding legal matters on behalf of Colorado PERA.

5. I am also active in several organizations designed to promote and enforce corporate transparency, reliable and accurate financial reporting, and sound corporate governance for companies operating in the United States and throughout the world. I currently serve as a member of the Executive Board of the National Association of Public Pension Attorneys ("NAPPA"), and I am Lead Chair of NAPPA's Insurance Issues Working Group, and Board Liaison to NAPPA's Fiduciary and Plan Governance Section. I am also actively involved in the Counsel of Institutional Investors ("CII"), where Colorado PERA's Executive Director is a Board member. Most recently, on October 29, 2007, I was a member of an International Corporate Governance Network ("ICGN") panel discussion on corporate governance at a mid-year meeting held in New York City. The ICGN is an organization dedicated to promoting sound corporate governance principles around the world.

6. Entwistle & Cappucci has represented Colorado PERA in other securities matters, and monitors and reports potential securities fraud matters to Colorado PERA as such matters emerge. Attorneys at Entwistle & Cappucci prepared materials for me to review concerning securities fraud claims against Citigroup Inc. ("Citigroup"). Following this analysis and subsequent analyses of developing facts and the significant losses that Colorado PERA suffered, as well as a review and discussion of the complaints filed in early November 2007 -- all of which are protected by the attorney-client privilege and attorney work product doctrine -- Colorado

PERA retained Entwistle & Cappucci to file a motion for Colorado PERA to be appointed as Lead Plaintiff.  Colorado PERA also authorized the firm to retain outside accounting and auditing experts in connection with drafting and filing a complaint detailing the results of their ongoing investigation of the facts.  Entwistle & Cappucci advised me that certain other unidentified institutional investors were considering seeking appointment as Lead Plaintiff in the litigation against Citigroup.  As Colorado PERA has served as a Co-Lead Plaintiff in securities class actions in the past, I requested that the firm keep me informed as to whether there might be an opportunity to seek Co-Lead Plaintiff appointment with other institutional investors who shared similar litigation and corporate governance objectives.

7. I understand that after requesting and considering proposals from counsel on its panel of potential securities litigation firms, the Office of the Attorney General of the State of Tennessee (the "Tennessee Attorney General"), on behalf of the Tennessee Consolidated Retirement System ("TCRS"), selected Entwistle & Cappucci to prepare materials for TCRS to seek appointment as a Lead Plaintiff in this litigation.  Like Colorado PERA, TCRS incurred substantial losses based upon its purchases of Citigroup securities and was interested in examining whether opportunities existed to seek Co-Lead Plaintiff status with other institutional investors that had also suffered significant losses in this matter.

8. On behalf of Colorado PERA, I conferred with representatives of the Tennessee Attorney General's Office and TCRS to discuss our respective goals and objectives for the Citigroup litigation and to determine whether and how we could work together in jointly prosecuting this action and supervising our selected counsel.  During this discussion, I detailed Colorado PERA's experience as a Lead Plaintiff in *In re Oxford Health Plans, Inc., Securities Litigation*, No. MDL 1222 CLB (S.D.N.Y) ("*Oxford*"), litigated in the United States District

3

Court for the Southern District of New York, as well as Colorado PERA's experience representing a global class in *In re Royal Ahold Securities & "ERISA" Litigation*, MDL 01539 (D. Md.) ("*Ahold*").

9. After agreeing that Colorado PERA, the Tennessee Attorney General and TCRS had common goals and objectives in this litigation, we decided to pursue Lead Plaintiff status together with Entwistle & Cappucci as our selected counsel. The Tennessee Attorney General's Office and TCRS also agreed with Colorado PERA's existing plan to file a detailed complaint and a motion requiring the preservation of documents at Citigroup's variable interest entities ("VIEs") and other related entities, as well as a motion seeking a partial lifting of the PSLRA discovery stay in connection with our Lead Plaintiff application. We agreed that filing detailed allegations against Citigroup and the Company's Class Period auditor, KPMG LLP ("KPMG"), and seeking interim relief were in the best interests of the Class that we seek to represent.

10. In particular, we agreed that claims existed based upon Defendants' failure to disclose Citigroup's Class Period issuance of Liquidity Puts, pursuant to which the Company guaranteed a market for Variable Interest Entity ("VIE") debt purchasers by obligating Citigroup to buy back VIE-issued commercial paper at the original purchase price from a holder if the holder could not find a ready market into which to sell such paper. To date, the Global Pension Funds' Complaint is the only complaint in these securities actions that even mentions the Liquidity Puts, let alone develops the critical facts and accounting provisions related to these guarantees that the Defendants failed to disclose in any way until November 5, 2007.

11. As Colorado PERA, the Tennessee Attorney General's Office, and representatives from TCRS were preparing each of the submissions referenced above in connection with these proceedings, I learned that AP4, AP7, and PKA had suffered significant losses in connection

with their Class Period purchases of Citigroup securities and had retained SBTK to represent them in seeking appointment as Lead Plaintiffs in the Citigroup litigation. I further learned that each of these sophisticated institutional investors was interested in working with other sophisticated institutional investors to seek appointment as Lead Plaintiffs in this litigation. I am familiar with AP4, AP7, and PKA based upon my participation in various international corporate governance organizations. Together with representatives from the Tennessee Attorney General's Office and TCRS, I decided that we would determine whether AP4, AP7, and PKA shared the same goals and objectives for directing, supervising and monitoring this important litigation against Citigroup.

12.   After determining that each of AP4, AP7, and PKA shared similar goals and objectives for prosecuting this litigation, Colorado PERA, the Tennessee Attorney General's Office, TCRS, AP4, AP7, and PKA decided to pursue appointment together as a Lead Plaintiff group. AP4, AP7, and PKA further agreed that filing a detailed Complaint and the motions that counsel had been preparing under our direction and supervision was in the best interests of the Class. We also agreed that Entwistle & Cappucci and SBTK would work together as our proposed Co-Lead Counsel to prosecute this action vigorously and efficiently in the best interest of the Class.

13.   Colorado PERA, the Tennessee Attorney General's Office and TCRS have agreed to the terms of a retainer agreement with Entwistle & Cappucci (the "Retainer Agreement"). The terms of the Retainer Agreement are incorporated into a Joint Prosecution Agreement that Colorado PERA, the Tennessee Attorney General, TCRS, AP4, AP7, PKA, Entwistle & Cappucci and SBTK have executed in connection with this litigation.

14. The Retainer Agreement and Joint Prosecution Agreement provide, among other things, a ceiling on our Proposed Co-Lead Counsel's hourly rates as well as a ceiling on total fees that counsel may request from the Court if we obtain a recovery that the Global Pension Funds believe to be in the best interests of the Class warranting the Court's approval. I understand and acknowledge that the ultimate award of attorney's fees and expenses is in the Court's discretion.

15. The Retainer Agreement and Joint Prosecution Agreement also require the Global Pension Funds' consent to non-routine litigation expenses, such as retaining experts, and provide that the Global Pension Funds will review, comment upon, and authorize all filings made with this Court. In addition, these agreements provide for regular telephone conferences among the Global Pension Funds during which we will discuss and determine litigation strategies and make any decisions that we believe are required to ensure that we and Proposed Lead Counsel continue to represent the best interests of the Class. The Global Pension Funds have also agreed on how they will work together in this litigation and how they will resolve disputes if they should arise.

16. The Global Pension Funds treat the Retainer Agreement and Joint Prosecution Agreement as protected by the attorney-client privilege, but are pleased to submit both of these agreements for the Court's *in camera* review if such submission will aid the Court in its consideration of the other Lead Plaintiff applications.

17. Since deciding to seek appointment as Lead Plaintiffs and authorizing and directing our Proposed Lead Counsel to file the Complaint and motions for interim relief for the Class, as discussed above, the Global Pension Funds have engaged in telephone conferences concerning the other lead plaintiff motions, our responses thereto, and our goals for continuing to

prosecute the claims against Citigroup and the other defendants named in our Complaint in the best interests of the Class that we seek to represent.

18.     Colorado PERA has selected experienced and capable counsel to represent the Class's interests and has engaged counsel to work on terms that are in the Class's best interests. Colorado PERA is dedicated to prosecuting this litigation efficiently. I respectfully submit that the detailed Complaint and the motions for interim relief that the Global Pension Funds filed together with their motion for appointment as Lead Plaintiffs demonstrate that the Global Pension Funds and Proposed Lead Counsel are adequate representatives of the Class who are capable of working together effectively and efficiently and who are willing to pursue vigorously the Class's claims.

19.     Colorado PERA has been active in the securities litigation arena, fulfilling the Colorado PERA Board of Trustees' commitment to corporate governance reform and enforcement of shareholder rights. Colorado PERA's prior service as a lead plaintiff demonstrates that Colorado PERA possesses the sophistication, dedication, expertise, and resources required to actively supervise securities class action litigation effectively and in the best interests of the Class.

20.     As noted above, Colorado PERA served as a lead plaintiff in *In re Oxford Health Plans Sec. Litig.*, a case litigated in this Court. The *Oxford* case settled for $300 million in 2003, at the time one of the largest securities class action settlements in history. The *Oxford* litigation involved complex business operations, and financial and accounting claims. Despite the fact that Oxford did not restate any of its financial results, we were able to achieve a settlement on the "courthouse steps" that recovered $225 million from the Company and its officers and directors, and an additional $75 million from Oxford's auditors at KPMG, the same firm that audited

Citigroup during the Class Period at issue here. Notably, only the Global Pension Funds have named KPMG as a defendant in these proceedings.

21. In performing its responsibilities as a Lead Plaintiff in the *Oxford* litigation, Colorado PERA helped develop and implement litigation strategies designed to maximize the class's recovery and to minimize expenses to the class. Based upon its experience in the *Oxford* litigation, Colorado PERA is equipped and prepared to maximize the recovery and to minimize expenses in this litigation.

22. Colorado PERA also served as Lead Plaintiff in the *Ahold* securities class action, which was first filed in 2003. Entwistle & Cappucci served as sole Lead Counsel representing the Class.

23. In June 2006, the Court approved a partial settlement of the *Ahold* litigation for $1.1 billion (the "Ahold Settlement") on behalf of a global class of persons and entities that purchased (or received as a dividend) shares of Ahold common stock and/or American Depository Receipts ("ADRs") during the Class Period. I understand that at the time it was announced, the Ahold Settlement was the largest securities class action settlement for a worldwide shareholder Class in which all shareholders were treated equally, regardless of where they live or purchased their shares. The Ahold Settlement also involved the most comprehensive global notice campaign ever undertaken in connection with a securities class action. The forms that Class Members needed to submit claims to participate in the $1.1 billion Ahold Settlement were translated into 15 different languages and Class Members from 122 different countries submitted claims. Authorized claimants have already received their initial distributions from the Ahold Net Settlement Fund.

24. As a Lead Plaintiff in the *Ahold* litigation, I was responsible to ensure that Colorado PERA closely monitored, supervised, and participated in all aspects of the litigation. In carrying out these duties, I among other things: (i) frequently discussed case strategy with sole Lead Counsel at Entwistle & Cappucci; (ii) reviewed, commented on, and approved the filing of pleadings, motions, briefs and other submissions to the Court; (iii) reviewed and discussed the Defendants' court submissions, including the briefing in connection with Defendants' motions to dismiss the Complaint; (iv) reviewed and discussed the qualifications of, and approved under terms believed to be appropriate, experts and consultants retained by Lead Plaintiffs on behalf of the Class, including experts on accounting and damages; (v) participated in the Mediation that led to the Ahold Settlement; and (vi) approved the retention of the Notice Administrator and Claims Administrator to effectuate and provide notice of the Ahold Settlement to Class Members all over the world.

25. I respectfully submit that the Global Pension Funds' prosecution of the Citigroup matter to date, as well as Colorado PERA's prior experience as a Lead Plaintiff appointed pursuant to the PSLRA to represent the best interests of classes of investors, demonstrate that the Global Pension Funds are willing and capable of representing the best interests of the Class in the litigation against Citigroup.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Gregory W. Smith
Gregory W. Smith, Esq.
General Counsel
Colorado Public Employees'
Retirement Association

Dated: January 23, 2008