UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, TENNESSEE CONSOLIDATED RETIREMENT SYSTEM, SJUNDE AP-FONDEN, FJÄRDE AP-FONDEN, and PENSIONSKASSERNES ADMINISTRATION A/S, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> CITIGROUP INC., CHARLES O. PRINCE, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN, TODD S. THOMSON, ROBERT DRUSKIN, THOMAS G. MAHERAS, MICHAEL STUART KLEIN, DAVID C. BUSHNELL, JOHN C. GERSPACH, STEPHEN R. VOLK, GEORGE DAVID and KPMG LLP, <br><br> Defendants. | Electronically Filed <br><br> No. 1:08-cv-00135 (SHS) <br><br> ECF CASE |
| TILLIE SALTZMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> vs. <br><br> CITIGROUP INC., CHARLES O. PRINCE, ROBERT E. RUBIN, STEPHEN R. VOLK, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN and ROBERT DRUSKIN, <br><br> Defendants. | Electronically Filed <br><br> No. 1:07-cv-9901(SHS) <br><br> ECF CASE |
| LENNARD HAMMERSCHLAG, Individually, and On Behalf of All Others Similarly Situated, <br><br> Plaintiff <br> v. <br><br> CITIGROUP INC., CHARLES PRINCE, SALLIE KRAWCHECK, and GARY CRITTENDEN, <br><br> Defendants. | Electronically Filed <br><br> No. 1:07-cv-10258(SHS) <br><br> ECF CASE |

| | |
|---|---|
| JUDY G. FISHER,<br><br>                    Plaintiff,<br><br>- against -<br><br>CITIGROUP INC., ET AL.,<br><br>                    Defendants. | Electronically Filed<br><br>No. 1:08-civ.-0136 (SHS)<br><br>ECF CASE |

**AFFIDAVIT OF EDDIE W. HENNESSEE IN FURTHER SUPPORT OF THE MOTION OF THE GLOBAL PENSION FUNDS FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFFS AND FOR THE APPROVAL OF LEAD PLAINTIFFS' CHOICE OF COUNSEL**

**EDDIE W. HENNESSEE**, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am Assistant Treasurer for Investments and Benefits of the Tennessee Consolidated Retirement System ("TCRS"). I signed a Certification dated January 4, 2008 on behalf of TCRS expressing TCRS' willingness to represent the class in the securities class actions (the "Actions") pending before this Court against Citigroup Inc. ("Citigroup") and related defendants.

2. I respectfully submit this Declaration in support of the Motion of TCRS, the Public Employees' Retirement Association of Colorado ("Colorado PERA"), Sjunde AP-Fonden ("AP7"), Fjärde AP-Fonden ("AP4"), and Pensionskassernes Administration A/S ("PKA") (collectively, the "Global Pension Funds") for consolidation, for appointment as Lead Plaintiffs in the above-captioned actions (the "Actions") against Citigroup and related defendants, and for approval of the Global Pension Funds' selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") (together, "Proposed Lead Counsel") to serve as Co-Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. TCRS was established in 1972 with the consolidation of seven separate retirement systems for state employees, public higher education institution employees, public school teachers, and employees of political subdivisions electing to participate in TCRS. The State of Tennessee is responsible for the pension benefits of state employees and higher education employees, and funds a significant portion of the retirement liability for teachers through the Basic Education Program. Each of the 457 participating political subdivisions is responsible for the pension benefits of its employees. TCRS provides a variety of services to its members including: investing assets; counseling of rights and benefits; publishing newsletters, booklets,

pamphlets, and financial statements; processing deductions for retiree insurance programs and federal income tax; calculating death, disability, and retirement benefits; and processing refund and prior service requests. TCRS currently manages approximately $32 billion in assets.

4.  The State of Tennessee Office of the Attorney General ("Tennessee Attorney General") represents TCRS, which exists to provide retirement income to its members. In its capacity as a fiduciary for its members, TCRS is charged with preserving and recovering assets under appropriate circumstances. In this regard, the Tennessee Attorney General and TCRS recognize that it is prudent for TCRS to monitor securities class actions in which it has an interest. TCRS further recognizes that it may be appropriate for TCRS to participate in a securities class action as a lead plaintiff or a co-lead plaintiff when TCRS determines that such participation may enhance the recovery for TCRS and the Class. The Tennessee Attorney General and TCRS have observed that participation as a lead plaintiff or co-lead plaintiff by large, sophisticated shareholders, particularly institutional shareholders, has often resulted in lower attorneys' fees and significantly larger recoveries for class members.

5.  In conjunction with the Tennessee Attorney General, TCRS adopted a Securities Litigation Policy (the "Policy"), which establishes procedures and guidelines for monitoring and participating in securities actions as appropriate to protect TCRS' interests. Pursuant to the Policy, the Tennessee Attorney General and Tennessee State Treasurer (the "Treasurer") invited firms specializing in securities litigation to submit responses to a request for information. Based upon those submissions, the Tennessee Attorney General and the Treasurer selected a panel of law firms to monitor and report emerging securities litigation matters to the Tennessee Attorney General and TCRS. Entwistle & Cappucci was selected to be on the panel of law firms providing such services to the Tennessee Attorney General and TCRS.

6.    Pursuant to the Policy, Entwistle & Cappucci submitted a report to the Tennessee Attorney General's Office and TCRS concerning securities fraud claims against Citigroup. This report, and subsequent analyses and discussions of developing facts and the significant losses that TCRS suffered, are protected by the attorney-client privilege and attorney work product doctrine. During these communications, Entwistle & Cappucci advised the Tennessee Attorney General and TCRS that another unidentified sophisticated institutional investor experienced in securities class action litigation had retained the firm to seek appointment as lead plaintiff in litigation against Citigroup. The firm further advised us that this institution had indicated a willingness to explore opportunities to serve as a Co-Lead Plaintiff with other sophisticated institutions.

7.    Pursuant to the Policy, the Tennessee Attorney General recommended the selection of Entwistle & Cappucci to represent TCRS in filing a motion for TCRS to be appointed as Lead Plaintiff. After the Tennessee Attorney General and Reporter and the Treasurer retained Entwistle & Cappucci in the Citigroup litigation in accordance with Tenn. Code Ann. § 8-34-308, Entwistle & Cappucci provided us with information concerning another sophisticated institution that was interested in discussing the possibility of seeking appointment as a Co-Lead Plaintiff. Entwistle & Cappucci informed the Tennessee Attorney General and TCRS that Colorado PERA was the other institution that has retained the Firm in the Citigroup litigation. Entwistle & Cappucci further informed us that Colorado PERA had indicated that it would explore seeking Co-Lead Plaintiff appointment in the Citigroup litigation with other sophisticated institutional investors who shared similar litigation and corporate governance objectives.

8.      Together with representatives of the Tennessee Attorney General's Office, I conferred with Gregory Smith, Colorado PERA's General Counsel, to discuss our respective goals and objectives for the Citigroup litigation and to determine whether and how we could work together in jointly prosecuting this action and supervising our selected counsel. We discussed Colorado PERA's experience as a Lead Plaintiff in *In re Oxford Health Plans, Inc., Securities Litigation*, No. MDL 1222 CLB (S.D.N.Y) ("*Oxford*"), litigated in the United States District Court for the Southern District of New York, as well as Colorado PERA's experience representing a global class in *In re Royal Ahold Securities & "ERISA" Litigation*, MDL 01539 (D. Md.) ("*Ahold*"). Together with representatives of the Tennessee Attorney General's Office, I agreed that TCRS and Colorado PERA had common goals and objectives in this litigation. We discussed certain strategic issues, including filing a detailed complaint and a motion requiring the preservation of documents at Citigroup's variable interest entities ("VIEs") and other related entities as well as a motion seeking a partial lifting of the PSLRA discovery stay in connection with our Lead Plaintiff application. We agreed that filing detailed allegations against Citigroup and the Company's Class Period auditor, KPMG LLP ("KPMG"), and seeking interim relief were in the best interests of the Class that we seek to represent.

9.      In particular, we agreed that claims existed based upon Defendants' failure to disclose Citigroup's Class Period issuance of Liquidity Puts, pursuant to which the Company guaranteed a market for Variable Interest Entity ("VIE") debt purchasers by obligating Citigroup to buy back VIE-issued commercial paper at the original purchase price from a holder if the holder could not find a ready market into which to sell such paper. To date, the Global Pension Funds' Complaint is the only complaint in these securities actions that even mentions the

4

Liquidity Puts, let alone develops the critical facts and accounting provisions related to these guarantees that the Defendants failed to disclose in any way until November 5, 2007.

10. As representatives of the Tennessee Attorney General's Office, TCRS and Colorado PERA were preparing each of the submissions referenced above in connection with these proceedings, we learned that AP4, AP7, and PKA had suffered significant losses in connection with their Class Period purchases of Citigroup securities and had retained SBTK to represent them in seeking appointment as Lead Plaintiffs in the Citigroup litigation. I further learned that each of these sophisticated institutional investors was interested in working with other sophisticated institutional investors to seek appointment as Lead Plaintiffs in this litigation. Together with Colorado PERA, I and representatives from the Tennessee Attorney General's Office decided that we would determine whether AP4, AP7, and PKA shared the same goals and objectives for directing, supervising and monitoring this important litigation against Citigroup.

11. After determining that each of AP4, AP7, and PKA shared similar goals and objectives for prosecuting this litigation, the Tennessee Attorney General's Office and TCRS Colorado PERA, AP4, AP7, and PKA decided to pursue appointment together as a Lead Plaintiff group. AP4, AP7, and PKA further agreed that filing a detailed Complaint and the motions that counsel had been preparing under our direction and supervision was in the best interests of the Class. We also agreed that Entwistle & Cappucci and SBTK would work together as our proposed Co-Lead Counsel to prosecute this action vigorously and efficiently in the best interest of the Class.

12. The Tennessee Attorney General's Office, TCRS, and Colorado PERA have agreed to the terms of a retainer agreement with Entwistle & Cappucci (the "Retainer Agreement"). The terms of the Retainer Agreement are incorporated into a Joint Prosecution

5

Agreement that the Tennessee Attorney General, TCRS, Colorado PERA, AP4, AP7, PKA, Entwistle & Cappucci and SBTK have executed in connection with this litigation.

13. The Retainer Agreement and Joint Prosecution Agreement provide, among other things, a ceiling on our Proposed Co-Lead Counsel's hourly rates as well as a ceiling on total fees that counsel may request from the Court if we obtain a recovery that the Global Pension Funds believe to be in the best interests of the Class warranting the Court's approval. I understand and acknowledge that the ultimate award of attorney's fees and expenses is in the Court's discretion.

14. The Retainer Agreement and Joint Prosecution Agreement also require the Global Pension Funds' consent to non-routine litigation expenses, such as retaining experts, and provide that the Global Pension Funds will review, comment upon, and authorize all filings made with this Court. In addition, these agreements provide for regular telephone conferences among the Global Pension Funds during which we will discuss and determine litigation strategies and make any decisions that we believe are required to ensure that we and Proposed Lead Counsel continue to represent the best interests of the Class. The Global Pension Funds have also agreed on how they will work together in this litigation and how they will resolve disputes if they should arise.

15. The Global Pension Funds treat the Retainer Agreement and Joint Prosecution Agreement as protected by the attorney-client privilege, but are pleased to submit both of these agreements for the Court's *in camera* review if such submission will aid the Court in its consideration of the other Lead Plaintiff applications.

16. Since deciding to seek appointment as Lead Plaintiffs and authorizing and directing our Proposed Lead Counsel to file the Complaint and motions for interim relief for the Class, as discussed above, the Global Pension Funds have engaged in telephone conferences

concerning the other lead plaintiff motions, our responses thereto, and our goals for continuing to prosecute the claims against Citigroup and the other defendants named in our Complaint in the best interests of the Class that we seek to represent.

17. The Tennessee Attorney General's Office and TCRS are dedicated to prosecuting this litigation efficiently. I respectfully submit that the detailed Complaint and the motions for interim relief that the Global Pension Funds filed together with their motion for appointment as Lead Plaintiffs demonstrates that the Global Pension Funds and Proposed Lead Counsel are adequate representatives of the Class who are capable of working together effectively and efficiently and who are willing to pursue vigorously the Class's claims.

18. I respectfully submit that the Global Pension Funds' prosecution of the Citigroup matter to date demonstrates that the Global Pension Funds are willing and capable of representing the best interests of the Class in the litigation against Citigroup. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Eddie W. Hennessee
Assistant Treasurer for Investments and Benefits
Tennessee Consolidated Retirement System

Sworn to before me this
28th day of January, 2008.

Notary Public



7