### DECLARATION OF RICHARD GRÖTTHEIM IN FURTHER SUPPORT OF THE GLOBAL PENSION FUNDS' MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF CO-LEAD COUNSEL

Richard Gröttheim, pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America, declares as follows:

1. I, Richard Gröttheim, am Vice-Executive Director of Sjunde AP-Fonden ("AP7") and I am authorized to direct this litigation on behalf of AP7.

2. I respectfully submit this Declaration in support of the Motion of AP7, the Public Employees' Retirement Association of Colorado ("Colorado PERA"), Tennessee Consolidated Retirement System ("TCRS"), Fjärde AP-Fonden ("AP4"), and Pensionskassernes Administration A/S ("PKA") (collectively, the "Global Pension Funds") to serve as Lead Plaintiffs in the above-captioned actions (the "Actions") against Citigroup Inc. ("Citigroup" or the "Company") and related defendants and for the approval of the Global Pension Funds' selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") (together, "Proposed Lead Counsel") to serve as Co-Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. AP7 purchased its Citigroup common stock that is the subject of this action on the New York Stock Exchange. AP7 understands that by filing a complaint and seeking lead plaintiff status, AP7 is subject to the jurisdiction of this Court and is bound by all of its rulings.

4. AP7, the Seventh National Pension Fund, is based in Stockholm, Sweden and is part of the Swedish National Pension Fund (AP Fund) system and manages a portion of the pension assets of the citizens of Sweden. With over two million members and approximately $11 billion in assets under management, AP7 is one of the largest and most prominent pension funds in Sweden.

5. AP7 has previously engaged SBTK to serve as its outside securities litigation counsel. In this capacity, SBTK regularly monitors AP7's securities portfolio and advises AP7 regarding any potential or existing securities claims.

6. In its capacity as AP7's monitoring counsel, SBTK advised AP7 that it had suffered a significant financial loss related to its investment in Citigroup. SBTK further advised that a fraud claim existed against the Company and others to recover for these losses. SBTK provided AP7 a detailed memorandum to substantiate these allegations, which is protected by the attorney-client privilege and attorney work product doctrine. Considering the size of AP7's financial loss and the meritorious nature of the claims against the Company, SBTK advised AP7 that it could seek an active role as Lead Plaintiff in this litigation.

7. AP7 then informed SBTK of its intention to seek appointment as Lead Plaintiff in any consolidated action against Citigroup. At this time, attorneys at SBTK advised AP7 that certain other institutional investors represented by SBTK were considering seeking appointment as Lead Plaintiff in the litigation against Citigroup. As AP7 has served as a Co-Lead Plaintiff in securities class actions in the past, AP7 requested that the firm keep it informed as to whether there might be an opportunity to seek Co-Lead Plaintiff appointment with other institutional investors who shared similar litigation and corporate governance objectives. AP7 further advised SBTK that it was particularly interested in securing Co-Lead Plaintiff appointment with U.S. public pension funds.

8. SBTK informed AP7 that AP4 had agreed to take an active role in the litigation and to seek Lead Plaintiff status. AP7 understands that AP4 has also previously engaged SBTK as its outside securities litigation counsel. AP7, of course, was very familiar with AP4 as we are both members of the Swedish National Pension Fund system. AP7 also understood that AP4 had previous experience with the PSLRA lead plaintiff process having filed a joint lead plaintiff

1013404.1                                    2

application with a U.S. public pension fund in *In re Pfizer Inc. Sec. Litig.*, No. 1:05-md-1688-RO (S.D.N.Y.). After determining that AP4 shared similar goals and objectives for prosecuting this litigation, AP7 agreed to work with them jointly as Lead Plaintiffs.

9. Subsequent to this decision, SBTK informed AP7 that PKA also decided to take an active role and seek Lead Plaintiff status in this action. AP7 understood that PKA had also previously engaged SBTK as its outside securities litigation counsel. Having previously filed a Lead Plaintiff motion with PKA in both *In re Dell, Inc., Sec. Litig.*, No. 06-726-SS (W.D. Tex.) and *In re UnitedHealth Group Inc. PSLRA Litig.*, No. 06-1691 (JMR/FLN) (D. Minn.), AP7 was familiar with PKA including its similar goals and objectives for prosecuting securities claims. AP7 agreed to work with PKA as proposed Co-Lead Plaintiffs.

10. As our lead plaintiff motion and related filings were being prepared, AP7 learned that Colorado PERA and TCRS had suffered significant losses in connection with their Class Period purchases of Citigroup securities and had retained the law firm of Entwistle & Cappucci to represent them in seeking appointment as Lead Plaintiffs in the Citigroup litigation. AP7 further learned that each of these sophisticated institutional investors was interested in working with other sophisticated institutional investors to seek appointment as Lead Plaintiffs in this litigation. Considering our stated preference to work with U.S. public pension funds and after determining that each of Colorado PERA, the Tennessee Attorney General's Office and TCRS shared similar goals and objectives for prosecuting this litigation, AP7 authorized SBTK to seek Lead Plaintiff status as a group with these U.S. institutions.

11. AP7 further agreed to the filing of a detailed complaint and a motion requiring the preservation of documents at Citigroup's Structured Investment Vehicles ("SIVs") and other related entities as well as a motion seeking a partial lifting of the PSLRA discovery stay in connection with

our Lead Plaintiff application. AP7 understands that to date, the Global Pension Funds' Complaint is the only complaint in these securities actions that even mentions Citigroup's Class Period issuance of Liquidity Puts, let alone develops the critical facts and accounting provisions related to these guarantees that the Defendants failed to disclose, in any way, until November 5, 2007.

12. AP7 also agreed that Entwistle & Cappucci and SBTK would work together as our proposed Co-Lead Counsel to prosecute this action vigorously and efficiently in the best interest of the Class. AP7 was familiar with the Entwistle & Cappucci firm from its role in *In re Royal Ahold Securities & "ERISA" Litigation*, MDL 01539 (U.S. Dist. Ct., D. Md.) where it represented a worldwide class of investors and Colorado PERA served as Lead Plaintiff.

13. While AP7 has previously entered into a retainer agreement with SBTK, we have subsequently agreed to enter into a superseding Joint Prosecution Agreement that AP7, Colorado PERA, the Tennessee Attorney General, TCRS, AP4, PKA, Entwistle & Cappucci and SBTK have executed in connection with this litigation.

14. The Joint Prosecution Agreement provides, among other things, a ceiling on our Proposed Co-Lead Counsel's hourly rates as well as a ceiling on total fees that counsel may request from the Court if we obtain a recovery that the Global Pension Funds believe to be in the best interests of the Class warranting the Court's approval. I understand and acknowledge that the ultimate award of attorney's fees and expenses is in the Court's discretion.

15. The Joint Prosecution Agreement also requires the Global Pension Funds' consent to non-routine litigation expenses, such as retaining experts, and provides that the Global Pension Funds will review, comment upon, and authorize all filings made with this Court. In addition, the Joint Prosecution Agreement provides for regular telephone conferences among the Global Pension Funds during which we will discuss and determine litigation strategies and make any decisions that

we believe are required to ensure that we and Proposed Lead Counsel continue to represent the best interests of the Class. The Global Pension Funds have also agreed on how we will work together in this litigation and how we will resolve disputes if they should arise.

16. The Global Pension Funds treat their Joint Prosecution Agreement as protected by the attorney-client privilege, but are pleased to submit it for the Court's *in camera* review if such submission will aid the Court in its consideration of the Lead Plaintiff applications.

17. Since deciding to seek appointment as Lead Plaintiffs and authorizing and directing our Proposed Lead Counsel to file the Complaint and motions for interim relief for the Class, as discussed above, the Global Pension Funds have engaged in several telephone conferences concerning the competing lead plaintiff motions, our responses thereto, and our goals for continuing to prosecute the claims against Citigroup and the other defendants named in our Complaint in the best interests of the Class that we seek to represent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

January 25, 2008

Sjunde AP-Fonden/AP7

_____
Richard Gröttheim
*Vice-Executive Director*

1013404.1                               5