**KIRBY McINERNEY LLP**
TELEPHONE: (212) 371-6600
              (212) 317-2300
FACSIMILE:  (212) 751-2540

*830 Third Avenue*
*New York City 10022*

January 11, 2008

*Via E-mail*

Michael J. Pucillo, Esq.
BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO
Esperate Building, *Suite 900*
222 Lakeview Avenue
West Palm Beach, FL 33401

      Re:   *Citigroup Shareholder Litigation*
              Case No. 07cv9901-SHS
              Case No. 07cv10258-SHS

Dear Mr. Pucillo:

      I have your January 9, 2008 letter, served after the close of business, requesting certain documents relating to the ATD Group. As you know perfectly well, the PSLRA generally does not allow discovery at the lead plaintiff motion stage and decisional case law has followed suit. There is no reason to deviate from that practice here, especially as there is no basis to impugn the ATD member's sworn declaration that the ATD Group received no non-public representations or information concerning Citigroup in connection with their acquisition of Citigroup shares.

      The PSLRA rule makes sense. Few cases would advance were lead plaintiff contenders to engage in these kind of activities at this stage. To illustrate, were discovery warranted at this stage, we may be entitled to documents relating to your clients, such as:

      1.    The correspondence and e-mails concerning the "Ohio Attorney General's direct contact[s] and communicat[ion] with the Office of the Attorney General of the State of New Jersey and the Offices of the Executive Director and General Counsel of the State University Retirement System of Illinois to explore the possibility of serving jointly as lead plaintiff together with the Ohio STRS", including those documents concerning the "discussions" and the "due consideration" referenced at paragraph 6 of the joint declaration; and

      2.    The documents and internal communications concerning the "policy enforcement initiative" relating "to misconduct in the mortgage lending and financing industries,"

**KIRBY McINERNEY LLP**
Michael J. Pucillo, Esq.
*Page 2*

as referenced in paragraph 5 of the joint declaration, including documents or testimony that the attorney(s) general may have received from or relating to Citigroup in connection with the referenced initiative.

There is however one item that we should try to resolve before the next round of briefs. It appears that your collective was a net seller of Citigroup stock during the class period and that its sale proceeds *exceeded* purchase expenditures by more than $250 million. Are we mistaken in our calculations?

Very truly yours,

Peter S. Linden

cc via email:   Jeffrey C. Block, Esq.
                Gerald H. Silk, Esq.
                Merrill G. Davidoff, Esq.
                Roger W. Kirby, Esq.
                Ira M. Press, Esq.