UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS KOESTERER, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

WASHINGTON MUTUAL, INC.,
KERRY K. KILLINGER, DAVID C.
SCHNEIDER and THOMAS W. CASEY,

    Defendants.

Civil Action No. 1:07-CV-9801-CM

ECF FILED

(Captions continued on subsequent page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ONTARIO TEACHERS' PENSION PLAN BOARD FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF COUNSEL AS LEAD COUNSEL FOR THE CLASS, AND CONSOLIDATION OF ALL RELATED ACTIONS**

| | |
|---|---|
| JOEL ABRAMS and BRIAN ROFFE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, STEPHEN J. ROTELLA and THOMAS W. CASEY,<br><br>Defendants. | Civil Action No. 1:07-CV-9806-AKH |
| ROBERT L. GARBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, STEPHEN J. ROTELLA and THOMAS W. CASEY,<br><br>Defendants. | Civil Action No. 1:07-CV-11422-UA |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND..................................................... 2

ARGUMENT.................................................................................................................. 5

    I.    Ontario Teachers Should Be Appointed Lead Plaintiff.............................. 5

        A.    Ontario Teachers Believes That It Has the Largest Financial Interest in the Relief Sought by the Class ...................... 6

        B.    Ontario Teachers Otherwise Satisfies the Requirements of Rule 23 ............................................................................................ 7

    II.    The Court Should Approve Ontario Teachers' Selection of Lead Counsel ................................................................................................... 10

    III.    The Related Actions Should be Consolidated .......................................... 11

CONCLUSION............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bhojwani v. Pistiolis*,
   No. 06-CV-13761(CM), 2007 U.S. Dist. LEXIS 52139 (S.D.N.Y. June 26, 2007) .................................................................................................................. 5, 6

*Fishbury, Ltd. v. Connectics Corp.*,
   No. 06 Civ. 11496 (SWK), 2006 U.S. Dist. LEXIS 90696 (S.D.N.Y. Dec. 14, 2006) .................................................................................................................... 6, 7

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) .................................................................... *passim*

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005) ................................................................................. 10

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ...................................................................... 5, 6, 7, 8

*In re Initial Pub. Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y. 2002) .......................................................................... 7, 8

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................ 11

**STATUTES**

15 U.S.C. § 78u-4, *et seq.* ......................................................................... *passim*

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), *reprinted in*
   1995 U.S.C.C.A.N. 679 ........................................................................................... 9

Ontario Teachers' Pension Plan Board ("Ontario Teachers") respectfully submits this memorandum in support of its motion (i) to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (ii) for approval of its selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class, and (iii) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

These federal securities class action lawsuits arise from allegations concerning violations of the federal securities laws by Washington Mutual Inc. ("WaMu" or the "Company") and certain of its officers (collectively, "Defendants"). During the period from April 18, 2006 through December 10, 2007 (the "Class Period"), Defendants disseminated materially false and misleading information concerning the Company's operations and financial condition while suppressing or recklessly ignoring information known to them about the Company's business and finances. Defendants' misstatements artificially inflated the price of WaMu securities and caused substantial damage to the Company's investors.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Ontario Teachers believes that it is the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff on behalf of investors in this action. Ontario Teachers believes that it has the largest financial interest in the relief sought in this action by virtue of, among other things, the approximately $24 million loss on its investment in WaMu securities.[1] Ontario Teachers further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members. Ontario Teachers is, moreover, a sophisticated public institutional investor, highly experienced in conducting and supervising counsel in complex securities litigation, and is therefore a paradigmatic Lead Plaintiff under the PSLRA.

## FACTUAL AND PROCEDURAL BACKGROUND

WaMu is the nation's largest savings and loan bank. Headquartered in Seattle, Washington, the Company offers consumer banking, mortgage lending and consumer finance services throughout the United States, with over twenty bank branches and "home loan" centers located in this District. The Company's common stock trades on the New York Stock Exchange ("NYSE") under the symbol "WM." It has nearly 860 million shares outstanding and held by public investors.

The complaints filed in this action allege that during the Class Period, Defendants issued materially false and misleading statements and/or concealed material adverse facts regarding the Company's business and financial results. Plaintiffs allege, *inter alia*, that WaMu improperly exerted pressure on a third-party appraisal firm, eAppraiseIT (a

---

[1] A copy of the Certification of Ontario Teachers is attached as Exhibit A to the Declaration of Gerald H. Silk (the "Silk Decl."). As required by the PSLRA, this Certification sets forth the transactions of Ontario Teachers in WaMu stock during the Class Period.

division of the First American Corporation), to inflate the appraised value of homes used as collateral for loans originated by WaMu. The Company failed to disclose this scheme, which violated federal and state laws and regulations requiring an independent appraisal process. The inflated appraisals rendered WaMu's financial results misleading, as its loan assets were overstated while its provision for doubtful accounts and reserves for loan losses were materially understated. Defendants' scheme and other materially misleading statements and omissions regarding the Company's financial performance caused the price of WaMu stock to trade at artificially inflated prices during the Class Period, reaching a high of a $46.29 in December 2006.

On October 17, 2007, after the market closed, WaMu announced that the Company had suffered a 72 percent drop in net income in the third quarter and that it would have to set aside up to $1.3 billion to cover expected loan losses in the fourth quarter. As a result of this announcement, WaMu shares fell $2.55 per share, or over 7.7 percent, to close at $30.52 per share on heavy trading volume on October 18, 2007.

Then, on November 1, 2007, the Attorney General of the State of New York filed a lawsuit against WaMu's principal outside appraiser, First American Corporation ("First American") and its real estate appraisal subsidiary, eAppraiseIT, alleging their complicity in a scheme to provide inflated appraisals to WaMu. After the market learned of the Attorney General's lawsuit, WaMu's stock price dropped from $27.88 to close at $25.75 per share on November 1, 2007, declining 7.76 percent on high-volume trading. On the following day, the Company's shares continued to fall an additional $1.94 per share, or 7.75 percent, to close at $23.81 per share on, a decline of almost 15 percent over the two-day period.

On November 7, 2007, the New York Attorney General issued subpoenas to Fannie Mae and Freddie Mac concerning loans they had purchased from WaMu that may have been tainted by WaMu's fraudulent appraisal processes, raising questions concerning those companies' ability to continue purchasing loans from WaMu, an essential source of financing for the Company. As a result of this additional news, WaMu shares plunged further, dropping $4.84, or 20 percent, on extremely high volume trading over the next two days, to close at $19.39 on November 9, 2007.

Then, on December 10, 2007, after the close of the market, WaMu disclosed, *inter alia*, (i) a $1.6 billion write-down of all goodwill associated with the Company's home loan business; (ii) an increase in the Company's fourth quarter loan loss provisions to between $1.5 and $1.6 billion, stating that even greater loan loss provisions for the first quarter of 2008 were expected; and (iii) that the Company would exit the subprime lending business entirely, shutting down half of its home loan centers and sales offices and cutting more than 3000 jobs in the process. As a result of these additional corrective disclosures, WaMu's share price fell an additional $2.46 per share, or 12.3 percent, closing at $17.42 on December 11, 2007 on unusually heavy trading volume.

The first complaint in this action, styled *Koesterer v. Washington Mutual, Inc., et al.*, was filed in the Southern District of New York on Nov. 5, 2007. The first notice of pendency of this action, attached as Exhibit B to the Silk Decl., was published that same day and alerted investors to a class period of July 19, 2006 through October 31, 2007. A subsequently published notice, attached as Exhibit C to the Silk Decl., notified investors that another complaint had been filed expanding the class period to run from April 18, 2006 through December 10, 2007.

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Ontario Teachers has satisfied this deadline by making this motion.[2]

## ARGUMENT

### I.  Ontario Teachers Should Be Appointed Lead Plaintiff

Ontario Teachers respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B); *see also Bhojwani v. Pistiolis*, No. 06-CV-13761(CM), 2007 U.S. Dist. LEXIS 52139, at *15 (S.D.N.Y. June 26, 2007); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006) (McMahon, J.); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005).

---

[2] There is also a substantially similar securities class action complaint on file in the Western District of Washington. Ontario Teachers is also, concurrently herewith, filing a motion seeking appointment as Lead Plaintiff in that action. In addition, Defendant Washington Mutual has filed a motion before the Judicial Panel on Multidistrict Litigation seeking to transfer the actions currently pending in the Southern District of New York to the Western District of Washington. *See* Motion of Washington Mutual for Transfer of Actions to the Western District of Washington Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings. (Dkt. #3, Attachment #2.) That motion has been opposed by certain of the plaintiffs in these actions.

### A. Ontario Teachers Believes That It Has the Largest Financial Interest in the Relief Sought by the Class

Ontario Teachers should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts generally look to four factors in determining which movant has the largest financial interest in the litigation. These factors are (i) the number of gross shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered. *See, e.g., Fishbury, Ltd. v. Connectics Corp.*, No. 06 Civ. 11496 (SWK), 2006 U.S. Dist. LEXIS 90696, at *7-8 (S.D.N.Y. Dec. 14, 2006); *Glauser*, 236 F.R.D. at 187; *In re eSpeed*, 232 F.R.D. at 100. In light of each of these factors, Ontario Teachers believes that it has the largest financial interest in the outcome of this lawsuit.

Ontario Teachers purchased 1,788,133 shares of WaMu on a gross basis during the Class Period. During the same period, Ontario Teachers had net purchases of 975,283 shares. In addition, Ontario Teachers had total net expenditures of $17,011,063.15 during the Class Period. As a result of the revelation of WaMu's misconduct, Ontario Teachers suffered over $24 million in losses, whether calculated on a LIFO or FIFO basis.[3] Specifically, Ontario Teachers lost $24,055,605.35 on a LIFO

---

[3] Courts in this District and elsewhere rely on two principal methods for calculating approximate loss for purposes of Lead Plaintiff motions under the PSLRA. These are the FIFO (first in, first out) and LIFO (last in, first out) methods. Under the FIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the earliest and moving chronologically forward (hence, "first in, first out"). Under the alternative LIFO method, the sales are offset against the movant's inventory of stock acquisitions, starting with the latest and moving chronologically backward (hence, "last in, first out"). *See generally Bhojwani v. Pistiolis*, 2007 U.S. Dist. LEXIS 52139, at *23-24.

basis and $24,380,402.89 on a FIFO basis (charts setting forth Ontario Teachers' transactions and losses in WaMu securities on LIFO and FIFO bases are attached as Exhibits D and E, respectively, to the Silk Decl.). The magnitude of Ontario Teachers' financial interest in this litigation can be summarized as follows:

| Factor | Ontario Teachers' Position |
| --- | --- |
| Gross Purchases: | 1,788,133 shares |
| Net Purchases: | 975,283 shares |
| Net Expenditures: | $17,011,063.15 |
| Approximate LIFO Loss: | $24,055,605.35 |
| Approximate FIFO Loss: | $24,380,402.89 |

Accordingly, Ontario Teachers believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### B. Ontario Teachers Otherwise Satisfies the Requirements of Rule 23

Ontario Teachers should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)); *see also Fishbury*, 2006 U.S. Dist. LEXIS 90696, at *7 (same); *In re eSpeed*, 232 F.R.D. at 102 (same). Ontario Teachers unquestionably satisfies both requirements in this case.

Ontario Teachers' claim is typical of the claims of other Class members. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). Ontario Teachers' claims in this action arise from the very same course of misconduct at WaMu as the claims of the other Class members—

*i.e.*, the artificial inflation and consequent market correction of WaMu stock caused by Defendants' fraudulent public statements and omissions. *See, e.g., Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby."); *In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim.").

Ontario Teachers likewise satisfies the adequacy requirement of Rule 23. The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another;" "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121. Ontario Teachers satisfies each of these elements of the adequacy requirement.

Ontario Teachers is adequate to represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. Indeed, Ontario Teachers seeks identical relief on identical claims based on identical legal theories. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Ontario Teachers and other Class members.

Ontario Teachers has also submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee the prosecution of this Class action. *See* Silk Decl., Exhibit A. Through that Certification, Ontario Teachers accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.

Ontario Teachers also has substantial experience overseeing the prosecution of complex securities class action lawsuits such as this one. For example, Ontario Teachers served as Co-Lead Plaintiff in *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (LAP) (S.D.N.Y.), in which a $1.3 billion settlement that included extensive corporate governance reforms was obtained on behalf of investors. Ontario Teachers' well-established record of success seeking redress on behalf of its fellow investors is also reflected in the critical leadership role it played in *In re Williams Securities Litigation*, No. 02-CV-72 (N.D. Okla.), in which Ontario Teachers was specifically selected by the District Court for the Northern District of Oklahoma to replace previously appointed lead plaintiffs that had withdrawn from the case for undisclosed reasons, threatening to leave the Class with no ability to recover its losses. Ontario Teachers' prosecution of the case resulted in a recovery of $311 million for the class following completion of fact discovery. Ontario Teachers also currently serves as a Lead Plaintiff in *In re Biovail Securities Litigation*, No. 03-CV-8917 (RO) (S.D.N.Y.), in which a $138 million settlement is pending approval.

Moreover, Ontario Teachers is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369,

at 34, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class"); *Glauser*, 236 F.R.D. at 188. Finally, Ontario Teachers has demonstrated its adequacy through its selection of Bernstein Litowitz as counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively.

## II. The Court Should Approve Ontario Teachers' Selection of Lead Counsel

The Court should approve Ontario Teachers' choice of the law firm of Bernstein Litowitz to serve as Lead Counsel. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, codified at 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval. Ontario Teachers has selected and retained the law firm of Bernstein Litowitz.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country. *See, e.g.*, Bernstein Litowitz's Firm Biography, attached as Exhibit F to the Silk Decl. Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the

largest recoveries in securities class action history—were obtained for the class. Bernstein Litowitz was also counsel for Ontario Teachers in the successful prosecutions of *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (LAP) (S.D.N.Y.) and *In re Biovail Securities Litigation*, No. 03-CV-8917 (RO) (S.D.N.Y.).

Accordingly, the Court should approve Ontario Teachers' selection of Bernstein Litowitz as Lead Counsel for the Class.

### III. The Related Actions Should be Consolidated

There are at least three securities class action complaints pending in the Southern District of New York on behalf of investors in WaMu securities:

| **Case Number** | **Abbreviated Case Name** | **Date Filed** |
|---|---|---|
| 07-CV-9801 | *Koesterer v. Washington Mutual, Inc., et al.* | November 5, 2007 |
| 07-CV-9806 | *Abrams v. Washington Mutual, Inc., et al.* | November 5, 2007 |
| 07-CV-11422 | *Garber v. Washington Mutual, Inc., et al.* | December 19, 2007 |

These actions present virtually identical factual and legal issues, as they all arise out of the same alleged misstatements regarding the financial condition of WaMu. Accordingly, consolidation is appropriate here. *See, e.g., Glauser*, 236 F.R.D. at 186 ("[T]his Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.") (internal quotation marks omitted); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common

questions of law and fact and the defendants will not be prejudiced.") (internal citation omitted).

## CONCLUSION

For the foregoing reasons, Ontario Teachers respectfully requests that the Court: (i) appoint Ontario Teachers as Lead Plaintiff pursuant to the PSLRA; (ii) approve Ontario Teachers' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: January 4, 2008

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

/s/ Gerald H. Silk
Gerald H. Silk (GS-4565)
Noam Mandel (NM-0203)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
(212) 554-1400

*Counsel for Ontario Teachers' Pension Plan Board and Proposed Lead Counsel for the Class*