Case 1:07-cv-09901-SHS   Document 50   Filed 02/07/2008   Page 1 of 6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TILLIE SALTZMAN, Individually and On Behalf of All Others Similarly Situated, | **CIVIL ACTION NO. 07-9901-SHS** |
| Plaintiff, | **ECF Filed** |
| vs. | |
| CITIGROUP INC., CHARLES O. PRINCE, ROBERT E. RUBIN, STEPHEN R. VOLK, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN and ROBERT DRUSKIN, | |
| Defendants. | |
| LENNARD HAMMERSCHLAG, Individually, and On Behalf of All Others Similarly Situated, | **CIVIL ACTION NO. 07-10258-SHS** |
| Plaintiff, | |
| vs. | |
| CITIGROUP INC., CHARLES PRINCE, SALLIE KRAWCHECK, GARY CRITTENDEN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTIONS TO STRIKE THE DECLARATION OF BRUCE A. GREEN AND THE DECLARATIONS OF ATTORNEY GENERAL MARC DANN AND WILLIAM J. NEVILLE**

**I.      INTRODUCTION**

The Attorney General of Ohio and the Ohio State Teachers' Retirement System ("Ohio STRS") respectfully submit this memorandum of law in opposition to two motions of the "Global Pension Funds" to strike the Declaration of Bruce A. Green and two Declarations of Honorable Marc Dann and William J. Neville (the "Motions to Strike").[1]  For the reasons set forth below, the Motions to Strike should be denied.

**II.     THE MOTION TO STRIKE PROFESSOR GREEN'S DECLARATION SHOULD BE DENIED**

It is well established that the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence.  *Boucher v. U.S. Suzuki Corp.,* 73 F.3d 18, 21 (2d Cir. 1996).  Here, the court should exercise its discretion to admit the Green Declaration because Professor Green's opinion analyzes the facts of the case without attempting to "provide legal opinions, legal conclusions, or interpret legal terms" that fall within the province of the court. *Rondout Valley Cent. School Dist. v. Coneco Corp.,* 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004).

Movants incorrectly characterize the Green Declaration as including solely "conclusions of law."  Contrary to movants' suggestion, there is nothing improper about the Court's consideration of the opinions offered by Professor Green.[2]  Notably, movants do not challenge the qualifications of Professor Green or offer the opinion of any expert who disagrees with his conclusions.  Instead, movants appear to argue that judges can never consider the opinions of experts concerning legal ethics.  In doing so, movants ignore numerous cases that have carefully

---

[1] The first motion to strike was submitted on January 31, 2008, with a request to be filed under seal and has not been docketed.  The second motion to strike was filed on February 5, 2008 (Dkt. #41).

[2] Rule 702 of the Federal Rules of Evidence expressly permits admission of expert testimony where, as here, "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue...."  F.R.E. 702.  While an expert may not state a legal conclusion, Rule 702 of the Federal Rules of Evidence provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  F.R.E. 704.

considered such opinions – including those from Professor Green himself – and disregard the substantial assistance such expert testimony can provide on the issues presented here involving the unique interplay of ethical rules in the securities class action context.

In fact, courts routinely allow experts to opine on issues of legal ethics, especially on motions to disqualify counsel, because those issues inherently involve mixed questions of law and fact. *See, e.g.*, *Diversified Group, Inc. v. Daugerdas,* 139 F. Supp. 2d 445, 453 n.7 (S.D.N.Y. 2001) (Professor Green's ethics opinion advised court on issue of breach of fiduciary duty); *Universal City Studios, Inc. v. Reimerdes,* 98 F. Supp. 2d 449, 453 (S.D.N.Y. 2000) (ethics expert opinion considered in motion to disqualify counsel).[3] Courts accept expert opinions on mixed questions of law and fact where the testimony is "focused on helping the jury or judge understand particular facts in issue and [does] not opine on the ultimate legal conclusion." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 65 (S.D.N.Y. 2001) ("*In re IPO*") (citing *In re Air Disaster at Lockerbie, Scotland*, 37 F.3d 804, 826-27 (2d Cir. 1994)).[4] Moreover, the special policy concerns related to the prohibition on expert legal testimony are not

---

[3] This approach is followed by courts throughout the country. *See., e.g.*, *Univ. of Rochester v. G.D. Searle & Co., Inc.*, No. 00-cv-6161LB, 2000 WL 1922271, *10 (W.D.N.Y. Dec. 11, 2000) (court accepted ethics expert's opinion with respect to conflict waivers); *Blanchard v. Edgemark Fin. Corp.*, No. 94 C 1890, 1998 WL 988958, *15 (N.D. Ill. Sept. 11, 1998) (ethics experts' opinions on whether rules of professional conduct were violated were part of the record reviewed by the court); *Terrebonne, Ltd. v. Murray*, 1 F. Supp. 2d 1050, 1058 n.5 (E.D. Cal. 1998) (expert testimony "relevant and helpful in determining conflict issues" in attorney disqualification case); *In re Southeast Banking Corp.,* 147 B.R. 267, 272 (S.D. Fla. Bankr. 1992) (expert opinion on conflict of interests considered by court on motion to disqualify counsel); *In re Compact Disc Minimum Advertised Price Antitrust Litig.,* No. MDL 1361, 2001 WL 243494, *3 (D.Me. Mar. 12, 2001) (expert's assessment of conflicts of interest considered on motion to disqualify).

[4] The movants' reliance on *In re IPO* is misplaced. In that case, Judge Scheindlin found that the expert's opinion was an impermissible legal conclusion because the decision of whether to recuse was governed only by interpretation of the recusal statute, 28 U.S.C. § 45, and "this decision involves nothing more than interpreting the statute given certain undisputed facts; it is solely a question of law." 174 F. Supp. 2d at 65. In contrast, here, the key disputed issue is whether Schiffrin Barroway has taken a position adverse to that of Ohio – a mixed question of law and fact. Similarly, in *In re Intel Corp. Microprocessor Antitrust Litig.,* 2007 WL 4323007 (D. Del Dec. 6, 2007), the Court found that the expert reports at issue contained impermissible interpretations of Rule 23 and the legal effect of the 2003 amendments on that Rule. *Id.* at *2, *4. Here, Professor Green does not simply interpret a statute but, rather analyzes the salient facts under a broad body of law and opinion governing attorney conduct in a manner that would be helpful to the court in "interpreting and analyzing factual evidence." *Id.* at *4.

applicable where, as here, the factual issues are to be decided by the Court. Indeed, "[a] trial judge is quite capable to discern the relevant evidence, weigh the probative value or its prejudicial effect, and readily reject an improper inference or intrusion upon its role." *Rondout Valley Cent. School Dist.,* 321 F. Supp. 2d at 480.

Accordingly, the Motion to Strike the Green Declaration should be denied because the declaration contains only Professor Green's expert analysis of the facts contained in the Dann Declaration, *see* Green Declaration, at ¶6, and his related factual and legal conclusions. The vast majority of Professor Green's opinion concerns the issue of whether Schiffrin Barroway is, as a mixed question of fact and law, directly adverse to a current client. *See* Green Declaration, at ¶¶ 9-13. The opinion also addresses whether the conflict and its effects upon Ohio and the *Citigroup* litigation would dissipate under certain hypothetical circumstances, such as if Schiffrin Barroway withdrew from representing Ohio STRS in the *Merrill Lynch* litigation. *See* Green Declaration at ¶¶14-15. The declaration also contains Professor Green's opinion as to whether it is likely that Ohio's confidential information was conveyed from Schiffrin Barroway to Entwistle. *Id.* at ¶ 17. These are all mixed issues of fact and law, and are appropriate areas for expert testimony.

### III. THE MOTION TO STRIKE THE DECLARATION OF MARC DANN AND WILLIAM J. NEVILLE SHOULD BE DENIED

The Global Pension Funds' sole basis for striking the declarations of Attorney General Marc Dann and William J. Neville is that those declarations do not include an affirmation that the statements contained therein were made "under penalty of perjury" and "are true and correct" as required by 28 U.S.C. § 1746. That omission reflects the error of counsel to Ohio STRS and the Ohio Attorney General, who prepared the final versions of those declarations for execution by Attorney General Dann and Mr. Neville. *See* Declaration of Gerald H. Silk ("Silk Decl.")

3

¶2.[5]  Both Attorney General Dann and Mr. Neville believed the statements in their declarations to be true and correct when they signed them, as evidenced by the fact that Attorney General Dann and Mr. Neville have now both affirmed, under penalty of perjury, that the facts contained in those declarations are true and correct.  *See* Silk Decl. Ex. A ¶16 and Ex. B ¶2.

This affirmation as to the truth of the declarations at issue satisfies the purpose of 28 U.S.C. § 1746:  "To ensure the trustworthiness of a declaration, federal law requires a declarant subscribe his statement subject to the risk of criminal penalty."  *Mugno v. Societe Intern. de Telecom. Aeronautiques*, No. 05-CV-2037, 2007 WL 316573, at *9 (E.D.N.Y. Jan. 30, 2007).  In accordance with this rationale, corrected declarations that contain the statutorily required language concerning "the penalty of perjury" (and thus subject the declarant to penalties for knowing falsehoods) are accepted by courts.  *See*, *e.g.*, *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027 (M.D. Fla. 2000); *see also U.S. v. Gritz Bros. P'ship*, 155 F.R.D. 639, 644 (E.D. Wis. 1994) (denying motion to strike unsworn declaration not in compliance with 28 U.S.C. § 1746 where declarant submitted a corrected declaration).  Because Attorney General Dann and Mr. Neville have provided the statutorily required affirmation of their declarations, and because the Global Pension Funds have not been prejudiced by the error of counsel that gave rise to their motion, the Motions to Strike the declarations of Attorney General Dann and Mr. Neville should be denied.

---

[5]  The Silk Declaration was submitted in support of the U.S. Public Fund Group's Reply Memorandum in Further Support of the Motion of Ohio State Teachers Retirement System and the Attorney General of Ohio in Support of Its Motion to Disqualify Counsel, and a courtesy copy was provided to the Court on February 6, 2008 with a request that it be filed under seal.

4

## CONCLUSION

For all the above reasons, Ohio respectfully requests that the Court deny the Motions to Strike in their entirety.

Dated: February 7, 2008                                                         Respectfully submitted,

| | |
|---|---|
| **MARC DANN** |   /s/ Gerald H. Silk |
| **ATTORNEY GENERAL OF OHIO** | **BERNSTEIN LITOWITZ BERGER** |
| Christopher R. Geidner, |   **& GROSSMANN LLP** |
| Counsel to the Attorney General | Max W. Berger (MB-5010) |
| Andrea L. Seidt, | Gerald H. Silk (GS-4565) |
| Deputy Chief Counsel | Avi Josefson (AJ-3532) |
| 30 E. Broad St., 17th Floor | Noam Mandel (NM-0203) |
| Columbus, Ohio 43215 | 1285 Avenue of the Americas, 38th Floor |
| Telephone: 614-466-4320 | New York, New York 10019 |
| Facsimile: 614-466-5087 | Telephone: 212-554-1400 |
| | Facsimile: 212-554-1444 |
| *Counsel to the Ohio State Teachers' Retirement System* | *Counsel to the Office of the Ohio Attorney General and the Ohio State Teachers' Retirement System* |

5