UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
                                                        :
IN RE CITIGROUP INC. SECURITIES LITIGATION              :   No. 1:07-cv-9901(SHS)
                                                        :
                                                        :
                                                        :
------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF THE PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO AND THE TENNESSEE CONSOLIDATED RETIREMENT SYSTEM'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER APPOINTING INTERIM LEAD PLAINTIFF

Andrew J. Entwistle, Esq. (AE-6513)
Johnston de F. Whitman, Jr., Esq. (JW-5781)
Richard W. Gonnello, Esq. (RG-7098)
Jonathan H. Beemer (JB-0458)
Joshua K. Porter (KP-2660)
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, New York 10017
Telephone: (212) 894-7200

*Attorneys for the Public Employees' Retirement
Association of Colorado and the Tennessee
Consolidated Retirement System*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT ................................................................................................................................ 5

    I.    THE COURT OVERLOOKED THE NECESSITY FOR LIMITED DISCOVERY ................................................................................................ 5

        A.    Discovery Of The Presumptive Lead Plaintiff Is Appropriate ................... 6

        B.    Efficiency Will Best Be Served By Permitting Lead Plaintiff Discovery ..................................................................................................... 10

    II.    LIMITED DISCOVERY WILL NOT CAUSE UNDUE DELAY ....................... 11

CONCLUSION ........................................................................................................................... 12

i

# TABLE OF AUTHORITIES

**Cases**

*In re AOL Time Warner, Inc. Secs. & ERISA Litig.*,
  No. MDL 1500, 2003 WL 102806 (S.D.N.Y. Jan. 10, 2003) .................................................. 7, 9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ........................................................................................... 6, 9

*In re Comverse Technology, Inc. Secs. Litig.*,
  No. 06-CV-1825, 2008 WL 820015 (E.D.N.Y. March 25, 2008) ............................................. 9

*Mazzei v. The Money Store*,
  483 F. Supp. 2d 323 (S.D.N.Y. 2007) ..................................................................................... 10

*McKay v. Triborough Bridge and Tunnel Authority*,
  No. 05 Civ. 8936, 2007 WL 3275918 (S.D.N.Y. Nov. 5, 2007) ............................................. 10

*Patsy's Italian Restaurant, Inc. v. Banas*,
  No. 06-CV-00729, 2007 WL 174131 (E.D.N.Y. Jan. 19, 2007) ............................................. 10


**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iv) .......................................................................................... 1, 6, 12


**Rules & Regulations**

Fed. R. Civ. P. 23 ............................................................................................................................ 7

Plaintiffs, the Public Employees' Retirement Association of Colorado ("Colorado PERA") and the Tennessee Consolidated Retirement System ("TCRS"), on behalf of themselves and the putative class of common shareholders of Citigroup Inc. ("Citigroup"), respectfully submit this memorandum of law pursuant to Rule 6.3 of the Local Rules for the United States District Court for the Southern District of New York in support of their motion for reconsideration of the Court's August 19, 2008 decision appointing the ATD Group as interim lead plaintiff, and for the entry of an Order: (i) permitting limited discovery pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv) as to the adequacy of the ATD Group to represent the interests of the class; and (ii) permitting supplemental briefing on facts adduced during discovery regarding the ATD Group's adequacy.

## PRELIMINARY STATEMENT

Colorado PERA and TCRS respectfully submit that the Court overlooked facts presented in written submissions and at the hearing on lead plaintiff appointment which create a reasonable basis to find that the ATD Group is not capable of adequately representing the class of Citigroup shareholders in this case. Leaving this litigation in the hands of an interim lead plaintiff burdened by unique defenses as the ATD Group is here threatens to prejudice comprehensive recovery for the substantial losses suffered by the class of investors who did not receive expert advice in acquiring their Citigroup shares, but rather, made such purchases in the open market. Appointment of the ATD Group without a more complete examination of its adequacy to serve as lead plaintiff also raises concerns of judicial efficiency which are best addressed now. Accordingly, and for the reasons discussed more fully below, Colorado PERA and TCRS respectfully request reconsideration of the appointment of the ATD Group as interim lead plaintiff based upon the need for limited discovery to examine the information that ATD's

advisors received and provided to ATD or the ATD Group when ATD was sold to Citigroup in a privately negotiated transaction.

## FACTUAL BACKGROUND

Citigroup affiliate Citi Markets & Banking entered into a privately negotiated merger agreement with Automated Trading Desk, Inc. ("ATD") dated June 30, 2007. On July 2, 2007, Citigroup issued a press release announcing the merger with ATD "for approximately $680 million in cash and stock." (*See* Ex. A attached hereto). Specifically, the press release indicated that "[t]otal consideration for the purchase includes $102.6 million in cash and approximately 11.17 million shares of Citi stock." (*Id.*) The press release also expressly stated that "Financial Technology Partners LP and FTP Securities LLC (together 'FT Partners') acted as the exclusive strategic and financial advisors to ATD in th[e] transaction and provided a fairness opinion to ATD's Board of Directors. Blank Rome LLP served as primary legal counsel for ATD in the transaction." (*Id.*)

The Citigroup stock acquired by ATD through the merger was unregistered with the United States Securities and Exchange Commission ("SEC"). Pursuant to the merger agreement, Citigroup filed a Form S-3 with the SEC on October 3, 2007 publicly registering the 11.17 million Citigroup shares acquired by ATD. (*See* Declaration of Andrew J. Entwistle executed on January 28, 2008, Ex. 13). The registration statement allowed ATD Group members to resell their respective holdings in Citigroup stock. (*Id.*) Prior to the filing of the registration statement, ATD Group members could not sell their Citigroup shares in the open market, thereby effectively making the shares an illiquid asset. Additional facts required to evaluate the terms and circumstances of this transaction were not presented to the Court by the ATD Group, which also failed to explain its basis for withholding this information.

In their memorandum of law dated January 28, 2008, Colorado PERA and TCRS (as well as third lead plaintiff candidate, the U.S. Pension Funds) challenged the ATD Group's adequacy and typicality to serve as lead plaintiff of a Citigroup shareholder class. (*See* Memorandum of Law of the Global Pension Funds in Further Support of their Motion for Consolidation, for Appointment as Lead Plaintiffs, and for Selection as Lead Counsel at 17-20). Among other points, Colorado PERA and TCRS asserted that the lack of transparency and failure to furnish the specific information upon which the ATD Group relied in acquiring their Citigroup stock subjected them to debilitating unique defenses. (*Id.* at 18-20). Colorado PERA and TCRS sought the opportunity to review, at a minimum, the following documents concerning the merger between Citigroup and ATD should the Court give further consideration to the ATD Group's lead plaintiff application:

- the merger agreement, dated as of June 30, 2007, referenced in the Form S-3;

- the registration rights agreement referenced in the Form S-3;

- the indemnity agreements between Citigroup and members of the ATD Group referenced in the Form S-3;

- any employment agreements between members of the ATD Group and Citigroup;

- any consulting agreements between members of the ATD Group and Citigroup; and

- any confidentiality agreements between members of the ATD Group and Citigroup.

(*Id*. at 17-18). None of these or any other documents concerning the merger transaction between Citigroup and ATD were provided by the ATD Group.

Instead, the ATD Group members provided separate declarations each making the same conclusory representation that they only had access to "publicly available materials concerning

3

Citigroup" when deciding on the Citigroup-ATD merger. (*See* Affidavit of Ira M. Press in Support of the Motion of the ATD Group for Appointment as Lead Plaintiff and for Approval of Movant's Selection of Lead Counsel sworn to on January 7, 2008, Ex. E; *see also* Reply Affidavit of Peter S. Linden in Further Support of the ATD Group's Motion for Appointment as Lead Plaintiff sworn to on February 7, 2008, Exs. B-D). The ATD Group's declarations do not establish which members of the Group were personally involved in the negotiations and due diligence conducted on the Citigroup-ATD transaction. These untested declarations also do not address what information concerning Citigroup was obtained by ATD's financial advisors, FT Partners, in the course of their due diligence on the merger transaction. Nor do the declarations aver any facts concerning the information that FT Partners considered when drafting the fairness opinion that was provided to ATD for its assessment of the Citigroup-ATD transaction.

On February 13, 2008, the Court conducted a hearing on consolidation and lead plaintiff appointment. At the hearing, counsel for Colorado PERA and TCRS emphasized the known facts about the Citigroup-ATD merger which called into question the ATD Group members' assertions that they only had access to, and exclusively relied upon, public information concerning Citigroup. Specifically, counsel for Colorado PERA and TCRS noted that: (i) the merger negotiations were not conducted by the ATD Group Members, but rather, by their agents (FT Partners and Blank Rome); (ii) the Form S-3 statement does not reference any price protections on the Citigroup stock acquired through the merger; (iii) ATD ratified the merger despite a steady decline in Citigroup's stock price and an October 1, 2007 Citigroup announcement anticipating a 60% decline in third quarter profits; and (iv) many of the ATD shareholders remained as employees of the merged company and therefore had incentive to

4

approve the transaction without regard to the market price of Citigroup stock. (*See* 2/13/08 Hrg. Tr. at 11-16; 22-25).

Counsel asserted that each of the above referenced facts provided more than mere speculation that the ATD Group relied on nonpublic information in deciding to acquire Citigroup stock and, in addition to the other atypical circumstances surrounding ATD's "purchases," demonstrated that the ATD Group was subject to unique defenses that rendered it inadequate to represent the interests of the defrauded Citigroup common stock shareholders. (*Id*.). Aside from merely reiterating the conclusory assertions made in the ATD Group declarations, counsel for the ATD Group did not offer any details concerning the Citigroup-ATD transaction.

## ARGUMENT

### I.     THE COURT OVERLOOKED THE NECESSITY FOR LIMITED DISCOVERY

Reconsideration of this Court's Order is governed by Local Civil Rule 6.3, which provides that the movant shall set forth concisely "the matters or controlling decisions which counsel believes the court has overlooked." *See* Local Civil Rule 6.3. Respectfully, Colorado PERA and TCRS submit that the Court, in appointing the ATD Group as interim lead plaintiff, overlooked the propriety and utility of first ordering limited lead plaintiff discovery to ensure that none of the ATD Group members relied on nonpublic information concerning Citigroup when they ratified the Citigroup-ATD merger. Without question, such discovery is permitted and appropriate here given the doubts raised in written submissions and at oral argument that the ATD Group members did not have access to or rely on nonpublic information in acquiring their Citigroup stock. More importantly, such limited discovery at this stage of the litigation will efficiently resolve the ATD Group's adequacy and typicality issues that the Court appropriately recognized are likely to resurface during class certification. (*See* 2/13/08 Hrg. Tr. at 45).

5

### A. Discovery Of The Presumptive Lead Plaintiff Is Appropriate

It is well-settled under the PSLRA that the appointment of a lead plaintiff can be rebutted by proof from "a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class," or is subject to unique defenses that render such plaintiff inadequate. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). The PSLRA permits discovery on the plaintiff's adequacy if there is "reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *See* 15 U.S.C. 78u-4(a)(3)(B)(iv). Courts have recognized that discovery can proceed under this provision after the presumptive lead plaintiff has been appointed.

In *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), a leading case on PSLRA lead plaintiff discovery, the court established a three-step framework for selecting a lead plaintiff and conducting discovery to test the putative lead plaintiff's adequacy. *See Cavanaugh*, 306 F.3d at 730-31. As here, the court in *Cavanaugh* identified the presumptive lead plaintiff based on its largest financial interest after a complaint had been filed and notice to potential class members had been published. However, the *Cavanaugh* court recognized that discovery could nonetheless be conducted to rebut the appointment of the presumptive lead plaintiff:

> The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. In seeking evidence that could rebut the presumptive lead plaintiff's showing on these points, other plaintiffs may be allowed to conduct discovery if they 'demonstrate[] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.'

*Id*. (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iv)).

At least one court in this district has followed *Cavanaugh's* framework. In *In re AOL Time Warner, Inc. Secs. & ERISA Litig.*, No. MDL 1500, 2003 WL 102806, at *3 (S.D.N.Y. Jan.

6

10, 2003), the court appointed the presumptive lead plaintiff based on its financial interest and determined that the plaintiff had made a preliminary showing as to typicality and adequacy under Fed. R. Civ. P. 23. The court in *AOL* nonetheless recognized that the other plaintiffs are permitted upon leave of the court to conduct discovery to rebut the appointment:

> Finally, as the third step in this process, the other plaintiffs are hereby given the opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. The other plaintiffs may conduct discovery if they demonstrate a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

*Id.* at *3 (internal citations and quotations omitted).

Here, Colorado PERA and TCRS have established a reasonable basis to conclude that the ATD Group is incapable of adequately representing the interests of the class given reliance-based defenses which are unique to them. Principally, they have demonstrated facts which contest the ATD Group members' assertion that they did not receive and/or rely upon nonpublic information in acquiring their Citigroup shares. Indeed, during the February 13, 2008 hearing, counsel for Colorado PERA and TCRS noted that the ATD Group did not acquire its Citigroup shares on the open market, as did the other lead plaintiff candidates, but rather through the Citigroup-ATD merger which was evaluated and negotiated by ATD's agents, FT Partners and Blank Rome. (*See* 2/13/08 Hrg. Tr. at 11-12; 60-61). No details are known concerning what Citigroup information FT Partners reviewed and incorporated into its conclusions in the fairness opinion provided to ATD. Without more factual development on these matters, it cannot conclusively be determined that the ATD Group had no access to nonpublic information prior to its acquisition of Citigroup stock.

Further to the point, counsel for Colorado PERA and TCRS also demonstrated at oral argument that the actual price ATD paid for its Citigroup shares is unknown. (*See* 2/13/08 Hrg.

Tr. at 12-13, 16). ATD exchanged illiquid interests in ATD for unregistered Citigroup shares based on FT Partners' comparative valuation of ATD and Citigroup. Thus, regardless of the information available to the public, FT Partners was evaluating the fairness of the transaction based on its subjective valuation of ATD and Citigroup. The actual price paid for Citigroup shares by ATD shareholders is not determinable unless the presumed value of ATD and Citigroup as decided by FT Partners is known. Such information is only ascertainable from the fairness opinion (and the underlying documents upon which it was based). Indeed, ATD may very well have asked for additional cash or Citigroup shares once it determined that Citigroup's market price was inflated based on nonpublic information. However, under the current factual record, it is impossible to tell because the value of ATD was expressed only through the announced value of the transaction: $102.6 million in cash and 11.17 million illiquid Citigroup shares.

Additionally, many of ATD's employees became employees of Citigroup following the merger, thereby further calling into question their motivations for approving the transaction. Given their self-interest in preserving employment positions with Citigroup, it is reasonable to assume that the ATD Group and other ATD shareholders ratified the transaction based upon numerous factors other than the market price of Citigroup stock to which they have pointed. Colorado PERA and TCRS should be permitted to explore this issue now rather than waiting for the ATD Group to respond to defendants' inevitable challenges. Indeed, any individualized issues of reliance for the ATD Group should be discovered now rather than at the class certification stage, which the Court has acknowledged may not occur for years.

Finally, counsel for Colorado PERA and TCRS identified a small collection of documents that would have and will shed light on the circumstances and terms of the Citigroup-

ATD transaction. Counsel for ATD, however, did not provide the documents or any details concerning the Citigroup-ATD transaction. Instead, it presented conclusory declarations from ATD Group members as to the information *they* reviewed in connection with the transaction, even though the declarants were not the same team that evaluated or negotiated the transaction. (*See* 2/13/08 Hrg. Tr. at 46). At the very least, Colorado PERA, TCRS and the Court should have been permitted to review the relevant transaction documents to assess the putative adequacy of this now interim lead plaintiff as provided for under the PSLRA. *See Cavanaugh*, 306 F.3d at 730; *see also AOL Time Warner*, 2003 WL 102806, at *3.

It is not too late to conduct discovery in this case. The court's reasoning in *In re Comverse Technology, Inc. Secs. Litig.*, No. 06-CV-1825, 2008 WL 820015 (E.D.N.Y. March 25, 2008) is instructive on this point. In *Comverse*, a lead plaintiff candidate sought reconsideration under Local Civil Rule 6.3 of the court's order appointing a lead plaintiff on grounds that the court overlooked rebuttal evidence as to typicality and adequacy. *Id*. at *2. The court granted the motion for reconsideration (although it ultimately adhered to its original lead plaintiff appointment) but denied lead plaintiff discovery on grounds that the movant had already presented its rebuttal evidence before the order appointing the lead plaintiff. *Id*. at *2 n.1.

By contrast, Colorado PERA and TCRS have not been able to present complete rebuttal evidence to the Court because the ATD Group refused to produce the relevant information that is exclusively in their possession. Instead, the ATD Group submitted untested declarations that did not address whether the advisors who negotiated the transaction on their behalf relied only on public information. Given the Court's decision to accept the averments made in the ATD Group declarations as true, Colorado PERA and TCRS should be permitted to obtain discovery now to lay to rest these threshold questions concerning the ATD Group's adequacy and typicality.

9

## B.     Efficiency Will Best Be Served By Permitting Lead Plaintiff Discovery

Colorado PERA and TCRS respectfully submit that the Court overlooked the fact that efficiency and the interests of all parties would best be served by permitting discovery on the ATD Group's adequacy.

It is axiomatic that this Court has "broad discretion to direct and manage the pre-trial discovery process." *McKay v. Triborough Bridge and Tunnel Authority*, No. 05 Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007); *see also Patsy's Italian Restaurant, Inc. v. Banas*, No. 06-CV-00729, 2007 WL 174131, at *1 (E.D.N.Y. Jan. 19, 2007) ("district courts have broad discretion to manage the manner in which discovery proceeds."). But, whenever possible, "it is incumbent on the court to manage its cases in the most efficient manner." *Mazzei v. The Money Store*, 483 F. Supp. 2d 323, 326 (S.D.N.Y. 2007).

Here, judicial efficiency and the interests of the defendants and class members are best served by the Court ordering limited discovery to resolve any doubts as to the ATD Group's adequacy to represent the class as lead plaintiff. Indeed, the Court observed the need for efficiency during the February hearing on lead plaintiff appointment:

> But I don't want to spend two years on this litigation with the defendants, you know, spending enormous amounts of time and effort and discovery motions trying to find that proof when we really -- if it only involved ATD and I need to move the litigation forward, if not on the merits, certainly on issues first about certification that don't involve a unique [lead plaintiff].

(2/13/08 Hrg. Tr. at 45). As noted above, given the complexity of the claims against the defendants and the presumptive PSLRA discovery stay, it could be years before the ATD Group's adequacy is more fully tested during class certification. In the interim, all defrauded Citigroup shareholders will be dependant on the ATD Group to effectively protect the interests of class members and will, in some cases, be bound by the conduct of the ATD Group and its

counsel. Even if some class members elect to opt-out and proceed with their own actions, they may not be able to make a fully informed decision until the ATD Group's adequacy is tested. Judicial efficiency dictates that such issues are best addressed now.

## II. LIMITED DISCOVERY WILL NOT CAUSE UNDUE DELAY

As stated above, far from causing undue delay or prejudice to the parties, the limited and expedited discovery set forth in the attached [Proposed] Order as to the discrete issue of what, if any, nonpublic information ATD, FT Partners, Blank Rome, and/or the individual ATD Group members received in connection with the Citigroup-ATD transaction will further the interests of judicial efficiency and prevent undue expense or waste by the parties. At the conclusion of such discovery, Colorado PERA and TCRS respectfully request that the Court review briefing concerning the facts adduced that are relevant to the ATD Group's adequacy to represent the class and conduct a hearing if necessary.

## CONCLUSION

For the foregoing reasons, Colorado PERA and TCRS respectfully request that the Court reconsider its decision appointing the ATD Group interim lead plaintiff without first ordering limited discovery, and enter the [Proposed] Order: (i) permitting limited discovery pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv) as to the adequacy of interim lead plaintiff appointee ATD Group to represent the interests of the class; and (ii) permitting supplemental briefing at the conclusion of limited discovery to consider facts adduced during discovery regarding the ATD Group's adequacy.

Dated: September 3, 2008

**ENTWISTLE & CAPPUCCI LLP**

/s/
Andrew J. Entwistle, Esq. (AE-6513)
Johnston de F. Whitman, Jr., Esq. (JW-5781)
Richard W. Gonnello, Esq. (RG-7098)
Jonathan H. Beemer (JB-0458)
Joshua Porter (KP-2660)
280 Park Avenue
26th Floor West
New York, New York 10017
Telephone: (212) 894-7200

*Attorneys for the Public Employees' Retirement Association of Colorado and the Tennessee Consolidated Retirement System*

# EXHIBIT A

Case 1:07-cv-09901-SHS    Document 61    Filed 09/03/2008    Page 16 of 18

FOR IMMEDIATE RELEASE
Citigroup Inc. (NYSE: C)
July 02, 2007

**Citi to Acquire ATD**

Addition of Automated Trading Innovator To Create Top-Tier Liquidity Aggregator

New York – Citi Markets & Banking today announced it has agreed to acquire Automated Trading Desk (ATD), a leader in electronic market making and proprietary trading for approximately $680 million in cash and stock. The addition of ATD will make Citi a top-tier aggregator of equity order flow and will provide institutional, broker/dealer and retail clients with access to deeper pools of liquidity.

ATD will operate as a unit of Citi's Global Equities business and complement the significant investment in electronic trading and execution the firm has made as well as enhance its traditional equities sales and trading capabilities. ATD adds a network of broker/dealer customers to Citi's diverse base of institutional, broker/dealer and retail customers. Citi intends to leverage its global capabilities and expand ATD's technology and trading expertise to markets around the world which are experiencing similar growth in trading volume and electronic execution.

"ATD's strong management team and the company's market-leading technology will help us provide best execution to all of our clients by enhancing liquidity through the aggregation of greater flow," said James Forese, Head of Global Equities at Citi. "The combination of Citi's Global Equities business and ATD will create a leading U.S. stock trading platform."

ATD will maintain its headquarters in Mount Pleasant, South Carolina. ATD's Chief Executive Officer Steven Swanson will retain his role as CEO of ATD and lead the global expansion and development of Citi's electronic market making capabilities.

"Citi offers ATD a unique opportunity to utilize our technology in both domestic and international markets. The combination of our businesses will position us as a leader amid the rapid evolution of global market structure," Swanson said. "This combination will be an outstanding opportunity for our customer base."

The acquisition of ATD is the latest in a series of acquisitions and investments Citi has made in recent years to strengthen its electronic and alternative execution business. These acquisitions include Lava Trading, Knight's options market making business, TD Waterhouse Capital Markets and the OnTrade ECN.

ATD has about 120 broker/dealer customers and trades, on average, more than 200 million shares a day. The company presently handles approximately 6 percent of NMS trading volume.

Total consideration for the purchase includes $102.6 million in cash and approximately 11.17 million shares of Citi stock. The transaction is expected to close in the third quarter and is subject to regulatory approval.

Citi Markets & Banking acted as financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP served as primary legal counsel to Citi. Financial Technology Partners LP and FTP Securities LLC (together "FT Partners") acted as the exclusive strategic and financial advisors to ATD in this transaction and provided a fairness opinion to ATD's Board of Directors. Blank Rome LLP served as primary legal counsel for ATD in the transaction.

### 

Citi
Citi, the leading global financial services company, has some 200 million customer accounts and does business in more than 100 countries, providing consumers, corporations, governments and institutions with a broad range of financial products and services, including consumer banking and credit, corporate and investment banking, securities brokerage, and wealth management. Citi's major brand names include Citibank, CitiFinancial, Primerica, Citi Smith Barney and Banamex. Additional information may be found at www.citigroup.com or www.citi.com.

Certain statements in this document are "forward-looking statements" within the meaning of the Private Securities Litigation Reform Act. These statements are based on management's current expectations and are subject to uncertainty and changes in circumstances. Actual results may differ materially from those included in these statements due to a variety of factors. More

information about these factors is contained in Citigroup's filings with the Securities and Exchange Commission.

ATD

ATD is a technology company specializing in the creation of systems for automated trading and customized equity execution solutions through its broker-dealer subsidiaries. ATD offers automated execution solutions in all domestic equity markets, including the listed, over-the-counter, exchange traded fund and bulletin board marketplaces. In 2006, ATD accounted for approximately 6% of all NYSE volume and 6% of all NASDAQ volume. ATD is the sole owner of Automated Trading Desk Financial Services, LLC and Automated Trading Desk Brokerage Services, LLC, both members NASD/SIPC.