UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/08
```

| IN RE CITIGROUP INC. SECURITIES LITIGATION | Master File No.: 07-Civ.-9901 (SHS) |
|---|---|

## [PROPOSED] CASE MANAGEMENT ORDER NO. 1

On August 19, 2008, the Court consolidated a group of related actions under the lead case, *Saltzman v. Citigroup, et al.*, 07 Civ. 9901 (SHS), and appointed plaintiffs David Whitcomb, Henrietta Whitcomb, David Diamond and Jonathan Butler as interim lead plaintiffs ("Lead Plaintiffs") and Kirby McInerney LLP as interim lead counsel ("Lead Counsel").

1. The consolidated case shall be referred to collectively as *In re Citigroup Inc. Securities Litigation*, Master File No. 07-Civ.-9901 (the "Consolidated Action").

2. The Clerk of the Court shall maintain a master docket and master file in the Consolidated Action, including subsequently consolidated actions, under Civil Action No. 07-cv-9901 (SHS). When a document is filed through the ECF system and is applicable to "All Actions", it shall be filed in the master file and such filing shall be noted in the master docket. No further docket entries need be made. When a document is filed through the ECF system and is applicable to fewer than All Actions, it shall be filed in the master file and in each separate action to which it applies and such filing shall be noted in the master docket and in the docket of each separate action. The Clerk shall file a copy of this Order in the master file and in each separate action; shall note the filing

in the master docket and each separate docket; and shall mail a copy of this Order to counsel of record in each of the actions consolidated herein to the extent that such counsel are not registered in the ECF system.

3. When a case that arises out of the same operative facts brought under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act"), or under the Securities Act of 1933, 15 U.S.C. § 77 *et. seq.* (the "Securities Act"), involves questions of law or fact common to the Consolidated Action, within the meaning of Fed. R. Civ. P. 42(a), is hereinafter filed in or transferred to this Court, it shall be referred by counsel to the Court for a determination as to whether that action should be consolidated with the Consolidated Action. If the action is consolidated with the Consolidated Action, the Clerk of the Court shall:

   a. File a copy of this Order in the separate file for such action;

   b. Send a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

   c. Make the appropriate entry in the master docket.

The Court requests the assistance of counsel in calling to the attention of this Court the filing in this District or transfer to this District of any case that might properly be consolidated as part of this litigation.

4. This Order shall apply to each class action assigned to the undersigned alleging claims substantially similar to those set forth in these actions, brought under the Exchange Act or the Securities Act, and involving questions of law or fact common to the Consolidated Action, within the meaning of Fed. R. Civ. P. 42(a), and to each such case which is subsequently filed in or transferred to this Court, and

which is assigned to the undersigned, which is consolidated with the Consolidated Action.

5. The Court shall make a final determination regarding the appointment of Class Representative on Plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. Lead Counsel may propose different or additional Class Representatives as such time as they move for class certification in this litigation.

6. Lead Counsel shall have the authority, in consultation with Lead Plaintiffs, over the following matters on behalf of all plaintiffs in the Consolidated Action and all later actions consolidated herewith:

- a. Directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action, including the drafting and filing of a consolidated complaint, the briefing of any motion(s) to dismiss, and any class certification motion, and any matters pertaining thereto;
- b. Assigning work to plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Lead Counsel on all litigation matters and the performance of such work assignments as are delegated to them by Lead Counsel in Lead Counsel's sole discretion;
- c. Retaining experts;
- d. Communications with the court;
- e. Communicating with defense counsel;
- f. Conducting settlement negotiations;
- g. Collecting and reviewing time and expense records from all plaintiffs' counsel;
- h. Maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and
- i. Coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and generally, in the litigation.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through the Lead Counsel, and no work shall be performed by any other plaintiffs' counsel except at the express direction of Lead Counsel.

Service of pleadings and other papers by defendants shall be made upon Kirby McInerney LLP, which is authorized to accept service on behalf of all plaintiffs in the Consolidated Action and all later actions consolidated herewith.

All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records on a quarterly basis to the Lead Counsel.

7. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation of actions into the Consolidated Action by the Court's August 19, 2008 Order, and all later actions consolidated therewith, shall not constitute a waiver by any party of any claims or defense to any action.

8. Any documents or information provided by defendants to Lead Counsel shall be deemed to have been provided to plaintiff(s) in any subsequently filed and consolidated actions, and defendants shall not be required to provide the same documents or information to any party on any subsequently filed and consolidated actions.

9. The Consolidated Complaint shall be filed within ~~ninety (90)~~ forty-five (45) days [SHS] of the date of the filing of this Order and shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. Pending filing

4

and service of the Consolidated Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

10. Defendants shall answer, move or otherwise respond to the Consolidated Complaint, within ~~sixty (60)~~ forty-five (45) [SHS] days of its service. Plaintiffs shall file and serve their opposition papers to any motion(s) to dismiss by defendants within ~~sixty (60)~~ forty-five (45) [SHS] days of the service of the defendants' motion(s). Defendants shall file and serve their reply brief(s) to plaintiffs' opposition papers within ~~thirty (30)~~ twenty (20) days of their service.

11. (a) At all times prior to the lifting of the PSLRA stay of discovery and through conclusion of the Consolidated Action, defendants, including, but not limited to, all related affiliates, subsidiaries, predecessors, divisions, and persons under the control of defendants and/or such entities, shall treat all documents, data compilations (including electronically stored information ("ESI")), and tangible objects that are in the custody or control of defendants and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from plaintiffs under the Federal Rules of Civil Procedure.

(b) In addition, all off-balance sheet entities related to and/or controlled by Citigroup, Inc. or its subsidiaries or affiliates, including, but not limited to, the following variable interest entities ("VIEs"): (1) Beta Finance Corp.; (2) Centauri Corp.; (3) Dorada Corporation; (4) Five Finance Corp.; (5) Sedna Fin. Corp.; (6) Vetra Finance Corp.; and (7) Zela Finance Corp., and any persons under the control of such entities, shall preserve all documents, ESI and tangible objects in their possession, custody or control that are relevant to (i) the allegations set forth in the complaints filed

5

in the consolidated action (and any consolidated amended pleading that Lead Plaintiffs shall file); and (ii) any governmental or regulatory proceedings relating to these allegations. Citigroup, Inc. shall ensure that such entities and persons that may have such documents, ESI or tangible objects, as well as VIEs that relate to the subject matter described in (i) and (ii) above, receive notice of this order and Citigroup Inc. shall employ best efforts to ensure that such entities and persons preserve the documents, ESI and tangible objects referenced above.

(c) The documents and ESI referenced in (a) and (b) above include, but are not limited to, work papers, memoranda, correspondence, communications, data and records (including, without limitation, email).

Dated: September 23, 2008

_____
United States District Judge
Sidney H. Stein

Form of Order Submitted By:

Alice McInerney, Esq.
Ira M. Press, Esq.
Peter S. Linden, Esq.
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Lead Counsel for Plaintiffs*