A CERTIFIED TRUE COPY
ATTEST
By Denise Morgan-Stone on Aug 07, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 07, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CITIGROUP INC. SECURITIES LITIGATION                    MDL No. 2070

**TRANSFER ORDER**

    **Before the entire Panel**[*]: Defendant Citigroup Inc. (Citigroup) and its related entities and associated individuals (collectively the Citigroup defendants)[1] move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the ten actions listed on Schedule A in the Southern District of New York. The defendants' motion encompasses nine actions in the Southern District of New York and one action in the Southern District of California.[2] Plaintiffs in the Southern District of California action oppose the motion.

    On the basis of the papers and hearing session arguments, we find that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that the Citigroup defendants violated securities laws by misleading investors about the nature of Citigroup's investments and the company's financial condition.

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] The Citigroup defendants include Citigroup Funding Inc., Citigroup Global Markets Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, Citigroup Capital XXI, Citigroup Inc. Personnel and Compensation Committee, C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, David C. Bushnell, Michael Conway, Gary Crittenden, George David, Kenneth T. Derr, John M. Deutch, Robert Druskin, Steven Freiberg, Scott Freidenrich, James Garnett, John C. Gerspach, Michael S. Helfer, Ann Dibble Jordan, Lewis Kaden, Michael Klein, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew N. Liveris, Thomas G. Maheras, Dudley C. Mecum, Anne Mulcahy, Vikram Pandit, Richard D. Parsons, Charles Prince, Roberto Hernandez Ramirez, William R. Rhodes, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Todd S. Thomson, Stephen R. Volk, Sanford I. Weill, Eric L. Wentzel and David Winkler.

[2] The parties have notified the Panel of two related actions pending, respectively, in the Southern District of California and the Southern District of New York. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED COPY
J. MICHAEL McMAHON,      CLERK

BY _____
      DEPUTY CLERK

- 2 -

Specifically, plaintiffs base their claims on purported material misstatements or omissions in Citigroup's disclosures about the company's holdings in and exposures to subprime-related assets. Whether the actions are brought by Citigroup employees or other securities holders, all ten actions will likely focus on a significant number of common events, defendants, and witnesses. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification in these putative nationwide class actions; and conserve the resources of the parties, their counsel and the judiciary.

The Southern District of New York stands out as an appropriate transferee forum. Nine of the ten actions are already pending in the Southern District of New York before one judge who is also presiding over related derivative and ERISA litigation. Moreover, the corporate Citigroup defendants are located within the Southern District of New York; accordingly, relevant witnesses and documents are likely in the New York vicinity.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Sidney H. Stein for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*         Kathryn H. Vratil
David R. Hansen                       W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

IN RE: CITIGROUP INC. SECURITIES LITIGATION   MDL No. 2070

## SCHEDULE A

  Southern District of California

Daniel Brecher, et al. v. Citigroup, Inc., et al., C.A. No. 3:09-606

  Southern District of New York

In re CitiGroup Inc. Securities Litigation, C.A. No. 1:07-9901
Lennard Hammerschlag, et al. v. Citigroup, Inc., et al., C.A. No. 1:07-10258
Pubic Employees' Retirement Association of Colorado, et al. v. Citigroup, Inc., et al.,
 C.A. No. 1:08-135
Judy G. Fisher v. Citigroup, Inc., et al., C.A. No. 1:08-136
In re Citigroup Inc. Bond Action Litigation, C.A. No. 1:08-9522
Minneapolis Firefighters' Relief Association, et al. v. Saul Rosen, et al., C.A. No. 1:08-10353
Robert L. Buckingham v. Citigroup, Inc., et al., C.A. No. 1:09-2355
Jen Chen v. Citigroup, Inc., et al., C.A. No. 1:09-2402
Beverly Pellegrini v. Citigroup, Inc., et al., C.A. No. 1:09-3669