**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE CITIGROUP INC. SECURITIES
LITIGATION

Master File No:  07 Civ. 9901 (SHS)

**JURY TRIAL DEMANDED**

**ECF CASE**


**DEFENDANTS' ANSWER AND ADDITIONAL DEFENSES TO**
**THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Citigroup Inc. ("Citigroup"), Charles Prince, Robert Rubin, Gary Crittenden, Robert Druskin, Thomas G. Maheras, Michael Stuart Klein and David C. Bushnell, upon personal knowledge and/or upon information and belief, answer the Amended Consolidated Class Action Complaint (the "Complaint") as follows:

Each defendant answers only those allegations that pertain specifically to it, him, or her.  With respect to the allegations solely concerning other defendants, each defendant lacks knowledge and information sufficient to answer.  The headings in the Complaint are not allegations and therefore do not require a response.

1.     Defendants deny the allegations set forth in Paragraph 1, and further state that allegations regarding auction rate securities ("ARS"), leveraged loans, and structured investment vehicles ("SIVs") (erroneously referred to as "special investment vehicles" in Paragraph 1), have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.

2.     Defendants deny the allegations set forth in Paragraph 2.

3.     Defendants deny the allegations set forth in Paragraph 3.

4.     Defendants deny the allegations set forth in Paragraph 4.

5.     Defendants deny the allegations set forth in Paragraph 5.

6.     Defendants deny the allegations set forth in Paragraph 6.

7.     Defendants deny the allegations set forth in Paragraph 7.

8.     Defendants state that no response is required to the allegations set forth in Paragraph 8, because allegations regarding SIVs, mortgage lending, leveraged loans, ARS, and Alt-A residential mortgage-backed securities ("Alt-A RMBS") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 8.

9.     Defendants state that no response is required to the allegations set forth in Paragraph 9, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 9.

10.    Defendants state that no response is required to the allegations set forth in

2

Paragraph 10, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 10.

11.     Defendants state that no response is required to the allegations set forth in Paragraph 11, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 11.

12.     Defendants state that no response is required to the allegations set forth in Paragraph 12, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 12.

13.     Defendants state that no response is required to the allegations set forth in Paragraph 13, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 13.

14.     Defendants state that no response is required to the allegations set forth in Paragraph 14, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 14.

15.     Defendants deny the allegations set forth in Paragraph 15.

16.     Defendants deny the allegations set forth in Paragraph 16.

17.     Defendants admit that the Complaint purports to assert claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, but deny that plaintiffs have sufficiently pleaded claims under any of these provisions of the Exchange Act.

18.     Defendants admit that the Complaint purports to assert a claim over which this court has jurisdiction.

19.     Defendants deny the allegations set forth in Paragraph 19, except admit that Citigroup maintains its corporate headquarters in this district and that the Complaint alleges that the purported acts and omissions occurred in this district.

20.     Defendants deny the allegations set forth in Paragraph 20.

21.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, except deny that defendants committed fraud.

22.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, except deny that defendants committed fraud.

23.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, except deny that defendants committed fraud.

24.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, except deny that defendants committed fraud.

25.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, except deny that defendants committed fraud.

26.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, except deny that defendants committed fraud.

27.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, except deny that defendants committed fraud.

28.     Defendants deny the allegations in Paragraph 28, except admit that, as of December 31, 2007, Citigroup was a global diversified financial services holding company whose businesses provided a broad range of financial services to consumer and corporate customers; Citigroup had more than 200 million customer accounts and did business in more than 100 countries; Citigroup was incorporated in 1988 under the laws of the state of Delaware; Citigroup's principal executive offices were located in New York, New York; Citigroup's common stock was listed on the New York Stock Exchange under the ticker symbol "C"; Citigroup had approximately 147,000 full-time employees within the United States and approximately 227,000 full-time employees outside of the United States; and, Citigroup was organized into five segments, the Global Consumer Group, Citi Markets & Banking ("CMB"), Global Wealth Management ("GWM"), Citi Alternative Investments ("CAI"), and Corporate/Other.

29.     Defendants state that no response is required to the allegations set forth in Paragraph 29, because plaintiffs' allegations relating to these entities and business activities have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 29 except admit, that as

of December 31, 2007, the Global Consumer Group provided a wide array of banking, lending, insurance, and investment services through a network of 8,527 branches and approximately 20,000 ATMs, and served more than 200 million customer accounts, providing products and serves to meet the financial needs of both individuals and small businesses; and Citigroup's U.S. Consumer division had $17.51 billion in net interest revenue in 2005, $16.712 billion in net interest revenue in 2006, and $17.480 billion net interest revenue in 2007.

30.     Defendants deny the allegations set forth in Paragraph 30, except admit that, as of December 31, 2007, CMB provided a broad range of trading, investment banking, and commercial lending products and services to companies, governments, institutions and investors in approximately 100 countries; and CMB had $21.786 billion of revenues, net of interest expense, in 2004, $23.863 billion in 2005, $27.187 billion in 2006, and $10.522 billion in 2007.

31.     Defendants state that no response is required to the allegations set forth in Paragraph 31, because plaintiffs' allegations relating to this entity and its business activities have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 31, except admit that, as of December 31, 2007, GWM was composed of the Smith Barney Private Client businesses (including Citigroup Wealth Advisors, Nikko Cordial, Quilter and the legacy Citicorp Investment Services business), Citi Private Bank and Citi Investment Research.

32.     Defendants state that no response is required to the allegations set forth in Paragraph 32, because plaintiffs' allegations relating to this entity and its business activities have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 32, except admit that, as of December 31, 2007, CAI managed capital on behalf of Citigroup, as well as for third-party institutional and high-net-worth investors; CAI was an integrated alternative investment platform that manages a wide range of products across five asset classes, including private equity, hedge funds, real estate, structured products and managed futures; and, CAI had $1.703 billion in revenues, net of interest expense, in 2004, $3.430 billion in 2005, $2.901 billion in 2006, and $2.103 billion in 2007.

33.     Defendants deny the allegations set forth in Paragraph 33, except admit that Charles Prince ("Prince") was a Citigroup (or predecessor company) employee beginning in 1979; Prince served as Chief Executive Officer ("CEO") of Citigroup from October 2003, and Chairman of the Board of Directors from April 2006 until his departure on November 4, 2007; Prince's retirement was effective December 31, 2007; Prince was the Chairman and CEO of the Global Corporate and Investment Bank from September 8, 2002 until October 2003, and Citigroup's Chief Operating Officer ("COO") from

2001 to 2002; Prince served on the Executive Committee of the Board of Directors in 2004, 2005 and 2006; and, Prince received salary and bonus of $10,673,333 in 2004, $13,000,000 in 2005, $14,200,000 in 2006, and $11,400,958 in 2007.

34.     Defendants deny the allegations set forth in Paragraph 34.

35.     Defendants deny the allegations set forth in Paragraph 35, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

36.     Defendants deny the allegations set forth in Paragraph 36, except admit that Robert Rubin ("Rubin") served as Director and Chairman of the Executive Committee of the Board of Directors and also served as Chairman of the Board of Directors from November 4, 2007 through December 11, 2007, and that Rubin received salary and bonus of $9,400,000 in 2004, $9,400,000 in 2005, and $9,400,000 in 2006, but declined retention compensation in 2007.

37.     Defendants state that no response is required to the allegations set forth in Paragraph 37, because allegations regarding Lewis Kaden ("Kaden") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 37, except admit that Kaden served as a Vice Chairman of Citigroup since September 2005; Kaden serves as a member of Citigroup's Executive Committee; Kaden previously served as Chief Administrative Officer ("CAO"); and, Kaden received a combined salary and bonus of $4,500,000 in 2007.

38.     Defendants state that no response is required to the allegations set forth in Paragraph 38, because allegations regarding Sallie L. Krawcheck ("Krawcheck") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 38, except admit that Krawcheck joined Citigroup on October 30, 2002 as Chairman and CEO of Smith Barney; Krawcheck served as Citigroup's Chief Financial Officer ("CFO") from 2004 until March 2007, and then became the Chairman and CEO of GWM; and, Krawcheck received salary and bonus of $5,780,000 in 2005, $6,320,000 in 2006, and $3,410,000 in 2007.

39.     Defendants state that no response is required to the allegations set forth in Paragraph 39, because allegations regarding Krawcheck have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 39.

40.     Defendants state that no response is required to the allegations set forth in Paragraph 40, because allegations regarding Krawcheck have been dismissed

pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 40, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

41.     Defendants deny the allegations set forth in Paragraph 41, except admit that Gary Crittenden ("Crittenden") became CFO of Citigroup on March 12, 2007; Crittenden was a member of Citigroup's Senior Leadership and Executive Committees; and Crittenden received salary and bonus of $14,433,410 in 2007.

42.     Defendants deny the allegations set forth in Paragraph 42, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

43.     Defendants state that no response is required to the allegations set forth in Paragraph 43, because allegations regarding Steven Freiberg ("Freiberg") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 43, except admit that Freiberg previously served as Chairman and CEO of the Global Consumer Group at Citigroup, as CEO of the Global Card division, and as Chairman and CEO of Citi Holdings-Global Consumer.

44.     Defendants deny the allegations set forth in Paragraph 44, except admit that Robert Druskin ("Druskin") was the President and COO of Citigroup's Corporate and Investment Banking Division from August 2002 to December 2003; Druskin was the CEO of Citigroup's Corporate and Investment Banking Division from December 2003 to December 2006, the President of CMB until December 2006, the CEO of CMB until May 2007, and COO of Citigroup from December 2006 until his retirement in December 2007; Druskin was a member of Citigroup's Business Heads, Operating and Management Committees; and, Druskin received salary and bonus of $5,360,000 in 2004, $7,100,000 in 2005, and $8,600,000 in 2006.

45.     Defendants deny the allegations set forth in Paragraph 45.

46.     Defendants state that no response is required to the allegations set forth in Paragraph 46, because allegations regarding Todd S. Thomson ("Thomson") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 46, except admit that Thomson previously served as Citigroup's CFO and as the CEO of GWM.

47.     Defendants state that no response is required to the allegations set forth in Paragraph 47, because allegations regarding Thomson have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the

extent a response is required, defendants deny the allegations set forth in Paragraph 47.

48.     Defendants deny the allegations set forth in Paragraph 48, except admit that Thomas G. Maheras ("Maheras") was the co-President of CMB from January 2007 and co-Chairman and co-CEO of CMB from May 2007 until his departure in October 2007; and Maheras was the CEO of Global Capital Markets from 2004 until his departure in October 2007.

49.     Defendants deny the allegations set forth in Paragraph 49.

50.     Defendants deny the allegations set forth in Paragraph 50, except admit that Michael Stuart Klein ("Klein") served as Chairman and Co-CEO of CMB from February 2007 through March 2008; Klein was CEO of Global Banking at Citigroup from 2004 through February 2007; and, Klein was a member of Citigroup's Operating and Management Committees.

51.     Defendants deny the allegations set forth in Paragraph 51.

52.     Defendants deny the allegations set forth in Paragraph 52, except admit that defendant David C. Bushnell ("Bushnell") served as Citigroup's Senior Risk Officer from December 2003 through November 2007; Bushnell served as Citigroup's CAO from September 2007 until his retirement in December 2007; and, Bushnell was a member of Citigroup's Business Heads Committee.

53.     Defendants deny the allegations set forth in Paragraph 53.

54.     Defendants state that no response is required to the allegations set forth in Paragraph 54, because allegations regarding John C. Gerspach ("Gerspach") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 54, except admit that Gerspach previously served as Citigroup's Chief Accounting Officer and Controller, as CFO of Citigroup Latin America, and as CAO of Citigroup Latin America.

55.     Defendants state that no response is required to the allegations set forth in Paragraph 55, because allegations regarding Gerspach have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 55.

56.     Defendants state that no response is required to the allegations set forth in Paragraph 56, because allegations regarding Gerspach have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 56.

57.     Defendants state that no response is required to the allegations set forth in

Paragraph 57, because allegations regarding Stephen R. Volk ("Volk") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 57, except admit that Volk has served as a Vice Chairman of Citigroup since 2004, and previously served as a Senior Advisor at CMB and as a member of Citigroup's Business Heads, Operating and Management Committees.

58.   Defendants state that no response is required to the allegations set forth in Paragraph 58, because allegations regarding Volk have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 58.

59.   Defendants state that no response is required to the allegations set forth in Paragraph 59, because allegations regarding Vikram Pandit ("Pandit") have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants admit that Pandit was appointed Citigroup's CEO on December 11, 2007; previous to his appointment, Pandit was Chairman and CEO of Citigroup's Institutional Clients Group; Pandit formerly served as Chairman and CEO of CAI; Pandit was a founding member and chairman of the members committee of Old Lane, LP, which was acquired by Citigroup in 2007; and, prior to forming Old Lane, Pandit held a number of senior positions at Morgan Stanley over more than two decades, including President and COO of Morgan Stanley's institutional securities and investment banking business and was a member of the firm's Management Committee.

60.   Defendants state that no response is required to the allegations set forth in Paragraph 60, because allegations regarding Pandit have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 60 and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

61.   Paragraph 61 alleges no facts to which a response is necessary.

62.   Defendants deny the allegations set forth in Paragraph 62.

63.   Defendants deny the allegations set forth in Paragraph 63, except admit that plaintiffs purport to bring an action as described in Paragraph 63.

64.   Defendants deny the allegations set forth in Paragraph 64, except admit that members of the putative class as defined by plaintiffs are so numerous that joinder is impracticable.

65.   Defendants deny the allegations set forth in Paragraph 65.

66.     Defendants deny the allegations set forth in Paragraph 66.

67.     Defendants deny the allegations set forth in Paragraph 67.

68.     Defendants deny the allegations set forth in Paragraph 68.

69.     Defendants admit that Paragraph 69 purports to state plaintiffs' legal theory.

70.     Defendants deny the allegations set forth in Paragraph 70.

71.     Defendants deny the allegations set forth in Paragraph 71.

72.     Defendants deny the allegations set forth in Paragraph 72.

73.     Defendants deny the allegations set forth in Paragraph 73.

74.     Defendants deny the allegations set forth in Paragraph 74.

75.     Defendants deny the allegations set forth in Paragraph 75.

76.     Defendants deny the allegations set forth in Paragraph 76.

77.     Defendants deny the allegations set forth in Paragraph 77.

78.     Defendants deny the allegations set forth in Paragraph 78.

79.     Defendants deny the allegations set forth in Paragraph 79.

80.     Defendants deny the allegations set forth in Paragraph 80.

81.     Defendants deny the allegations set forth in Paragraph 81.

82.     Defendants deny the allegations set forth in Paragraph 82.

83.     Defendants deny the allegations set forth in Paragraph 83.

84.     Defendants state that no response is required to the hypothetical set forth in Paragraph 84.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 84.

85.     Defendants deny the allegations set forth in Paragraph 85.

86.     Defendants deny the allegations set forth in Paragraph 86.

87.     Defendants deny the allegations set forth in Paragraph 87 and footnote one.

88.     Defendants deny the allegations set forth in Paragraph 88 and footnote two, except admit that a variety of assets can serve as collateral for CDOs.

89.     Defendants deny the allegations set forth in Paragraph 89.

90.     Defendants deny the allegations set forth in Paragraph 90, except admit that CDOs often have an unrated super-senior tranche which is regarded as being safer than the tranches below it in the capital structure.

91.     Defendants deny the allegations set forth in Paragraph 91 and footnote three.

92.     Defendants deny the allegations set forth in Paragraph 92, except admit that super-senior tranches typically were considered safer and more protected from loss than AAA tranches.

93.     Defendants deny the allegations set forth in Paragraph 93.

94.     Defendants deny the allegations set forth in Paragraph 94, except admit that it purports to identify three types of CDOs.

95.     Defendants deny the allegations set forth in Paragraph 95, except admit that certain affiliates of Citigroup structured CDOs with collateral rated BBB.

96.     Defendants deny the allegations set forth in Paragraph 96, except admit that certain affiliates of Citigroup structured CDOs with collateral rated single A.

97.     Defendants deny the allegations set forth in Paragraph 97.

98.     Defendants deny the allegations set forth in Paragraph 98.

99.     Defendants deny the allegations set forth in Paragraph 99 and footnote four.

100.    Defendants deny the allegations set forth in Paragraph 100.

101.    Defendants deny the allegations set forth in Paragraph 101.

102.    Defendants deny the allegations set forth in Paragraph 102.

103.    Defendants deny the allegations set forth in Paragraph 103.

104.    Defendants deny the allegations set forth in Paragraph 104.

105.    Defendants deny the allegations set forth in Paragraph 105, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

106.    Defendants deny the allegations set forth in Paragraph 106.

107.    Defendants deny the allegations set forth in Paragraph 107, except admit that certain affiliates of Citigroup structured CDOs with collateral rated BBB.

108.    Defendants deny the allegations set forth in Paragraph 108.

109.   Defendants deny the allegations set forth in Paragraph 109, except admit that certain affiliates of Citigroup structured CDOs with collateral rated single A.

110.   Defendants deny the allegations set forth in Paragraph 110.

111.   Defendants deny the allegations set forth in Paragraph 111.

112.   Defendants deny the allegations set forth in Paragraph 112 and footnote five, and respectfully refer the Court to the document referenced in footnote 5 for its actual language and complete contents.

113.   Defendants deny the allegations set forth in Paragraph 113 and footnote six.

114.   Defendants deny the allegations set forth in Paragraph 114.

115.   Defendants deny the allegations set forth in Paragraph 115.

116.   Defendants deny the allegations set forth in Paragraph 116.

117.   Defendants deny the allegations set forth in Paragraph 117.

118.   Defendants deny the allegations set forth in Paragraph 118 and footnote seven.

119.   Paragraph 119 alleges no facts to which a response is necessary.

120.   Defendants deny the allegations set forth in Paragraph 120 and footnote eight.

121.   Defendants deny the allegations set forth in Paragraph 121.

122.   Defendants deny the allegations set forth in Paragraph 122.

123.   Defendants deny the allegations set forth in Paragraph 123.

124.   Defendants deny the allegations set forth in Paragraph 124.

125.   Defendants deny the allegations set forth in Paragraph 125.

126.   Defendants deny the allegations set forth in Paragraph 126.

127.   Defendants deny the allegations set forth in Paragraph 127.

128.   Defendants deny the allegations set forth in Paragraph 128.

129.   Defendants deny the allegations set forth in Paragraph 129.

130.   Defendants deny the allegations set forth in Paragraph 130.

131.   Defendants deny the allegations set forth in Paragraph 131, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual

language and complete contents.

132.   Defendants deny the allegations set forth in Paragraph 132.

133.   Defendants deny the allegations set forth in Paragraph 133.

134.   Defendants deny the allegations set forth in Paragraph 134.

135.   Defendants deny the allegations set forth in Paragraph 135, except admit that certain affiliates of Citigroup structured CDOs with the following names: Grenadier Funding, Blue Bell Funding, Millstone Funding, Kilo Funding I, Saturn Ventures II, Pinnacle Point Funding I, Klio Funding II, McKinley Funding I, Zenith Funding I, Kent Funding I, Athos Funding 2005-1, McKinley Funding II, KLIO III Funding, Raffles Place Funding, and Tierra Alta ABS CDO.

136.   Defendants deny the allegations set forth in Paragraph 136.

137.   Defendants deny the allegations set forth in Paragraph 137.

138.   Defendants deny the allegations set forth in Paragraph 138.

139.   Defendants deny the allegations set forth in Paragraph 139.

140.   Defendants deny the allegations set forth in Paragraph 140.

141.   Defendants deny the allegations set forth in Paragraph 141.

142.   Defendants deny the allegations set forth in Paragraph 142.

143.   Defendants deny the allegations set forth in Paragraph 143.

144.   Defendants deny the allegations set forth in Paragraph 144.

145.   Defendants deny the allegations set forth in Paragraph 145.

146.   Defendants deny the allegations set forth in Paragraph 146.

147.   Defendants deny the allegations set forth in Paragraph 147.

148.   Defendants deny the allegations set forth in Paragraph 148.

149.   Defendants deny the allegations set forth in Paragraph 149, except admit that affiliates of Citigroup structured CDOs with the following names:  G-Star 2004-4, Summer Street 2004-1, G-Star 2005-5, Orchid Structured Finance CDO II, Trinity CDO 2005-1, Saturn Ventures 2005-1, Summer Street 2005-1, Camber 5, Topanga CDO, Neptune CDO III, GSC ABS CDO 2006-1c, Ivy Lane CDO, Avanti Funding, Coldwater CDO, Cetus ABS CDO 2006-1, Cetus ABS CDO 2006-2, FAB US 2006-1, Mugello ABS CDO 2006-1, Topanga

CDO II, Lacerta ABS CDO 2006-1, Cetus ABS CDO 2006-4, Octans III CDO, Tallships Funding, Octonion I CDO, Laguna Seca Funding I, Plettenberg Bay CDO, and STACK 2007-1.

150. Defendants deny the allegations set forth in Paragraph 150.

151. Defendants deny the allegations set forth in Paragraph 151.

152. Defendants deny the allegations set forth in Paragraph 152.

153. Defendants deny the allegations set forth in Paragraph 153.

154. Defendants deny the allegations set forth in Paragraph 154.

155. Defendants deny the allegations set forth in Paragraph 155.

156. Defendants deny the allegations set forth in Paragraph 156, and respectfully refer the Court to the referenced presentation for its actual language and complete contents.

157. Defendants deny the allegations set forth in Paragraph 157.

158. Defendants deny the allegations set forth in Paragraph 158.

159. Defendants deny the allegations set forth in Paragraph 159.

160. Defendants deny the allegations set forth in Paragraph 160.

161. Defendants deny the allegations set forth in Paragraph 161.

162. Defendants deny the allegations set forth in Paragraph 162.

163. Defendants deny the allegations set forth in Paragraph 163.

164. Defendants deny the allegations set forth in Paragraph 164, except admit that affiliates of Citigroup structured CDOs with collateral rated BBB.

165. Defendants deny the allegations set forth in Paragraph 165, and respectfully refer the Court to the referenced source material for its actual language and complete contents.

166. Defendants deny the allegations set forth in Paragraph 166.

167. Defendants deny the allegations set forth in Paragraph 167.

168. Defendants deny the allegations set forth in Paragraph 168.

169. Defendants deny the allegations set forth in Paragraph 169.

170.    Defendants deny the allegations set forth in Paragraph 170.

171.    Defendants deny the allegations set forth in Paragraph 171.

172.    Defendants deny the allegations set forth in Paragraph 172.

173.    Defendants deny the allegations set forth in Paragraph 173, and respectfully refer the Court to the referenced document for its actual language and complete contents.

174.    Defendants deny the allegations set forth in Paragraph 174.

175.    Defendants deny the allegations set forth in Paragraph 175.

176.    Defendants deny the allegations set forth in Paragraph 176.

177.    Defendants deny the allegations set forth in Paragraph 177.

178.    Defendants deny the allegations set forth in Paragraph 178.

179.    Defendants deny the allegations set forth in Paragraph 179.

180.    Defendants deny the allegations set forth in Paragraph 180.

181.    Defendants deny the allegations set forth in Paragraph 181.

182.    Defendants deny the allegations set forth in Paragraph 182.

183.    Defendants deny the allegations set forth in Paragraph 183.

184.    Defendants deny the allegations set forth in Paragraph 184.

185.    Defendants deny the allegations set forth in Paragraph 185.

186.    Defendants deny the allegations set forth in Paragraph 186, and respectfully refer the Court to the transcript of referenced conference call for its actual language and complete contents.

187.    Defendants deny the allegations set forth in Paragraph 187.

188.    Defendants deny the allegations set forth in Paragraph 188.

189.    Defendants deny the allegations set forth in Paragraph 189.

190.    Defendants deny the allegations set forth in Paragraph 190 and footnote nine, and respectfully refer the Court to the documents referenced in footnote nine for their actual language and complete contents.

191.    Defendants deny the allegations set forth in Paragraph 191.

192.   Defendants deny the allegations set forth in Paragraph 192.

193.   Defendants deny the allegations set forth in Paragraph 193.

194.   Defendants deny the allegations set forth in Paragraph 194.

195.   Defendants deny the allegations set forth in Paragraph 195.

196.   Defendants deny the allegations set forth in Paragraph 196.

197.   Defendants deny the allegations set forth in Paragraph 197.

198.   Defendants deny the allegations set forth in Paragraph 198 and footnote ten, and respectfully refer the Court to the documents referenced in footnote ten for their actual language and complete contents.

199.   Defendants deny the allegations set forth in Paragraph 199 and footnote eleven, and respectfully refer the Court to the referenced documents, including the documents referenced in footnote eleven for their actual language and complete contents.

200.   Defendants deny the allegations set forth in Paragraph 200 and footnote twelve, and respectfully refer the Court to the documents referenced in footnote twelve for their actual language and complete contents.

201.   Defendants deny the allegations set forth in Paragraph 201, and respectfully refer the Court to the referenced document for its actual language and complete contents.

202.   Defendants deny the allegations set forth in Paragraph 202.

203.   Defendants deny the allegations set forth in Paragraph 203, and respectfully refer the Court to the referenced presentation for its actual language and complete contents.

204.   Defendants deny the allegations set forth in Paragraph 204, and respectfully refer the Court to the referenced document for its actual language and complete contents.

205.   Defendants deny the allegations set forth in Paragraph 205.

206.   Defendants deny the allegations set forth in Paragraph 206.

207.   Defendants deny the allegations set forth in Paragraph 207.

208.   Defendants deny the allegations set forth in Paragraph 208 and footnote thirteen.

209.   Defendants deny the allegations set forth in Paragraph 209, and respectfully

refer the Court to the referenced documents for their actual language and complete contents.

210.   Defendants deny the allegations set forth in Paragraph 210.

211.   Defendants deny the allegations set forth in Paragraph 211 and footnote fourteen, and respectfully refer the Court to the document referenced in footnote fourteen for its actual language and complete contents.

212.   Defendants deny the allegations set forth in Paragraph 212.

213.   Defendants deny the allegations set forth in Paragraph 213.

214.   Defendants deny the allegations set forth in Paragraph 214.

215.   Defendants deny the allegations set forth in Paragraph 215.

216.   Defendants deny the allegations set forth in Paragraph 216.

217.   Defendants deny the allegations set forth in Paragraph 217.

218.   Defendants deny the allegations set forth in Paragraph 218.

219.   Defendants deny the allegations set forth in Paragraph 219.

220.   Defendants deny the allegations set forth in Paragraph 220.

221.   Defendants deny the allegations set forth in Paragraph 221.

222.   Defendants deny the allegations set forth in Paragraph 222.

223.   Paragraph 223 alleges no facts to which a response is necessary.

224.   Defendants deny the allegations set forth in Paragraph 224 and footnote fifteen.

225.   Defendants deny the allegations set forth in Paragraph 225.

226.   Defendants deny the allegations set forth in Paragraph 226, and respectfully refer the Court to the referenced source material for its actual language and complete contents.

227.   Defendants deny the allegations set forth in Paragraph 227.

228.   Defendants deny the allegations set forth in Paragraph 228, and respectfully refer the Court to the referenced document for its actual language and complete contents.

229.   Defendants deny the allegations set forth in Paragraph 229, and respectfully

refer the Court to the referenced document for its actual language and complete contents.

230.     Defendants deny the allegations set forth in Paragraph 230.

231.     Defendants deny the allegations set forth in Paragraph 231.

232.     Defendants deny the allegations set forth in Paragraph 232 and footnote sixteen, and respectfully refer the Court to the document referenced in footnote sixteen for its actual language and complete contents.

233.     Defendants deny the allegations set forth in Paragraph 233, and respectfully refer the Court to the referenced document for its actual language and complete contents.

234.     Defendants deny the allegations set forth in Paragraph 234.

235.     Defendants deny the allegations set forth in Paragraph 235, and respectfully refer the Court to the referenced source material for its actual language and complete contents.

236.     Defendants deny the allegations set forth in Paragraph 236.

237.     Defendants deny the allegations set forth in Paragraph 237.

238.     Defendants deny the allegations set forth in Paragraph 238.

239.     Defendants deny the allegations set forth in Paragraph 239.

240.     Defendants deny the allegations set forth in Paragraph 240.

241.     Defendants deny the allegations set forth in Paragraph 241.

242.     Defendants deny the allegations set forth in Paragraph 242.

243.     Defendants deny the allegations set forth in Paragraph 243, and respectfully refer the Court to the referenced document for its actual language and complete contents.

244.     Defendants deny the allegations set forth in Paragraph 244, and respectfully refer the Court to the referenced document for its actual language and complete contents.

245.     Defendants deny the allegations set forth in Paragraph 245.

246.     Defendants deny the allegations set forth in Paragraph 246, and respectfully refer the Court to the referenced source material for its actual language and complete contents.

247.   Defendants deny the allegations set forth in Paragraph 247.

248.   Defendants deny the allegations set forth in Paragraph 248, and respectfully refer the Court to the referenced document for its actual language and complete contents.

249.   Defendants deny the allegations set forth in Paragraph 249, and respectfully refer the Court to the referenced document for its actual language and complete contents.

250.   Defendants deny the allegations set forth in Paragraph 250, and respectfully refer the Court to the referenced document for its actual language and complete contents.

251.   Defendants deny the allegations set forth in Paragraph 251, and respectfully refer the Court to the referenced document for its actual language and complete contents.

252.   Defendants deny the allegations set forth in Paragraph 252, and respectfully refer the Court to the referenced document for its actual language and complete contents.

253.   Defendants deny the allegations set forth in Paragraph 253, and respectfully refer the Court to the referenced document for its actual language and complete contents.

254.   Defendants deny the allegations set forth in Paragraph 254, and respectfully refer the Court to the referenced document for its actual language and complete contents.

255.   Defendants deny the allegations set forth in Paragraph 255, and respectfully refer the Court to the referenced document for its actual language and complete contents.

256.   Defendants deny the allegations set forth in Paragraph 256, and respectfully refer the Court to the referenced document for its actual language and complete contents.

257.   Defendants deny the allegations set forth in Paragraph 257.

258.   Defendants deny the allegations set forth in Paragraph 258.

259.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259.

260.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260, and respectfully refer the Court to the referenced document for its actual language and complete

contents.

261.    Defendants deny the allegations set forth in Paragraph 261, and respectfully refer the Court to the referenced document for its actual language and complete contents.

262.    Defendants deny the allegations set forth in Paragraph 262.

263.    Defendants deny the allegations set forth in Paragraph 263.

264.    Defendants deny the allegations set forth in Paragraph 264, and respectfully refer the Court to the referenced document for its actual language and complete contents.

265.    Defendants deny the allegations set forth in Paragraph 265, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

266.    Defendants deny the allegations set forth in Paragraph 266.

267.    Defendants deny the allegations set forth in Paragraph 267.

268.    Defendants deny the allegations set forth in Paragraph 268.

269.    Defendants deny the allegations set forth in Paragraph 269.

270.    Defendants deny the allegations set forth in Paragraph 270.

271.    Defendants deny the allegations set forth in Paragraph 271.

272.    Defendants deny the allegations set forth in Paragraph 272.

273.    Defendants deny the allegations set forth in Paragraph 273, and respectfully refer the Court to the referenced document for its actual language and complete contents.

274.    Defendants deny the allegations set forth in Paragraph 274, and respectfully refer the Court to the referenced document for its actual language and complete contents.

275.    Defendants deny the allegations set forth in Paragraph 275, and respectfully refer the Court to the referenced document for its actual language and complete contents.

276.    Defendants deny the allegations set forth in Paragraph 276, and respectfully refer the Court to the referenced document for its actual language and complete contents.

277.    Defendants deny the allegations set forth in Paragraph 277.

278.    Defendants deny the allegations set forth in Paragraph 278.

279.    Defendants deny the allegations set forth in Paragraph 279.

280.    Defendants deny the allegations set forth in Paragraph 280.

281.    Defendants deny the allegations set forth in Paragraph 281 and footnote seventeen, and respectfully refer the Court to the documents referenced in Paragraph 281 and footnote seventeen for their actual language and complete contents.

282.    Defendants deny the allegations set forth in Paragraph 282, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

283.    Defendants deny the allegations set forth in Paragraph 283.

284.    Defendants deny the allegations set forth in Paragraph 284.

285.    Defendants deny the allegations set forth in Paragraph 285, and respectfully refer the Court to the referenced document for its actual language and complete contents.

286.    Defendants deny the allegations set forth in Paragraph 286, and respectfully refer the Court to the referenced document for its actual language and complete contents.

287.    Defendants deny the allegations set forth in Paragraph 287, and respectfully refer the Court to the referenced document for its actual language and complete contents.

288.    Defendants deny the allegations set forth in Paragraph 288, and respectfully refer the Court to the referenced document for its actual language and complete contents.

289.    Defendants deny the allegations set forth in Paragraph 289, and respectfully refer the Court to the referenced document for its actual language and complete contents.

290.    Defendants deny the allegations set forth in Paragraph 290.

291.    Defendants deny the allegations set forth in Paragraph 291 and footnote eighteen, and respectfully refer the Court to the document referenced in footnote eighteen for its actual language and complete contents.

292.    Defendants deny the allegations set forth in Paragraph 292.

293.    Defendants deny the allegations set forth in Paragraph 293.

294.   Defendants deny the allegations set forth in Paragraph 294, and respectfully refer the Court to the referenced document for its actual language and complete contents.

295.   Defendants deny the allegations set forth in Paragraph 295.

296.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 296.

297.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 297.

298.   Defendants deny the allegations set forth in Paragraph 298.

299.   Defendants deny the allegations set forth in Paragraph 299.

300.   Defendants deny the allegations set forth in Paragraph 300, and respectfully refer the Court to the referenced document for its actual language and complete contents.

301.   Defendants deny the allegations set forth in Paragraph 301.

302.   Defendants deny the allegations set forth in Paragraph 302, and respectfully refer the Court to the referenced document for its actual language and complete contents.

303.   Defendants deny the allegations set forth in Paragraph 303.

304.   Defendants deny the allegations set forth in Paragraph 304, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

305.   Defendants deny the allegations set forth in Paragraph 305, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

306.   Defendants deny the allegations set forth in Paragraph 306.

307.   Defendants deny the allegations set forth in Paragraph 307.

308.   Defendants deny the allegations set forth in Paragraph 308.

309.   Defendants deny the allegations set forth in Paragraph 309.

310.   Defendants deny the allegations set forth in Paragraph 310.

311.   Defendants deny the allegations set forth in Paragraph 311.

312.   Defendants deny the allegations set forth in Paragraph 312, and respectfully

refer the Court to the referenced document for its actual language and complete contents.

313.   Defendants deny the allegations set forth in Paragraph 313.

314.   Defendants deny the allegations set forth in Paragraph 314.

315.   Defendants deny the allegations set forth in Paragraph 315, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

316.   Defendants deny the allegations set forth in Paragraph 316, and respectfully refer the Court to the referenced document for its actual language and complete contents.

317.   Defendants deny the allegations set forth in Paragraph 317, and respectfully refer the Court to the referenced document for its actual language and complete contents.

318.   Defendants deny the allegations set forth in Paragraph 318, and respectfully refer the Court to the referenced document for its actual language and complete contents.

319.   Defendants deny the allegations set forth in Paragraph 319, and respectfully refer the Court to the referenced document for its actual language and complete contents.

320.   Defendants deny the allegations set forth in Paragraph 320.

321.   Defendants deny the allegations set forth in Paragraph 321, except admit that an affiliate of Citigroup issued a report titled Explaining 2006: Worst Vintage in Subprime History, and respectfully refer the Court to the referenced document for its actual language and complete contents.

322.   Defendants deny the allegations set forth in Paragraph 322.

323.   Defendants deny the allegations set forth in Paragraph 323, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

324.   Defendants deny the allegations set forth in Paragraph 324.

325.   Defendants deny the allegations set forth in Paragraph 325.

326.   Defendants deny the allegations set forth in Paragraph 326 and footnote nineteen, and respectfully refer the Court to the document referenced in footnote nineteen for its actual language and complete contents.

327.  Defendants deny the allegations set forth in Paragraph 327 and footnotes twenty, twenty-one, and twenty-two, and respectfully refer the Court to the documents referenced in Paragraph 327 and footnotes twenty, twenty-one, and twenty-two for their actual language and complete contents.

328.  Defendants deny the allegations set forth in Paragraph 328, and respectfully refer the Court to the referenced document for its actual language and complete contents.

329.  Defendants deny the allegations set forth in Paragraph 329, and respectfully refer the Court to the referenced document for its actual language and complete contents.

330.  Defendants deny the allegations set forth in Paragraph 330 and footnote twenty-three, and respectfully refer the Court to the document referenced in footnote twenty-three for its actual language and complete contents.

331.  Defendants deny the allegations set forth in Paragraph 331, and respectfully refer the Court to the referenced document for its actual language and complete contents.

332.  Defendants deny the allegations set forth in Paragraph 332, and respectfully refer the Court to the referenced document for its actual language and complete contents.

333.  Defendants deny the allegations set forth in Paragraph 333, and respectfully refer the Court to the referenced document for its actual language and complete contents.

334.  Defendants deny the allegations set forth in Paragraph 334, and respectfully refer the Court to the referenced document for its actual language and complete contents.

335.  Defendants deny the allegations set forth in Paragraph 335, and respectfully refer the Court to the referenced document for its actual language and complete contents.

336.  Defendants deny the allegations set forth in Paragraph 336, and respectfully refer the Court to the referenced document for its actual language and complete contents.

337.  Defendants deny the allegations set forth in Paragraph 337, and respectfully refer the Court to the referenced document for its actual language and complete contents.

338.  Defendants deny the allegations set forth in Paragraph 338, and respectfully refer the Court to the referenced document for its actual language and complete contents.

339.    Defendants deny the allegations set forth in Paragraph 339, and respectfully refer the Court to the referenced document for its actual language and complete contents.

340.    Defendants deny the allegations set forth in Paragraph 340, and respectfully refer the Court to the referenced document for its actual language and complete contents.

341.    Defendants deny the allegations set forth in Paragraph 341, and respectfully refer the Court to the referenced document for its actual language and complete contents.

342.    Defendants deny the allegations set forth in Paragraph 342, and respectfully refer the Court to the referenced document for its actual language and complete contents.

343.    Defendants deny the allegations set forth in Paragraph 343.

344.    Defendants deny the allegations set forth in Paragraph 344.

345.    Defendants deny the allegations set forth in Paragraph 345.

346.    Defendants deny the allegations set forth in Paragraph 346, and respectfully refer the Court to the referenced document for its actual language and complete contents.

347.    Defendants deny the allegations set forth in Paragraph 347, and respectfully refer the Court to the referenced document for its actual language and complete contents.

348.    Defendants deny the allegations set forth in Paragraph 348.

349.    Defendants deny the allegations set forth in Paragraph 349.

350.    Defendants deny the allegations set forth in Paragraph 350.

351.    Defendants deny the allegations set forth in Paragraph 351.

352.    Defendants deny the allegations set forth in Paragraph 352, and respectfully refer the Court to the referenced source material for its actual language and complete contents.

353.    Defendants deny the allegations set forth in Paragraph 353.

354.    Defendants deny the allegations set forth in Paragraph 354.

355.    Defendants deny the allegations set forth in Paragraph 355.

356.    Defendants deny the allegations set forth in Paragraph 356.

357.    Defendants deny the allegations set forth in Paragraph 357.

358.    Defendants deny the allegations set forth in Paragraph 358.

359.    Defendants deny the allegations set forth in Paragraph 359.

360.    Defendants deny the allegations set forth in Paragraph 360.

361.    Defendants deny the allegations set forth in Paragraph 361.

362.    Defendants deny the allegations set forth in Paragraph 362.

363.    Defendants deny the allegations set forth in Paragraph 363.

364.    Defendants deny the allegations set forth in Paragraph 363.

365.    Defendants deny the allegations set forth in Paragraph 365.

366.    Defendants deny the allegations set forth in Paragraph 366.

367.    Defendants deny the allegations set forth in Paragraph 367.

368.    Defendants deny the allegations set forth in Paragraph 368.

369.    Defendants deny the allegations set forth in Paragraph 369.

370.    Defendants deny the allegations set forth in Paragraph 370, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

371.    Defendants deny the allegations set forth in Paragraph 371, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

372.    Defendants deny the allegations set forth in Paragraph 372, and respectfully refer the Court to the referenced document for its actual language and complete contents.

373.    Defendants deny the allegations set forth in Paragraph 373.

374.    Defendants deny the allegations set forth in Paragraph 374.

375.    Defendants deny the allegations set forth in Paragraph 375.

376.    Defendants deny the allegations set forth in Paragraph 376.

377.    Defendants deny the allegations set forth in Paragraph 377.

378.    Defendants deny the allegations set forth in Paragraph 378.

379.    Defendants deny the allegations set forth in Paragraph 379.

380.    Defendants deny the allegations set forth in Paragraph 380.

381.    Defendants deny the allegations set forth in Paragraph 381.

382.    Defendants deny the allegations set forth in Paragraph 382, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

383.    Defendants deny the allegations set forth in Paragraph 383 and footnote twenty-five, and respectfully refer the Court to the document referenced in Paragraph 383 for its actual language and complete contents.

384.    Defendants deny the allegations set forth in Paragraph 384 and footnote twenty-six, and respectfully refer the Court to the referenced document for its actual language and complete contents.

385.    Defendants deny the allegations set forth in Paragraph 385.

386.    Defendants deny the allegations set forth in Paragraph 386.

387.    Defendants deny the allegations set forth in Paragraph 387.

388.    Defendants deny the allegations set forth in Paragraph 388.

389.    Defendants deny the allegations set forth in Paragraph 389.

390.    Defendants deny the allegations set forth in Paragraph 390.

391.    Defendants deny the allegations set forth in Paragraph 391.

392.    Defendants deny the allegations set forth in Paragraph 392.

393.    Defendants deny the allegations set forth in Paragraph 393, and respectfully refer the Court to the referenced document for its actual language and complete contents.

394.    Defendants deny the allegations set forth in Paragraph 394, and respectfully refer the Court to the referenced document for its actual language and complete contents.

395.    Defendants deny the allegations set forth in Paragraph 395, and respectfully refer the Court to the referenced document for its actual language and complete contents.

396.    Defendants deny the allegations set forth in Paragraph 396, and respectfully refer the Court to the referenced document for its actual language and complete contents.

397.    Defendants deny the allegations set forth in Paragraph 397, and respectfully refer the Court to the referenced document for its actual language and complete contents.

398.    Defendants deny the allegations set forth in Paragraph 398 and footnote twenty-seven, and respectfully refer the Court to the document referenced in footnote twenty-seven for its actual language and complete contents.

399.    Defendants deny the allegations set forth in Paragraph 399, and respectfully refer the Court to the referenced document for its actual language and complete contents.

400.    Defendants deny the allegations set forth in Paragraph 400 and footnote twenty-eight, and respectfully refer the Court to the documents referenced in Paragraph 400 and footnote twenty-eight for their actual language and complete contents.

401.    Defendants deny the allegations set forth in Paragraph 401, and respectfully refer the Court to the referenced document for its actual language and complete contents.

402.    Defendants deny the allegations set forth in Paragraph 402 and footnote twenty-nine.

403.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 403, and respectfully refer the Court to the referenced document for its actual language and complete contents.

404.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 404, and respectfully refer the Court to the referenced document for its actual language and complete contents.

405.    Defendants deny the allegations set forth in Paragraph 405, and respectfully refer the Court to the referenced document for its actual language and complete contents.

406.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 406, and respectfully refer the Court to the referenced document for its actual language and complete contents.

407.    Defendants deny the allegations set forth in Paragraph 407.

408.    Defendants deny the allegations set forth in Paragraph 408.

409.    Defendants deny the allegations set forth in Paragraph 409.

410.    Defendants deny the allegations set forth in Paragraph 410.

411.    Defendants deny the allegations set forth in Paragraph 411.

412.    Defendants deny the allegations set forth in Paragraph 412.

413.    Defendants deny the allegations set forth in Paragraph 413.

414.    Defendants deny the allegations set forth in Paragraph 414.

415.    Defendants deny the allegations set forth in Paragraph 415.

416.    Defendants deny the allegations set forth in Paragraph 416.

417.    Defendants deny the allegations set forth in Paragraph 417

418.    Defendants deny the allegations set forth in Paragraph 418.

419.    Defendants deny the allegations set forth in Paragraph 419.

420.    Defendants deny the allegations set forth in Paragraph 420.

421.    Defendants deny the allegations set forth in Paragraph 421.

422.    Defendants deny the allegations set forth in Paragraph 422.

423.    Defendants deny the allegations set forth in Paragraph 423, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

424.    Defendants deny the allegations set forth in Paragraph 424.

425.    Defendants deny the allegations set forth in Paragraph 425.

426.    Defendants deny the allegations set forth in Paragraph 426.

427.    Defendants deny the allegations set forth in Paragraph 427.

428.    Defendants deny the allegations set forth in Paragraph 428.

429.    Defendants deny the allegations set forth in Paragraph 429.

430.    Defendants deny the allegations set forth in Paragraph 430.

431.    Defendants deny the allegations set forth in Paragraph 431.

432.    Defendants deny the allegations set forth in Paragraph 432.

433.    Defendants deny the allegations set forth in Paragraph 433, and respectfully

refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

434.     Defendants deny the allegations set forth in Paragraph 434.

435.     Defendants deny the allegations set forth in Paragraph 435, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

436.     Defendants deny the allegations set forth in Paragraph 436, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

437.     Defendants deny the allegations set forth in Paragraph 437.

438.     Defendants deny the allegations set forth in Paragraph 438.

439.     Defendants deny the allegations set forth in Paragraph 439.

440.     Defendants deny the allegations set forth in Paragraph 440.

441.     Defendants deny the allegations set forth in Paragraph 441.

442.     Paragraph 442 alleges no facts to which a response is necessary.

443.     Defendants deny the allegations set forth in Paragraph 443.

444.     Defendants deny the allegations set forth in Paragraph 444.

445.     Defendants deny the allegations set forth in Paragraph 445.

446.     Defendants deny the allegations set forth in Paragraph 446.

447.     Defendants deny the allegations set forth in Paragraph 447.

448.     Defendants deny the allegations set forth in Paragraph 448.

449.     Defendants deny the allegations set forth in Paragraph 449.

450.     Defendants deny the allegations set forth in Paragraph 450.

451.     Defendants deny the allegations set forth in Paragraph 451.

452.     Defendants deny the allegations set forth in Paragraph 452.

453.     Defendants deny the allegations set forth in Paragraph 453.

454.     Defendants deny the allegations set forth in Paragraph 454.

455.    Defendants deny the allegations set forth in Paragraph 455.

456.    Defendants deny the allegations set forth in Paragraph 456.

457.    Defendants deny the allegations set forth in Paragraph 457.

458.    Defendants deny the allegations set forth in Paragraph 458.

459.    Defendants deny the allegations set forth in Paragraph 459.

460.    Defendants deny the allegations set forth in Paragraph 460.

461.    Defendants deny the allegations set forth in Paragraph 461, and respectfully refer the Court to the referenced document for its actual language and complete contents.

462.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 462, and respectfully refer the Court to the referenced document for its actual language and complete contents.

463.    Defendants deny the allegations set forth in Paragraph 463, and respectfully refer the Court to the referenced document for its actual language and complete contents.

464.    Defendants deny the allegations set forth in Paragraph 464.

465.    Defendants deny the allegations set forth in Paragraph 465.

466.    Defendants deny the allegations set forth in Paragraph 466.

467.    Defendants deny the allegations set forth in Paragraph 467.

468.    Defendants deny the allegations set forth in Paragraph 468.

469.    Defendants deny the allegations set forth in Paragraph 469.

470.    Defendants deny the allegations set forth in Paragraph 470.

471.    Defendants deny the allegations set forth in Paragraph 471.

472.    Defendants deny the allegations set forth in Paragraph 472.

473.    Defendants deny the allegations set forth in Paragraph 473.

474.    Defendants deny the allegations set forth in Paragraph 474.

475.    Defendants deny the allegations set forth in Paragraph 475.

476.    Defendants deny the allegations set forth in Paragraph 476.

477.    Defendants deny the allegations set forth in Paragraph 477, and respectfully refer the Court to the referenced document for its actual language and complete contents.

478.    Defendants deny the allegations set forth in Paragraph 478.

479.    Defendants deny the allegations set forth in Paragraph 479.

480.    Defendants deny the allegations set forth in Paragraph 480.

481.    Defendants deny the allegations set forth in Paragraph 481.

482.    Defendants deny the allegations set forth in Paragraph 482.

483.    Defendants deny the allegations set forth in Paragraph 483.

484.    Defendants deny the allegations set forth in Paragraph 484.

485.    Defendants deny the allegations set forth in Paragraph 485.

486.    Defendants deny the allegations set forth in Paragraph 486.

487.    Defendants deny the allegations set forth in Paragraph 487.

488.    Defendants deny the allegations set forth in Paragraph 488.

489.    Defendants deny the allegations set forth in Paragraph 489.

490.    Defendants deny the allegations set forth in Paragraph 490.

491.    Defendants deny the allegations set forth in Paragraph 491, and respectfully refer the Court to the referenced document for its actual language and complete contents.

492.    Defendants deny the allegations set forth in Paragraph 492, and respectfully refer the Court to the referenced document for its actual language and complete contents.

493.    Defendants deny the allegations set forth in Paragraph 493, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

494.    Defendants deny the allegations set forth in Paragraph 494 and footnote thirty and thirty-one, and respectfully refer the Court to the documents referenced in footnote thirty and thirty-one for their actual language and complete contents.

495.    Defendants deny the allegations set forth in Paragraph 495, and respectfully

refer the Court to the referenced document for its actual language and complete contents.

496.   Defendants deny the allegations set forth in Paragraph 493, and respectfully refer the Court to the referenced document for its actual language and complete contents.

497.   Defendants deny the allegations set forth in Paragraph 497.

498.   Defendants deny the allegations set forth in Paragraph 498.

499.   Defendants deny the allegations set forth in Paragraph 499, and respectfully refer the Court to the referenced document for its actual language and complete contents.

500.   Defendants deny the allegations set forth in Paragraph 500, and respectfully refer the Court to the referenced document for its actual language and complete contents.

501.   Defendants deny the allegations set forth in Paragraph 501 and footnote thirty-two, and respectfully refer the Court to the document referenced in Paragraph 501 for its actual language and complete contents.

502.   Defendants deny the allegations set forth in Paragraph 502.

503.   Defendants deny the allegations set forth in Paragraph 503.

504.   Defendants deny the allegations set forth in Paragraph 504, and respectfully refer the Court to the referenced document for its actual language and complete contents.

505.   Defendants deny the allegations set forth in Paragraph 505.

506.   Defendants deny the allegations set forth in Paragraph 506, and respectfully refer the Court to the referenced document for its actual language and complete contents.

507.   Defendants deny the allegations set forth in Paragraph 507, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

508.   Defendants deny the allegations set forth in Paragraph 508.

509.   Defendants deny the allegations set forth in Paragraph 509, and respectfully refer the Court to the referenced document for its actual language and complete contents.

510.   Defendants deny the allegations set forth in Paragraph 510, and respectfully

refer the Court to the referenced documents for their actual language and complete contents.

511.    Defendants deny the allegations set forth in Paragraph 511.

512.    Defendants deny the allegations set forth in Paragraph 512.

513.    Defendants deny the allegations set forth in Paragraph 513.

514.    Defendants deny the allegations set forth in Paragraph 514.

515.    Defendants deny the allegations set forth in Paragraph 515, and respectfully refer the Court to the referenced document for its actual language and complete contents.

516.    Defendants deny the allegations set forth in Paragraph 516, and respectfully refer the Court to the referenced document for its actual language and complete contents.

517.    Defendants deny the allegations set forth in Paragraph 517, and respectfully refer the Court to the referenced document for its actual language and complete contents.

518.    Defendants deny the allegations set forth in Paragraph 518, and respectfully refer the Court to the referenced document for its actual language and complete contents.

519.    Defendants deny the allegations set forth in Paragraph 519.

520.    Defendants deny the allegations set forth in Paragraph 520, and respectfully refer the Court to the referenced document for its actual language and complete contents.

521.    Defendants deny the allegations set forth in Paragraph 521, and respectfully refer the Court to the referenced document for its actual language and complete contents.

522.    Defendants admit that the Citigroup public disclosure referenced in Paragraph 522 contains the quotation provided by Plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosures for its actual language and complete contents.

523.    Defendants deny the allegations set forth in Paragraph 523.

524.    Defendants deny the allegations set forth in Paragraph 524.

525.    Defendants deny the allegations set forth in Paragraph 525, and respectfully refer the Court to the referenced document for its actual language and

complete contents.

526.    Defendants deny the allegations set forth in Paragraph 526.

527.    Defendants deny the allegations set forth in Paragraph 527.

528.    Defendants deny the allegations set forth in Paragraph 528.

529.    Defendants deny the allegations set forth in Paragraph 529.

530.    Defendants deny the allegations set forth in Paragraph 530.

531.    Defendants deny the allegations set forth in Paragraph 531.

532.    Defendants deny the allegations set forth in Paragraph 532.

533.    Defendants deny the allegations set forth in Paragraph 533, and respectfully refer the Court to the referenced document for its actual language and complete contents.

534.    Defendants deny the allegations set forth in Paragraph 534.

535.    Defendants deny the allegations set forth in Paragraph 535, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

536.    Defendants deny the allegations set forth in Paragraph 536.

537.    Defendants deny the allegations set forth in Paragraph 537.

538.    Defendants deny the allegations set forth in Paragraph 538.

539.    Defendants deny the allegations set forth in Paragraph 539, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

540.    Defendants deny the allegations set forth in Paragraph 540and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

541.    Defendants deny the allegations set forth in Paragraph 541 and footnote thirty-three, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

542.    Defendants deny the allegations set forth in Paragraph 542, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

543.    Defendants admit that the Citigroup public disclosure referenced in Paragraph

543 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

544.    Defendants deny the allegations set forth in Paragraph 544, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

545.    Defendants admit that the Citigroup public disclosure referenced in Paragraph 545 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

546.    Defendants deny the allegations set forth in Paragraph 546.

547.    Defendants admit that the Citigroup public disclosure referenced in Paragraph 547 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

548.    Defendants deny the allegations set forth in Paragraph 548.

549.    Defendants deny the allegations set forth in Paragraph 549.

550.    Defendants deny the allegations set forth in Paragraph 550, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

551.    Defendants deny the allegations set forth in Paragraph 551.

552.    Defendants deny the allegations set forth in Paragraph 552.

553.    Defendants deny the allegations set forth in Paragraph 553.

554.    Defendants deny the allegations set forth in Paragraph 554, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

555.    Defendants deny the allegations set forth in Paragraph 555.

556.    Defendants deny the allegations set forth in Paragraph 556.

557.    Defendants admit that the Citigroup public disclosure referenced in Paragraph 557 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

558.    Defendants deny the allegations set forth in Paragraph 558.

559.    Defendants deny the allegations set forth in Paragraph 559.

560.    Defendants admit that Citigroup made disclosures concerning Variable Interest Entities, and respectfully refer the Court to Citigroup's public disclosures for their actual language and complete contents.

561.    Defendants deny the allegations set forth in Paragraph 561, and respectfully refer the Court to Citigroup's public disclosure for its actual language and complete contents.

562.    Defendants deny the allegations set forth in Paragraph 562, and respectfully refer the Court to Citigroup's public disclosure for its actual language and complete contents.

563.    Defendants deny the allegations set forth in Paragraph 563, and respectfully refer the Court to Citigroup's public disclosures for their actual language and complete contents.

564.    Defendants deny the allegations set forth in Paragraph 564, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

565.    Defendants admit that the Citigroup public disclosure referenced in Paragraph 565 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

566.    Defendants deny the allegations set forth in Paragraph 566.

567.    Defendants admit that the Citigroup public disclosure referenced in Paragraph 567 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

568.    Defendants deny the allegations set forth in Paragraph 568.

569.    Defendants deny the allegations set forth in Paragraph 569, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

570.    Defendants deny the allegations set forth in Paragraph 570.

571.    Defendants deny the allegations set forth in Paragraph 571.

572.    Defendants deny the allegations set forth in Paragraph 572.

573.    Defendants deny the allegations set forth in Paragraph 573.

574.    Defendants deny the allegations set forth in Paragraph 574.

575.    Defendants deny the allegations set forth in Paragraph 575.

576.    Defendants deny the allegations set forth in Paragraph 576.

577.    Defendants deny the allegations set forth in Paragraph 577.

578.    Defendants deny the allegations set forth in Paragraph 578.

579.    Defendants deny the allegations set forth in Paragraph 579.

580.    Defendants deny the allegations set forth in Paragraph 580.

581.    Defendants deny the allegations set forth in Paragraph 581.

582.    Defendants deny the allegations set forth in Paragraph 582.

583.    Defendants deny the allegations set forth in Paragraph 583, and respectfully refer the Court to referenced Citigroup public disclosures for their actual language and complete contents.

584.    Defendants deny the allegations set forth in Paragraph 584.

585.    Defendants deny the allegations set forth in Paragraph 585, and respectfully refer the Court to the referenced document for its actual language and complete contents.

586.    Defendants deny the allegations set forth in Paragraph 586, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

587.    Defendants deny the allegations set forth in paragraph 587, except admit that the referenced Citigroup public disclosures contain the quotations provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

588.    Defendants deny the allegations set forth in Paragraph 588, and respectfully refer the Court to the referenced document for its actual language and complete contents.

589.    Defendants deny the allegations set forth in Paragraph 589.

590.    Defendants deny the allegations set forth in Paragraph 590.

591.    Defendants deny the allegations set forth in Paragraph 591, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

592.    Defendants deny the allegations set forth in Paragraph 592.

593.    Defendants deny the allegations set forth in Paragraph 593.

594.    Defendants deny the allegations set forth in Paragraph 594.

595.    Defendants deny the allegations set forth in Paragraph 595.

596.    Defendants deny the allegations set forth in Paragraph 596.

597.    Defendants deny the allegations set forth in Paragraph 597.

598.    Defendants deny the allegations set forth in Paragraph 598, and respectfully refer the Court to the historical levels of the ABX.HE.

599.    Defendants deny the allegations set forth in Paragraph 599, and respectfully refer the Court to the referenced document for its actual language and complete contents.

600.    Defendants deny the allegations set forth in Paragraph 600.

601.    Defendants deny the allegations set forth in Paragraph 601.

602.    Defendants deny the allegations set forth in Paragraph 602.

603.    Defendants deny the allegations set forth in Paragraph 603.

604.    Defendants deny the allegations set forth in Paragraph 604.

605.    Defendants deny the allegations set forth in Paragraph 605.

606.    Defendants deny the allegations set forth in Paragraph 606.

607.    Defendants deny the allegations set forth in Paragraph 607.

608.    Defendants deny the allegations set forth in Paragraph 608.

609.    Defendants deny the allegations set forth in Paragraph 609.

610.    Defendants deny the allegations set forth in Paragraph 610.

611.    Defendants deny the allegations set forth in Paragraph 611, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

612.    Defendants deny the allegations set forth in Paragraph 612.

613.    Defendants deny the allegations set forth in Paragraph 613, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual

language and complete contents.

614.   Defendants deny the allegations set forth in Paragraph 614, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

615.   Defendants deny the allegations set forth in Paragraph 615, and respectfully refer the Court to the referenced Citigroup public disclosures and transcript of the referenced conference call for their actual language and complete contents.

616.   Defendants deny the allegations set forth in Paragraph 616, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

617.   Defendants deny the allegations set forth in Paragraph 617, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

618.   Defendants deny the allegations set forth in Paragraph 618, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

619.   Defendants deny the allegations set forth in Paragraph 619, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

620.   Defendants deny the allegations set forth in Paragraph 620, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

621.   Defendants deny the allegations set forth in Paragraph 621, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

622.   Defendants deny the allegations set forth in Paragraph 622, and respectfully refer the Court to the referenced Citigroup public disclosures and documents for their actual language and complete contents.

623.   Defendants deny the allegations set forth in Paragraph 623, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

624.   Defendants deny the allegations set forth in Paragraph 624, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

625.   Defendants deny the allegations set forth in Paragraph 625, and respectfully refer the Court to the referenced Citigroup public disclosures and transcript of

the referenced conference call for their actual language and complete contents.

626.  Defendants deny the allegations set forth in Paragraph 626, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

627.  Defendants deny the allegations set forth in Paragraph 627.

628.  Defendants deny the allegations set forth in Paragraph 628, and respectfully refer the Court to the referenced document for its actual language and complete contents.

629.  Defendants deny the allegations set forth in Paragraph 629, and respectfully refer the Court to the referenced document for its actual language and complete contents.

630.  Defendants deny the allegations set forth in Paragraph 630.

631.  Defendants deny the allegations set forth in Paragraph 631.

632.  Defendants deny the allegations set forth in Paragraph 632, and respectfully refer the Court to the referenced document for its actual language and complete contents.

633.  Defendants deny the allegations set forth in Paragraph 633.

634.  Defendants deny the allegations set forth in Paragraph 634.

635.  Defendants deny the allegations set forth in Paragraph 635.

636.  Defendants deny the allegations set forth in Paragraph 636.

637.  Defendants deny the allegations set forth in Paragraph 637, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

638.  Defendants deny the allegations set forth in Paragraph 638.

639.  Defendants deny the allegations set forth in Paragraph 639, and respectfully refer the Court to the referenced document for its actual language and complete contents.

640.  Defendants state that no response is required to the allegations set forth in Paragraph 640, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 640.

641.  Defendants state that no response is required to the allegations set forth in

Paragraph 641, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 641.

642.    Defendants state that no response is required to the allegations set forth in Paragraph 642, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 642.

643.    Defendants state that no response is required to the allegations set forth in Paragraph 643, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 643.

644.    Defendants state that no response is required to the allegations set forth in Paragraph 644, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 644.

645.    Defendants state that no response is required to the allegations set forth in Paragraph 645, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 645.

646.    Defendants state that no response is required to the allegations set forth in Paragraph 646, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 646.

647.    Defendants state that no response is required to the allegations set forth in Paragraph 647, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 647.

648.    Defendants state that no response is required to the allegations set forth in Paragraph 648, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 648.

649.    Defendants state that no response is required to the allegations set forth in

Paragraph 649, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 649.

650. Defendants state that no response is required to the allegations set forth in Paragraph 650, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 650.

651. Defendants state that no response is required to the allegations set forth in Paragraph 651, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 651.

652. Defendants state that no response is required to the allegations set forth in Paragraph 652, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 652.

653. Defendants state that no response is required to the allegations set forth in Paragraph 653, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 653.

654. Defendants state that no response is required to the allegations set forth in Paragraph 654, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 654.

655. Defendants state that no response is required to the allegations set forth in Paragraph 655, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 655.

656. Defendants state that no response is required to the allegations set forth in Paragraph 656, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 656.

657. Defendants state that no response is required to the allegations set forth in

Paragraph 657, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 657.

658.   Defendants state that no response is required to the allegations set forth in Paragraph 658, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 658.

659.   Defendants state that no response is required to the allegations set forth in Paragraph 659, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 659.

660.   Defendants state that no response is required to the allegations set forth in Paragraph 660, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 660.

661.   Defendants state that no response is required to the allegations set forth in Paragraph 661, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 661.

662.   Defendants state that no response is required to the allegations set forth in Paragraph 662, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 662.

663.   Defendants state that no response is required to the allegations set forth in Paragraph 663, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 663.

664.   Defendants state that no response is required to the allegations set forth in Paragraph 664, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 664.

665.   Defendants state that no response is required to the allegations set forth in

Paragraph 665, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 665.

666.     Defendants state that no response is required to the allegations set forth in Paragraph 666, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 666.

667.     Defendants state that no response is required to the allegations set forth in Paragraph 667, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 667.

668.     Defendants state that no response is required to the allegations set forth in Paragraph 668, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 668.

669.     Defendants state that no response is required to the allegations set forth in Paragraph 669, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 669.

670.     Defendants state that no response is required to the allegations set forth in Paragraph 670, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 670.

671.     Defendants state that no response is required to the allegations set forth in Paragraph 671, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 671.

672.     Defendants state that no response is required to the allegations set forth in Paragraph 672, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 672.

673.     Defendants state that no response is required to the allegations set forth in

Paragraph 673, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 673.

674.    Defendants state that no response is required to the allegations set forth in Paragraph 674, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 674.

675.    Defendants state that no response is required to the allegations set forth in Paragraph 675, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 675.

676.    Defendants state that no response is required to the allegations set forth in Paragraph 676, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 676.

677.    Defendants state that no response is required to the allegations set forth in Paragraph 677, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 677.

678.    Defendants state that no response is required to the allegations set forth in Paragraph 678, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 678.

679.    Defendants state that no response is required to the allegations set forth in Paragraph 679, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 679.

680.    Defendants state that no response is required to the allegations set forth in Paragraph 680, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 680.

681.    Defendants state that no response is required to the allegations set forth in

Paragraph 681, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 681.

682.    Defendants state that no response is required to the allegations set forth in Paragraph 682, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 682.

683.    Defendants state that no response is required to the allegations set forth in Paragraph 683, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 683.

684.    Defendants state that no response is required to the allegations set forth in Paragraph 684, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 684.

685.    Defendants state that no response is required to the allegations set forth in Paragraph 685, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 685.

686.    Defendants state that no response is required to the allegations set forth in Paragraph 686, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 686.

687.    Defendants state that no response is required to the allegations set forth in Paragraph 687, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 687.

688.    Defendants state that no response is required to the allegations set forth in Paragraph 688, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 688.

689.    Defendants state that no response is required to the allegations set forth in

Paragraph 689, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 689.

690.    Defendants state that no response is required to the allegations set forth in Paragraph 690, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 690.

691.    Defendants state that no response is required to the allegations set forth in Paragraph 691, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 691.

692.    Defendants state that no response is required to the allegations set forth in Paragraph 692, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 692.

693.    Defendants state that no response is required to the allegations set forth in Paragraph 693, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 693.

694.    Defendants state that no response is required to the allegations set forth in Paragraph 694, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 694.

695.    Defendants state that no response is required to the allegations set forth in Paragraph 695, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 695.

696.    Defendants state that no response is required to the allegations set forth in Paragraph 696, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 696.

697.    Defendants state that no response is required to the allegations set forth in

Paragraph 697, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 697.

698.    Defendants state that no response is required to the allegations set forth in Paragraph 698, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 698.

699.    Defendants state that no response is required to the allegations set forth in Paragraph 699, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 699.

700.    Defendants state that no response is required to the allegations set forth in Paragraph 700, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 700.

701.    Defendants state that no response is required to the allegations set forth in Paragraph 701, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 701.

702.    Defendants state that no response is required to the allegations set forth in Paragraph 702, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 702.

703.    Defendants state that no response is required to the allegations set forth in Paragraph 703, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 703.

704.    Defendants state that no response is required to the allegations set forth in Paragraph 704, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 704.

705.    Defendants state that no response is required to the allegations set forth in

Paragraph 705, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 705.

706.    Defendants state that no response is required to the allegations set forth in Paragraph 706, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 706.

707.    Defendants state that no response is required to the allegations set forth in Paragraph 707, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 707.

708.    Defendants state that no response is required to the allegations set forth in Paragraph 708, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 708.

709.    Defendants state that no response is required to the allegations set forth in Paragraph 709, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 709.

710.    Defendants state that no response is required to the allegations set forth in Paragraph 710, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 710.

711.    Defendants state that no response is required to the allegations set forth in Paragraph 711, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 711.

712.    Defendants state that no response is required to the allegations set forth in Paragraph 712, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 712.

713.    Defendants state that no response is required to the allegations set forth in

Paragraph 713, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 713.

714.   Defendants state that no response is required to the allegations set forth in Paragraph 714, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 714.

715.   Defendants state that no response is required to the allegations set forth in Paragraph 715, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 715.

716.   Defendants state that no response is required to the allegations set forth in Paragraph 716, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 716.

717.   Defendants state that no response is required to the allegations set forth in Paragraph 717, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 717.

718.   Defendants state that no response is required to the allegations set forth in Paragraph 718, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 718.

719.   Defendants state that no response is required to the allegations set forth in Paragraph 719, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 719.

720.   Defendants state that no response is required to the allegations set forth in Paragraph 720, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 720.

721.   Defendants state that no response is required to the allegations set forth in

Paragraph 721, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 721.

722. Defendants state that no response is required to the allegations set forth in Paragraph 722, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 722.

723. Defendants state that no response is required to the allegations set forth in Paragraph 723, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 723.

724. Defendants state that no response is required to the allegations set forth in Paragraph 724, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 724.

725. Defendants state that no response is required to the allegations set forth in Paragraph 725, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 725.

726. Defendants state that no response is required to the allegations set forth in Paragraph 726, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 726.

727. Defendants state that no response is required to the allegations set forth in Paragraph 727, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 727.

728. Defendants state that no response is required to the allegations set forth in Paragraph 728, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 728.

729. Defendants state that no response is required to the allegations set forth in

Paragraph 729, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 729.

730. Defendants state that no response is required to the allegations set forth in Paragraph 730, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 730.

731. Defendants state that no response is required to the allegations set forth in Paragraph 731, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 731.

732. Defendants state that no response is required to the allegations set forth in Paragraph 732, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 732.

733. Defendants state that no response is required to the allegations set forth in Paragraph 733, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 733.

734. Defendants state that no response is required to the allegations set forth in Paragraph 734, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 734.

735. Defendants state that no response is required to the allegations set forth in Paragraph 735, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 735.

736. Defendants state that no response is required to the allegations set forth in Paragraph 736, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 736.

737. Defendants state that no response is required to the allegations set forth in

Paragraph 737, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 737.

738.   Defendants state that no response is required to the allegations set forth in Paragraph 738, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 738.

739.   Defendants state that no response is required to the allegations set forth in Paragraph 739, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 739.

740.   Defendants state that no response is required to the allegations set forth in Paragraph 740, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 740.

741.   Defendants state that no response is required to the allegations set forth in Paragraph 741, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 741.

742.   Defendants state that no response is required to the allegations set forth in Paragraph 742, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 742.

743.   Defendants state that no response is required to the allegations set forth in Paragraph 743, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 743.

744.   Defendants state that no response is required to the allegations set forth in Paragraph 744, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 744.

745.   Defendants state that no response is required to the allegations set forth in

Paragraph 745, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 745.

746. Defendants state that no response is required to the allegations set forth in Paragraph 746, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 746.

747. Defendants state that no response is required to the allegations set forth in Paragraph 747, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 747.

748. Defendants state that no response is required to the allegations set forth in Paragraph 748, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 748.

749. Defendants state that no response is required to the allegations set forth in Paragraph 749, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 749.

750. Defendants state that no response is required to the allegations set forth in Paragraph 750, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 750.

751. Defendants state that no response is required to the allegations set forth in Paragraph 751, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 751.

752. Defendants state that no response is required to the allegations set forth in Paragraph 752, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 752.

753. Defendants state that no response is required to the allegations set forth in

Paragraph 753, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 753.

754. Defendants state that no response is required to the allegations set forth in Paragraph 754, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 754.

755. Defendants state that no response is required to the allegations set forth in Paragraph 755, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 755.

756. Defendants state that no response is required to the allegations set forth in Paragraph 756, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 756.

757. Defendants state that no response is required to the allegations set forth in Paragraph 757, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 757.

758. Defendants state that no response is required to the allegations set forth in Paragraph 758, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 758.

759. Defendants state that no response is required to the allegations set forth in Paragraph 759, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 759.

760. Defendants state that no response is required to the allegations set forth in Paragraph 760, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 760.

761. Defendants state that no response is required to the allegations set forth in

Paragraph 761, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 761.

762.   Defendants state that no response is required to the allegations set forth in Paragraph 762, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 762.

763.   Defendants state that no response is required to the allegations set forth in Paragraph 763, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 763.

764.   Defendants state that no response is required to the allegations set forth in Paragraph 764, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 764.

765.   Defendants state that no response is required to the allegations set forth in Paragraph 765, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 765.

766.   Defendants state that no response is required to the allegations set forth in Paragraph 766, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 766.

767.   Defendants state that no response is required to the allegations set forth in Paragraph 767, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 767.

768.   Defendants state that no response is required to the allegations set forth in Paragraph 768, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 768.

769.   Defendants state that no response is required to the allegations set forth in

Paragraph 769, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 769.

770. Defendants state that no response is required to the allegations set forth in Paragraph 770, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 770.

771. Defendants state that no response is required to the allegations set forth in Paragraph 771, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 771.

772. Defendants state that no response is required to the allegations set forth in Paragraph 772, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 772.

773. Defendants state that no response is required to the allegations set forth in Paragraph 773, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 773.

774. Defendants state that no response is required to the allegations set forth in Paragraph 774, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 774.

775. Defendants state that no response is required to the allegations set forth in Paragraph 775, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 775.

776. Defendants state that no response is required to the allegations set forth in Paragraph 776, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 776.

777. Defendants state that no response is required to the allegations set forth in

Paragraph 777, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 777.

778.   Defendants state that no response is required to the allegations set forth in Paragraph 778, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 778.

779.   Defendants state that no response is required to the allegations set forth in Paragraph 779, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 779.

780.   Defendants state that no response is required to the allegations set forth in Paragraph 780, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 780.

781.   Defendants state that no response is required to the allegations set forth in Paragraph 781, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 781.

782.   Defendants state that no response is required to the allegations set forth in Paragraph 782, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 782.

783.   Defendants state that no response is required to the allegations set forth in Paragraph 783, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 783.

784.   Defendants state that no response is required to the allegations set forth in Paragraph 784, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 784.

785.   Defendants state that no response is required to the allegations set forth in

Paragraph 785, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 785.

786. Defendants state that no response is required to the allegations set forth in Paragraph 786, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 786.

787. Defendants state that no response is required to the allegations set forth in Paragraph 787, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 787.

788. Defendants state that no response is required to the allegations set forth in Paragraph 788, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 788.

789. Defendants state that no response is required to the allegations set forth in Paragraph 789, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 789.

790. Defendants state that no response is required to the allegations set forth in Paragraph 790, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 790.

791. Defendants state that no response is required to the allegations set forth in Paragraph 791, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 791.

792. Defendants state that no response is required to the allegations set forth in Paragraph 792, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 792.

793. Defendants state that no response is required to the allegations set forth in

Paragraph 793, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 793.

794.  Defendants state that no response is required to the allegations set forth in Paragraph 794, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 794.

795.  Defendants state that no response is required to the allegations set forth in Paragraph 795, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 795.

796.  Defendants state that no response is required to the allegations set forth in Paragraph 796, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 796.

797.  Defendants state that no response is required to the allegations set forth in Paragraph 797, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 797.

798.  Defendants state that no response is required to the allegations set forth in Paragraph 798, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 798.

799.  Defendants state that no response is required to the allegations set forth in Paragraph 799, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 799.

800.  Defendants state that no response is required to the allegations set forth in Paragraph 800, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 800.

801.  Defendants state that no response is required to the allegations set forth in

Paragraph 801, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 801.

802.   Defendants state that no response is required to the allegations set forth in Paragraph 802, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 802.

803.   Defendants state that no response is required to the allegations set forth in Paragraph 803, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 803.

804.   Defendants state that no response is required to the allegations set forth in Paragraph 804, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 804.

805.   Defendants state that no response is required to the allegations set forth in Paragraph 805, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 805.

806.   Defendants state that no response is required to the allegations set forth in Paragraph 806, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 806.

807.   Defendants state that no response is required to the allegations set forth in Paragraph 807, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 807.

808.   Defendants state that no response is required to the allegations set forth in Paragraph 808, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 808.

809.   Defendants state that no response is required to the allegations set forth in

Paragraph 809, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 809.

810. Defendants state that no response is required to the allegations set forth in Paragraph 810, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 810.

811. Defendants state that no response is required to the allegations set forth in Paragraph 811, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 811.

812. Defendants state that no response is required to the allegations set forth in Paragraph 812, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 812.

813. Defendants state that no response is required to the allegations set forth in Paragraph 813, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 813.

814. Defendants state that no response is required to the allegations set forth in Paragraph 814, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 814.

815. Defendants state that no response is required to the allegations set forth in Paragraph 815, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 815.

816. Defendants state that no response is required to the allegations set forth in Paragraph 816, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 816.

817. Defendants state that no response is required to the allegations set forth in

Paragraph 817, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 817.

818.    Defendants state that no response is required to the allegations set forth in Paragraph 818, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 818.

819.    Defendants state that no response is required to the allegations set forth in Paragraph 819, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 819.

820.    Defendants state that no response is required to the allegations set forth in Paragraph 820, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 820.

821.    Defendants state that no response is required to the allegations set forth in Paragraph 821, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 821.

822.    Defendants state that no response is required to the allegations set forth in Paragraph 822, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 822.

823.    Defendants state that no response is required to the allegations set forth in Paragraph 823, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 823.

824.    Defendants state that no response is required to the allegations set forth in Paragraph 824, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 824.

825.    Defendants state that no response is required to the allegations set forth in

Paragraph 825, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 825.

826.    Defendants state that no response is required to the allegations set forth in Paragraph 826, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 826.

827.    Defendants state that no response is required to the allegations set forth in Paragraph 827, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 827.

828.    Defendants state that no response is required to the allegations set forth in Paragraph 828, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 828.

829.    Defendants state that no response is required to the allegations set forth in Paragraph 829, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 829.

830.    Defendants state that no response is required to the allegations set forth in Paragraph 830, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 830.

831.    Defendants state that no response is required to the allegations set forth in Paragraph 831, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 831.

832.    Defendants state that no response is required to the allegations set forth in Paragraph 832, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 832.

833.    Defendants state that no response is required to the allegations set forth in

Paragraph 833, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 833.

834.  Defendants state that no response is required to the allegations set forth in Paragraph 834, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 834.

835.  Defendants state that no response is required to the allegations set forth in Paragraph 835, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 835.

836.  Defendants state that no response is required to the allegations set forth in Paragraph 836, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 836.

837.  Defendants state that no response is required to the allegations set forth in Paragraph 837, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 837.

838.  Defendants state that no response is required to the allegations set forth in Paragraph 838, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 838.

839.  Defendants state that no response is required to the allegations set forth in Paragraph 839, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 839.

840.  Defendants state that no response is required to the allegations set forth in Paragraph 840, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 840.

841.  Defendants state that no response is required to the allegations set forth in

Paragraph 841, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 841.

842.   Defendants state that no response is required to the allegations set forth in Paragraph 842, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 842.

843.   Defendants state that no response is required to the allegations set forth in Paragraph 843, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 843.

844.   Defendants state that no response is required to the allegations set forth in Paragraph 844, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 844.

845.   Defendants state that no response is required to the allegations set forth in Paragraph 845, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 845.

846.   Defendants state that no response is required to the allegations set forth in Paragraph 846, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 846.

847.   Defendants state that no response is required to the allegations set forth in Paragraph 847, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 847.

848.   Defendants state that no response is required to the allegations set forth in Paragraph 848, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 848.

849.   Defendants state that no response is required to the allegations set forth in

Paragraph 849, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 849.

850.    Defendants state that no response is required to the allegations set forth in Paragraph 850, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 850.

851.    Defendants state that no response is required to the allegations set forth in Paragraph 851, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 851.

852.    Defendants state that no response is required to the allegations set forth in Paragraph 852, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 852.

853.    Defendants state that no response is required to the allegations set forth in Paragraph 853, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 853.

854.    Defendants state that no response is required to the allegations set forth in Paragraph 854, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 854.

855.    Defendants state that no response is required to the allegations set forth in Paragraph 855, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 855.

856.    Defendants state that no response is required to the allegations set forth in Paragraph 856, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 856.

857.    Defendants state that no response is required to the allegations set forth in

Paragraph 857, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 857.

858.   Defendants state that no response is required to the allegations set forth in Paragraph 858, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 858.

859.   Defendants state that no response is required to the allegations set forth in Paragraph 859, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 859.

860.   Defendants state that no response is required to the allegations set forth in Paragraph 860, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 860.

861.   Defendants state that no response is required to the allegations set forth in Paragraph 861, because allegations regarding mortgage lending have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 861.

862.   Defendants state that no response is required to the allegations set forth in Paragraph 862, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 862.

863.   Defendants state that no response is required to the allegations set forth in Paragraph 863, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 863.

864.   Defendants state that no response is required to the allegations set forth in Paragraph 864, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 864.

865.   Defendants state that no response is required to the allegations set forth in

Paragraph 865, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 865.

866.  Defendants state that no response is required to the allegations set forth in Paragraph 866, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 866.

867.  Defendants state that no response is required to the allegations set forth in Paragraph 867, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 867.

868.  Defendants state that no response is required to the allegations set forth in Paragraph 868, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 868.

869.  Defendants state that no response is required to the allegations set forth in Paragraph 869, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 869.

870.  Defendants state that no response is required to the allegations set forth in Paragraph 870, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 870.

871.  Defendants state that no response is required to the allegations set forth in Paragraph 871, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 871.

872.  Defendants state that no response is required to the allegations set forth in Paragraph 872, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 872.

873.  Defendants state that no response is required to the allegations set forth in

Paragraph 873, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 873.

874.    Defendants state that no response is required to the allegations set forth in Paragraph 874, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 874.

875.    Defendants state that no response is required to the allegations set forth in Paragraph 875, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 875.

876.    Defendants state that no response is required to the allegations set forth in Paragraph 876, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 876.

877.    Defendants state that no response is required to the allegations set forth in Paragraph 877, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 877.

878.    Defendants state that no response is required to the allegations set forth in Paragraph 878, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 878.

879.    Defendants state that no response is required to the allegations set forth in Paragraph 879, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 879.

880.    Defendants state that no response is required to the allegations set forth in Paragraph 880, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 800.

881.    Defendants state that no response is required to the allegations set forth in

Paragraph 881, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 881.

882.   Defendants state that no response is required to the allegations set forth in Paragraph 882, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 882.

883.   Defendants state that no response is required to the allegations set forth in Paragraph 883, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 883.

884.   Defendants state that no response is required to the allegations set forth in Paragraph 884, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 884.

885.   Defendants state that no response is required to the allegations set forth in Paragraph 885, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 885.

886.   Defendants state that no response is required to the allegations set forth in Paragraph 886, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 886.

887.   Defendants state that no response is required to the allegations set forth in Paragraph 887, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 887.

888.   Defendants state that no response is required to the allegations set forth in Paragraph 888, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 888.

889.   Defendants state that no response is required to the allegations set forth in

Paragraph 889, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 889.

890.    Defendants state that no response is required to the allegations set forth in Paragraph 890, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 890.

891.    Defendants state that no response is required to the allegations set forth in Paragraph 891, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 891.

892.    Defendants state that no response is required to the allegations set forth in Paragraph 892, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 892.

893.    Defendants state that no response is required to the allegations set forth in Paragraph 893, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 893.

894.    Defendants state that no response is required to the allegations set forth in Paragraph 894, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 894.

895.    Defendants state that no response is required to the allegations set forth in Paragraph 895, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 895.

896.    Defendants state that no response is required to the allegations set forth in Paragraph 896, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 896.

897.    Defendants state that no response is required to the allegations set forth in

Paragraph 897, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 897.

898. Defendants state that no response is required to the allegations set forth in Paragraph 898, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 898.

899. Defendants state that no response is required to the allegations set forth in Paragraph 899, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 899.

900. Defendants state that no response is required to the allegations set forth in Paragraph 900, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 900.

901. Defendants state that no response is required to the allegations set forth in Paragraph 901, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 901.

902. Defendants state that no response is required to the allegations set forth in Paragraph 902, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 902.

903. Defendants state that no response is required to the allegations set forth in Paragraph 903, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 903.

904. Defendants state that no response is required to the allegations set forth in Paragraph 904, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 904.

905. Defendants state that no response is required to the allegations set forth in

Paragraph 905, because allegations regarding leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 905.

906.   Defendants state that no response is required to the allegations set forth in Paragraph 906, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 906.

907.   Defendants state that no response is required to the allegations set forth in Paragraph 907, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 907.

908.   Defendants state that no response is required to the allegations set forth in Paragraph 908, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 908.

909.   Defendants state that no response is required to the allegations set forth in Paragraph 909, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 909.

910.   Defendants state that no response is required to the allegations set forth in Paragraph 910, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 910.

911.   Defendants state that no response is required to the allegations set forth in Paragraph 911, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 911.

912.   Defendants state that no response is required to the allegations set forth in Paragraph 912, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 912.

913.   Defendants state that no response is required to the allegations set forth in

Paragraph 913, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 913.

914.   Defendants state that no response is required to the allegations set forth in Paragraph 914, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 914.

915.   Defendants state that no response is required to the allegations set forth in Paragraph 915, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 915.

916.   Defendants state that no response is required to the allegations set forth in Paragraph 916, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 916.

917.   Defendants state that no response is required to the allegations set forth in Paragraph 917, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 917.

918.   Defendants state that no response is required to the allegations set forth in Paragraph 918, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 918.

919.   Defendants state that no response is required to the allegations set forth in Paragraph 919, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 919.

920.   Defendants state that no response is required to the allegations set forth in Paragraph 920, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 920.

921.   Defendants state that no response is required to the allegations set forth in

Paragraph 921, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 921.

922. Defendants state that no response is required to the allegations set forth in Paragraph 922, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 922.

923. Defendants state that no response is required to the allegations set forth in Paragraph 923, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 923.

924. Defendants state that no response is required to the allegations set forth in Paragraph 924, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 924.

925. Defendants state that no response is required to the allegations set forth in Paragraph 925, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 925.

926. Defendants state that no response is required to the allegations set forth in Paragraph 926, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 926.

927. Defendants state that no response is required to the allegations set forth in Paragraph 927, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 927.

928. Defendants state that no response is required to the allegations set forth in Paragraph 928, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 928.

929. Defendants state that no response is required to the allegations set forth in

Paragraph 929, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 929.

930.   Defendants state that no response is required to the allegations set forth in Paragraph 930, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 930.

931.   Defendants state that no response is required to the allegations set forth in Paragraph 931, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 931.

932.   Defendants state that no response is required to the allegations set forth in Paragraph 932, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 932.

933.   Defendants state that no response is required to the allegations set forth in Paragraph 933, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 933.

934.   Defendants state that no response is required to the allegations set forth in Paragraph 934, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 934.

935.   Defendants state that no response is required to the allegations set forth in Paragraph 935, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 935.

936.   Defendants state that no response is required to the allegations set forth in Paragraph 936, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 936.

937.   Defendants state that no response is required to the allegations set forth in

Paragraph 937, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 937.

938.    Defendants state that no response is required to the allegations set forth in Paragraph 938, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 938.

939.    Defendants state that no response is required to the allegations set forth in Paragraph 939, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 939.

940.    Defendants state that no response is required to the allegations set forth in Paragraph 940, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 940.

941.    Defendants state that no response is required to the allegations set forth in Paragraph 941, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 941.

942.    Defendants state that no response is required to the allegations set forth in Paragraph 942, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 942.

943.    Defendants state that no response is required to the allegations set forth in Paragraph 943, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 943.

944.    Defendants state that no response is required to the allegations set forth in Paragraph 944, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 944.

945.    Defendants state that no response is required to the allegations set forth in

Paragraph 945, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 945.

946.     Defendants state that no response is required to the allegations set forth in Paragraph 946, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 946.

947.     Defendants state that no response is required to the allegations set forth in Paragraph 947, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 947.

948.     Defendants state that no response is required to the allegations set forth in Paragraph 948, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 948.

949.     Defendants state that no response is required to the allegations set forth in Paragraph 949, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 949.

950.     Defendants state that no response is required to the allegations set forth in Paragraph 950, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 950.

951.     Defendants state that no response is required to the allegations set forth in Paragraph 951, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 951.

952.     Defendants state that no response is required to the allegations set forth in Paragraph 952, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 952.

953.     Defendants state that no response is required to the allegations set forth in

Paragraph 953, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 953.

954.   Defendants state that no response is required to the allegations set forth in Paragraph 954, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 954.

955.   Defendants state that no response is required to the allegations set forth in Paragraph 955, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 955.

956.   Defendants state that no response is required to the allegations set forth in Paragraph 956, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 956.

957.   Defendants state that no response is required to the allegations set forth in Paragraph 957, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 957.

958.   Defendants state that no response is required to the allegations set forth in Paragraph 958, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 958.

959.   Defendants state that no response is required to the allegations set forth in Paragraph 959, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 959.

960.   Defendants state that no response is required to the allegations set forth in Paragraph 960, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 960.

961.   Defendants state that no response is required to the allegations set forth in

Paragraph 961, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 961.

962.    Defendants state that no response is required to the allegations set forth in Paragraph 962, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 962.

963.    Defendants state that no response is required to the allegations set forth in Paragraph 963, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 963.

964.    Defendants state that no response is required to the allegations set forth in Paragraph 964, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 964.

965.    Defendants state that no response is required to the allegations set forth in Paragraph 965, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 965.

966.    Defendants state that no response is required to the allegations set forth in Paragraph 966, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 966.

967.    Defendants state that no response is required to the allegations set forth in Paragraph 967, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 967.

968.    Defendants state that no response is required to the allegations set forth in Paragraph 968, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 968.

969.    Defendants state that no response is required to the allegations set forth in

Paragraph 969, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 969.

970.  Defendants state that no response is required to the allegations set forth in Paragraph 970, because allegations regarding Alt-A RMBS have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 970.

971.  Defendants state that no response is required to the allegations set forth in Paragraph 971, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 971.

972.  Defendants state that no response is required to the allegations set forth in Paragraph 972, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 972.

973.  Defendants state that no response is required to the allegations set forth in Paragraph 973, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 973.

974.  Defendants state that no response is required to the allegations set forth in Paragraph 974, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 974.

975.  Defendants state that no response is required to the allegations set forth in Paragraph 975, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 975.

976.  Defendants state that no response is required to the allegations set forth in Paragraph 976, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 976.

977.  Defendants state that no response is required to the allegations set forth in

Paragraph 977, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 977.

978.    Defendants state that no response is required to the allegations set forth in Paragraph 978 because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 978.

979.    Defendants state that no response is required to the allegations set forth in Paragraph 979, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 979.

980.    Defendants state that no response is required to the allegations set forth in Paragraph 980, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 980.

981.    Defendants state that no response is required to the allegations set forth in Paragraph 981, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 981.

982.    Defendants state that no response is required to the allegations set forth in Paragraph 982, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 982.

983.    Defendants state that no response is required to the allegations set forth in Paragraph 983, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 983.

984.    Defendants state that no response is required to the allegations set forth in Paragraph 984, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 984.

985.    Defendants state that no response is required to the allegations set forth in

Paragraph 985, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 985.

986.   Defendants state that no response is required to the allegations set forth in Paragraph 986, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 986.

987.   Defendants state that no response is required to the allegations set forth in Paragraph 987, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 987.

988.   Defendants state that no response is required to the allegations set forth in Paragraph 988, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 988.

989.   Defendants state that no response is required to the allegations set forth in Paragraph 989, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 989.

990.   Defendants state that no response is required to the allegations set forth in Paragraph 990, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 990.

991.   Defendants state that no response is required to the allegations set forth in Paragraph 991, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 991.

992.   Defendants state that no response is required to the allegations set forth in Paragraph 992, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 992.

993.   Defendants state that no response is required to the allegations set forth in

Paragraph 993, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 993.

994.   Defendants state that no response is required to the allegations set forth in Paragraph 994, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 944.

995.   Defendants state that no response is required to the allegations set forth in Paragraph 995, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 995.

996.   Defendants state that no response is required to the allegations set forth in Paragraph 996, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 996.

997.   Defendants state that no response is required to the allegations set forth in Paragraph 997, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 997.

998.   Defendants state that no response is required to the allegations set forth in Paragraph 998, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 998.

999.   Defendants state that no response is required to the allegations set forth in Paragraph 999, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 999.

1000.   Defendants state that no response is required to the allegations set forth in Paragraph 1000, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1000.

1001.   Defendants state that no response is required to the allegations set forth in

Paragraph 1001, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1001.

1002. Defendants state that no response is required to the allegations set forth in Paragraph 1002, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1002.

1003. Defendants state that no response is required to the allegations set forth in Paragraph 1003, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1003.

1004. Defendants state that no response is required to the allegations set forth in Paragraph 1004, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1004.

1005. Defendants state that no response is required to the allegations set forth in Paragraph 1005, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1005.

1006. Defendants state that no response is required to the allegations set forth in Paragraph 1006, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1006.

1007. Defendants state that no response is required to the allegations set forth in Paragraph 1007, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1007.

1008. Defendants state that no response is required to the allegations set forth in Paragraph 1008, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1008.

1009. Defendants state that no response is required to the allegations set forth in

Paragraph 1009, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1009.

1010. Defendants state that no response is required to the allegations set forth in Paragraph 1010, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1010.

1011. Defendants state that no response is required to the allegations set forth in Paragraph 1011, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1011.

1012. Defendants state that no response is required to the allegations set forth in Paragraph 1012, because allegations regarding Citigroup's solvency have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010. To the extent a response is required, defendants deny the allegations set forth in Paragraph 1012.

1013. Defendants deny the allegations set forth in Paragraph 1013.

1014. Defendants deny the allegations set forth in Paragraph 1014.

1015. Defendants deny the allegations set forth in Paragraph 1015.

1016. Defendants deny the allegations set forth in Paragraph 1016, and respectfully refer the Court to the referenced regulations for their actual language and complete contents.

1017. Defendants deny the allegations set forth in Paragraph 1017.

1018. Defendants deny the allegations set forth in Paragraph 1018.

1019. Defendants deny the allegations set forth in Paragraph 1019, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1020. Defendants deny the allegations set forth in Paragraph 1020, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1021. Defendants deny the allegations set forth in Paragraph 1021, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1022.   Defendants deny the allegations set forth in Paragraph 1022, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1023.   Defendants deny the allegations set forth in Paragraph 1023, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1024.   Defendants deny the allegations set forth in Paragraph 1024, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1025.   Defendants deny the allegations set forth in Paragraph 1025, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1026.   Defendants deny the allegations set forth in Paragraph 1026, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1027.   Defendants deny the allegations set forth in Paragraph 1027.

1028.   Defendants deny the allegations set forth in Paragraph 1028.

1029.   Defendants deny the allegations set forth in Paragraph 1029.

1030.   Defendants deny the allegations set forth in Paragraph 1030.

1031.   Defendants deny the allegations set forth in Paragraph 1031.

1032.   Defendants deny the allegations set forth in Paragraph 1032.

1033.   Defendants deny the allegations set forth in Paragraph 1033.

1034.   Defendants deny the allegations set forth in Paragraph 1034, and respectfully refer the Court to the referenced Citigroup public disclosure and GAAP rule for their actual language and complete contents.

1035.   Defendants deny the allegations set forth in Paragraph 1035, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1036.   Defendants deny the allegations set forth in Paragraph 1036, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1037.   Defendants deny the allegations set forth in Paragraph 1037, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual

language and complete contents.

1038. Defendants admit that the Citigroup public disclosure referenced in Paragraph 1038 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1039. Defendants deny the allegations set forth in Paragraph 1039, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1040. Defendants deny the allegations set forth in Paragraph 1040.

1041. Defendants deny the allegations set forth in Paragraph 1041.

1042. Defendants deny the allegations set forth in Paragraph 1042.

1043. Defendants deny the allegations set forth in Paragraph 1043.

1044. Defendants deny the allegations set forth in Paragraph 1044.

1045. Defendants deny the allegations set forth in Paragraph 1045.

1046. Defendants deny the allegations set forth in Paragraph 1046.

1047. Defendants deny the allegations set forth in Paragraph 1047, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1048. Defendants deny the allegations set forth in Paragraph 1048, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1049. Defendants deny the allegations set forth in Paragraph 1049, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1050. Defendants deny the allegations set forth in Paragraph 1050, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1051. Defendants deny the allegations set forth in Paragraph 1051, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1052. Defendants deny the allegations set forth in Paragraph 1052, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1053.   Defendants deny the allegations set forth in Paragraph 1053, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

1054.   Defendants admit the allegations set forth in Paragraph 1054.

1055.   Defendants admit that the Citigroup public disclosure referenced in Paragraph 1055 contains the quotation provided by plaintiffs, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1056.   Defendants deny the allegations set forth in Paragraph 1056.

1057.   Defendants deny the allegations set forth in Paragraph 1057.

1058.   Defendants deny the allegations set forth in Paragraph 1058.

1059.   Defendants deny the allegations set forth in Paragraph 1059.

1060.   Defendants deny the allegations set forth in Paragraph 1060.

1061.   Defendants deny the allegations set forth in Paragraph 1061.

1062.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1062, and respectfully refer the Court to the historical levels of the TABX.HE.

1063.   Defendants deny the allegations set forth in Paragraph 1063.

1064.   Defendants deny the allegations set forth in Paragraph 1064.

1065.   Defendants deny the allegations set forth in Paragraph 1065.

1066.   Defendants deny the allegations set forth in Paragraph 1066.

1067.   Defendants deny the allegations set forth in Paragraph 1067.

1068.   Defendants deny the allegations set forth in Paragraph 1068.

1069.   Defendants deny the allegations set forth in Paragraph 1069.

1070.   Defendants deny the allegations set forth in Paragraph 1070.

1071.   Defendants deny the allegations set forth in Paragraph 1071.

1072.   Defendants deny the allegations set forth in Paragraph 1072.

1073.   Paragraph 1073 alleges no facts to which a response is necessary.

1074.  Defendants state that no response is required to the allegations set forth in Paragraph 1074, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 1074.

1075.  Defendants state that no response is required to the allegations set forth in Paragraph 1075, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 1075.

1076.  Defendants deny the allegations set forth in Paragraph 1076.

1077.  Defendants deny the allegations set forth in Paragraph 1077.

1078.  Defendants deny the allegations set forth in Paragraph 1078.

1079.  Defendants deny the allegations set forth in Paragraph 1079.

1080.  Defendants deny the allegations set forth in Paragraph 1080.

1081.  Defendants deny the allegations set forth in Paragraph 1081.

1082.  Defendants deny the allegations set forth in Paragraph 1082.

1083.  Defendants deny the allegations set forth in Paragraph 1083.

1084.  Defendants deny the allegations set forth in Paragraph 1084.

1085.  Defendants deny the allegations set forth in Paragraph 1085.

1086.  Defendants deny the allegations set forth in Paragraph 1086.

1087.  Defendants deny the allegations set forth in Paragraph 1087.

1088.  Defendants deny the allegations set forth in Paragraph 1088.

1089.  Defendants deny the allegations set forth in Paragraph 1089.

1090.  Defendants deny the allegations set forth in Paragraph 1090.

1091.  Defendants deny the allegations set forth in Paragraph 1091.

1092.  Defendants deny the allegations set forth in Paragraph 1092.

1093.  Defendants deny the allegations set forth in Paragraph 1093.

1094.  Defendants deny the allegations set forth in Paragraph 1094.

1095.   Defendants deny the allegations set forth in Paragraph 1095.

1096.   Defendants deny the allegations set forth in Paragraph 1096.

1097.   Defendants deny the allegations set forth in Paragraph 1097.

1098.   Defendants deny the allegations set forth in Paragraph 1098.

1099.   Defendants deny the allegations set forth in Paragraph 1099.

1100.   Defendants deny the allegations set forth in Paragraph 1100.

1101.   Defendants deny the allegations set forth in Paragraph 1101.

1102.   Defendants deny the allegations set forth in Paragraph 1102.

1103.   Defendants deny the allegations set forth in Paragraph 1103.

1104.   Defendants deny the allegations set forth in Paragraph 1104.

1105.   Defendants deny the allegations set forth in Paragraph 1105.

1106.   Defendants deny the allegations set forth in Paragraph 1106.

1107.   Defendants deny the allegations set forth in Paragraph 1107.

1108.   Defendants deny the allegations set forth in Paragraph 1108.

1109.   Defendants deny the allegations set forth in Paragraph 1109.

1110.   Defendants deny the allegations set forth in Paragraph 1110.

1111.   Defendants deny the allegations set forth in Paragraph 1111.

1112.   Defendants deny the allegations set forth in Paragraph 1112.

1113.   Defendants deny the allegations set forth in Paragraph 1113.

1114.   Defendants deny the allegations set forth in Paragraph 1114.

1115.   Defendants deny the allegations set forth in Paragraph 1115, except admit that
an affiliate of Citigroup issued a report titled Explaining 2006: Worst Vintage
in Subprime History, and respectfully refer the Court to the referenced
document for its actual language and complete contents.

1116.   Defendants deny the allegations set forth in Paragraph 1116.

1117.   Defendants deny the allegations set forth in Paragraph 1117.

1118.   Defendants deny the allegations set forth in Paragraph 1118.

1119.   Defendants deny the allegations set forth in Paragraph 1119, except admit that Grenadier Funding CDO was the name of a CDO structured by an affiliate of Citigroup.

1120.   Defendants deny the allegations set forth in Paragraph 1120.

1121.   Defendants deny the allegations set forth in Paragraph 1121, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1122.   Defendants deny the allegations set forth in Paragraph 1122, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1123.   Defendants deny the allegations set forth in Paragraph 1123, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1124.   Defendants deny the allegations set forth in Paragraph 1124, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1125.   Defendants deny the allegations set forth in Paragraph 1125, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1126.   Defendants deny the allegations set forth in Paragraph 1126, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1127.   Defendants deny the allegations set forth in Paragraph 1127, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1128.   Defendants deny the allegations set forth in Paragraph 1128, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1129.   Defendants deny the allegations set forth in Paragraph 1129, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1130.   Defendants deny the allegations set forth in Paragraph 1130.

1131.   Defendants deny the allegations set forth in Paragraph 1131.

1132.   Defendants deny the allegations set forth in Paragraph 1132.

1133.   Defendants deny the allegations set forth in Paragraph 1133.

1134.   Defendants deny the allegations set forth in Paragraph 1134, and respectfully refer the Court to the referenced offering materials for their actual language and complete contents.

1135.   Defendants deny the allegations set forth in Paragraph 1135.

1136.   Defendants deny the allegations set forth in Paragraph 1136, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

1137.   Defendants deny the allegations set forth in Paragraph 1137.

1138.   Defendants deny the allegations set forth in Paragraph 1138, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1139.   Defendants deny the allegations set forth in Paragraph 1139.

1140.   Defendants deny the allegations set forth in Paragraph 1140, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1141.   Defendants deny the allegations set forth in Paragraph 1141, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1142.   Defendants deny the allegations set forth in Paragraph 1142, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1143.   Defendants deny the allegations set forth in Paragraph 1143.

1144.   Defendants deny the allegations set forth in Paragraph 1144, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1145.   Defendants deny the allegations set forth in Paragraph 1145, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1146.   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1146, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1147.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1147.

1148.    Defendants deny the allegations set forth in Paragraph 1148.

1149.    Defendants deny the allegations set forth in Paragraph 1149.

1150.    Defendants deny the allegations set forth in Paragraph 1150, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1151.    Defendants deny the allegations set forth in Paragraph 1151.

1152.    Defendants deny the allegations set forth in Paragraph 1152, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1153.    Defendants deny the allegations set forth in Paragraph 1153, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1154.    Defendants admit the allegations set forth in Paragraph 1154, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1155.    Defendants deny the allegations set forth in Paragraph 1155.

1156.    Defendants deny the allegations set forth in Paragraph 1156, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1157.    Defendants deny the allegations set forth in Paragraph 1157.

1158.    Defendants deny the allegations set forth in Paragraph 1158, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1159.    Defendants deny the allegations set forth in Paragraph 1159.

1160.    Defendants deny the allegations set forth in Paragraph 1160.

1161.    Defendants deny the allegations set forth in Paragraph 1161.

1162.    Defendants deny the allegations set forth in Paragraph 1162.

1163.    Defendants deny the allegations set forth in Paragraph 1163, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1164.    Defendants deny the allegations set forth in Paragraph 1164.

1165.    Defendants deny the allegations set forth in Paragraph 1165.

1166.    Defendants deny the allegations set forth in Paragraph 1166.

1167.    Defendants deny the allegations set forth in Paragraph 1167.

1168.    Defendants deny the allegations set forth in Paragraph 1168, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1169.    Defendants deny the allegations set forth in Paragraph 1169, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1170.    Defendants deny the allegations set forth in Paragraph 1170, and respectfully refer the Court to the transcripts of the referenced conference calls for their actual language and complete contents.

1171.    Defendants deny the allegations set forth in Paragraph 1171, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1172.    Defendants deny the allegations set forth in Paragraph 1172.

1173.    Defendants deny the allegations set forth in Paragraph 1173.

1174.    Defendants deny the allegations set forth in Paragraph 1174.

1175.    Defendants deny the allegations set forth in Paragraph 1175, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1176.    Defendants deny the allegations set forth in Paragraph 1176, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1177.    Defendants deny the allegations set forth in Paragraph 1177, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1178.    Defendants deny the allegations set forth in Paragraph 1178, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1179.    Defendants deny the allegations set forth in Paragraph 1179, and respectfully refer the Court to the referenced document for its actual language and

complete contents.

1180. Defendants deny the allegations set forth in Paragraph 1180, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

1181. Defendants deny the allegations set forth in Paragraph 1181.

1182. Defendants deny the allegations set forth in Paragraph 1182.

1183. Defendants deny the allegations set forth in Paragraph 1183.

1184. Defendants deny the allegations set forth in Paragraph 1184.

1185. Defendants deny the allegations set forth in Paragraph 1185, except admit that during the Class Period, the individuals listed in Paragraph 1185 sold the approximate amount of Citigroup stock at the approximate prices set forth in Paragraph 1185.

1186. Defendants deny the allegations set forth in Paragraph 1186.

1187. Defendants deny the allegations set forth in Paragraph 1187, and respectfully refer the Court to the historical prices of Citigroup's stock.

1188. Defendants deny the allegations set forth in Paragraph 1188.

1189. Defendants deny the allegations set forth in Paragraph 1189, and respectfully refer the Court to the historical prices of Citigroup's stock.

1190. Defendants deny the allegations set forth in Paragraph 1190, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1191. Defendants deny the allegations set forth in Paragraph 1191.

1192. Defendants deny the allegations set forth in Paragraph 1192, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1193. Defendants deny the allegations set forth in Paragraph 1193.

1194. Defendants admit the allegations set forth in Paragraph 1194.

1195. Defendants deny the allegations set forth in Paragraph 1195, and respectfully refer the Court to the historical prices of Citigroup's stock.

1196. Defendants deny the allegations set forth in Paragraph 1196, except admit that Randy Barker was co-CEO of Fixed Income Currencies and Commodities until his departure on or about October 11, 2007; Maheras was the co-

President of CMB from January 2007 and co-Chairman and co-CEO of CMB from May 2007 until his departure in October 2007; and, Maheras was the CEO of Global Capital Markets from 2004 through his departure on or about October 11, 2007.

1197. Defendants deny the allegations set forth in Paragraph 1197, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

1198. Defendants deny the allegations set forth in Paragraph 1198, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

1199. Defendants deny the allegations set forth in Paragraph 1199, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

1200. Defendants deny the allegations set forth in Paragraph 1200, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

1201. Defendants deny the allegations set forth in Paragraph 1201, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

1202. Defendants deny the allegations set forth in Paragraph 1202, and respectfully refer the Court to the historical prices of Citigroup's stock.

1203. Defendants deny the allegations set forth in Paragraph 1203, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1204. Defendants deny the allegations set forth in Paragraph 1204, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1205. Defendants deny the allegations set forth in Paragraph 1205, and respectfully refer the Court to the historical prices of Citigroup's stock.

1206. Defendants deny the allegations set forth in Paragraph 1206, except admit that Michael Raynes and Nestor Dominguez left Citigroup on or about October 31, 2007.

1207. Defendants deny the allegations set forth in Paragraph 1207, and respectfully refer the Court to the historical prices of Citigroup's stock and the referenced document for its actual language and complete contents.

1208. Defendants deny the allegations set forth in Paragraph 1208, and respectfully

refer the Court to the referenced document for its actual language and complete contents.

1209.   Defendants deny the allegations set forth in Paragraph 1209.

1210.   Defendants deny the allegations set forth in Paragraph 1210, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

1211.   Defendants deny the allegations set forth in Paragraph 1211.

1212.   Defendants deny the allegations set forth in Paragraph 1212, and respectfully refer the Court to the historical prices of Citigroup's stock.

1213.   Defendants deny the allegations set forth in Paragraph 1213.

1214.   Defendants deny the allegations set forth in Paragraph 1214.

1215.   Defendants deny the allegations set forth in Paragraph 1215.

1216.   Defendants deny the allegations set forth in Paragraph 1216, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1217.   Defendants deny the allegations set forth in Paragraph 1217, and respectfully refer the Court to the referenced Citigroup public disclosures and documents for their actual language and complete contents.

1218.   Defendants deny the allegations set forth in Paragraph 1218, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1219.   Defendants deny the allegations set forth in Paragraph 1219, and respectfully refer the Court to the referenced document for its actual language and complete contents.

1220.   Defendants deny the allegations set forth in Paragraph 1220.

1221.   Defendants state that no response is required to the allegations set forth in Paragraph 1221, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 1221.

1222.   Defendants state that no response is required to the allegations set forth in Paragraph 1222, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in

Paragraph 1222.

1223.   Defendants deny the allegations set forth in Paragraph 1223, and respectfully refer the Court to the historical prices of Citigroup's stock and the referenced document for its actual language and complete contents.

1224.   Defendants deny the allegations set forth in Paragraph 1224, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1225.   Defendants deny the allegations set forth in Paragraph 1225.

1226.   Defendants deny the allegations set forth in Paragraph 1226, and respectfully refer the Court to the historical prices of Citigroup's stock.

1227.   Defendants deny the allegations set forth in Paragraph 1227, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

1228.   Defendants state that no response is required to the allegations set forth in Paragraph 1228, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 1228.

1229.   Defendants state that no response is required to the allegations set forth in Paragraph 1229, because allegations regarding ARS, Alt-A RMBS, and leveraged loans have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 1229.

1230.   Defendants deny the allegations set forth in Paragraph 1230, and respectfully refer the Court to the historical prices of Citigroup's stock and the referenced document and statements by Pandit for their actual language and complete contents.

1231.   Defendants deny the allegations set forth in Paragraph 1231, and respectfully refer the Court to the historical prices of Citigroup's stock.

1232.   Defendants deny the allegations set forth in Paragraph 1232, and respectfully refer the Court to the historical prices of Citigroup's stock.

1233.   Defendants deny the allegations set forth in Paragraph 1233, and respectfully refer the Court to the historical prices of Citigroup's stock

1234.   Defendants deny the allegations set forth in Paragraph 1234, except admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the

Court to Citigroup's public disclosures describing those arrangements for their actual language and complete contents, and respectfully refer the Court to the historical prices of Citigroup's stock.

1235. Defendants deny the allegations set forth in Paragraph 1235, and respectfully refer the Court to the historical prices of Citigroup's stock and the referenced Citigroup public disclosure for its actual language and complete contents.

1236. Defendants deny the allegations set forth in Paragraph 1236.

1237. Defendants deny the allegations set forth in Paragraph 1237, and respectfully refer the Court to the historical prices of Citigroup's stock.

1238. Defendants deny the allegations set forth in Paragraph 1238, and respectfully refer the Court to the historical prices of Citigroup's stock.

1239. Defendants deny the allegations set forth in Paragraph 1239, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

1240. Defendants deny the allegations set forth in Paragraph 1240, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

1241. Defendants state that no response is required to the allegations set forth in Paragraph 1241, because allegations regarding SIVs have been dismissed pursuant to the Court's Opinion and Order dated November 9, 2010.  To the extent a response is required, defendants deny the allegations set forth in Paragraph 1241.

1242. Defendants deny the allegations set forth in Paragraph 1242, and respectfully refer the Court to the historical prices of Citigroup's stock.

1243. Defendants deny the allegations set forth in Paragraph 1243, and respectfully refer the Court to the historical prices of Citigroup's stock.

1244. Defendants deny the allegations set forth in Paragraph 1244.

1245. Defendants deny the allegations set forth in Paragraph 1245, and respectfully refer the Court to the historical prices of Citigroup's stock and the referenced document for its actual language and complete contents.

1246. Defendants deny the allegations set forth in Paragraph 1246, and respectfully refer the Court to the historical prices of Citigroup's stock.

1247. Defendants deny the allegations set forth in Paragraph 1247, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1248. Defendants deny the allegations set forth in Paragraph 1248, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

1249. Defendants deny the allegations set forth in Paragraph 1249, and respectfully refer the Court to the historical prices of Citigroup's stock.

1250. Defendants deny the allegations set forth in Paragraph 1250, and respectfully refer the Court to the historical prices of Citigroup's stock.

1251. Defendants deny the allegations set forth in Paragraph 1251.

1252. Defendants repeat their responses to the allegations in Paragraphs 1 through 1251.

1253. Defendants deny the allegations set forth in Paragraph 1253.

1254. Defendants deny the allegations set forth in Paragraph 1254.

1255. Defendants deny the allegations set forth in Paragraph 1255.

1256. Defendants deny the allegations set forth in Paragraph 1256.

1257. Defendants deny the allegations set forth in Paragraph 1257.

1258. Defendants deny the allegations set forth in Paragraph 1258.

1259. Defendants deny the allegations set forth in Paragraph 1259.

1260. Defendants deny the allegations set forth in Paragraph 1260.

1261. Defendants repeat their responses to the allegations in Paragraphs 1 through 1260.

1262. Defendants deny the allegations set forth in Paragraph 1262.

1263. Defendants deny the allegations set forth in Paragraph 1263.

1264. Defendants deny the allegations set forth in Paragraph 1264.

1265. Defendants deny the allegations set forth in Paragraph 1265.

## ADDITIONAL DEFENSES

### First Defense

1. The Complaint fails to state a claim against the defendants upon which relief can be granted.

## Second Defense

2.      Plaintiffs have failed to plead their claims against defendants with particularity.

## Third Defense

3.      Defendants are not liable because they did not create a misrepresentation on which plaintiffs relied; did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business which operates or would operate as fraud or deceit on any person.

## Fourth Defense

4.      Defendants are not liable because they did not make any false or misleading statements of material fact or omission of material fact.

## Fifth Defense

5.      Defendants are not liable for any alleged misstatements by the defendants that were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## Sixth Defense

6.      Defendants are not liable to plaintiffs because they had no duty to disclose any facts allegedly not disclosed.

## Seventh Defense

7.      Defendants are not liable because they did not act with scienter.

## Eighth Defense

8.      Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing that any alleged misstatement or omission was false or misleading.

## Ninth Defense

9.      Defendants are not liable to plaintiffs because any alleged misrepresentations or omissions for which defendants are allegedly responsible were not material.

## Tenth Defense

10.     Defendants are not liable because plaintiffs did not rely on any alleged misstatements or omissions of material fact by defendants.

### Eleventh Defense

11.   Defendants are not liable because plaintiffs did not reasonably rely on any alleged misstatements or omissions of material fact by defendants.

### Twelfth Defense

12.   Defendants are not liable because plaintiffs did not rely on the market in making their purchases or sales of Citigroup securities.

### Thirteenth Defense

13.   Plaintiffs' claims are barred in whole or in part because plaintiffs had actual or constructive knowledge of the misrepresentations or omissions complained of, and plaintiffs therefore assumed the risk of any alleged damages proximately caused thereby.

### Fourteenth Defense

14.   Plaintiffs' damages, if any, are speculative, and thus are not recoverable.

### Fifteenth Defense

15.   Plaintiffs are estopped from bringing their claims against defendants.

### Sixteenth Defense

16.   Plaintiffs have waived their right to bring their claims against defendants.

### Seventeenth Defense

17.   Defendants are not liable because plaintiffs' alleged losses were not actually or proximately caused by defendants.

### Eighteenth Defense

18.   The conduct of persons and/or entities other than defendants was a superseding or intervening cause of any damage, loss, or injury sustained by plaintiffs or the purported class members.

### Nineteenth Defense

19.   Defendants are not liable to the extent that the alleged misstatements and omissions attributed to defendants in the Complaint were not made in connection with the purchase or sale of any securities by plaintiffs.

### Twentieth Defense

20.    Plaintiffs' claims are barred in whole or in part because of the lack of transaction causation and/or loss causation.

### Twenty-First Defense

21.    Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to plaintiffs and were at all times reflected in the price of Citigroup securities.

### Twenty-Second Defense

22.    Plaintiffs' claims are barred in whole or in part because the depreciation in the market price of Citigroup securities resulted from factors other than the misstatements or omissions alleged in the Complaint.

### Twenty-Third Defense

23.    Plaintiffs' claims against defendants are barred in whole or in part by the applicable statute of limitations

### Twenty-Fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

### Twenty-Fifth Defense

25.    To the extent plaintiffs purport to request injunctive relief, any such claim is barred by the doctrine of laches.

### Twenty-Sixth Defense

26.    To the extent plaintiffs purport to request injunctive relief, any such claim is barred because plaintiffs have an adequate remedy at law.

### Twenty-Seventh Defense

27.    Plaintiffs claims are barred in whole or in part by the fact that plaintiffs have failed to mitigate their alleged damages.

### Twenty-Eighth Defense

28.    Plaintiffs' claims are not properly maintainable as a class action

## Twenty-Ninth Defense

29.   Lead Plaintiffs' claims include questions of law or fact that are not common to the putative class.

## Thirtieth Defense

30.   Lead Plaintiffs' claims are not typical of the members of the putative class.

## Thirty-First Defense

31.   Lead Plaintiffs will not fairly and adequately protect the interests of the members of the putative class.

## Thirty-Second Defense

32.   Plaintiffs are not entitled to recover attorney's fees, experts' fees, or other costs and disbursements.

## Thirty-Third Defense

33.   Defendants expressly reserve the right to amend and/or supplement their answer, defenses and all other pleadings.

## Thirty-Fourth Defense

34.   Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and therefore reserve the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

## Thirty-Fifth Defense

35.   Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be available to the defendants.

Dated:    January 14, 2011
        New York, New York

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _____/s/ Susanna M. Buergel_____
Brad S. Karp (bkarp@paulweiss.com)
Richard A. Rosen (rrosen@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
Karen R. King (kking@paulweiss.com)

1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants Citigroup Inc., Charles Prince, Robert Rubin, Gary Crittenden, Robert Druskin, Thomas G. Maheras, Michael Stuart Klein, and David C. Bushnell.*