# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CITIGROUP INC.
SECURITIES LITIGATION

No. 07 Civ. 9901 (SHS)

ECF Case

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is entered into between (i) Interim Lead Plaintiff the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust, Named Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto, Additional Proposed Named Plaintiffs Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado, and the Settlement Class (as defined below), and (ii) current defendants Citigroup Inc., David Bushnell, Gary Crittenden, Robert Druskin, Michael Klein, Thomas Maheras, Charles Prince, and Robert Rubin, and dismissed defendants Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk, by and through their undersigned attorneys.

This Stipulation states all of the terms of the Settlement and is intended by the Parties to fully and finally compromise, resolve, discharge and settle the Released Claims subject to the terms and conditions set forth below. All capitalized terms used in this Stipulation shall have the definitions set forth in paragraph 1, below:

**WHEREAS:**

**The Action**

A.     On November 8, 2007 and thereafter, the actions that comprise the caption of this Stipulation were filed in the United States District Court for the Southern District of New York by and on behalf of persons who purchased or otherwise acquired publicly traded common stock of Citigroup Inc.

B.     On August 19, 2008, the Court consolidated the actions that comprise the caption of this Stipulation and appointed the ATD Group as Interim Lead Plaintiff (hereinafter "Lead Plaintiff") in Master File No. 07 Civ. 9901 (SHS) to pursue claims on behalf of persons or entities who purchased or otherwise acquired Citigroup common stock. The Court further approved the appointment of the law firm Kirby McInerney LLP as Interim Lead Counsel (hereinafter "Lead Counsel") for Lead Plaintiff and the putative class.

C.     On December 1, 2008, Lead Plaintiff and the Named Plaintiffs filed the Consolidated Class Action Amended Complaint, which charged the Citigroup Defendants with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

D.     On February 24, 2009, Lead Plaintiff and the Named Plaintiffs filed the Amended Consolidated Class Action Complaint, which also charged the Citigroup Defendants with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

E.     On November 9, 2010, the Court issued an order and opinion granting in part and denying in part a motion filed by the Citigroup Defendants to dismiss the claims asserted in the Complaint. In its order and opinion, among other things, the Court dismissed all claims related

to disclosures or statements made by the Citigroup Defendants prior to February 26, 2007 or after April 18, 2008. In addition, the Court dismissed all claims against defendants Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk.

F.     On January 14, 2011, the Citigroup Defendants excluding the dismissed defendants filed their answer to the Complaint.

G.     On July 15, 2011, Lead Plaintiff, Named Plaintiffs, and Additional Proposed Named Plaintiffs filed a motion and supporting memorandum of law to certify the putative class. The motion was fully briefed as of January 27, 2012 and the Court scheduled oral argument regarding the motion for February 9, 2012.

H.     Prior to the February 9, 2012 oral argument, Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and the Citigroup Defendants agreed to mediate the claims asserted in the Complaint before The Honorable Layn R. Phillips (Ret.). Upon being advised of the Parties' plans to mediate, the Court agreed to adjourn oral argument.

I.     On March 8 and April 20, 2012, The Honorable Layn R. Phillips (Ret.) conducted full-day mediation sessions among Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and the Citigroup Defendants, and their respective counsel.

J.     On May 8, 2012, Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and the Citigroup Defendants reached the Settlement, as described herein.

K.     Lead Counsel, assisted by certain other firms approved by Lead Plaintiff to assist in the prosecution of the Action, have conducted an extensive investigation relating to the allegations of wrongdoing pertaining to each defendant in the Action, the alleged damages suffered by the Settlement Class, and the defenses asserted by the Citigroup Defendants. In

3

connection therewith, Lead Counsel has reviewed millions of pages of documents produced by the Citigroup Defendants and numerous non-parties, and have made additional inquiry as to pertinent facts, including through the taking of depositions and consultation with the Lead Plaintiff's experts and consultants.

L.      As part of this investigation, Lead Counsel served document requests upon the Citigroup Defendants; reviewed and analyzed the Citigroup Defendants' responses to the document requests; and reviewed and analyzed millions of documents and emails produced by the Citigroup Defendants  and by various non-parties in this Action.  As of the date of this Settlement, Lead Counsel has conducted thirty-three depositions of witnesses with relevant knowledge, all of whom are currently or formerly associated with the Citigroup Defendants. Lead Counsel also has reviewed numerous transcripts and records of testimony taken from, and interviews conducted of, additional witnesses by regulatory agencies and others.  In addition, Lead Counsel has consulted extensively with experts and consultants retained to review and advise on the issues pertinent to Plaintiffs' claims against the Citigroup Defendants, including the damages that Lead Plaintiff would seek to prove at a trial of this Action.

M.      Lead Plaintiff, the Named Plaintiffs, Additional Proposed Named Plaintiffs, Lead Counsel and Additional Settlement Class Counsel believe that the proceedings described above provide an adequate and satisfactory basis for the Settlement described herein.

**Benefits of the Settlement to the Settlement Class**

N.      Lead Plaintiff, the Named Plaintiffs, Additional Proposed Named Plaintiffs, Lead Counsel and Additional Settlement Class Counsel believe that the Settlement provides an excellent monetary recovery for the Settlement Class, based on the claims asserted, the evidence

developed and the damages that might be proven against the Citigroup Defendants in this Action.

O.     Lead Plaintiff, the Named Plaintiffs, Additional Proposed Named Plaintiffs, Lead Counsel and Additional Settlement Class Counsel further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims asserted in the Complaint against the Citigroup Defendants through trial and appeals.  They also have considered the uncertain outcome and the risk of any litigation, especially in complex litigation such as this Action, as well as the difficulties and delays inherent in any such litigation.  They also are mindful of the inherent problems of proof and possible defenses to the federal securities law violations asserted and therefore believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice as set forth herein.  Based upon their evaluation, Lead Plaintiff, the Named Plaintiffs, Additional Proposed Named Plaintiffs, Lead Counsel and Additional Settlement Class Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable and adequate and in the best interests of the Plaintiffs and the Settlement Class, and that it confers substantial benefits upon the Settlement Class Members.

P.     The Citigroup Defendants have denied that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement solely to eliminate the uncertainties, burden and expense of further protracted litigation.  The Parties further agree that neither this Stipulation, nor the Settlement, nor any of their terms, nor any press release or other statement or report by the Parties or by others concerning the Stipulation, the Settlement, or their terms, shall constitute an admission or finding of wrongful conduct, acts or omissions on the part of any Citigroup Releasee (defined in

paragraph 1(dd)(i) below), or be admissible in any proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of the Stipulation, for any purpose whatsoever.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED,** by Lead Plaintiff, the Named Plaintiffs and Additional Proposed Named Plaintiffs, for themselves and on behalf of the Settlement Class Members, and the Citigroup Defendants, that subject to the approval of the Court, this Action shall be settled, compromised and dismissed on the merits and with prejudice and the Released Claims shall be finally and fully settled, compromised, and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth:

<u>**Definitions**</u>

1.      The following capitalized terms, used throughout this Stipulation, shall have the meanings specified below:

(a)      "Action" means the actions filed in the Court on and after November 8, 2007, which were consolidated by order of the Court on August 19, 2008, and includes the proceedings in the caption of this Stipulation within File No. 07 Civ. 9901 (SHS).

(b)      "Additional Proposed Named Plaintiffs" means Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado.

(c)      "Additional Settlement Class Counsel" means the law firms of Entwistle & Cappucci LLP; Allen Brothers, P.L.L.C.; Kenneth Gold; Glancy Binkow & Goldberg LLP; Motley Rice LLC; Law Office of Alan L. Kovacs; and Law Office of Kenneth A. Elan.

(d)     "Authorized Claimant" means any Settlement Class Member who submits a Claim that is allowed pursuant to the terms of this Stipulation.

(e)     "Claim" means the submission to be made by Settlement Class Members, on the Proof of Claim and Release form, which shall be agreed upon by the Parties or as may be required by the Court.

(f)     "Class Period" means the period beginning February 26, 2007 through April 18, 2008, inclusive.

(g)     "Citigroup" means Citigroup Inc.

(h)     "Citigroup Defendants" means the defendants named in the Complaint, including specifically Citigroup Inc., David Bushnell, Gary Crittenden, Robert Druskin, Michael Klein, Thomas Maheras, Charles Prince, and Robert Rubin, together with the defendants who were dismissed from this Action by order of the Court, including specifically Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk.

(i)     "Complaint" means the Amended Consolidated Class Action Complaint filed by Lead Plaintiff and Named Plaintiffs on February 24, 2009.

(j)     "Court" means the United States District Court for the Southern District of New York.

(k)     "District Court Approval" means the entry of the Judgment.

(l)     "Effective Date" or "Final Approval" means the first day following the date on which the Judgment is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired.

(m)     "Escrow Account" means the bank account maintained by the Escrow
Agent into which the Settlement Fund shall be deposited.

(n)     "Escrow Agent" means Kirby McInerney LLP.

(o)     "Judgment" means the judgment, substantially in the form attached as
Exhibit E to this Stipulation, to be entered in the Action pursuant to paragraph 6
below of this Stipulation.

(p)     "Lead Counsel" or "Interim Lead Counsel" means the law firm of Kirby
McInerney LLP.

(q)     "Lead Plaintiff" or "Interim Lead Plaintiff" means the ATD Group, which
includes Jonathan Butler, M. David Diamond, David K. Whitcomb both
individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta
Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust.

(r)     "Litigation Expenses" means costs and expenses incurred in connection
with commencing and prosecuting the Action (which may include the costs and
expenses of Lead Plaintiff directly related to its representation of the Settlement
Class) but excluding Notice and Administration Costs (as defined below), for
which Lead Counsel intends to apply to the Court for reimbursement from the
Settlement Fund.

(s)     "Named Plaintiffs" means John Baden III, Warren Pinchuck, Anthony
Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto.

(t)     "Net Settlement Fund" means the Settlement Fund less any taxes,
attorneys' fees, expert fees, Notice and Administration Costs, Litigation
Expenses, or other costs and expenses approved by the Court.

(u)     "Notice and Administration Costs" means all costs and expenses incurred in connection with printing and providing notice to Settlement Class Members and administration of the Settlement, including without limitation, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to the Settlement Class, processing proofs of claim, processing requests for exclusion, filing tax returns on behalf of the Settlement Fund, escrow fees and costs.

(v)     "Parties" means: (i) Lead Plaintiff the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust, Named Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto, and Additional Proposed Named Plaintiffs Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado, and (ii) current defendants Citigroup Inc., David Bushnell, Gary Crittenden, Robert Druskin, Michael Klein, Thomas Maheras, Charles Prince, and Robert Rubin, and dismissed defendants Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk.

(w)     "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(x)     "Plaintiffs" means (i) Lead Plaintiff the ATD Group, which includes
Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and
as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as
trustee for the Henrietta C. Whitcomb 2001 Trust, together with (ii) Named
Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus,
Carol Weil, and Joseph DiBenedetto, and (iii) Additional Proposed Named
Plaintiffs Tennessee Consolidated Retirement System and Public Employees'
Retirement Association of Colorado, on behalf of themselves and the Settlement
Class.

(y)     "Plan of Allocation" means the plan for allocating the Net Settlement
Fund between and among the members of the Settlement Class and as approved
by the Court. A proposed Plan of Allocation is described in Exhibit B, hereto.

(z)     "Preliminary Approval Order" means the Order, substantially in the form
attached as Exhibit A to this Stipulation, that Lead Plaintiff, Named Plaintiffs,
Additional Proposed Named Plaintiffs and the Citigroup Defendants will seek
from the Court, as described in paragraph 5, below.

(aa)     "Proposed Class Representatives" means Jonathan Butler, M. David
Diamond, David K. Whitcomb, Henrietta Whitcomb, John A. Baden III, Warren
Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Public Employees'
Retirement Association of Colorado.

(bb)     "Recognized Loss" means the basis upon which the Net Settlement Fund
will be proportionately allocated to the Authorized Claimants, calculated pursuant
to a formula set forth in the Notice of Settlement of Class Action, and based upon

the particular disclosure date(s) on which the Claimant held Citigroup stock for

those shares purchased during the Class Period.

(cc)    "Released Claims" means:[1]

(i)    with respect to the Citigroup Releasees, defined below, the release by Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, of all claims of every nature and description, known and unknown, arising out of or relating to investments in (including, but not limited to, purchases, sales, exercises, and decisions to hold) Citigroup common stock through April 18, 2008, inclusive, including without limitation all claims arising out of or relating to any disclosures, registration statements or other statements made or issued by any of the Citigroup Defendants concerning subprime-related assets, collateralized debt obligations, residential mortgage-backed securities, auction rate securities, leveraged lending activities, or structured investment vehicles, as well as all claims relating to such investments in Citigroup common stock asserted by or that could have been asserted by Plaintiffs or any member of the Settlement Class in the Action against the Citigroup Releasees, as defined below.

(ii)    with respect to Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all other Settlement Class Members, the release by the Citigroup Defendants of the Plaintiff Releasees, as defined below, from any claims relating to the institution or prosecution of this Action.

(dd)    "Released Parties" means:

(i)    with respect to the Citigroup Defendants, the Citigroup Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs,

---

[1] Released Claims do not include, release, bar, waive, impair or otherwise impact any (i) claims asserted in the action styled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (S.D.N.Y.) (SHS), insofar as those claims are not asserted in connection with the purchase or acquisition of Citigroup common stock; (ii) contractual obligations arising out of a corporate merger or acquisition agreement pursuant to which Citigroup common stock was acquired; and (iii) claims relating to the enforcement of the Settlement.

successors and assigns of each (together, the "Citigroup Releasees"), and any person or entity which is or was related to or affiliated with any Citigroup Releasee or in which any Citigroup Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

(ii)      with respect to Plaintiffs and all other Settlement Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

(ee)      "Settlement" means the settlement of the Action between and among Lead Plaintiff, Named Plaintiffs and Additional Proposed Named Plaintiffs on behalf of themselves and the Settlement Class, and the Citigroup Defendants, as set forth in this Stipulation.

(ff)      "Settlement Amount" means Five Hundred and Ninety Million Dollars ($590,000,000.00) in cash, plus any interest as earned from the date ten business days after Preliminary Approval of the Settlement, until the Effective Date.

(gg)      "Settlement Class" means all persons who purchased or otherwise acquired common stock issued by Citigroup during the period between February 26, 2007 and April 18, 2008, inclusive, or their successor in interest, and who were damaged thereby, excluding (i) the defendants named in the Complaint, (ii) members of the immediate families of the individual defendants named in the Complaint, (iii) any firm, trust, partnership, corporation, present or former officer, director or other individual or entity in which any of the Citigroup Defendants has a controlling interest or which is related to or affiliated with any of the Citigroup Defendants, and (iv) the legal representatives, heirs, successors-in-interest or

assigns of any such excluded persons or entities.  The Settlement Class includes

persons or entities who acquired shares of Citigroup common stock after the Class

Period pursuant to the sale of a put option during the Class Period. Except as set

forth in the following sentence or as excluded above, the Settlement Class

includes persons or entities who acquired shares of Citigroup common stock

during the Class Period by any method, including but not limited to in the

secondary market, in exchange for shares of acquired companies pursuant to a

registration statement, or through the exercise of options including options

acquired pursuant to employee stock plans. Notwithstanding the foregoing, the

Settlement Class shall not include Persons whose only acquisition of Citigroup

common stock during the Class Period was via gift or inheritance if the Person

from which the common stock was acquired did not themselves acquire the

common stock during the Class Period.  In the event that any such person or entity

beneficially owned Citigroup common stock in a fiduciary capacity or otherwise

held Citigroup common stock on behalf of third party clients or any employee

benefit plans that otherwise fall within the Settlement Class, such third party

clients and employee benefit plans shall not be excluded from the Settlement

Class, irrespective of the identity of the entity or person in whose name the

Citigroup common stock were beneficially owned or otherwise held unless they

are otherwise excluded above.  For example, a Person who owns Citigroup

common stock shall not be excluded from the Settlement Class solely because that

common stock is held (i) in a registered or unregistered investment company

(including a unit investment trust) in which any defendant in the Action has a

controlling interest, or serves as investment manager, investment adviser or depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount. A defendant shall be deemed to have a "controlling interest" in an entity if such defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the Board of Directors of such entity. "Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the Securities Exchange Act of 1934, as amended, or any successor statute or statutes thereto.

(hh)     "Settlement Class Member" means a member of the Settlement Class who does not submit a timely, signed request for exclusion.

(ii)     "Settlement Fund" means the sum of the Settlement Amount.

(jj)     "Unknown Claims" means any Released Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Citigroup Releasees, and any Citigroup Releasees' Claims which any Citigroup Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and each of the

Citigroup Defendants shall expressly waive, and each of the other Settlement

Class Members and each of the other Citigroup Releasees shall be deemed to have

waived, and by operation of the Judgment shall have expressly waived, any and

all provisions, rights, and benefits conferred by any law of any state or territory of

the United States, or principle of common law or foreign law, which is similar,

comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or
suspect to exist in his or her favor at the time of executing the release, which if
known by him or her must have materially affected his or her settlement with the
debtor.

Plaintiffs and each of the Citigroup Defendants acknowledge, and each of the

other Settlement Class Members and each of the other Citigroup Releasees shall

be deemed by operation of law to have acknowledged, that the foregoing waiver

was separately bargained for and a key element of the Settlement.

### Submission of the Settlement to Court for Approval

2.      Solely for purposes of the Settlement and for no other purpose, the Citigroup

Defendants stipulate and agree to:  (a) certification of this Action as a class action pursuant to

Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement

Class; (b) appointment of Proposed Class Representatives as class representatives; and (c)

appointment of Kirby McInerney LLP as Lead Class Counsel pursuant to Rule 23(g) of the

Federal Rules of Civil Procedure.  Plaintiffs and the Citigroup Defendants will move for entry of

the Preliminary Approval Order, which will certify this Action to proceed as a class action solely

for purposes of the Settlement and for no other purpose.

3.      Promptly upon execution of the Stipulation, Lead Plaintiff and the Citigroup

Defendants shall apply to the Court for preliminary approval of the Settlement and for the

scheduling of a fairness hearing for consideration of final approval of the Settlement, approval of the Plan of Allocation as set forth in this Stipulation, and, in Lead Counsel's discretion, the application for an award of attorneys' fees and Litigation Expenses. The Parties and their counsel shall use their best efforts to obtain final Court approval of the Settlement. The Settlement Fund, less Notice and Administration Costs, applicable taxes, attorneys' fees and reimbursement of Litigation Expenses, as approved by the Court, shall constitute the Net Settlement Fund to be distributed in the manner set forth below.

    4.    The Parties have agreed upon the following documents to be submitted to the Court for its consideration along with this Stipulation:  Preliminary Approval Order (Exhibit A); Notice of Settlement of Class Action (Exhibit B); Summary Notice of Settlement of Class Action (Exhibit C); Proof of Claim and Release (Exhibit D); and Final Judgment and Order of Dismissal With Prejudice (Exhibit E).

    5.    The Parties shall jointly apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A:

    (a)    certifying the Settlement Class and the Proposed Class Representatives solely for the purpose of the Settlement and for no other purpose;

    (b)    appointment of Kirby McInerney LLP as Lead Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

    (c)    preliminarily approving the Settlement;

    (d)    setting a hearing, upon notice to the Settlement Class Members, to consider: (i) whether the Settlement should be approved as fair, reasonable and adequate to the Settlement Class Members, and dismissing the claims of Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all

Settlement Class Members against the Citigroup Defendants on the merits and with prejudice; (ii) whether the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for an award of attorneys' fees and payment of costs and expenses;

(e)  setting the method of giving notice of the Settlement to the Settlement Class Members and appointing Garden City Group, Inc. as the Notice and Claims Administrator (the "Administrator");

(f)  approving the form of notice substantially in the form attached hereto as Exhibit B and summary form of notice substantially in the form attached hereto as Exhibit C;

(g)  approving the Proof of Claim and Release form substantially in the form attached hereto as Exhibit D;

(h)  setting a period of time during which Settlement Class Members may submit a request for exclusion and a period of time during which Settlement Class Members may serve written objections to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses;

(i)  enjoining prosecution of any action or claims that are subject to the release and dismissal contemplated by this Settlement by any Settlement Class Member who has not or does not opt out of the Settlement Class;

(j)  setting a period of time during which Settlement Class Members must file Claims in order to participate in the distribution of the Net Settlement Fund; and

(k)  setting a period of time by which Settlement Class Members must file exclusions in order to opt out of the Settlement Class.

6.     At the fairness hearing, the Parties shall jointly request entry of a Judgment, substantially in the form attached hereto as Exhibit E, the entry of which is a condition of this Stipulation and Settlement:

(a)     approving finally the Settlement as fair, reasonable and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)     confirming certification of the Settlement Class and the Proposed Class Representatives, and finding that each element for certification of the Settlement Class is met;

(c)     directing that the claims of the Settlement Class Members be dismissed on the merits without costs and with prejudice, and releasing, as against each of the Released Parties, the Released Claims;

(d)     finding that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11;

(e)     permanently barring and enjoining the institution and prosecution, by Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and other Settlement Class Members of any other action against the Citigroup Releasees in any court asserting any Released Claim;

(f)     dismissing the Action with prejudice as against the Citigroup Defendants and barring, as against the Citigroup Defendants and the other Released Parties, the Released Claims by the Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members;

(g)     permanently barring and enjoining the institution and prosecution, by the Citigroup Defendants of any action against Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, other Settlement Class Members, Lead Counsel and Additional Settlement Class Counsel in any court asserting any claim arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims;

(h)     barring all persons from bringing any claim for contribution or indemnification against the Citigroup Releasees arising out of or related to the Released Claims, and barring the Citigroup Releasees from bringing any claim for contribution or indemnification arising out of or related to the Released Claims against any such persons, except that this provision will not apply as among the Citigroup Defendants;

(i)     reserving jurisdiction over this Action, including all further proceedings concerning the administration, consummation and enforcement of this Settlement; and

(j)     containing such other and further provisions consistent with the terms of this Settlement to which the Parties hereto expressly consent in writing.

7.     At the fairness hearing, Lead Plaintiff also will request entry of an order approving the Plan of Allocation.  Any modification of the Plan of Allocation by the Court shall not affect the enforceability of the Stipulation, provide any of the Parties with the right to terminate the Settlement, or impose an obligation on the Citigroup Defendants to increase the consideration paid in connection with the Settlement.

8.      At the fairness hearing, Lead Counsel also may request entry of an order approving Lead Counsel's application for an award of attorneys' fees not to exceed 17% of the Settlement Fund plus reimbursement of Litigation Expenses incurred of approximately $3.75 million, exclusive of Notice and Administration Costs as set forth in the Notice sent to Settlement Class Members in connection with this Settlement.  Citigroup Defendants agree not to take a position on any such application for an award of attorneys' fee and reimbursement of Litigation Expenses. Any award of attorneys' fees and reimbursement of Litigation Expenses to Lead Counsel shall be paid exclusively from the Settlement Fund, and may be payable ten days after the Court enters the Judgment.  In the event Lead Counsel seeks payment of attorneys' fees and reimbursement of Litigation Expenses prior to the Effective Date and in the event any award of attorneys' fees and reimbursement of Litigation Expenses is subsequently modified, reduced or reversed, Lead Counsel, Additional Settlement Class Counsel and all other Plaintiffs' counsel to whom any portion of such award of attorneys' fees and expenses have been distributed agree to refund or repay the full amount of any such reduction, together with interest thereon, within thirty days after any such order modifying, reversing or reducing any award of attorneys' fees or expenses is entered by the Court or any court in relation to any motions or appeals concerning any award by the Court of attorneys' fees or expenses.  Any Plaintiffs' counsel that receives any portion of any attorneys' fees or expenses pursuant to this Stipulation shall be jointly and severally liable for the full amounts referred to in the immediately preceding sentence of this paragraph.  In no event shall the Citigroup Defendants otherwise be obligated to pay for such attorneys' fees and Litigation Expenses.  The disposition of Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses is not a material term of this Stipulation and it is not a condition of this Stipulation that such application be granted.  Any

disapproval or modification of the application for an award of attorneys' fees and reimbursement of Litigation Expenses by the Court shall not affect the enforceability of the Stipulation, provide any of the Parties with the right to terminate the Settlement, or impose an obligation on the Citigroup Defendants to increase the compensation paid in connection with the Settlement.

### Settlement Consideration

9.      In full and complete settlement of the Released Claims, Citigroup, on behalf of the Citigroup Defendants, shall pay to Lead Plaintiff, for the benefit of the Settlement Class, in settlement of the claims against them, the Settlement Amount as follows:

> (a)      Within ten business days following entry by the Court of the Preliminary Approval Order, the Citigroup Defendants shall pay into the Escrow Account the full amount of the Settlement Amount. Interest shall accrue on the Settlement Amount as defined above.

10.     The Settlement Fund shall be deposited into an interest-earning escrow account designated by Lead Counsel and all interest accruing thereon shall be subject to the jurisdiction of the Court and will remain subject to the jurisdiction of the Court until such time as it is distributed to approved claimants. Except as provided in paragraph 19 herein, the Escrow Agent shall invest any funds held in the Escrow Account in short-term United States Treasury Bills (or a mutual fund invested solely in such instruments) or such other comparable investments as may be agreed upon by the Parties, and shall collect and reinvest all interest accrued thereon. The Released Parties shall not have any responsibility or liability whatsoever for investment decisions with respect to the funds held in the Escrow Account. The Escrow Agent shall bear all risks related to investment of the funds held in the Escrow Account, and shall indemnify the

Released Parties and hold them harmless from any losses arising from the investment or disbursement of the funds held in the Escrow Account.

11.     The parties agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and the Escrow Agent, as administrator of the Escrow Account within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any taxes, including any interest or penalties thereon, owed with respect to the Escrow Account. In addition, the Escrow Agent and the Citigroup Defendants, as required, shall do all things that are necessary or advisable to carry out the provisions of this paragraph.

12.     All taxes arising with respect to the income earned by the Settlement Fund, including any taxes or tax treatments that may be imposed upon the Citigroup Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes and any expenses and costs incurred in connection with the payment of taxes pursuant to this paragraph (including without limitation, expenses of tax attorneys and/or accountants and mailing, administration and distribution costs and expenses relating to the filing or the failure to file all necessary or advisable tax returns), shall be paid out of the Settlement Fund.  The Citigroup Defendants shall not have any liability or responsibility for the taxes or any tax expenses.  Lead Counsel, or its agents, shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and to the extent applicable, Treas. Reg. § 1.468B-2(1).  Such tax returns shall be consistent with the terms herein and in all events shall reflect that all taxes on the income earned

by the Settlement Fund shall be paid out of the Settlement Fund.  Lead Counsel, or their agents, shall also timely pay taxes and tax expenses out of the Settlement Fund, and are authorized to withdraw, without prior order of the Court, from the Escrow Account amounts necessary to pay taxes and tax expenses.  The Parties hereto agree to cooperate with Lead Counsel, Additional Settlement Class Counsel, their agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Stipulation.  The Citigroup Defendants shall not have any responsibility or liability for the acts or omissions of Lead Counsel, Additional Settlement Class Counsel or their agents, as described herein.

13.    This is not a claims-made settlement.  As of the Effective Date, the Citigroup Defendants shall not have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Proofs of Claim filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Settlement Fund.

**Releases**

14.    The Released Claims against each and all of the Released Parties shall be released and dismissed with prejudice and on the merits, without costs to any party, upon entry of the Judgment.

15.    As of the Effective Date, Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, and all Settlement Class Members, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, agree to release all Released Claims against the Citigroup Releasees.

23

16.    As of the Effective Date, the Citigroup Defendants agree to release all Released Claims against the Plaintiff Releasees.

17.    Notwithstanding paragraphs 14-16 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**Administration and Distribution of the Settlement Fund**

18.    Lead Counsel or its authorized agents, subject to the supervision, direction and approval of the Court, shall administer and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Settlement Fund.  As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of Garden City Group, Inc. as the Court-appointed Administrator.

19.    The Settlement Fund shall be applied as follows:

(a)    Without further Order of the Court, to pay up to $5,000,000 towards Notice and Administration Costs. After the Effective Date, any Notice and Administration Costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Lead Counsel, without further order of the Court.

(b)    Subject to the approval and further order(s) of the Court, to pay to Lead Counsel the amount awarded by the Court as plaintiffs' attorneys' fees, plus interest, and to pay Lead Counsel the amount awarded as Litigation Expenses, including fees of experts and consultants, plus interest.  Lead Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action.

(c)     To pay taxes and tax expenses owed by the Settlement Fund.

(d)     Subject to the approval and further order(s) of the Court, to distribute the balance of the Net Settlement Fund to Authorized Claimants as provided in the Plan of Allocation, to be submitted to the Court for approval at a later date, or as otherwise ordered by the Court.

(e)     In order to participate in such distribution of the Net Settlement Fund:

(i)     Each person claiming to be an Authorized Claimant shall be required to timely submit a separate signed Proof of Claim and Release substantially in the form attached as Exhibit D supported by proof of all purchases or acquisitions and sales of Citigroup common stock during the Class Period.

(ii)    Unless otherwise ordered by this Court, any Settlement Class Member who fails to submit a Proof of Claim and Release within such period as may be established by this Court shall be forever barred from receiving any payments pursuant to this Stipulation, but in all other respects will be subject to and bound by the provisions of this Stipulation and the Judgment.

(f)     The Citigroup Defendants shall bear no responsibility for the costs, fees or expenses described in this paragraph, beyond the obligations described in paragraph 9, above.

20.     Prior to the distribution of the Net Settlement Fund, Lead Counsel shall present for the approval of the Court a final accounting of the receipts to and disbursements from the Settlement Fund and the proposed distribution of the Net Settlement Fund to Authorized Claimants.  No such distribution shall be made in the absence of an order approving the accounting and the proposed distribution.

21.     Payment from the Settlement Fund made pursuant to and in the manner set forth above shall be deemed conclusive of compliance with this Stipulation as to all Authorized Claimants.  If any funds remain in the Net Settlement Fund by reason of uncashed distributions

or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. Lead Counsel shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above. In the event that Lead Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer feasible, thereafter Lead Counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c)(3), to be designated by Lead Counsel and approved by the Court.

22.      No Authorized Claimant shall have any claim against Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, the Citigroup Defendants, or any of their counsel, based on the distributions made substantially in accordance with this Stipulation and/or orders of the Court. Except as otherwise provided, Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, the Citigroup Defendants, and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

**Effect of Disapproval, Cancellation or Termination of Agreement**

23.     Simultaneously herewith, the Parties are executing a "Side Agreement" setting forth certain conditions under which this Stipulation and the Settlement may be withdrawn or terminated at the discretion of the Citigroup Defendants if potential Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class.  The Side Agreement shall not be filed with the Court, unless the Court otherwise directs, and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice).  The Parties will keep the terms of the Side Agreement confidential.  In the event of a withdrawal from this Stipulation pursuant to the Side Agreement, this Stipulation shall become null and void and of no further force and effect.  In the event the Settlement and this Stipulation are terminated, the provisions of paragraphs 25, 29 and 43 shall survive termination.

24.     If the Court does not enter the Judgment substantially in the form provided for in paragraph 6, or if the Court enters the Judgment and appellate review is sought and, on such review, the entry of Judgment is vacated, modified or reversed, then (except as provided in Paragraphs 7 and 8 of this Stipulation) this Stipulation shall be cancelled and terminated, unless all Parties who are adversely affected thereby, in their sole discretion within thirty days from the date of the mailing of such ruling to such Parties, provide written notice to all other Parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as it may be modified by the Court.  Such notice may be provided on behalf of Plaintiffs and the Settlement Class by Lead Counsel.  No party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein, except to the extent provided for in paragraphs 7 and 8, relating to the Plan of Allocation and award of attorneys'

fees and expenses.  If any party hereto engages in a material breach of the terms hereof, any

other party, provided that it is in substantial compliance with the terms of this Stipulation, may

terminate this agreement on notice to the breaching party or sue for enforcement.

25.      In the event this Stipulation is terminated or cancelled or fails to become effective

for any reason, then within ten business days after written notice is sent by Lead Counsel or

counsel for the Citigroup Defendants to all Parties hereto, any cash deposited by Citigroup, or

any of them, into the Escrow Account, and any funds received by Lead Counsel or distributed by

Lead Counsel to other plaintiffs' counsel consistent with paragraph 8 of this Stipulation, shall be

refunded to Citigroup, including interest accrued, except for Notice and Administration Costs

that have been paid or incurred at the time of termination, and less any taxes paid or payable on

the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the

time of termination.  In such event, the Parties to this Stipulation shall be deemed to have

reverted *nunc pro tunc* to their respective status as of the date and time immediately before May

8, 2012 and they shall proceed in all respects as if this Stipulation and related orders had not

been executed and without prejudice in any way from the negotiation, fact or terms of this

Settlement.

**Miscellaneous Provisions**

26.      All of the Exhibits to be attached hereto shall be incorporated by reference as

though fully set forth herein.

27.      Plaintiffs acknowledge that, given the amount of discovery taken by them of the

Citigroup Defendants and others to date, including extensive document and other written

discovery as well as numerous depositions, Plaintiffs are satisfied that an adequate factual record

has been established that supports the Settlement and hereby waive any right to conduct further discovery to assess or confirm the Settlement.

28.    This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

29.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (ii) shall be described as, construed as, interpreted as or offered against the Citigroup Releasees as evidence of and/or deemed to be evidence of any presumption, concession or admission by the Citigroup Releasees as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Plaintiffs or the merits of any of their defenses; or (iii) shall be described as, construed as, interpreted as or offered against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class, or as evidence that the damages recoverable from the Citigroup Releasees would not have exceeded the Settlement Amount.

30.    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members against the Released Parties with respect to the Released Claims.  Accordingly, the Citigroup Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought in bad faith or without a reasonable basis.  The Parties to the Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a

settlement that was reached voluntarily based upon adequate information and sufficient

discovery and after consultation with experienced legal counsel, following an extensive

mediation conducted by The Honorable Layn R. Phillips (Ret.).

31.    The Parties agree that the Settlement set forth herein constitutes a fair, reasonable

and adequate resolution of the claims that Plaintiffs asserted against the Citigroup Defendants,

and that it promotes the public interest.  The Parties further agree that unless ordered by the

Court, they will not publicize, disseminate, refer to, or otherwise distribute to any third party any

information regarding the negotiations between the Parties, or any information or documents

they have obtained from the other side in connection with this Action, whether the information

was obtained through document or other written discovery, or through depositions, or otherwise.

32.    To the extent permitted by law, all agreements made and orders entered during the

course of the Action relating to the confidentiality of information shall survive this Stipulation.

33.    Notwithstanding paragraphs 31 and 32 above, nothing in this Stipulation shall

prohibit Citigroup from (i) disclosing the substance of the Action or the terms of this Stipulation

to its corporate directors, independent auditors and accountants, tax advisors, and attorneys

provided that in each instance such entity is obligated to maintain the confidentiality of such

matters, (ii) responding to a request for information from any government or regulatory entity

which has regulatory jurisdiction over Citigroup, and (iii) disclosing any information required to

be disclosed by it as a publicly traded or registered company.

34.    The waiver by one Party of any breach of this Stipulation by any other Party shall

not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

35.    This Stipulation, its exhibits and the Side Agreement described in paragraph 23 of

this Stipulation constitute the entire agreement among these Parties, and no representations,

warranties or inducements have been made to any Party concerning this Stipulation or its exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.

36.     In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to be attached hereto, the terms of this Stipulation shall prevail.

37.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

38.     The Parties hereto and their respective counsel agree to cooperate fully with one another to obtain all necessary approvals of the Court required by this Stipulation.

39.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of his or her clients.

40.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

41.     Notices required by this Stipulation shall be submitted either by any form of overnight mail or in person to:

KIRBY MCINERNEY LLP
Ira M. Press
Peter S. Linden
Daniel Hume
Andrew M. McNeela
825 Third Avenue, 16th Floor
New York, New York 10022


**LEAD COUNSEL FOR PLAINTIFFS AND THE CLASS**


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Brad S. Karp
Richard A. Rosen
Susanna M. Buergel
1285 Avenue of the Americas
New York, New York 10019-6064

**COUNSEL FOR THE CITIGROUP DEFENDANTS**

42.     Except for attorney notes, pleadings, other Court submissions and transcripts of
depositions, Plaintiffs agree to return to the Citigroup Defendants or certify the destruction of, at
the Citigroup Defendants' option, all discovery obtained from the Citigroup Defendants within
thirty days after the Effective Date of this Settlement.

43.     This Stipulation shall be governed by and construed in accordance with the laws
of the State of New York, without regard to choice of law principles, to the extent that federal
law does not apply.  Any action based on this Stipulation or to enforce any of its terms shall be
venued in the United States District Court for the Southern District of New York, which shall
retain jurisdiction over all such disputes.  All Parties to this Stipulation shall be subject to the
jurisdiction of the United States District Court for the Southern District of New York for all
purposes related to this Action, the Settlement and this Stipulation.

Dated: New York, New York
August 28, 2012

**KIRBY McINERNEY, LLP**

By: _elha P___

Peter S. Linden
Ira M. Press
Dan Hume
Andrew McNeela
825 Third Avenue, 16th Floor
New York, New York 10022
Tel:  (212) 371-6600
Fax: (212) 751-2540

*Lead Class Counsel for Plaintiffs*


**ENTWISTLE & CAPPUCCI LLP**

By: _Adrew J. Entwistle /PL___

Andrew J. Entwistle
280 Park Avenue
26th Floor West
New York, NY  10017
T: 212-894-7200
F: 212-894-7272

*Counsel for Pension Fund Representative and
Proposed Class Representative Public Employees'
Retirement Association of Colorado and Pension
Fund Representative Tennessee Consolidated
Retirement System*


**ALLEN BROTHERS, P.L.L.C.**

By: _James Allen Sr. /PL___

James Allen, Sr.
400 Monroe, Suite 220
Detroit, MI   48226
Tel.: (313) 962-7777
Fax.: (313) 962-0581

**KENNETH GOLD**

By: _Kenneth Gold /PL___

439 Griffith Street
Saugatuck, MI 49453
Tel.: (248) 310-9870

**GLANCY BINKOW & GOLDBERG LLP**

By: _Lionel Glancy / PZ_
Lionel Glancy
1925 Century Park East. Suite 2100
Los Angeles, CA 90067
Tel.: (310) 201-9150
Fax.: (310) 201-9160


**MOTLEY RICE LLC**

By: _William Narwold / PZ_
William Narwold
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: 843.216.9000
Fax: 843.216.9450


**LAW OFFICE OF ALAN L. KOVACS**

By: _Alan L. Kovacs / PZ_
Alan L. Kovacs
2001 Beacon St., Suite 106
Boston, MA 02135
Tel.: (617) 964-1177
Fax.: (617) 332-1223


**LAW OFFICE OF KENNETH A. ELAN**

By: _Kenneth Elan / PZ_
Kenneth A. Elan
217 Broadway, Suite 606
New York, NY 10007
Tel.: (212) 619-0261
Fax.: (212) 385-2707


*Additional Settlement Class Counsel*

Dated:  August 28, 2012         PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP

By: _____

             Brad S. Karp (bkarp@paulweiss.com)
             Richard A. Rosen (rrosen@paulweiss.com)
             Susanna M. Buergel (sbuergel@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10022-6064
(212) 373-3000

*Attorneys for the Citigroup Defendants*

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP INC.<br>SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS)<br><br>**ECF CASE** |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above-captioned matter is a putative class action before this Court;

WHEREAS, Interim Lead Plaintiffs Jonathan Butler, M. David Diamond, David K. Whitcomb and Henrietta C. Whitcomb, Named Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto, and Additional Proposed Named Plaintiffs the Tennessee Consolidated Retirement Systems and the Public Employees' Retirement Association of Colorado (collectively "Plaintiffs"), individually and on behalf of the proposed Settlement Class (as hereinafter defined), and defendants Citigroup Inc., Charles Prince, Gary Crittenden, Robert Druskin, Thomas Maheras, Michael Klein, David Bushnell and Robert Rubin (collectively the "Citigroup Defendants"), have entered into a Stipulation and Agreement of Settlement dated August 28, 2012 (the "Stipulation"), which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement, which provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against all Citigroup Defendants, upon the terms and conditions set forth in the Stipulation (the "Settlement").

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the

Stipulation, certifying the Settlement Class for purposes of settlement only, and approving notice to the Settlement Class as more fully described herein;

WHEREAS, the Court having considered the Stipulation and the Exhibits thereto, including the proposed (a) Notice, (b) Claim Form, (c) Summary Notice, and (d) Judgment and the submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **<u>Settlement Class Certification</u>** – Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Action is hereby certified as a class action on behalf of the following Settlement Class:  all persons who purchased or otherwise acquired common stock issued by Citigroup during the period between February 26, 2007 and April 18, 2008, inclusive, or their successor in interest, and who were damaged thereby, excluding (i) the defendants named in the Complaint, (ii) members of the immediate families of the individual defendants named in the Complaint, (iii) any firm, trust, partnership, corporation, present or former officer, director or other individual or entity in which any of the Citigroup Defendants has a controlling interest or which is related to or affiliated with any of the Citigroup Defendants, and (iv) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities.  The Settlement Class includes persons or entities who acquired shares of Citigroup common stock after the Class Period pursuant to the sale of a put option during the Class Period. Except as set forth in the following sentence or as excluded above, the Settlement Class includes persons or entities who acquired shares of Citigroup common stock during the Class Period by any

2

method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans. Notwithstanding the foregoing, the Settlement Class shall not include Persons whose only acquisition of Citigroup common stock during the Class Period was via gift or inheritance if the Person from which the common stock was acquired did not themselves acquire the common stock during the Class Period. In the event that any such person or entity beneficially owned Citigroup common stock in a fiduciary capacity or otherwise held Citigroup common stock on behalf of third party clients or any employee benefit plans that otherwise fall within the class, such third party clients and employee benefit plans shall not be excluded from the Settlement Class, irrespective of the identity of the entity or person in whose name the Citigroup common stock were beneficially owned or otherwise held unless they are otherwise excluded above. For example, a Person who owns Citigroup common stock shall not be excluded from the Settlement Class solely because that common stock is held (i) in a registered or unregistered investment company (including a unit investment trust) in which any defendant in the Action has a controlling interest, or serves as investment manager, investment adviser or depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount. A defendant shall be deemed to have a "controlling interest" in an entity if such defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the Board of Directors of such entity. "Beneficial

ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the Securities Exchange Act of 1934, as amended, or any successor statute or statutes thereto.

2.      **Settlement Class Findings** – The Court finds, for purposes of settlement only, that the prerequisites for certifying the Action as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Proposed Class Representatives are typical of the claims of the Settlement Class; (d) Proposed Class Representatives and Interim Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, that Jonathan Butler, M. David Diamond, David K. Whitcomb and Henrietta C. Whitcomb, John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil,  the Public Employees' Retirement Association of Colorado are adequate class representatives and certifies them as class representatives on behalf of the Settlement Class ("Class Representatives"), and hereby appoints Interim Lead Counsel, the law firm of Kirby McInerney LLP, as Lead Class Counsel for the Settlement Class.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2013 at __:__ _a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit E to the Stipulation should be entered dismissing the Action on the merits and with prejudice against all the Citigroup Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 7 of this Order.

6.  The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.  **Retention of Claims Administrator and Manner of Notice** – Lead Class Counsel are hereby authorized to retain Garden City Group, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Class Counsel as follows:

(a)  within fifteen (15) business days of the date of entry of this Order, Citigroup shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund,

Lead Plaintiffs, Lead Class Counsel or the Claims Administrator) its security holder lists (consisting of security holder names and addresses), in electronic form identifying all record holders of Citigroup's common stock during the Class Period. Where a Class Period record holder was a broker or other nominee that held Citigroup common stock during the Class Period for the benefit of another Person, Citigroup may comply with this paragraph by identifying the broker or nominee, which shall be subject to the requirements of paragraph 9 below;

(b)      not later than fourteen (14) business days after obtaining the security holder lists specified in paragraph 7(a) above for purposes of identifying and giving notice to the Settlement Class (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to Settlement Class Members at the addresses set forth in the records of Citigroup or its transfer agent(s), or who otherwise may be identified through further reasonable effort;

(c)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the national edition of the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Class Counsel shall serve on Citigroup Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form and the Summary Notice, substantially in the forms attached hereto as Exhibits 1, 2 and 3, respectively, and (b) finds that the mailing and distribution of the

Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to object to any aspect of the proposed Settlement, exclude themselves from the Settlement Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, the Rules of the Court and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Citigroup common stock during the Class Period for the benefit of another Person shall forward the Notice Packet to all such beneficial owners within fifteen (15) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order

7

shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form to the Claims Administrator in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Class Counsel may, at their discretion, accept for processing and payment late claims provided such acceptance does not materially delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip or such other documentation as is deemed adequate by Lead Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or

modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Citigroup Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding any of the foregoing, Lead Class Counsel may accept late submitted Claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  The Court reserves jurisdiction to allow, disallow or adjust the Claim of any Settlement Class Member on equitable grounds

13.     **Exclusion From the Settlement Class** – The Class Notice shall provide that any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:  (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than forty (40) calendar days prior to the Settlement Hearing, to: *In re Citigroup Inc. Securities Litigation*, EXCLUSIONS, c/o Garden City Group, Inc. at the address provided in the Notice;  and (b) that each request for exclusion must (i) state the name, address and telephone number of the Person requesting exclusion; (ii) state that

such Person "requests exclusion from the Settlement Class in *In re Citigroup Inc. Securities Litigation*, 07 Civ. 9901 (SHS) (S.D.N.Y.)"; (iii) state the number of shares of Citigroup common stock that the Person requesting exclusion had at the start of the Class Period; (iv) state the date(s), price(s) and number of shares of Citigroup common stock that the Person or entity requesting exclusion purchased or otherwise acquired and sold during the period February 26, 2007 through and including July 17, 2008; (v) state the number of shares held through the close of trading on July 17, 2008; and (vi) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any Person who or which timely and validly requests exclusion from the Settlement Class, in compliance with the terms stated in this Order, or is excluded from the Settlement Class by order of the Court (the "Opt-Out Settlement Class Members") shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or the Stipulation, and shall have no right to receive any payment out of the Net Settlement Fund.

15.     Lead Class Counsel shall provide counsel for Defendants with a copy of all exclusion requests within two (2) business days following Lead Class Counsel's receipt of such requests.  Lead Class Counsel shall provide the Citigroup Defendants information regarding the total Recognized Losses, as calculated pursuant to the Plan of Allocation in the Class Notice, of all Opt-Out Settlement Class Members that filed timely exclusion requests within ten (10) days following the last date by which members of the Settlement Class must file requests for exclusion.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from

requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Citigroup Releasees, as more fully described in the Stipulation and Notice.

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Class Counsel and Citigroup Defendants' counsel, as set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Class Counsel.

18.    Any Settlement Class Member who does not submit a valid and timely request for exclusion from the Settlement Class may file written objections to any aspect of the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed

11

written objections with the Court and served copies of such objections on Lead Class Counsel and

Defendants' counsel at the addresses set forth below such that they are received no later than twenty-

one (21) calendar days prior to the Settlement Hearing.

### To the Court

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Re:    *In re Citigroup Inc. Securities Litigation*,
Case No. 08 Civ. 6171 (RJS)

| **Lead Class Counsel** | **Counsel for the Defendants** |
|---|---|
| Ira M. Press, Esq. | Brad S. Karp, Esq. |
| Peter S. Linden, Esq. | Richard A. Rosen, Esq. |
| Andrew McNeela, Esq. | Susanna Buergel, Esq. |
| Kirby McInerney LLP | Paul, Weiss, Rifkind, Wharton |
| 825 Third Avenue | & Garrison LLP |
| New York, NY 10022 | 1285 Avenue of the Americas |
| | New York, NY 10019-66064 |

19.    Any objections, filings and other submissions by the objecting Settlement Class

Member (a) must contain a statement of his, her or its objections, as well as the specific reasons for

each objection, including the legal and evidentiary support the Settlement Class Member wishes to

bring to the Court's attention; and (b) must include documents sufficient to prove membership in the

Settlement Class, as defined above in paragraph 1, including the number of shares of Citigroup

common stock that the objecting Settlement Class Member purchased or otherwise acquired during

the Class Period, as well as sales or other dispositions of such stock during the Class Period or

thereafter through the close of trading on July 17, 2008, along with the dates and prices of each such

purchase or other acquisition and sale or other disposition.  Citigroup Defendants' counsel and Lead Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20.    Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.    **Stay** – Unless otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court enjoins Plaintiffs and all other Settlement Class Members from commencing, prosecuting or asserting any claim against any of the Citigroup Releasees that is a Released Claim or that would be barred pursuant to paragraph 1(cc)(i) of the Stipulation.

22.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Settlement Class Members as well as in administering the Settlement shall be paid as set forth in paragraph 19(a)  of the Stipulation without further order of the Court, up to a limit of $5,000,000   After the Effective Date, any Notice and Administration Costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Lead Class Counsel, without further order of the Court.

13

23.     **<u>Settlement Fund</u>** – The contents of the Settlement Fund held by Lead Class Counsel (which the Court approves as the Escrow Agent), shall be subject to the jurisdiction of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or the Distribution Order.  The Settlement Fund shall be deposited into an interest-earning escrow account designated by Lead Class Counsel and all interest accruing thereon shall be subject to the jurisdiction of the Court and will remain subject to the jurisdiction of the Court until such time as it is distributed to approved claimants.  Except as provided in paragraph 19 in the Stipulation, the Escrow Agent shall invest any funds held in the Escrow Account in short-term United States Treasury Bills (or a mutual fund invested solely in such instruments) or such other comparable investments as may be agreed upon by the Parties, and shall collect and reinvest all interest accrued thereon.  The Released Parties shall not have any responsibility or liability whatsoever for investment decisions with respect to the funds held in the Escrow Account.  The Escrow Agent shall bear all risks related to investment of the funds held in the Escrow Account, and shall indemnify the Released Parties and hold them harmless from any losses arising from the investment or disbursement of the funds held in the Escrow Account.

24.     **<u>Taxes</u>** – Lead Class Counsel, or its authorized agent, the Claims Administrator, is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Termination** – If the Settlement is terminated, not approved, cancelled, fails to become effective for any reason, or the Effective Date does not occur, this Order shall become null and void, and shall be without prejudice to the rights of Plaintiffs, the Settlement Class Members and the Citigroup Defendants, all of whom shall be restored to their respective positions in the Action, as provided for in the Stipulation, except that any Notice and Administration Costs paid or incurred at the time of termination, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination need not be refunded to the Citigroup Defendants.

26.    **Use of this Order** – Neither this Order nor the proposed Settlement (including the Stipulation or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of and/or efforts to consummate the Stipulation or the Settlement): (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) shall be described as, construed as, interpreted as or offered against the Citigroup Releasees as evidence of and/or deemed to be evidence of any presumption, concession or admission by the Citigroup Releasees as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Plaintiffs or the merits of any of their defenses; and (c) shall be described as, construed as, interpreted as or offered against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class, or as evidence that the damages recoverable from the Citigroup Releasees would not have exceeded the Settlement Amount.

27.    **Supporting Papers** – Lead Class Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation and Lead Class Counsel's motion for an award of

attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     Neither the Defendants nor the Citigroup Releasees shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Class Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

29.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Class Counsel, and any application for attorneys' fees or reimbursement of Litigation Expenses, shall be approved.

30.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Lead Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

31.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2012.


_____
     The Honorable Sidney H. Stein
     United States District Judge

16

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS)<br><br>**ECF Case** |

**NOTICE OF (I) PENDENCY OF CLASS ACTION; (II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned class action lawsuit before this Court (the "Action"), if you purchased or otherwise acquired Citigroup Inc. ("Citigroup" or the "Company") common stock between February 26, 2007 and April 18, 2008, inclusive (the "Class Period"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  The Court-appointed Class Representatives (as defined in Paragraph 9 below), on behalf of themselves and the Settlement Class (as defined in Paragraph 24 below), have reached an agreement to settle the Action for a $590 million cash settlement (the "Settlement").  If the Settlement is approved by the Court, all claims in the Action by the Settlement Class Members (defined in Paragraph 24 below) against all the Defendants, as well as other Released Parties, identified in Paragraph 49 below, will be resolved.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

1.      **Overview of the Action and the Settlement Class:**  This Action is a class action lawsuit brought by investors alleging that they suffered damages as a result of alleged violations of the federal Securities Exchange Act of 1934.  A more detailed description of the Action is set forth in Paragraphs 14-23 below.  The "Defendants" in the Action are:  (a) Citigroup; and (b) Charles Prince, Gary Crittenden, Robert Druskin, Thomas Maheras, Michael Klein, David Bushnell and Robert Rubin (the "Individual Defendants").

The proposed Settlement provides for the release of claims against all the Defendants, as well as certain other parties related to the Defendants, as specified in the Stipulation and as defined more fully in Paragraph 49 below.  The Settlement Class consists of all persons and entities who purchased or otherwise acquired Citigroup common stock during the Class Period (as defined more fully in Paragraph 24 below).  Members of the Settlement Class will be affected by the Settlement, if approved by the Court, and may be eligible to receive a payment from the Settlement.

2.      **Statement of the Settlement Class' Recovery:**  The parties have agreed to settle all claims asserted in the Action in exchange for $590 million in cash, plus interest as earned from the date ten business days after Preliminary Approval of the Settlement, until the Effective Date (the "Settlement Amount").  The sum of the

---

[1]      Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 28, 2012(the "Stipulation"), which is available on the website established for the Settlement at www.citigroupsecuritiessettlement.com.

Settlement Amount is referred to as the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any taxes, attorneys' fees, expert fees, Notice and Administration Costs, Litigation Expenses, or other costs and expenses approved by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among Settlement Class Members who are eligible to participate in the distribution of the Net Settlement Fund and who submit a timely and valid proof of claim and release form (a "Claim Form" or "Proof of Claim Form"). The proposed plan of allocation (the "Plan of Allocation") is included in this Notice at pages [__]-[__] below.

3. **Estimate of Average Amount of Recovery Per Share**: Based on the information currently available to Plaintiffs and the analysis performed by their damages experts, the estimated average recovery per eligible share (before the deduction of any Court-approved fees, expenses and costs as described herein) would be approximately $0.19, if all eligible Settlement Class Members submit valid and timely Claim Forms. If fewer than all Settlement Class Members submit timely and valid claims, this may result in higher distributions per share. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Settlement Class Member's Recognized Loss (as defined below) as compared to the total Recognized Losses of all Settlement Class Members who submit timely and valid Claim Forms. *See* the Plan of Allocation beginning on page [__] for more information.

4. **Statement of Potential Outcome of Case**: The Parties disagree on both liability and damages and do not agree on the average amount of damages per share of Citigroup common stock that would be recoverable if Plaintiffs were to prevail in the Action. The Defendants deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. The issues on which the Parties disagree with respect to liability include, without limitation: (1) whether Defendants made any materially false or misleading statements during the Class Period; (2) in the event that Plaintiffs can establish that Defendants made any false or misleading statements, whether Plaintiffs can also prove that Defendants acted with fraudulent intent in doing so; and (3) the impact, if any, that any alleged false or misleading statements had on the market price of Citigroup common stock during the relevant period. The Defendants assert that they were prepared to establish that the price of Citigroup's common stock declined in value for reasons not related to the allegations at issue in the Action. The issues on which the Parties disagree with respect to damages, even assuming that Plaintiffs were to prevail on all liability issues, include, without limitation: (1) the appropriate economic methodology for determining the amount by which Citigroup common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which Citigroup common stock was allegedly artificially inflated (if at all) during the Class Period; and (3) the extent to which information that influenced the trading prices of Citigroup common stock at various times during the Class Period corrected or otherwise related to the allegedly misleading statements that gave rise to Plaintiffs' claim.

5. **Attorneys' Fees and Expenses Sought**: Plaintiffs intend to seek attorneys' fees not to exceed 17% of the $590 million Settlement Fund, plus expenses incurred in connection with prosecution of this Action in the approximate amount of $3,750,000. Such requested attorneys' fees and expenses would amount to an average of approximately $0.03 per damaged share of Citigroup common stock. In addition, the class recovery will be reduced by Notice and Administration costs. *See* How Will The Notice Costs And Expenses Be Paid? on page [__] below. **Please note that these amounts are only estimates.**

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by the law firm of Kirby McInerney LLP, the Court-appointed Lead Class Counsel in the Action ("Lead Class Counsel"). Any questions regarding the Settlement should be directed to:

Andrew McNeela, Esq.
Peter S. Linden, Esq.
KIRBY McINERNEY LLP
825 Third Avenue

New York, NY 10022
(212) 371-6600

The Court has appointed a Claims Administrator, who is also available to answer questions from Settlement Class Members regarding matters contained in this Notice, including submission of a Proof of Claim Form, and from whom additional copies of this Notice and the Proof of Claim Forms may be obtained.

*In re Citigroup Inc. Securities Litigation*
c/o GCG, Inc.
P.O. Box 9899
Dublin, Ohio 43017-5799
(877) 600-6533
www.citigroupsecuritiessettlement.com
Questions@citigroupsecuritiessettlement.com

Please do not contact any representative of the Defendants or the Court with questions about the Settlement.

7.   **Reasons for the Settlement:**   Plaintiffs believe that the proposed Settlement is an excellent recovery and is in the best interests of the Settlement Class.  The principal reasons for entering into the Settlement are the substantial benefits payable to the Settlement Class now, without further risk or the delays inherent in further litigation.  The significant cash benefits under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after a decision on the pending motion for class certification, contested summary judgment process, a contested trial (if the Plaintiffs prevailed on previous motions) and possible appeals at each stage, a process that may last years into the future.  Plaintiffs further considered, after conducting substantial investigation into the facts of the case, the risks to proving liability and damages and if successful in doing so, whether a larger judgment could ultimately be obtained.  For the Defendants, who deny all allegations of wrongdoing or liability whatsoever (and also deny all allegations that any conduct on their part caused any Settlement Class Members to suffer any damages), the principal reason for entering into the Settlement is to eliminate the expense, risks and uncertainty of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED BY _____, 2013.** | This is the only way to be eligible to get a payment from the Settlement.  If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined in Paragraph 49 below) that you have against the Defendants. If you do not exclude yourself from the Settlement Class, it is likely in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2012.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants concerning the Released Claims. |

3

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2012.** | If you do not like any aspect of the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2013 AT _:___ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2012.** | Filing a written objection and notice of intention to appear by _____, 2012 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a Claim Form postmarked by _____, 2013, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                                        Page _
What Is The Case About?  What Has Happened So Far?                                                Page _
How Do I Know If I Am Affected By The Settlement?                                                 Page _
What Are Plaintiffs' Reasons For The Settlement?                                                  Page _
How Much Will My Payment Be?                                                                      Page _
What Rights Am I Giving Up By Remaining In The Settlement Class?                                  Page _
What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The
    Lawyers Be Paid?                                                          Page _
How Will The Notice Costs And Expenses Be Paid?                                                   Page _
How Do I Participate In The Settlement?  What Do I Need To Do?                                     Page _
What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself?                  Page _
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't
    Like The Settlement?                                                      Page _
What Happens If I Do Nothing At All?                                                              Page _
What If I Bought Shares On Someone Else's Behalf?                                                 Page _
Can I See The Court File?  Whom Should I Contact If I Have Questions?                              Page _

| WHY DID I GET THIS NOTICE? |
|---|

8.      This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Citigroup common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know how this Settlement may generally affect your legal rights.

9.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thereby allowing for the efficient and consistent resolution of the claims of all class members in a single proceeding. In a class action lawsuit, the court appoints one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed Jonathan Butler, M. David Diamond, David K. Whitcomb, Henrietta C. Whitcomb, John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Public Employees' Retirement Association of Colorado to serve as the class representatives (hereinafter "Class Representatives"), and the Court has approved Lead Plaintiffs' selection of the law firm of Kirby McInerney LLP to serve as Lead Class Counsel in the Action.

10.      The court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Citigroup Inc. Securities Litigation,* No. 07 Civ. 9901 (S.D.N.Y.) (SHS). The Judge presiding over this case is the Hon. Sidney H. Stein, United States District Judge.  The persons or entities that are suing are called plaintiffs, and those who are being sued are called defendants.  If the Settlement is approved, it will resolve all claims in the Action by Settlement Class Members against all of the Defendants, and will bring the Action to an end.

11.      The purpose of this Notice is to inform you of the existence of this class action, how you might be affected and how to exclude yourself from the Settlement Class if you wish to so do.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness,

reasonableness and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

12.      The Settlement Hearing will be held on _____, 2013 at _:__ _.m., before the Hon. Sidney H. Stein at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007-1312, to determine:

(a)     whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     whether all claims asserted in the Action against the Defendants should be dismissed on the merits and with prejudice, and whether all Released Claims against the Defendants and Citigroup Releasees should be released as set forth in the Stipulation;

(c)     whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court; and

(d)     whether Lead Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

13.      This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THE CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
| --- |

14.      On November 8, 2007, a putative class action, *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (S.D.N.Y.) (SHS), was filed in the United States District Court for the Southern District of New York (the "Court") alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Citigroup and certain of its officers and directors.

15.      On August 19, 2008 the Court appointed Jonathan Butler, M. David Diamond, David Whitcomb and Henrietta Whitcomb (the "ATD Group") as Interim Lead Plaintiffs and the law firm of Kirby McInerney LLP as Interim Lead Counsel to represent the putative class.

16.      On February 24, 2009, Plaintiffs filed their Amended Consolidated Class Action Complaint (the "Complaint"), on behalf of a proposed class of themselves and all other persons or entities who purchased or otherwise acquired Citigroup's common stock between January 1, 2004 and January 15, 2009, inclusive, and who were damaged thereby.  The Complaint asserted claims under Sections 10(b) and 20(a) of the Exchange Act in connection with, among other things, Citigroup's disclosures concerning collateralized debt obligations ("CDOs"), structured investment vehicles ("SIVs"), mortgages, leveraged loans, auction rate securities, residential mortgage backed securities ("RMBSs"), solvency and generally accepted accounting principles against Citigroup and certain of Citigroup's officers and directors including Charles Prince, Robert Rubin, Lewis Kaden, Sallie Krawcheck, Gary Crittenden, Steven Freiberg, Robert Druskin, Todd S. Thomson, Thomas G. Maheras, Michael Stuart Klein, David Bushnell, John C. Gerspach, Stephen R. Volk and Vikram Pandit.

17.      On March 13, 2009, the Defendants filed a motion to dismiss the Complaint and a comprehensive brief and numerous exhibits in support thereof.  Plaintiffs filed their similarly comprehensive papers in opposition to these motions on April 24, 2009, and the Defendants filed their reply papers on May 13, 2009.

18.      On November 9, 2010, the Court entered its Opinion and Order on the motion to dismiss.  *See In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d. 206 (S.D.N.Y. 2010) (the "November 9 Opinion").  The November 9 Opinion denied Defendants' motion to dismiss: (1) the Section 10(b) claims against Citigroup and the Section 10(b) and 20(a) claims against Prince, Crittenden, Druskin, Maheras, Klein, Bushnell and Rubin for the alleged

misstatements and omissions relating to Citigroup's CDO exposure during the period from February 2007 through November 3, 2007; and (2) the Section l0(b) claims against Citigroup and the Section l0(b) and 20(a) claims against Crittenden for the alleged CDO-related misstatements and omissions occurring in the period from November 4, 2007 to April 2008. *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 249 (S.D.N.Y. 2010). The remaining defendants and claims alleged in the Complaint were dismissed.

19.     Following the November 9 Opinion, each party has conducted extensive discovery. Plaintiffs have produced thousands of pages of documents and provided 16 witnesses who were deposed by Defendants. Plaintiffs obtained almost 35 million pages of documents from Defendants and took depositions of more than 30 witnesses who were produced by Defendants. In addition, Plaintiffs obtained approximately 5 million pages of documents from third parties, and several experts for both Plaintiffs and Defendants have issued reports and have been deposed.

20.     On July 15, 2007, Plaintiffs filed a motion seeking certification of the class. In the ensuing months, both sides filed numerous submissions with the Court in connection with this motion.  The motion currently remains undecided.

21.     Plaintiffs and Defendants subsequently agreed to retain Judge Layn R. Phillips (ret.) ("Judge Phillips" or the "Mediator") to assist them in exploring a potential negotiated resolution of the claims against the Defendants, and met and exchanged certain information under the auspices of the Mediator in February and March 2012 (including a lengthy face-to-face mediation session held in New York City) in an effort to determine if the claims against the Defendants could be settled. After making significant progress, a second face-to-face mediation session was held in April 2012, and thereafter the Parties engaged in further negotiation through the mediator.

22.     **Mediator's Statement:** In late April 2012, and after face-to-face and arm's-length negotiation, Judge Phillips proposed a settlement of the Action for $590 million, all cash, to be paid by the Defendants or their insurers. The parties and their counsel accepted the proposal.  In Judge Phillips' opinion, "the proposed Settlement is the result of vigorous arm's length negotiation by both sides.  He believes, based on his extensive discussions with the Parties and the information made available to him both before and during the mediation, that the Settlement was negotiated in good faith and that the Settlement is fair and reasonable."

23.     On August 28, 2012, the Parties entered into the Stipulation setting forth the terms and conditions of the proposed Settlement.  On _____, 2012, the Court entered an Order Preliminarily Approving Proposed Settlement and Providing for Notice, which preliminarily approved the Settlement, authorized this Notice be sent to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

---

24.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The "Settlement Class" consists of:

All persons who purchased or otherwise acquired common stock issued by Citigroup during the period between February 26, 2007 and April 18, 2008, inclusive, or their successor in interest, and who were damaged thereby, excluding (i) the defendants named in the Complaint, (ii) members of the immediate families of the individual defendants named in the Complaint, (iii) any firm, trust, partnership, corporation, present or former officer, director or other individual or entity in which any of the Citigroup Defendants has a controlling interest or which is related to or affiliated with any of the Citigroup Defendants, and (iv) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities.  The Settlement Class includes persons or entities who acquired shares of Citigroup common stock after the Class Period pursuant to the sale of a put option during the Class Period. Except as set forth in the following sentence or as excluded above, the

7

Settlement Class includes persons or entities who acquired shares of Citigroup common stock during the Class Period by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans. Notwithstanding the foregoing, the Settlement Class shall not include Persons whose only acquisition of Citigroup common stock during the Class Period was via gift or inheritance if the Person from which the common stock was acquired did not themselves acquire the common stock during the Class Period. In the event that any such person or entity beneficially owned Citigroup common stock in a fiduciary capacity or otherwise held Citigroup common stock on behalf of third party clients or any employee benefit plans that otherwise fall within the class, such third party clients and employee benefit plans shall not be excluded from the Settlement Class, irrespective of the identity of the entity or person in whose name the Citigroup common stock were beneficially owned or otherwise held unless they are otherwise excluded above.

"Settlement Class Member" means a member of the Settlement Class who does not exclude himself, herself or itself by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.   IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

| |
|---|
| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |

25.     Plaintiffs and Lead Class Counsel believe that the claims asserted against the Defendants in this Action have substantial merit, and that their legal advocacy and diligent factual investigation have led to a Settlement that reflects an exceptionally significant recovery.

26.     Plaintiffs and Lead Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants, as well as the inherent risks in establishing liability for violations of the federal securities laws.  In the event that the motion for certification of the class was granted, there remains the inherent uncertainty that Plaintiffs and Lead Class Counsel would face in proving that the Defendants acted with fraudulent intent.  Plaintiffs have taken into account that the claims made in the Complaint may not have survived a motion for summary judgment by Defendants. Moreover, jury reactions to Plaintiffs' proofs (and the Defendants' responses thereto) on the types of complex issues in this case are inherently difficult to predict. Although Plaintiffs were confident that they would have been able to support their claims with qualified and persuasive expert testimony, Defendants would have almost certainly retained highly experienced experts to argue their various defenses to liability.

27.     In addition, even if the Defendants' liability could otherwise be established, Plaintiffs faced serious arguments by the Defendants that any losses suffered by Settlement Class Members on their investments in Citigroup common stock were attributable to factors other than the alleged wrongdoing.  For example, the Defendants may have argued that any losses suffered by Settlement Class Members here were caused primarily – if not entirely – by the "financial tsunami" and related financial and liquidity crisis of 2007-08, and not by any alleged misrepresentations concerning Citigroup's exposure to, or valuation of, CDOs or the other matters alleged in the Complaint.  As with contested liability issues, issues relating to loss causation and damages would also have likely come down to an inherently unpredictable and hotly disputed "battle of the experts."  Accordingly, even if

liability were established, there was a real risk that, after a trial of the Action, the Settlement Class would have recovered an amount less than the Settlement Amount – or even nothing at all.

28.    In agreeing to the terms of the Settlement, Plaintiffs and Lead Class Counsel weighed the magnitude of the benefits ($590,000,000) against the risks that the claims asserted in the Complaint would be dismissed following completion of discovery in response to Defendants' anticipated motion for summary judgment.  They have also considered the nature of the various issues that would have been decided by a jury in the event of a trial of the Action, including all of the risks of litigation discussed above.

29.    Finally, Plaintiffs and Lead Class Counsel have also considered the fact that any recoveries obtained from a favorable verdict after a trial would still be in jeopardy on further appeal, and, even if a favorable verdict were ultimately sustained on appeal, it would likely take additional years before the Action was finally resolved, absent a settlement.

30.    In light of the amount of the Settlement and the benefits of immediate and certain recovery to the Settlement Class as compared to the risks and uncertainties of ever obtaining a superior recovery at some indeterminate date in the future, Plaintiffs and Lead Class Counsel strongly believe that the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class.  Indeed, they respectfully submit that the Settlement achieved represents a truly outstanding result for the Settlement Class.

31.    The Defendants have vigorously denied the claims asserted against them in the Action and vigorously deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants state that they are entering into this Settlement solely to eliminate the uncertainties, burden and expense of further protracted litigation, and the Stipulation they have agreed to provides that the Settlement shall not be construed as an admission of any wrongdoing by any of the Defendants or counsel for any of the Defendants.

---

## HOW MUCH WILL MY PAYMENT BE?

---

32.    At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Settlement.  After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court.  Under the proposed Plan of Allocation, your share of the Net Settlement Fund will depend on:  (1) the date you purchased or acquired your Citigroup common stock, (2) the number of shares purchased or otherwise acquired and the price you paid, (3) the date of any sales of your Citigroup common stock, (4) the sale price you received, (5) the expense of administering the claims process, (6) any attorneys' fees and expenses awarded by the Court, (7) interest income received and taxes paid by the Settlement Fund, (8) the number of eligible shares of common stock purchased or otherwise acquired by other Settlement Class Members who submit timely and valid Proof of Claim Forms, and (9) the Recognized Losses of all other Authorized Claimants computed in accordance with the Plan of Allocation set out on pages [__]-[__] below.

33.    You can calculate your Recognized Loss in accordance with the formula set forth below in the proposed Plan of Allocation.  In the event the aggregate Recognized Losses of all timely and validly submitted Proof of Claim Forms exceed the Net Settlement Fund, your share of the Net Settlement Fund will be proportionally less than your calculated Recognized Loss.  It is unlikely that you will get a payment for all of your Recognized Loss.  After all Settlement Class Members have sent in their Proof of Claim Forms, the payment you get will be that proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total Recognized Losses of all Settlement Class Members who submit timely and valid Proof of Claim Forms (the "*Pro Rata* Share").  *See* the Plan of Allocation on pages [__]-[__] for more information on your Recognized Loss.

34.     The Defendants have agreed to pay $590 million in cash.  The Settlement Amount will be deposited into an interest-bearing escrow account.  If the Settlement is approved by the Court, the Net Settlement Fund  will be distributed to Settlement Class Members as set forth in the proposed Plan of Allocation or such other plan as the Court may approve.  The Claims Administrator shall determine each Authorized Claimant's *Pro Rata* Share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Net Settlement Fund shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim Forms and whose payment from the Net Settlement Fund would equal or exceed ten dollars ($10.00).

35.     The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

36.     Neither the Defendants nor any other person or entity that paid any portion of the Settlement Amount on any of their behalves are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final.  The Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

37.     Approval of the Settlement is independent from approval of the Plan of Allocation.   Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

38.     Only those Settlement Class Members who purchased or otherwise acquired Citigroup common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Each person or entity wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Settlement Class, and including all required documentation, postmarked on or before _____, 2013 to the address set forth in the Claim Form that accompanies this Notice.

39.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2013 shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement, including the terms of any judgments entered and releases given.  This means that each Settlement Class Member is bound by the release of claims (described in Paragraph 49 below) regardless of whether or not such Settlement Class Member submits a Claim Form.

40.     *Information Required on the Claim Form*:  Among other things, each Claim Form must state and provide sufficient documentation for each Claimant's transactions in Citigroup common stock during the Class Period.

41.     The Court has reserved jurisdiction to allow, disallow or adjust the Claim of any Settlement Class Member on equitable grounds.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

43.     Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

44.     The Plan of Allocation has been prepared by Plaintiffs and Lead Class Counsel.  It reflects the allegations in the Complaint that Defendants made materially untrue and misleading statements and omissions resulting in violations of Sections 10(b) and 20(a) of the Exchange Act and opinions of Plaintiffs' experts of damages that were caused by disclosures relating to Defendants' alleged misleading statements.  The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to the Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses

caused by market or industry factors or factors unrelated to the alleged violations of law.  As set forth in the Plan of Allocation, Plaintiffs allege that on certain disclosure dates, Citigroup disclosed information that allegedly corrected previous alleged misrepresentations and omissions, causing a drop in Citigroup's stock price (net of factors unrelated to the alleged misrepresentations and omissions). An Authorized Claimant's Recognized Loss will be based upon the particular disclosure date(s) on which the Claimant held Citigroup stock for those shares purchased during the Class Period. The Recognized Loss formula is not intended to be an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

For shares of Citigroup common stock purchased or otherwise acquired between February 26, 2007 and April 18, 2008, the Recognized Loss will be calculated as set forth below:

A.     For shares held at the end of trading on July 17, 2008, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)     the applicable purchase/acquisition date artificial inflation per share figure, as found in Table A below; or

(2)     the difference between the purchase/acquisition price per share and $21.07.[2]

B.     For shares sold between February 26, 2007 and April 18, 2008, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)     the applicable purchase/acquisition artificial inflation per share figure less the applicable sale date artificial inflation per share figure, as found in Table A below; or

(2)     the difference between the purchase/acquisition price per share and the sale price per share.

C.     For shares sold between April 19, 2008 and July 17, 2008, the Recognized Loss shall be the lesser of:

(1)     the applicable purchase/acquisition date artificial inflation per share figure, as found in Table A below;

(2)     the difference between the purchase/acquisition price per share and the sale price per share; or

(3)     the difference between the purchase/acquisition price per share and the average closing price of Citigroup common stock between April 19, 2008 and the date of sale.[3]

| Table A | |
|---|---|
| **Purchase or Sale Date Range** | **Artificial Inflation Per Share** |

---

[2]     Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  $21.07 was the mean closing price of Citigroup common stock during the 90 day period beginning on April 19, 2008 and ending on July 17, 2008 (the "Holding Value").

[3]   Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90 day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

| 2/26/07 – 11/04/07 | $4.94 |
| 11/5/07 | $3.38 |
| 11/6/07 – 11/18/07 | $1 .72 |
| 11/19/07 – 1/14/08 | $1.15 |
| 1/15/08 | $0.71 |
| 1/16/08 – 4/18/08 | $0.10 |

All purchases/acquisitions and sales of Citigroup shares in the Class Period shall be matched on a Last-In-First-Out ("LIFO") basis; sales during the Class Period and the 90 days thereafter will be matched first against the most recent Citigroup shares purchased during that period that have not already been matched to sales, and then against prior purchases/acquisitions in backward chronological order, until the beginning of the Class Period. A purchase/acquisition or sale of Citigroup common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. However, (a) for Citigroup shares acquired pursuant to a corporate merger or acquisition, the purchase of the Citigroup shares shall be deemed to have occurred on the date that the merger agreement was executed, and (b) for Citigroup shares that were put to investors pursuant to put options sold by those investors, the purchase of the Citigroup shares shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the stock was subsequently put to the investor pursuant to that option. The proceeds of any put option sales shall be offset against any losses from shares that were purchased as a result of the exercise of the put option.

The receipt or grant by gift, devise or inheritance of Citigroup common stock during the Class Period shall not be deemed to be a purchase or acquisition of Citigroup common stock for the calculation of an Authorized Claimant's Recognized Loss if the Person from which the Citigroup common stock was acquired did not themselves acquire the common stock during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument or gift or assignment.

To the extent an Authorized Claimant had an aggregate gain from his, her or its transactions in Citigroup common stock during the Class Period, the value of his, her or its total Recognized Loss will be zero. To the extent that an Authorized Claimant suffered an overall loss on his, her or its transactions in Citigroup common stock during the Class Period, but the loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the actual loss. There shall be no Recognized Loss on short sales of Citigroup common stock during the Class Period or Class Period purchases that were made in order to cover short sales; however, any aggregate gains with respect to short sales shall be offset against Recognized Loss on other transactions.

The following defined terms shall be used to describe the process the Claims Administrator shall use to determine whether an Authorized Claimant had a gain or suffered a loss in his, her or its overall transactions in Citigroup common stock during the Class Period: the "Total Purchase Amount" is the total amount paid by the Authorized Claimant for all Citigroup common stock purchased or otherwise acquired during the Class Period less commissions and fees; the "Sales Proceeds" means the amount received for sales of Citigroup common stock sold by the Authorized Claimant during the Class Period less commissions and fees, however, for shares of Citigroup common stock sold between April 19, 2008 and July 17, 2008, an Authorized Claimant's Recognized Loss shall in no event exceed the difference between the purchase price paid and the mean daily closing price during the period from April 19, 2008 through the date of the Authorized Claimant's sales; and "Holding Value" means the

monetary value assigned to the shares of Citigroup common stock purchased or otherwise acquired by the Authorized Claimant during the Class Period and still held by the Authorized Claimant as of the close of trading on July 17, 2008.

The difference between the Total Purchase Amount and the sum of Sales Proceeds and Holding Value will be deemed an Authorized Claimant's gain or loss on his, her or its overall transactions in Citigroup common stock during the Class Period.

If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. Lead Class Counsel shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above. In the event that Lead Class Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer feasible, thereafter, Lead Class Counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c)(3), to be designated by Lead Class Counsel and approved by the Court.

45.    Payment pursuant to this Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Lead Class Counsel, Defendants, and their respective counsel, or other agent designated by Lead Class Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Class Counsel, Plaintiffs, the Defendants and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

46.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs and Lead Class Counsel after consultation with their experts. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented. Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.citigroupsecuritiessettlement.com..

| WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE SETTLEMENT CLASS? |
|---|

47.    If you remain in the Settlement Class, you will be bound by any orders issued by the Court. For example, if the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss on the merits with prejudice the claims against the Defendants and will provide that Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and other Settlement Class Members who have not timely and validly opted out in accordance with the requirements set forth in the Notice of Class Action, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, are deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged (whether or not such Settlement Class Members execute and deliver the proof of claim and release forms) (1) all Released Claims (as defined in

13

Paragraph 49 below) against the Citigroup Releasees (as defined in Paragraph 49 below); and (2) against each and all of the Citigroup Releasees all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims. All Settlement Class Members are hereby permanently barred and enjoined from instituting or prosecuting any other action asserting any Released Claim in any court against the Citigroup Releasees. This release shall not apply to any Person who has timely and validly requested exclusion from the Settlement Class in accordance with the instructions set forth in Paragraph 58 below.

48.     If you purchased or otherwise acquired Citigroup common stock during the Class Period through Citigroup's Voluntary FA Capital Accumulation Program then you may also be a member of a proposed plaintiff investor class in a lawsuit pending in the Southern District of New York titled *Brecher v. Citigroup Inc.* 09 civ. 7359 (the "*Brecher* action"). If you participate in this Settlement, you will release any claims that you may have in the *Brecher* action relating to Citigroup common stock that you purchased or otherwise acquired during the Class Period. The only way you can preserve any claims that you may have in the *Brecher* action, or otherwise, relating to Citigroup common stock purchased or otherwise acquired during the Class Period, is by filing valid requests for exclusion from this Settlement.

49.     As described in more detail below, the Released Claims are any and all claims that (1) are based on, related to, or arise out of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts or omissions or failures to act that have been or could have been alleged or asserted in the Action (or in any forum or proceeding or otherwise), and/or (2) relate to or arise out of Plaintiffs' or any other Settlement Class Member's purchase, acquisition, holding or sale or other disposition of Citigroup common stock during the Class Period.

**"Released Claims"** means[4]

(1)     with respect to the Citigroup Releasees, defined below, the release by Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, of all claims of every nature and description, known and unknown, arising out of or relating to investments in (including, but not limited to, purchases, sales, exercises, and decisions to hold) Citigroup common stock through April 18, 2008, inclusive, including without limitation all claims arising out of or relating to any disclosures, registration statements or other statements made or issued by any of the Citigroup Defendants concerning subprime-related assets, collateralized debt obligations, residential mortgage-backed securities, auction rate securities, leveraged lending activities, or structured investment vehicles, as well as all claims relating to such investments in Citigroup common stock asserted by or that could have been asserted by Plaintiffs or any member of the Settlement Class in the Action against the Citigroup Releasees, as defined below.

(2)     with respect to Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all other Settlement Class Members, the release by the Citigroup Defendants of the Plaintiff Releasees, as defined below, from any claims relating to the institution or prosecution of this Action.

---

[4]   Released Claims do not include, release, bar, waive, impair or otherwise impact any (i) claims asserted in the action styled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (S.D.N.Y.) (SHS), insofar as those claims are not asserted in connection with the purchase or acquisition of Citigroup common stock; (ii) contractual obligations arising out of a corporate merger or acquisition agreement pursuant to which Citigroup common stock was acquired; and (iii) claims relating to the enforcement of the Settlement.

"Released Parties" means:

(1)     with respect to the Citigroup Defendants, the Citigroup Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Citigroup Releasees"), and any person or entity which is or was related to or affiliated with any Citigroup Releasee or in which any Citigroup Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

(2)     with respect to Plaintiffs and all other Settlement Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

**"Unknown Claims"** means any Released Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Citigroup Releasees, and any Citigroup Releasees' Claims which any Citigroup Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Citigroup Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each of the Defendants acknowledge, and each of the other Settlement Class Members and each of the other Citigroup Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

50.     The Judgment will also provide that, upon the Effective Date, the Citigroup Releasees fully, finally, and forever release, relinquish and discharge each and all of the Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, other Settlement Class Members, Lead Class Counsel and Additional Settlement Class Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

51.     In addition, the proposed Judgment provides that all Persons are barred from bringing any claim for contribution or indemnification against the Citigroup Releasees arising out of or related to the Released Claims, and the Citigroup Releasees are barred from bringing any claim for contribution or indemnification arising out of or related to the Released Claims against any such persons.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

52.     Lead Class Counsel and other counsel for Plaintiffs in this Action have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses.  Prior to the Settlement Hearing (see Paragraph 12 above), Lead Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 17% of the Settlement Fund.  In addition, Lead Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in the approximate amount of $3,750,000 (which may include an application for reimbursement of the reasonable costs and expenses incurred by the Lead Plaintiffs themselves that relate directly to their representation of the Settlement Class), plus interest on such expenses at the same rate as earned on the Settlement Amount.

---

### HOW WILL THE NOTICE COSTS AND EXPENSES BE PAID?

---

53.     Lead Class Counsel are authorized by the Stipulation to pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Settlement Class Members.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

54.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2013**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.citigroupsecuritiessettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (877) 600-6533.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  Please retain all records of your ownership of and transactions in Citigroup common stock, as they may be needed to document your Claim.

55.     As a Settlement Class Member you are represented by Plaintiffs and Lead Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," on page [__] below, so that the notice is *received* on or before _____ __, 2012.

56.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want to Participate in the Settlement?  How Do I Exclude Myself?," below.

57.     If you are a Settlement Class Member and you wish to object to any aspect of the Settlement, to the Plan of Allocation, or to Lead Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

16

> ### WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

58.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written "Request for Exclusion" from the Settlement Class, addressed to *In re Citigroup Inc. Securities Litigation*, EXCLUSIONS, c/o GCG, Inc., P.O. Box 9932, Dublin, Ohio 43017-5832.  The exclusion request must be *received* no later than _____, 2012.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (1) state the name, address and telephone number of the person or entity requesting exclusion; (2) state that such person or entity "requests exclusion from the Settlement Class in *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (S.D.N.Y.) (SHS)"; (3) state the date(s), price(s) and number of shares of Citigroup common stock that the person or entity requesting exclusion purchased or otherwise acquired and sold during the period February 26, 2007 through and including July 17, 2008; (4) state the number of shares held at the start of the Class Period; (5) state the number of shares held through the close of trading on July 17, 2008; and (6) be signed by such person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

59.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding relating to any Released Claim against any of Defendants.  You cannot exclude yourself by telephone or by email.

60.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund, or any other benefit provided for in the Stipulation.

61.     The Defendants have the right to terminate the Settlement if valid requests for exclusion are received from Persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and the Defendants.

> ### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

62.     **Settlement Class Members may, but do not need to, attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if the Settlement Class Member does not attend the Settlement Hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

63.     The Settlement Hearing will be held on _____, 2013 at _:__ _.m. before the Honorable Sidney H. Stein, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007.  At the Settlement Hearing the Court will decide whether to approve the Settlement, the Plan of Allocation and an award of attorneys' fees and reimbursement of Litigation Expenses.  If the Court approves the Settlement, there may then be appeals by interested parties which may further delay distribution of the Net Settlement Fund.  It is always uncertain how those appeals will resolve, and resolving them can take time, perhaps more than a year.  The Court reserves the right to approve the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

64.     Any Settlement Class Member who does not request exclusion may object to any aspect of the Settlement, the proposed Plan of Allocation or Lead Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2012.  You must also serve the papers on designated representative Lead Class Counsel and Defendants' counsel at the addresses set forth below for their respective counsel so that the papers are ***received*** **on or before** _____, 2012.

**Clerk's Office**

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Re:  *In re Citigroup Inc. Securities Litigation*,
Case No. 07 Civ. 9901 (SHS)

**Lead Class Counsel**

Peter S. Linden, Esq.
Ira M. Press, Esq.
Andrew McNeela, Esq.
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022

**Defendants' Counsel**

Brad S. Karp, Esq.
Richard A. Rosen, Esq.
Susanna M. Buergel, Esq.
Jane B. O'Brien, Esq.
Asad Kudiya, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

65.     Any objection (1) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (2) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Citigroup common stock that the objecting Settlement Class Member purchased or otherwise acquired during the Class Period, as well as sales of such stock during the Class Period or thereafter through the close of trading on July 17, 2008, along with the dates and prices of each such purchase or other acquisition and sale or other disposition.  You may not object to any aspect of the Settlement, the Plan of Allocation or the motion for attorneys' fees and reimbursement of expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

66.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

67.     If you wish to be heard orally at the hearing in opposition to the approval of any aspect of the Settlement, the Plan of Allocation or Lead Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the designated representatives of Lead Class Counsel and counsel for the Defendants at the addresses set forth above so that it is ***received*** on or before _____, 2012.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

68.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on the designated representatives of

Lead Class Counsel and counsel for the Defendants at the addresses set forth above so that the notice is **received** on or before _____, 2012.

69.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Class Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation or Lead Class Counsel's request for an award of attorneys' fees and reimbursement of expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT HAPPENS IF I DO NOTHING AT ALL?

70.     If you do nothing, you will get no money from this Settlement.  To share in the Net Settlement Fund you must submit a Proof of Claim Form by following the instructions in the section entitled "How Do I Participate In The Settlement? What Do I Need To Do?," on page [__] above.

71.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will be bound by the terms of the proposed Settlement described in this Notice once approved by the Court and you shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement, including the terms of any judgments entered and releases given.  This means that each Settlement Class Member releases the Released Claims (as defined above) against the Citigroup Releasees (as defined above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Defendants regardless of whether or not such Settlement Class Member submits a Claim Form.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72.     If you purchased or otherwise acquired Citigroup common stock during the Class Period for the beneficial interest of persons or organizations other than yourself, you must, WITHIN FIFTEEN (15) CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE, either (1) forward copies of the Notice and Claim Form (the "Notice Packet") to all such beneficial owners; or (2) provide the names and addresses of such persons or entities to *In re Citigroup Inc. Securities*, c/o GCG, Inc., P.O. Box 9899, Dublin, Ohio 43017-5799.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form can be obtained from the website maintained by the Claims Administrator, www.citigroupsecuritiessettlement.com, or by calling the Claims Administrator toll-free at (877) 600-6533.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

73.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States

District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.citigroupsecuritiessettlement.com.

All inquiries concerning this Notice should be directed to:

|  |  |  |
|---|---|---|
| *In re Citigroup Inc. Securities Litigation* |  | Andrew McNeela, Esq. |
| c/o GCG, Inc. | and/or | Peter S. Linden, Esq. |
| P.O. Box 9899 |  | KIRBY McINERNEY |
| Dublin, Ohio 43017-5799 |  | LLP |
| (877) 600-6533 |  | 825 Third Avenue |
| www.citigroupsecuritiessettlement.com |  | New York, NY 10022 |
| Questions@citigroupsecuritiessettlement.com |  | (212) 371-6600 |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: _____, 2012

By Order of the Court
United States District Court
Southern District of New York

20

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS) |
| | **ECF Case** |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION;**
**(II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:   All persons and entities who purchased or otherwise acquired Citigroup, Inc. ("Citigroup") common stock between February 26, 2007 and April 18, 2008, inclusive, or their successors in interest, and who were damaged thereby.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, (i) that the above-captioned litigation (the "Action") has been preliminarily certified as a class action on behalf of a class of all persons and entities who purchased or otherwise acquired Citigroup common stock between February 26, 2007 and April 18, 2008, inclusive, or their successors in interest, and who were damaged thereby (the "Settlement Class"), except for certain persons and entities who are excluded from the Settlement Class, as defined  in the Stipulation and Agreement of Settlement in the Action (the "Stipulation"); and (ii) that Plaintiffs in the Action have reached an agreement to settle the Action for an aggregated settlement payment of $590 million in cash to the Settlement Class (the "Settlement").

A hearing will be held on _____, 2013 at _:__ _.m before the Honorable Sidney H. Stein at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable and adequate; (ii) whether the Action should be dismissed on the merits and with prejudice against all the Citigroup Defendants, and whether the releases specified and described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

 **If you are a member of the Settlement Class, your rights will be affected by the Action and the Settlement, and you may be entitled to share in the Settlement Fund.**  If you have not yet received the full printed Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation, (III) Settlement Fairness Hearing, and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator:  *In re Citigroup Inc. Securities Litigation*, c/o GCG, Inc., P.O. Box 9899, Dublin, Ohio 43017-5799, (877) 600-6533.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.citigroupsecuritiessettlement.com.

 If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, **you must submit a Claim Form postmarked no later than _____, 2013**.  If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

 If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2012, in accordance with the instructions set forth in the Notice.  If you properly and timely exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

 Any objections to any aspect of the proposed Settlement, the proposed Plan of Allocation or Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to designated representative Lead Class Counsel and counsel for the Citigroup Defendants such that they are *received* no later than _____, 2012, in accordance with the instructions set forth in the Notice.

 PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Class Counsel:

Andrew McNeela, Esq.
Peter S. Linden, Esq.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600

Dated: _____, 2012     By Order of the United States District Court
                for the Southern District of New York

2

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS) |
| | **ECF Case** |

<u>**PROOF OF CLAIM AND RELEASE**</u>

**YOU MUST COMPLETE THIS CLAIM FORM AND SUBMIT IT BY
_____, 2013 TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT.**

If you purchased or otherwise acquired common stock issued by Citigroup Inc. ("Citigroup") between February 26, 2007 and April 18, 2008, inclusive (the "Class Period," as further defined in the Notice), then you may be a class member entitled to share in the settlement proceeds ("Settlement Class Member," as further defined in the Notice) in *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (the "Action"), pending in the United States District Court for the Southern District of New York (the "Court").

To be eligible for any settlement benefits as a Settlement Class Member, you must provide the information requested in this Proof of Claim and Release form or you can complete and submit a valid online Proof of Claim and Release form by visiting the Claims Administrator's website at www.citigroupsecuritiessettlement.com.  If submitted by mail, you must complete and sign this Proof of Claim and Release form and submit it to the Claims Administrator at the following address by first class mail, postmarked no later than _____, 2013:

*In re Citigroup Inc. Securities Litigation*
c/o GCG, Inc.
P.O. Box 9899
Dublin, Ohio 43017-5799

If you do not submit your Proof of Claim and Release form by the deadline set forth above, your claim will be rejected, and you will not receive any money in connection with the settlement of this Action.  If you are a Settlement Class Member and you do not timely and validly request exclusion in connection with the settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, regardless of whether you submit a Proof of Claim and Release form.

Do not mail or deliver your Proof of Claim and Release form to the Court or to any of the parties or their counsel as any such claim will be deemed not to have been submitted.  Submit your Proof of Claim and Release form only to the Claims Administrator at the address above.

1

In completing the schedules of transactions requested in this Proof of Claim and Release form, separately list each purchase or acquisition and sale of Citigroup common stock, as applicable. Photocopy the relevant pages if more space is needed. Be sure to include and sign your name and the last four digits of your social security number or tax ID number on any additional sheets.

All purchases or acquisitions and sales of Citigroup common stock requested in this Proof of Claim and Release form must be documented by brokerage statements, confirmations or similar documents. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

For further information on the proposed Settlement in this Action, please review the Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation; (III) Settlement Fairness Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

**QUESTIONS?  PLEASE CONTACT THE CLAIMS ADMINISTRATOR AT (877) 600-6533, EMAIL QUESTIONS@CITIGROUPSECURITIESSETTLEMENT.COM  OR VISIT WWW.CITIGROUPSECURITIESSETTLEMENT.COM**

**PART I:        CLAIMANT IDENTIFICATION**

_____           _____
Beneficial Owner's First Name              Beneficial Owner's Last Name


_____           _____
Joint Owner's First Name                   Joint Owner's Last Name


_____
Street Address


_____        _____        _____
City                           State/Province      Zip Code


_____
Country Name/Abbreviation


_____
Record Owner's Name (if Different from Beneficial Owner listed Above)


_____           _____
Social Security Number (last four digits)  or Taxpayer I.D. Number (last four digits)


_____           _____
Telephone Number (Home)                    Telephone Number (Work)


Check appropriate box:

☐        Individual/Sole Proprietor              ☐        Pension Plan

☐        Corporation        ☐        Partnership        ☐        Trust

☐        IRA                ☐        Joint Owners       ☐        Other (describe): _____

3

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.gcginc.com or you may e-mail the Claims Administrator at eClaim@gcginc.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gcginc.com to inquire about your file and confirm it was received and acceptable.

**NOTE:**  Separate Proof of Claim and Release forms should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).  Conversely, a single Proof of Claim and Release form should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions in Citigroup common stock) during the Class Period on one Proof of Claim and Release form, no matter how many accounts the transactions were made in.

**PART II:**     **SCHEDULE OF TRANSACTIONS IN CITIGROUP COMMON STOCK**

    A.      Number of shares of Citigroup common stock held at the beginning of trading on February 26, 2007: _____.

    B.      Purchases or acquisitions of Citigroup common stock during the period February 26, 2007 – July 17, 2008, inclusive[1]:

| Trade Date (Mo./Day/Year) | Number of Shares Purchased or Acquired | Purchase or Acquisition Price Per Share | Net Purchase or Acquisition Price (less commissions and fees) | Identify if shares acquired pursuant to: (i) sale of put options; (ii) corporate merger or acquisition; or (iii) employee shares. |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

    C.      Sales of Citigroup common stock during the period February 26, 2007 – July 17, 2008, inclusive:

| Trade Date (Mo./Day/Year) | Number of Shares Sold | Sale Price Per Share | Net Sale Price (less commissions and fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

---

[1]     Only purchases made during the Class Period will be used to calculate your Recognized Loss.

D.      Number of shares of Citigroup common stock held at the close of trading on July 17, 2008: _____.

E.      Sales of put options over Citigroup common stock during the period February 26, 2007 – April 18, 2008, inclusive:[2]

| Option Sale Date (Mo./Day/Year) | Number of Options Sold | Sale Price Per Option | Net Sale Price (less commissions and fees) | Assigned ("A") or Expired ("E") |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If you require additional space to list your transactions, you <u>must</u> photocopy this page and check this box ☐ .   If you do not check this box, these additional pages will <u>not</u> be reviewed.

---

[2]      For Citigroup shares that were put to investors pursuant to put options sold by those investors, the purchase of the Citigroup shares shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the stock was subsequently put to the investor pursuant to that option.  The proceeds of any put option sales shall be offset against any losses from shares that were purchased as a result of the exercise of the put option.

**PART III:       RELEASE**

I/We request payment from the Defendants as provided for in the Settlement, and I/we agree to the terms set out below:

I/We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever release, relinquish and discharge (i) all Released Claims (as defined below) against the Citigroup Releasees (as defined below); and (ii) against each and all of the Citigroup Releasees all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims, and that I/we shall forever be barred and enjoined from instituting or prosecuting any other action asserting any Released Claim in any court against the Citigroup Releasees.

"Released Claims" mean:[3]

> (1)       with respect to the Citigroup Releasees, defined below, the release by Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, of all claims of every nature and description, known and unknown, arising out of or relating to investments in (including, but not limited to, purchases, sales, exercises, and decisions to hold) Citigroup common stock through April 18, 2008, inclusive, including without limitation all claims arising out of or relating to any disclosures, registration statements or other statements made or issued by any of the Citigroup Defendants concerning subprime-related assets, collateralized debt obligations, residential mortgage-backed securities, auction rate securities, leveraged lending activities, or structured investment vehicles, as well as all claims relating to such investments in Citigroup common stock asserted by or that could have been asserted by Plaintiffs or any member of the Settlement Class in the Action against the Citigroup Releasees, as defined below.

---

[3]       Released Claims do not include, release, bar, waive, impair or otherwise impact any (i) claims asserted in the action styled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (S.D.N.Y.) (SHS), insofar as those claims are not asserted in connection with the purchase or acquisition of Citigroup common stock; (ii) contractual obligations arising out of a corporate merger or acquisition agreement pursuant to which Citigroup common stock was acquired; and (iii) claims relating to the enforcement of the Settlement.

(2) with respect to Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all other Settlement Class Members, the release by the Citigroup Defendants of the Plaintiff Releasees, as defined below, from any claims relating to the institution or prosecution of this Action.

"Released Parties" means:

(1) with respect to the Citigroup Defendants, the Citigroup Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Citigroup Releasees"), and any person or entity which is or was related to or affiliated with any Citigroup Releasee or in which any Citigroup Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

(2) with respect to Plaintiffs and all other Settlement Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee

Released Claims shall not include claims relating to the enforcement of the Settlement contemplated by the Stipulation and Agreement of Settlement dated August 28, 2012 (the "Stipulation").

"Unknown Claims" means any Released Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Citigroup Releasees, and any Citigroup Releasee's Claims which any Citigroup Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Citigroup Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any

and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each of the Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

Any capitalized terms not otherwise defined in this Proof of Claim and Release form shall have the meaning set forth in the Stipulation, a copy of which (with exhibits) may be obtained as explained in the Notice.

**PART IV:    SIGNATURE**

**UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.**

**Signature of Claimant (if this claim is being made on behalf of Joint Claimants, then each must sign.)**

Executed this \_\_\_\_ day of _____, in _____, _____.
                                    (Month/Year)          (City)              (State/Country)

_____

Signature of Claimant

_____          _____

Print Name of Claimant                                  Date

_____

Signature of Joint Claimant, if any

_____          _____

Print Name of Joint Claimant                      Date

*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of Person Completing Form

_____          _____

Print Name of Person Completing Form            Date

_____

Capacity of Person(s) Signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES TIME.
THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.     Please sign the Signature Section of the Proof of Claim and Release form.

2.     If this Proof of Claim and Release form is being made on behalf of Joint Claimants, then both must sign.

3.     For an overview of what constitutes adequate supporting documentation, please visit www.citigroupsecuritiessettlement.com.

4.     Remember to attach supporting documentation, if available.

**5.     DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.**

6.     Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

7.     The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days. **Your claim is not deemed filed until you receive an acknowledgement postcard.** If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator.

8.     If you move, please send your new address to the Claims Administrator at the address below:

*In re Citigroup Inc. Securities Litigation*
c/o GCG, Inc.
P.O. Box 9899
Dublin, Ohio 43017-5799

**9.     Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

**PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2013.**

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CITIGROUP INC.
SECURITIES LITIGATION

No. 07 Civ. 9901 (SHS)

**ECF Case**

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

SIDNEY H. STEIN, District Judge

On this __ day of, _____ 2013, a hearing having been held before this

Court to determine (i) whether the terms and conditions of the Stipulation and Agreement

of Settlement between Interim Lead Plaintiff[1], Named Plaintiffs, and Additional Proposed

Named Plaintiffs on behalf of themselves and the Settlement Class, and the Citigroup

Defendants, dated August  28, 2012 (the "Stipulation") are fair, reasonable and adequate

for the settlement of all claims asserted by the Settlement Class Members against the

Citigroup Defendants; and (ii) whether judgment should be entered dismissing the

Complaint on the merits and with prejudice in favor of the Citigroup Defendants, and the

Released Claims should be released in favor of the Citigroup Defendants and the other

Released Parties, as against all persons or entities who are Settlement Class Members and

who have not requested exclusion therefrom;

And it appears that a notice of the hearing substantially in the form approved by

the Court was mailed to all persons and entities reasonably identifiable, who purchased or

---

[1]      Unless otherwise defined herein, all capitalized words contained herein shall have
the same meanings as they have in the Stipulation and Agreement of Settlement.

otherwise acquired common stock issued by Citigroup Inc. during the Class Period, except those persons and entities excluded from the definition of the Settlement Class, as shown by the records of Citigroup and as further identified through the mailing of the Notice of Class Action and the Summary Notice of Class Action, pursuant to earlier order of the Court, at the respective addresses set forth in such records;

And it appears that a summary notice of the hearing substantially in the form approved by the Court was published once in the national edition of the *Wall Street Journal* and was transmitted once over the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against the Citigroup Defendants and the Released Parties;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the following defined terms:

(a)      "Action" means the actions filed in the Court on and after November 8, 2007, which were consolidated by order of the Court on August 19, 2008, and includes the proceedings in the caption of this Judgment within File No. 07 Civ. 9901 (SHS).

(b)    "Additional Proposed Named Plaintiffs" means Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado.

(c)    "Additional Settlement Class Counsel" means the law firms of Entwistle & Cappucci LLP; Allen Brothers, P.L.L.C.; Kenneth Gold; Glancy Binkow & Goldberg LLP; Motley Rice LLC; Law Office of Alan L. Kovacs; and Law Office of Kenneth A. Elan.

(d)    "Claim" means the submission to be made by Settlement Class Members, on the Proof of Claim and Release form, which shall be agreed upon by the Parties or as may be required by the Court.

(e)    "Class Representatives" means Jonathan Butler, M. David Diamond, David K. Whitcomb, Henrietta Whitcomb, John A. Baden III, Warren Pinchuk, Anthony Sedutto, Edward Claus, Carol Weil, and Public Employees' Retirement Association of Colorado.

(f)    "Citigroup Defendants" means the defendants named in the Complaint, including specifically Citigroup Inc., David Bushnell, Gary Crittenden, Robert Druskin, Michael Klein, Thomas Maheras, Charles Prince, and Robert Rubin, together with the defendants who were dismissed from this Action by order of the Court, including specifically Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk.

(g)    "Complaint" means the Amended Consolidated Class Action Complaint filed by Lead Plaintiff and Named Plaintiffs on February 24, 2009.

(h)     "Lead Class Counsel" or "Interim Lead Counsel" means the law firm of Kirby McInerney LLP.

(i)     "Lead Plaintiff" or "Interim Lead Plaintiff" means the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust.

(j)     "Litigation Expenses" means costs and expenses incurred in connection with commencing and prosecuting the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class) but excluding Notice and Administration Costs (as defined below), for which Lead Counsel applied to the Court for reimbursement from the Settlement Fund.

(k)     "Named Plaintiffs" means John Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto.

(l)     "Net Settlement Fund" means the Settlement Fund less any taxes, attorneys' fees, expert fees, Notice and Administration Costs, and other costs and expenses approved by the Court.

(m)     "Notice and Administration Costs" means all costs and expenses incurred in connection with printing and providing notice to Settlement Class Members and administration of the Settlement, including without limitation, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to the Settlement Class, processing proofs of claim, processing requests for exclusion, filing tax returns on behalf of the Settlement Fund, escrow fees and costs.

(n)     "Parties" means: (i) Lead Plaintiff the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust, Named Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto, and Additional Proposed Named Plaintiffs Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado, and (ii) current defendants Citigroup Inc., David Bushnell, Gary Crittenden, Robert Druskin, Michael Klein, Thomas Maheras, Charles Prince, and Robert Rubin, and dismissed defendants Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk.

(o)     "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(p)     "Plaintiffs" means (i) Lead Plaintiff the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust, together with (ii) Named Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto, and (iii) Additional Proposed Named Plaintiffs Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado, on behalf of themselves and the Settlement Class.

(q)      "Plan of Allocation" means the plan for allocating the Net Settlement Fund between and among the members of the Settlement Class and as approved by the Court.

(r)      "Released Claims" means:[2]

(i)      with respect to the Citigroup Releasees, defined below, the release by Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, of all claims of every nature and description, known and unknown, arising out of or relating to investments in (including, but not limited to, purchases, sales, exercises, and decisions to hold) Citigroup common stock through April 18, 2008, inclusive, including without limitation all claims arising out of or relating to any disclosures, registration statements or other statements made or issued by any of the Citigroup Defendants concerning subprime-related assets, collateralized debt obligations, residential mortgage-backed securities, auction rate securities, leveraged lending activities, or structured investment vehicles, as well as all claims relating to such investments in Citigroup common stock asserted by or that could have been asserted by Plaintiffs or any member of the Settlement Class in the Action against the Citigroup Releasees, as defined below.

(ii)     with respect to Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all other Settlement Class Members, the release by the Citigroup Defendants of the Plaintiff Releasees, as

---

[2] Released Claims do not include, release, bar, waive, impair or otherwise impact any (i) claims asserted in the action styled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (S.D.N.Y.) (SHS), insofar as those claims are not asserted in connection with the purchase or acquisition of Citigroup common stock; (ii) contractual obligations arising out of a corporate merger or acquisition agreement pursuant to which Citigroup common stock was acquired; and (iii) claims relating to the enforcement of the Settlement.

defined below, from any claims relating to the institution or prosecution of this Action.

(s)     "Released Parties" means:

(i)     with respect to the Citigroup Defendants, the Citigroup Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Citigroup Releasees"), and any person or entity which is or was related to or affiliated with any Citigroup Releasee or in which any Citigroup Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

(ii)    with respect to Plaintiffs and all other Settlement Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

(t)     "Settlement" means the settlement of the Action between and among Lead Plaintiff, Named Plaintiffs and Additional Proposed Named Plaintiffs on behalf of themselves and the Settlement Class, and the Citigroup Defendants, as set forth in the Stipulation.

(u)     "Settlement Amount" means Five Hundred and Ninety Million Dollars ($590,000,000.00) in cash, plus any interest as earned from the date ten business days after Preliminary Approval of the Settlement, until the Effective Date.

(v)    "Settlement Class" means all persons who purchased or otherwise acquired common stock issued by Citigroup during the period between February 26, 2007 and April 18, 2008, inclusive, or their successor in interest, and who were damaged thereby, excluding (i) the defendants named in the Complaint, (ii) members of the immediate families of the individual defendants named in the Complaint, (iii) any firm, trust, partnership, corporation, present or former officer, director or other individual or entity in which any of the Citigroup Defendants has a controlling interest or which is related to or affiliated with any of the Citigroup Defendants, and (iv) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities.  The Settlement Class includes persons or entities who acquired shares of Citigroup common stock after the Class Period pursuant to the sale of a put option during the Class Period. Except as set forth in the following sentence or as excluded above, the Settlement Class includes persons or entities who acquired shares of Citigroup common stock during the Class Period by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans. Notwithstanding the foregoing, the Settlement Class shall not include Persons whose only acquisition of Citigroup common stock during the Class Period was via gift or inheritance if the Person from which the common stock was acquired did not themselves acquire the common stock during the Class Period.  In the event that any such person or entity beneficially owned Citigroup common stock in a fiduciary capacity or otherwise held Citigroup common stock on behalf of third party clients or any employee benefit plans that otherwise fall within the class, such third party

8

clients and employee benefit plans shall not be excluded from the Settlement Class, irrespective of the identity of the entity or person in whose name the Citigroup common stock were beneficially owned or otherwise held unless they are otherwise excluded above.  For example, a Person who owns Citigroup common stock shall not be excluded from the Settlement Class solely because that common stock is held (i) in a registered or unregistered investment company (including a unit investment trust) in which any defendant in the Action has a controlling interest, or serves as investment manager, investment adviser or depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount. A defendant shall be deemed to have a "controlling interest" in an entity if such defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the Board of Directors of such entity.  "Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the Securities Exchange Act of 1934, as amended, or any successor statute or statutes thereto.

(w)    "Settlement Class Member" means a member of the Settlement Class who does not submit a timely, signed request for exclusion.

(x)    "Settlement Fund" means the sum of the Settlement Amount.

(y)    "Unknown Claims" means any Released Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its

favor at the time of the release of the Citigroup Releasees, and any Citigroup Releasees'

Claims which any Citigroup Releasee does not know or suspect to exist in his, her, or its

favor at the time of the release of the Plaintiff Releasees, which, if known by him, her or

it, might have affected his, her or its decision(s) with respect to this Settlement.  With

respect to any and all Released Claims, the Parties stipulate and agree that, upon the

Effective Date, Plaintiffs and each of the Citigroup Defendants shall expressly waive, and

each of the other Settlement Class Members and each of the other Citigroup Releasees

shall be deemed to have waived, and by operation of the Judgment shall have expressly

waived, any and all provisions, rights, and benefits conferred by any law of any state or

territory of the United States, or principle of common law or foreign law, which is

similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the
> release, which if known by him or her must have materially affected his or
> her settlement with the debtor.

Plaintiffs and each of the Citigroup Defendants acknowledge, and each of the other

Settlement Class Members and each of the other Citigroup Releasees shall be deemed by

operation of law to have acknowledged, that the foregoing waiver was separately

bargained for and a key element of the Settlement.

      2.      This Court has jurisdiction over the subject matter of the Action and over

all parties to the Action, including all Settlement Class Members.

      3.      The Court finds that all elements for maintenance of this Action as a class

action have been met.  Specifically, the Settlement Class satisfies the numerosity

requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to

satisfy Rule 23(a)(2); the claims of the Class Representatives are typical of the claims of

absent Settlement Class Members, satisfying Rule 23(a)(3); the Class Representatives and Lead Class Counsel are adequate representatives of the Settlement Class Members, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Action is a superior method of proceeding in this matter, satisfying Rule 23(b)(3)(ii).

4.      Accordingly, and for settlement purposes only, the Court hereby certifies a Settlement Class as defined above in paragraph 1(v).

5.      The Court hereby finds, in accordance with the Order of Preliminary Approval, dated _____ 2012, that the notice given to the Settlement Class, including the individual notice to all Settlement Class Members who could be identified through reasonable effort, was the best notice practicable under the circumstances.  Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act (the "PSLRA"), due process, the Rules of the Court, and all other applicable laws and rules.

6.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement as fair, reasonable and adequate, and in the best interests of the Settlement Class Members.  The Parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    The claims of the Settlement Class Members are dismissed on the merits, without costs, and with prejudice, and the Released Claims are released as against each of the Released Parties.

8.    The Action is dismissed with prejudice as against the Citigroup Defendants and bars, as against the Citigroup Defendants and the other Released Parties, the Released Claims by the Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members.

9.    Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and other Settlement Class Members (exclusive of the persons and entities as listed on Exhibit A-1 annexed hereto who submitted timely and valid exclusion requests) who have not timely and validly opted out in accordance with the requirements set forth in the Notice of Class Action, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, are deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged (whether or not such Settlement Class Members execute and deliver the Proof of Claim and Release forms) (i) all Released Claims against the Citigroup Releasees; and (ii) against each and all of the Citigroup Releasees all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims. This release shall not apply to any Person who has timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice of Class Action.

12

10.     All Settlement Class Members are hereby permanently barred and enjoined from instituting or prosecuting any other action asserting any Released Claim in any court against the Citigroup Releasees.

11.     The Citigroup Releasees hereby fully, finally, and forever release, relinquish and discharge each and all of the Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, other Settlement Class Members, Lead Class Counsel and Additional Settlement Class Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

12.     Notwithstanding paragraphs 9-11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     All Persons are barred from bringing any claim for contribution or indemnification against the Citigroup Releasees arising out of or related to the Released Claims, and the Citigroup Releasees are barred from bringing any claim for contribution or indemnification arising out of or related to the Released Claims against any such Persons, except that this provision shall not apply as among the Citigroup Defendants.

14.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

        (a)     shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Judgment and/or the Settlement;

13

(b)      shall be described as, construed as, interpreted as or offered against the Citigroup Releasees as evidence of and/or deemed to be evidence of any presumption, concession or admission by the Citigroup Releasees as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Plaintiffs or the merits of any of their defenses; or

(c)      shall be described as, construed as, interpreted as or offered against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class, or as evidence that the damages recoverable from the Citigroup Releasees would not have exceeded the Settlement Amount.

15.      The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement Fund in accordance with its terms.

16.      Defendants and other Released Parties as they relate to the Citigroup Defendants, including their respective insurers, shall have no responsibility for the administration of the Settlement and shall have no liability to the Lead Plaintiff, the Settlement Class or Lead Class Counsel in connection with such administration.

17.      After completion of the processing of all claims by the Claims Administrator, Lead Plaintiff shall file a motion for disbursement of the Net Settlement Fund.

18.      The Court finds that an attorneys' fee award in the amount of __% of the Settlement Fund is just and reasonable, and fairly accounts for (i) the time and labor expended by Lead Class Counsel and Additional Settlement Class Counsel; (ii) the magnitude and complexities of the Action, (iii) the risks of litigation; (iv) the quality of representation; (v) the requested fee in relation to the Settlement Fund; and (vi) public

policy considerations.  The attorneys' fee award is to be paid to Lead Class Counsel from the Settlement Fund.  Lead Class Counsel's application for Litigation Expenses in the amount of $_____ is also approved as just and reasonable and is to be paid to Lead Class Counsel from the Settlement Fund.  Lead Class Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Class Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action.

19.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     In the event that this Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Stipulation terminates according to its provisions, or the Settlement Fund, or any portion thereof, is returned to the Citigroup Defendants or their insurers, or this Judgment does not become final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before May 8, 2012, except that (i) Notice and Administration Costs that have been paid or incurred at the time of modification or reversal, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) need not be refunded to the Citigroup Defendants; (ii) any modifications, reductions or reversal of the award of attorneys' fees and Litigation Expenses to Lead Class Counsel on

appeal or in any further motion in this Court shall in no way disturb or affect any other part of this Judgment, and (iii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Judgment.

21.     In the event any award of attorneys' fees and Litigation Expenses is subsequently modified, reduced or reversed on appeal, Lead Class Counsel, Additional Settlement Class Counsel and all other Plaintiffs' counsel to whom any portion of such attorneys' fees and expenses have been distributed shall refund or repay to Citigroup the full amount of any such reduction, together with interest thereon, except for Notice and Administration Costs that have been paid or incurred at the time of modification, reduction or reversal, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of modification, reduction or reversal, within thirty days after any such order modifying, reversing or reducing any award of attorneys' fees or expenses is entered by this Court or any court in relation to any motions or appeals concerning any award of attorneys' fees or expenses. All Plaintiffs' counsel that receives any portion of any attorneys' fees or expenses pursuant to the Stipulation shall be jointly and severally liable for the full amounts referred to in the immediately preceding sentence of this paragraph.

22.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including any interest earned thereon; (ii)

disposition of the Settlement Fund; and (iii) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

24.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


SO ORDERED:

Dated:  New York, New York
             _____, 2013


                                        -------------------------------------------------------
                                        SIDNEY H. STEIN
                                        United States District Judge