USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CITIGROUP INC.
SECURITIES LITIGATION

File No. 07 Civ. 9901 (SHS)

**(PROPOSED) ORDER FURTHER AMENDING THE ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, on August 29, 2012 the Court entered an order preliminarily approving the proposed settlement and providing for Notice (the "August 29, 2012 Order"):

WHEREAS, on September 6, 2012 the Court issued an order (the "September 6, 2012 Order") amending certain dates in the August 29, 2012 Order;

WHEREAS, the parties have requested further modification to the August 29, 2012 Order in order to clarify certain aspects of the Settlement Class Definition, the Class Notice and the Proof of Claim form; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meaning as they have in the Stipulation and Agreement of Settlement dated August 28, 2012;

NOW THEREFORE IT IS HEREBY ORDERED:

1.      All provisions set forth in the August 29, 2012 Order, as previously modified by the September 6, 2012 Order, remain in full force and effect, except as specifically set forth below:

    a.      Paragraph 1 of the August 29, 2012 Order is hereby amended to provide as follows:

1

1.    **Settlement Class Certification** – Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Action is hereby certified as a class action on behalf of the following Settlement Class: all persons who purchased or otherwise acquired common stock issued by Citigroup during the period between February 26, 2007 and April 18, 2008, inclusive, or their successor in interest, and who were damaged thereby, excluding (i) the defendants named in the Complaint, (ii) members of the immediate families of the individual defendants named in the Complaint, (iii) any firm, trust, partnership, corporation, present or former officer, director or other individual or entity in which any of the Citigroup Defendants has a controlling interest or which is related to or affiliated with any of the Citigroup Defendants, and (iv) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities.   The Settlement Class includes persons or entities who acquired shares of Citigroup common stock during the Class Period by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, and persons or entities who acquired shares of Citigroup common stock after the Class Period pursuant to the sale of a put option during the Class Period. Regardless of the identity of the person or entity that beneficially owned Citigroup common stock in a fiduciary capacity or otherwise held Citigroup common stock on behalf of third party clients or any employee benefit plans, such third party clients and employee benefit plans shall not be excluded from the Settlement Class, irrespective of the identity of the entity or person in whose name the Citigroup common stock were beneficially owned, except that any beneficiaries of such third party clients, or beneficiaries of such benefit plans who are natural persons and, who are otherwise excluded above will not share in any settlement recovery.  Notwithstanding any other provision of this Agreement, the Citibuilder 401(k) Plan for Puerto Rico and the Citigroup 401(k) Plan shall qualify as members of the Settlement Class.  In addition, a Person who owns Citigroup common stock shall not be excluded from the Settlement Class solely because that common stock is held (i) in a registered or unregistered investment company (including a unit investment trust) in which any defendant in the Action has a controlling interest, or serves as investment manager, investment adviser or depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount.  A defendant shall be deemed to have a "controlling interest" in an entity if such defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the Board of Directors of such entity.  "Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the Securities Exchange Act of 1934, as amended, or any successor statute or statutes thereto. Notwithstanding the foregoing, the Settlement Class shall not include Persons

2

whose only acquisition of Citigroup common stock during the Class Period was via gift or inheritance if the Person from which the common stock was received did not themselves acquire the common stock during the Class Period.

       b.     The Class Notice and Proof of Claim and Release that shall be provided

to the Settlement Class pursuant to the August 29, 2012 Order shall be substantially in the forms

of Exhibits A and B hereto.

SO ORDERED this _28_ day of September 2012.

                                Honorable Sydney H. Stein
                                United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS) ECF Case |

**NOTICE OF (I) PENDENCY OF CLASS ACTION; (II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned class action lawsuit before this Court (the "Action"), if you purchased or otherwise acquired Citigroup Inc. ("Citigroup" or the "Company") common stock between February 26, 2007 and April 18, 2008, inclusive (the "Class Period"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** The Court-appointed Class Representatives (as defined in Paragraph 9 below), on behalf of themselves and the Settlement Class (as defined in Paragraph 24 below), have reached an agreement to settle the Action for a $590 million cash settlement (the "Settlement"). If the Settlement is approved by the Court, all claims in the Action by the Settlement Class Members (defined in Paragraph 24 below) against all the Defendants, as well as other Released Parties, identified in Paragraph 49 below, will be resolved.

**PLEASE READ THIS NOTICE CAREFULLY.** This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.

1.   **Overview of the Action and the Settlement Class:** This Action is a class action lawsuit brought by investors alleging that they suffered damages as a result of alleged violations of the federal Securities Exchange Act of 1934. A more detailed description of the Action is set forth in Paragraphs 14-23 below. The "Defendants" in the Action are: (a) Citigroup; and (b) Charles Prince, Gary Crittenden, Robert Druskin, Thomas Maheras, Michael Klein, David Bushnell and Robert Rubin (the "Individual Defendants").

The proposed Settlement provides for the release of claims against all the Defendants, as well as certain other parties related to the Defendants, as specified in the Stipulation and as defined more fully in Paragraph 49 below. The Settlement Class consists of all persons and entities who purchased or otherwise acquired Citigroup common stock during the Class Period (as defined more fully in Paragraph 24 below). Members of the Settlement Class will be affected by the Settlement, if approved by the Court, and may be eligible to receive a payment from the Settlement.

2.   **Statement of the Settlement Class' Recovery:** The parties have agreed to settle all claims asserted in the Action in exchange for $590 million in cash, plus interest as earned from the date ten business days after Preliminary Approval of the Settlement, until the Effective Date (the "Settlement Amount"). The sum of the Settlement Amount is referred to as the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any taxes, attorneys' fees, expert fees, Notice and Administration Costs, Litigation Expenses, or other costs and expenses approved by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among Settlement Class Members who are eligible to participate in the distribution of the Net Settlement Fund and who submit a timely and valid proof of claim and release form (a "Claim Form" or "Proof of Claim Form"). The proposed plan of allocation (the "Plan of Allocation") is included in this Notice at pages 6-8 below.

3.   **Estimate of Average Amount of Recovery Per Share:** Based on the information currently available to Plaintiffs and the analysis performed by their damages experts, the estimated average recovery per eligible share (before the deduction of any Court-approved fees, expenses and costs as described herein) would be approximately $0.19, if all eligible Settlement Class Members submit valid and timely Claim Forms. If fewer than all Settlement Class Members submit timely and valid claims, this may result in higher distributions per share. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Settlement Class Member's Recognized Loss (as defined below) as compared to the total Recognized Losses of all Settlement Class Members who submit timely and valid Claim Forms. *See* the Plan of Allocation beginning on page 6 for more information.

4.   **Statement of Potential Outcome of Case:** The Parties disagree on both liability and damages and do not agree on the average amount of damages per share of Citigroup common stock that would be recoverable if Plaintiffs were to prevail in the Action. The Defendants deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. The issues on which the Parties disagree with respect to liability include, without limitation: (1) whether Defendants made any materially false or misleading statements during the Class Period; (2) in the event that Plaintiffs can establish that Defendants made any false or misleading statements, whether Plaintiffs can also prove that Defendants acted with fraudulent intent in doing so; and (3) the impact, if any, that any alleged false or misleading statements had on the market price of Citigroup common stock during the relevant period. The Defendants assert that they were prepared to establish that the price of Citigroup's common stock declined in value for reasons not related to the allegations at issue in the Action. The issues on which the Parties disagree with respect to damages, even assuming that Plaintiffs were to prevail on all liability issues, include, without limitation: (1) the appropriate economic methodology for determining the amount by which Citigroup common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which Citigroup common stock was allegedly artificially inflated (if at all) during the Class Period; and (3) the

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 28, 2012 (the "Stipulation"), which is available on the website established for the Settlement at www.citigroupsecuritiessettlement.com.

extent to which information that influenced the trading prices of Citigroup common stock at various times during the Class Period corrected or otherwise related to the allegedly misleading statements that gave rise to Plaintiffs' claim.

5. **Attorneys' Fees and Expenses Sought**: Plaintiffs intend to seek attorneys' fees not to exceed 17% of the $590 million Settlement Fund, plus expenses incurred in connection with prosecution of this Action in the approximate amount of $3,750,000. Such requested attorneys' fees and expenses would amount to an average of approximately $0.03 per damaged share of Citigroup common stock. In addition, the class recovery will be reduced by Notice and Administration costs. *See How Will The Notice Costs And Expenses Be Paid?* on page 10 below. **Please note that these amounts are only estimates.**

6. **Identification of Attorneys' Representatives**: Plaintiffs and the Settlement Class are represented by the law firm of Kirby McInerney LLP, the Court-appointed Lead Class Counsel in the Action ("Lead Class Counsel"). Any questions regarding the Settlement should be directed to:

Andrew McNeela, Esq.
Peter S. Linden, Esq.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
(212) 371-6800

The Court has appointed a Claims Administrator, who is also available to answer questions from Settlement Class Members regarding matters contained in this Notice, including submission of a Proof of Claim Form, and from whom additional copies of this Notice and the Proof of Claim Forms may be obtained.

*In re Citigroup Inc. Securities Litigation*
c/o GCG
P.O. Box 9899
Dublin, Ohio 43017-5799
(877) 600-6533
www.citigroupsecuritiessettlement.com
Questions@citigroupsecuritiessettlement.com

Please do not contact any representative of the Defendants or the Court with questions about the Settlement.

7. **Reasons for the Settlement**: Plaintiffs believe that the proposed Settlement is an excellent recovery and is in the best interests of the Settlement Class. The principal reasons for entering into the Settlement are the substantial benefits payable to the Settlement Class now, without further risk or the delays inherent in further litigation. The significant cash benefits under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after a decision on the pending motion for class certification, contested summary judgment motions, a contested trial (if the Plaintiffs prevailed on previous motions) and possible appeals at each stage, a process that may last years into the future. Plaintiffs further considered, after conducting substantial investigation into the facts of the case, the risks to proving liability and damages and if successful in doing so, whether a larger judgment could ultimately be obtained. For the Defendants, who deny all allegations of wrongdoing or liability whatsoever (and also deny all allegations that any conduct on their part caused any Settlement Class Members to suffer any damages), the principal reason for entering into the Settlement is to eliminate the expense, risks and uncertainty of further litigation.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| SUBMIT A CLAIM FORM POSTMARKED BY FEBRUARY 7, 2013. | This is the only way to be eligible to get a payment from the Settlement. If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined in Paragraph 49 below) that you have against the Defendants. If you do not exclude yourself from the Settlement Class, it is likely in your interest to submit a Claim Form. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN DECEMBER 6, 2012. | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants concerning the Released Claims. |
| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN DECEMBER 21, 2012. | If you do not like any aspect of the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| GO TO A HEARING ON JANUARY 15, 2013 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN DECEMBER 21, 2012. | Filing a written objection and notice of intention to appear by December 21, 2012 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection. |
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a Claim Form postmarked by February 7, 2013, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the |

2

Settlement and you will be bound by any judgments or orders entered by the Court in the Action.

**[END OF COVER PAGE]**

<table>
<tr><td colspan="2">WHAT THIS NOTICE CONTAINS</td></tr>
</table>

Why Did I Get This Notice?............................................................................................................ Page 3
What Is The Case About?  What Has Happened So Far? ............................................................ Page 3
How Do I Know If I Am Affected By The Settlement? ................................................................... Page 4
What Are Plaintiffs' Reasons For The Settlement?...................................................................... Page 5
How Much Will My Payment Be? ................................................................................................. Page 5
What Rights Am I Giving Up By Remaining In The Settlement Class? ......................................... Page 8
What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The Lawyers Be Paid? .................... Page 10
How Will The Notice Costs And Expenses Be Paid? .................................................................. Page 10
How Do I Participate In The Settlement?  What Do I Need To Do? .............................................. Page 10
What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself? ................. Page 10
When And Where Will the Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I
Speak At The Hearing If I Don't Like The Settlement?............................................................... Page 11
What Happens If I Do Nothing At All? ........................................................................................ Page 12
What If I Bought Shares On Someone Else's Behalf? ................................................................ Page 12
Can I See The Court File?  Whom Should I Contact If I Have Questions? .................................. Page 12

<table>
<tr><td>WHY DID I GET THIS NOTICE?</td></tr>
</table>

8.      This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Citigroup common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know how this Settlement may generally affect your legal rights.

9.      A class action is a type of lawsuit in which similar claims of a large number of individuals or entities are resolved together, thereby allowing for the efficient and consistent resolution of the claims of all class members in a single proceeding.  In a class action lawsuit, the court appoints one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed Jonathan Butler, M. David Diamond, David K. Whitcomb, Henrietta C. Whitcomb, John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Public Employees' Retirement Association of Colorado to serve as the class representatives (hereinafter "Class Representatives"), and the Court has approved Lead Plaintiffs' selection of the law firm of Kirby McInerney LLP to serve as Lead Class Counsel in the Action.

10.     The court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as In re Citigroup Inc. Securities Litigation, No. 07 Civ. 9901 (S.D.N.Y.) (SHS).  The Judge presiding over this case is the Hon. Sidney H. Stein, United States District Judge.  The persons or entities that are suing are called plaintiffs, and those who are being sued are called defendants.  If the Settlement is approved, it will resolve all claims in the Action by Settlement Class Members against all of the Defendants, and will bring the Action to an end.

11.     The purpose of this Notice is to inform you of the existence of this class action, how you might be affected and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

12.     The Settlement Hearing will be held on January 15, 2013 at 10:00 a.m., before the Hon. Sidney H. Stein at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007-1312, to determine:

a.      whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;
b.      whether all claims asserted in the Action against the Defendants should be dismissed on the merits and with prejudice, and whether all Released Claims against the Defendants and Citigroup Releasees should be released as set forth in the Stipulation;
c.      whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court; and
d.      whether Lead Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved

13.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

<table>
<tr><td>WHAT IS THE CASE ABOUT?  WHAT HAS HAPPENED SO FAR?</td></tr>
</table>

14.     On November 8, 2007, a putative class action, *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (S.D.N.Y.) (SHS), was filed in the United States District Court for the Southern District of New York (the "Court") alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Citigroup and certain of its officers and directors.

15.     On August 19, 2008 the Court appointed Jonathan Butler, M. David Diamond, David Whitcomb and Henrietta Whitcomb (the "ATD Group") as Interim Lead Plaintiffs and the law firm of Kirby McInerney LLP as Interim Lead Counsel to represent the putative class.

16.     On February 24, 2009, Plaintiffs filed their Amended Consolidated Class Action Complaint (the "Complaint"), on behalf of a proposed class of themselves and all other persons or entities who purchased or otherwise acquired Citigroup's common stock between January 1, 2004 and January 15, 2009, inclusive, and who were damaged thereby. The Complaint asserted claims under Sections 10(b) and 20(a) of the Exchange Act in connection with, among other things, Citigroup's disclosures concerning collateralized debt obligations ("CDOs"), structured investment vehicles ("SIVs"), mortgages, leveraged loans, auction rate securities, residential mortgage backed securities ("RMBSs"), solvency and generally accepted accounting principles against  Citigroup and certain of Citigroup's officers and directors including Charles Prince, Robert Rubin, Lewis Kaden, Sallie Krawcheck, Gary Crittenden, Steven Freiberg, Robert Druskin, Todd S. Thomson, Thomas G. Maheras, Michael Stuart Klein, David Bushnell, John C. Gerspach, Stephen R. Volk and Vikram Pandit.

17.     On March 13, 2009, the Defendants filed a motion to dismiss the Complaint and a comprehensive brief and numerous exhibits in support thereof. Plaintiffs filed their similarly comprehensive papers in opposition to these motions on April 24, 2009, and the Defendants filed their reply papers on May 13, 2009.

18.     On November 9, 2010, the Court entered its Opinion and Order on the motion to dismiss. *See In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206 (S.D.N.Y. 2010) (the "November 9 Opinion"). The November 9 Opinion denied Defendants' motion to dismiss: (1) the Section 10(b) claims against Citigroup and the Section 10(b) and 20(a) claims against Prince, Crittenden, Druskin, Maheras, Klein, Bushnell and Rubin for the alleged misstatements and omissions relating to Citigroup's CDO exposure during the period from February 2007 through November 3, 2007; and (2) the Section 10(b) claims against Citigroup and the Section 10(b) and 20(a) claims against Crittenden for the alleged CDO-related misstatements and omissions occurring in the period from November 4, 2007 to April 2008. *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 249 (S.D.N.Y. 2010). The remaining defendants and claims alleged in the Complaint were dismissed by the Court.

19.     Following the November 9 Opinion, each party has conducted extensive discovery. Plaintiffs have produced thousands of pages of documents and provided 16 witnesses who were deposed by Defendants. Plaintiffs obtained almost 35 million pages of documents from Defendants and took depositions of more than 30 witnesses who were produced by Defendants. In addition, Plaintiffs obtained approximately 5 million pages of documents from third parties, and several experts for both Plaintiffs and Defendants have issued reports and have been deposed.

20.     On July 15, 2011, Plaintiffs filed a motion seeking certification of the class. In the ensuing months, both sides filed numerous submissions with the Court in connection with this motion.

21.     Plaintiffs and Defendants subsequently agreed to retain Judge Layn R. Phillips (ret.) ("Judge Phillips" or the "Mediator") to assist them in exploring a potential negotiated resolution of the claims against the Defendants, and met and exchanged certain information under the auspices of the Mediator in February and March 2012 (including a lengthy face-to-face mediation session held in New York City) in an effort to determine if the claims against the Defendants could be settled. After making significant progress, a second face-to-face mediation session was held in April 2012, and thereafter the Parties engaged in further negotiation through the mediator.

22.     **Mediator's Statement:** In late April 2012, and after face-to-face and arm's-length negotiation, Judge Phillips proposed a settlement of the Action for $590 million, all cash, to be paid by the Defendants or their insurers. The parties and their counsel accepted the proposal. In Judge Phillips' opinion, "the proposed Settlement is the result of vigorous arm's length negotiation by both sides. I believe, based on my extensive discussions with the Parties and the information made available to me both before and during the mediation, that the Settlement was negotiated in good faith and that the Settlement is fair and reasonable."

23.     On August 28, 2012, the Parties entered into the Stipulation setting forth the terms and conditions of the proposed Settlement. On August 29, 2012, the Court entered an Order Preliminarily Approving Proposed Settlement and Providing for Notice ("Order"), which preliminarily approved the Settlement, authorized this Notice be sent to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement. Pursuant to the Court's August 29th Order, the Action was also certified as a class action with the consent of the Defendants for settlement purposes only.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

24.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The "Settlement Class" consists of:

All persons who purchased or otherwise acquired common stock issued by Citigroup during the period between February 26, 2007 and April 18, 2008, inclusive, or their successor in interest, and who were damaged thereby, excluding (i) the defendants named in the Complaint, (ii) members of the immediate families of the individual defendants named in the Complaint, (iii) any firm, trust, partnership, corporation, present or former officer, director or other individual or entity in which any of the Citigroup Defendants has a controlling interest or which is related to or affiliated with any of the Citigroup Defendants, and (iv) the legal representatives, heirs, successors-in-interest or assigns of any such excluded

4

persons or entities. The Settlement Class includes persons or entities who acquired shares of Citigroup common stock during the Class Period by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, and persons or entities who acquired shares of Citigroup common stock after the Class Period pursuant to the sale of a put option during the Class Period. Regardless of the identity of the person or entity that beneficially owned Citigroup common stock in a fiduciary capacity or otherwise held Citigroup common stock on behalf of third party clients or any employee benefit plans, such third party clients and employee benefit plans shall not be excluded from the Settlement Class, irrespective of the identity of the entity or person in whose name the Citigroup common stock were beneficially owned, except that any beneficiaries of such third party clients, or beneficiaries of such benefit plans who are natural persons and, who are otherwise excluded above will not share in any settlement recovery. Notwithstanding the foregoing, the Settlement Class shall not include Persons whose only acquisition of Citigroup common stock during the Class Period was via gift or inheritance if the Person from which the common stock was received did not themselves acquire the common stock during the Class Period.

"Settlement Class Member" means a member of the Settlement Class who does not exclude himself, herself or itself by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN FEBRUARY 7, 2013.

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

25. Plaintiffs and Lead Class Counsel believe that the claims asserted against the Defendants in this Action have substantial merit, and that their legal advocacy and diligent factual investigation have led to a Settlement that reflects an exceptionally significant recovery.

26. Plaintiffs and Lead Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants, as well as the inherent risks in establishing liability for violations of the federal securities laws. In the event that the motion for certification of the class was granted, there remains the inherent uncertainty that Plaintiffs and Lead Class Counsel would face in proving that the Defendants acted with fraudulent intent. Plaintiffs have taken into account that the claims made in the Complaint may not have survived a motion for summary judgment by Defendants. Moreover, jury reactions to Plaintiffs' proofs (and the Defendants' responses thereto) on the types of complex issues in this case are inherently difficult to predict. Although Plaintiffs are confident that they would have been able to support their claims with qualified and persuasive expert testimony, Defendants would have almost certainly retained highly experienced experts to argue their various defenses to liability.

27. In addition, even if the Defendants' liability could otherwise be established, Plaintiffs faced serious arguments by the Defendants that any losses suffered by Settlement Class Members on their investments in Citigroup common stock were attributable to factors other than the alleged wrongdoing. For example, the Defendants may have argued that any losses suffered by Settlement Class Members here were caused primarily – if not entirely – by the "financial tsunami" and related financial and liquidity crisis of 2007-08, and not by any alleged misrepresentations concerning Citigroup's exposure to, or valuation of, CDOs or the other matters alleged in the Complaint. As with contested liability issues, issues relating to loss causation and damages would also have likely come down to an inherently unpredictable and hotly disputed "battle of the experts." Accordingly, even if liability were established, there was a real risk that, after a trial of the Action, the Settlement Class would have recovered an amount less than the Settlement Amount – or even nothing at all.

28. In agreeing to the terms of the Settlement, Plaintiffs and Lead Class Counsel weighed the magnitude of the benefits ($590,000,000) against the risks that the claims asserted in the Complaint would be dismissed following completion of discovery in response to Defendants' anticipated motion for summary judgment. They have also considered the nature of the various issues that would have been decided by a jury in the event of a trial of the Action, including all of the risks of litigation discussed above.

29. Finally, Plaintiffs and Lead Class Counsel have also considered the fact that any recoveries obtained from a favorable verdict after a trial would still be in jeopardy on further appeal, and, even if a favorable verdict were ultimately sustained on appeal, it would likely take additional years before the Action was finally resolved, absent a settlement.

30. In light of the amount of the Settlement and the benefits of immediate and certain recovery to the Settlement Class as compared to the risks and uncertainties of ever obtaining a superior recovery at some indeterminate date in the future, Plaintiffs and Lead Class Counsel strongly believe that the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class. Indeed, they respectfully submit that the Settlement achieved represents a truly outstanding result for the Settlement Class.

31. The Defendants have vigorously denied the claims asserted against them in the Action and vigorously deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants state that they are entering into this Settlement solely to eliminate the uncertainties, burden and expense of further protracted litigation, and the Stipulation they have agreed to provides that the Settlement shall not be construed as an admission of any wrongdoing by any of the Defendants or counsel for any of the Defendants.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

32.     At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Settlement. After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court. Under the proposed Plan of Allocation, your share of the Net Settlement Fund will depend on: (1) the dates you acquired or sold your Citigroup common stock, (2) the number of shares acquired or sold and the price paid or received, (3) the expense of administering the claims process, (4) any attorneys' fees and expenses awarded by the Court, (5) interest income received and taxes paid by the Settlement Fund, (6) the number of eligible shares acquired by other Settlement Class Members who submit timely and valid Proof of Claim Forms, and (7) the Recognized Losses of all other Authorized Claimants computed in accordance with the Plan of Allocation set out on pages 6-8 below.

33.     You can calculate your Recognized Loss in accordance with the formula set forth below in the proposed Plan of Allocation. In the event the aggregate Recognized Losses of all timely and validly submitted Proof of Claim Forms exceed the Net Settlement Fund, your share of the Net Settlement Fund will be proportionally less than your calculated Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim Forms, the payment you get will be that proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total Recognized Losses of all Settlement Class Members who submit timely and valid Proof of Claim Forms (the "Pro Rata Share"). See the Plan of Allocation on pages 6-8 for more information on your Recognized Loss.

34.     The Defendants have agreed to pay $590 million in cash. The Settlement Amount will be deposited into an interest-bearing escrow account. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to Settlement Class Members as set forth in the proposed Plan of Allocation or such other plan as the Court may approve. The Claims Administrator shall determine each Authorized Claimant's Pro Rata Share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Net Settlement Fund shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim Forms and whose payment from the Net Settlement Fund would equal or exceed ten dollars ($10.00).

35.     The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

36.     Neither the Defendants nor any other person or entity that paid any portion of the Settlement Amount on any of their behalves are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final. The Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

37.     Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

38.     Only those Settlement Class Members who purchased or otherwise acquired Citigroup common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Each person or entity wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Settlement Class, and include all required documentation, postmarked on or before February 7, 2013 to the address set forth in the Claim Form that accompanies this Notice.

39.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before February 7, 2013 shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement, including the terms of any judgments entered and releases given. This means that each Settlement Class Member is bound by the release of claims (described in Paragraph 49 below) regardless of whether or not such Settlement Class Member submits a Claim Form.

40.     Information Required on the Claim Form: Among other things, each Claim Form must state and provide sufficient documentation for each Claimant's transactions in Citigroup common stock during the Class Period.

41.     The Court has reserved jurisdiction to allow, disallow or adjust the Claim of any Settlement Class Member on equitable grounds.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

43.     Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

44.     The Plan of Allocation has been prepared by Plaintiffs and Lead Class Counsel. It reflects the allegations in the Complaint that Defendants made materially untrue and misleading statements and omissions resulting in violations of Sections 10(b) and 20(a) of the Exchange Act and opinions of Plaintiffs' experts on damages that were caused by disclosures relating to Defendants' alleged misleading statements. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to the Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or factors unrelated to the alleged violations of law. As set forth in the Plan of Allocation, Plaintiffs allege that on certain disclosure dates, Citigroup disclosed information that allegedly corrected previous alleged misrepresentations and omissions,

6

causing a drop in Citigroup's stock price (net of factors unrelated to the alleged misrepresentations and omissions). An Authorized Claimant's Recognized Loss will be based upon the particular disclosure date(s) on which the Claimant held Citigroup stock for those shares purchased during the Class Period. The Recognized Loss formula is not intended to be an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

    For shares of Citigroup common stock purchased or otherwise acquired between February 26, 2007 and April 18, 2008, inclusive, the Recognized Loss will be calculated as set forth below:

A.     For shares held at the end of trading on July 17, 2008, the Recognized Loss shall be that number of shares multiplied by the lesser of:

    (1)     the applicable purchase/acquisition date artificial inflation per share figure, as found in Table A below; or

    (2)     the difference between the purchase/acquisition price per share and $21.07.[2]

B.     For shares sold between February 26, 2007 and April 18, 2008, inclusive, the Recognized Loss shall be that number of shares multiplied by the lesser of:

    (1)     the applicable purchase/acquisition date artificial inflation per share figure less the applicable sale date artificial inflation per share figure, as found in Table A below; or

    (2)     the difference between the purchase/acquisition price per share and the sale price per share.

C.     For shares sold between April 19, 2008 and July 17, 2008, inclusive, the Recognized Loss shall be the lesser of:

    (1)     the applicable purchase/acquisition date artificial inflation per share figure, as found in Table A below;

    (2)     the difference between the purchase/acquisition price per share and the sale price per share; or

    (3)     the difference between the purchase/acquisition price per share and the average closing price of Citigroup common stock between April 19, 2008 and the date of sale.[3]

D.     To the extent an Authorized Claimant had an aggregate gain from his, her or its transactions in Citigroup common stock during the Class Period, the value of his, her or its total Recognized Loss will be zero. To the extent that an Authorized Claimant suffered an overall loss on his, her or its transactions in Citigroup common stock during the Class Period, but the loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the actual loss. There shall be no Recognized Loss on short sales of Citigroup common stock during the Class Period or Class Period purchases that were made in order to cover short sales; however, any aggregate gains with respect to short sales shall be offset against Recognized Losses on other transactions.

| Table A | |
|---|---|
| Purchase/Acquisition or Sale Date Range | Artificial Inflation Per Share |
| 2/26/07 – 11/4/07 | $4.94 |
| 11/5/07 | $3.38 |
| 11/6/07 – 11/18/07 | $1.72 |
| 11/19/07 – 1/14/08 | $1.15 |
| 1/15/08 | $0.71 |
| 1/16/08 – 4/18/08 | $0.10 |

    All purchases/acquisitions and sales of Citigroup shares in the Class Period shall be matched on a Last-In-First-Out ("LIFO") basis; sales during the Class Period and the 90 days thereafter will be matched first against the most recent Citigroup shares purchased during that period that have not already been matched to sales under LIFO, and then against prior purchases/acquisitions in backward chronological order, until the beginning of the Class Period. A purchase/acquisition or sale of Citigroup common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. However, (a) for Citigroup shares acquired pursuant to a corporate merger or acquisition, the purchase of the Citigroup shares shall be deemed to have occurred on the date that the merger agreement was executed, and (b) for Citigroup shares that were put to investors pursuant to put options sold by those investors, the purchase of the Citigroup shares shall be deemed to have occurred on the date that the put option was sold, rather than the

---

[2]   Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $21.07 was the mean closing price of Citigroup common stock during the 90 day period beginning on April 19, 2008 and ending on July 17, 2008 (the "Holding Value").

[3]   Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90 day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

date on which the stock was subsequently put to the investor pursuant to that option. The proceeds of any put option sales shall be offset against any losses from shares that were purchased as a result of the exercise of the put option.

The receipt or grant by gift, devise or inheritance of Citigroup common stock during the Class Period shall not be deemed to be a purchase or acquisition of Citigroup common stock for the calculation of an Authorized Claimant's Recognized Loss if the Person from which the Citigroup common stock was received did not themselves acquire the common stock during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument or gift or assignment.

The following defined terms shall be used to describe the process the Claims Administrator shall use to determine whether an Authorized Claimant had a gain or suffered a loss in his, her or its overall transactions in Citigroup common stock during the Class Period: the "Total Purchase Amount" is the total amount paid by the Authorized Claimant for all Citigroup common stock purchased or otherwise acquired during the Class Period less commissions and fees; the "Sales Proceeds" means the amount received for sales of Citigroup common stock purchased or otherwise acquired by the Authorized Claimant during the Class Period and sold on or by July 17, 2008, as matched pursuant to LIFO less commissions and fees; and "Holding Value" means the monetary value assigned to the shares of Citigroup common stock purchased or otherwise acquired by the Authorized Claimant during the Class Period and still held by the Authorized Claimant as of the close of trading on July 17, 2008 (see fn. 2).

If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. Lead Class Counsel shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above. In the event that Lead Class Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer feasible, thereafter, Lead Class Counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c)(3), to be designated by Lead Class Counsel and approved by the Court.

45.    Payment pursuant to this Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Lead Class Counsel, Defendants, and their respective counsel, or other agent designated by Lead Class Counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court, and against Defendants under any circumstances with respect to distributions. Lead Class Counsel, Plaintiffs, the Defendants and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

46.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs and Lead Class Counsel after consultation with their experts. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented. Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.citigroupsecuritiessettlement.com and Lead Class Counsel's website at www.kmllp.com.

---

## WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE SETTLEMENT CLASS?

47.    If you remain in the Settlement Class, you will be bound by any orders issued by the Court. For example, if the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss on the merits with prejudice the claims against the Defendants and will provide that Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and other Settlement Class Members who have not timely and validly opted out in accordance with the requirements set forth in the Notice of Class Action, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, are deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged (whether or not such Settlement Class Members execute and deliver the proof of claim and release forms) (1) all Released Claims (as defined in Paragraph 49 below) against the Citigroup Releasees (as defined in Paragraph 49 below); and (2) against each and all of the Citigroup Releasees all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims. All Settlement Class Members are hereby permanently barred and enjoined from instituting or prosecuting any other action asserting any Released Claim in any court against the Citigroup Releasees. This release shall not apply to any Person who has timely and validly requested exclusion from the Settlement Class in accordance with the instructions set forth in Paragraph 58 below.

48.    If you purchased or otherwise acquired Citigroup common stock during the Class Period through Citigroup's Voluntary FA Capital Accumulation Program then you may also be a member of a proposed plaintiff investor class in a lawsuit pending in the Southern District of New York titled Brecher v. Citigroup Inc. 09 civ. 7359 (the "Brecher action"). If you participate in this Settlement, you will release any claims that you may have in the Brecher action relating to Citigroup common stock that you purchased or otherwise acquired during the Class Period. The only way you can preserve any claims that you may have in the Brecher action, or otherwise, relating to Citigroup common stock purchased or otherwise acquired during the Class Period, is by filing valid requests for exclusion from this Settlement.

49.   As described in more detail below, the Released Claims are any and all claims that (1) are based on, related to, or arise out of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts or omissions or failures to act that have been or could have been alleged or asserted in the Action (or in any forum or proceeding or otherwise), and/or (2) relate to or arise out of Plaintiffs' or any other Settlement Class Member's purchase, acquisition, holding or sale or other disposition of Citigroup common stock during the Class Period.

**"Released Claims"** means[4]:

1)   with respect to the Citigroup Releasees, defined below, the release by Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, of all claims of every nature and description, known and unknown, arising out of or relating to investments in (including, but not limited to, purchases, sales, exercises, and decisions to hold) Citigroup common stock through April 18, 2008, inclusive, including without limitation all claims arising out of or relating to any disclosures, registration statements or other statements made or issued by any of the Citigroup Defendants concerning subprime-related assets, collateralized debt obligations, residential mortgage-backed securities, auction rate securities, leveraged lending activities, or structured investment vehicles, as well as all claims relating to such investments in Citigroup common stock asserted by or that could have been asserted by Plaintiffs or any member of the Settlement Class in the Action against the Citigroup Releasees, as defined below.

2)   with respect to Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all other Settlement Class Members, the release by the Citigroup Defendants of the Plaintiff Releasees, as defined below, from any claims relating to the institution or prosecution of this Action.

**"Released Parties"** means:

1)   with respect to the Citigroup Defendants, the Citigroup Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Citigroup Releasees"), and any person or entity which is or was related to or affiliated with any Citigroup Releasee or in which any Citigroup Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

2)   with respect to Plaintiffs and all other Settlement Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

**"Unknown Claims"** means any Released Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Citigroup Releasees, and any Citigroup Releasees' Claims which any Citigroup Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Citigroup Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each of the Defendants acknowledge, and each of the other Settlement Class Members and each of the other Citigroup Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

50.   The Judgment will also provide that, upon the Effective Date, the Citigroup Releasees fully, finally, and forever release, relinquish and discharge each and all of the Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, other Settlement Class Members, Lead Class Counsel and Additional Settlement Class Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

---

[4]   Released Claims do not include, release, bar, waive, impair or otherwise impact any: (i) claims asserted in the action styled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (S.D.N.Y.) (SHS), insofar as those claims are not asserted in connection with the purchase or acquisition of Citigroup common stock; (ii) contractual obligations arising out of a corporate merger or acquisition agreement pursuant to which Citigroup common stock was acquired; and (iii) claims relating to the enforcement of the Settlement.

51.    In addition, the proposed Judgment provides that all Persons are barred from bringing any claim for contribution or indemnification against the Citigroup Releasees arising out of or related to the Released Claims, and the Citigroup Releasees are barred from bringing any claim for contribution or indemnification arising out of or related to the Released Claims against any such persons.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

52.    Lead Class Counsel and other counsel for Plaintiffs in this Action have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Prior to the Settlement Hearing (see Paragraph 12 above), Lead Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 17% of the Settlement Fund. In addition, Lead Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in the approximate amount of $3,750,000 (which may include an application for reimbursement of the reasonable costs and expenses incurred by the Lead Plaintiffs themselves that relate directly to their representation of the Settlement Class), plus interest on such expenses at the same rate as earned on the Settlement Amount.

---

### HOW WILL THE NOTICE COSTS AND EXPENSES BE PAID?

53.    Lead Class Counsel are authorized by the Stipulation to pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Settlement Class Members.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

54.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked no later than February 7, 2013. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.citigroupsecuritiessettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (877) 600-6533. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund. Please retain all records of your ownership of and transactions in Citigroup common stock, as they may be needed to document your Claim.

55.    As a Settlement Class Member you are represented by Plaintiffs and Lead Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below, so that the notice is *received* on or before December 21, 2012.

56.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want to Participate in the Settlement? How Do I Exclude Myself?," below.

57.    If you are a Settlement Class Member and you wish to object to any aspect of the Settlement, the Plan of Allocation, or Lead Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

---

### WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

58.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written "Request for Exclusion" from the Settlement Class, addressed to *In re Citigroup Inc. Securities Litigation*, EXCLUSIONS, c/o GCG, Inc., P.O. Box 9932, Dublin, Ohio 43017-5832. The exclusion request must be *received* no later than December 6, 2012. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (1) state the name, address and telephone number of the person or entity requesting exclusion; (2) state that such person or entity "requests exclusion from the Settlement Class in *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (S.D.N.Y.) (SHS)"; (3) state the date(s), price(s) and number of shares of Citigroup common stock that the person or entity requesting exclusion purchased or otherwise acquired and sold during the period February 26, 2007 through and including July 17, 2008; (4) state the number of shares held at the start of the Class Period; (5) state the number of shares held through the close of trading on July 17, 2008; and (6) be signed by such person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

59.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding relating to any Released Claim against any of Defendants. You cannot exclude yourself by telephone or by email.

60.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund, or any other benefit provided for in the Stipulation.

61.     The Defendants have the right to terminate the Settlement if valid requests for exclusion are received from Persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and the Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

62.     Settlement Class Members may, but do not need to, attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if the Settlement Class Member does not attend the Settlement Hearing.  You can participate in the Settlement without attending the Settlement Hearing.

63.     The Settlement Hearing will be held on January 15, 2013 at 10:00 a.m. before the Honorable Sidney H. Stein, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007.  At the Settlement Hearing the Court will decide whether to approve the Settlement, the Plan of Allocation and an award of attorneys' fees and reimbursement of Litigation Expenses.  If the Court approves the Settlement, there may then be appeals by interested parties which may further delay distribution of the Net Settlement Fund.  It is always uncertain how those appeals will resolve, and resolving them can take time, perhaps more than a year.  The Court reserves the right to approve the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

64.     Any Settlement Class Member who does not request exclusion may object to any aspect of the Settlement, the proposed Plan of Allocation or Lead Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  If you file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before December 21, 2012.  You must also serve the papers on designated representative Lead Class Counsel and Defendants' counsel at the addresses set forth below for their respective counsel so that the papers are *received* on or before December 21, 2012.

| Clerk's Office | Defendants' Counsel | Lead Class Counsel |
|---|---|---|
| Clerk of the Court | Brad S. Karp, Esq. | Peter S. Linden, Esq. |
| United States District Court | Richard A. Rosen, Esq. | Ira M. Press, Esq. |
| Southern District of New York | Susanna M. Buergel, Esq. | Andrew McNeela, Esq. |
| Daniel Patrick Moynihan United States | Jane B. O'Brien, Esq. | Kirby McInerney LLP |
| Courthouse | Asad Kudiya, Esq. | 825 Third Avenue |
| 500 Pearl Street | Paul, Weiss, Rifkind, Wharton & Garrison LLP | New York, NY 10022 |
| New York, NY 10007-1312 | 1285 Avenue of the Americas | |
| Re: *In re Citigroup Inc. Securities Litigation*, | New York, NY 10019 | |
| Case No. 07 Civ. 9901 (SHS) | | |

65.     Any objection (1) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (2) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Citigroup common stock that the objecting Settlement Class Member purchased or otherwise acquired during the Class Period, as well as sales of such stock during the Class Period or thereafter through the close of trading on July 17, 2008, along with the dates and prices of each such purchase or other acquisition and sale or other disposition.  You may not object to any aspect of the Settlement, the Plan of Allocation or the motion for attorneys' fees and reimbursement of expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

66.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a timely written objection in accordance with the procedures described above, unless the Court orders otherwise.

67.     If you wish to be heard orally at the hearing in opposition to the approval of any aspect of the Settlement, the Plan of Allocation or Lead Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the designated representatives of Lead Class Counsel and counsel for the Defendants at the addresses set forth above so that it is *received* on or before December 21, 2012.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

68.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on the designated representatives of Lead Class Counsel and counsel for the Defendants at the addresses set forth above so that the notice is *received* on or before December 21, 2012.

69.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Class Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed**

Settlement, the proposed Plan of Allocation or Lead Class Counsel's request for an award of attorneys' fees and reimbursement of expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT HAPPENS IF I DO NOTHING AT ALL?

70.     If you do nothing, you will get no money from this Settlement. To share in the Net Settlement Fund you must submit a Proof of Claim Form by following the instructions in the section entitled "How Do I Participate In The Settlement? What Do I Need To Do?," on page 10 above.

71.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will be bound by the terms of the proposed Settlement described in this Notice once approved by the Court and you shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement, including the terms of any judgments entered and releases given. This means that each Settlement Class Member releases the Released Claims (as defined above) against the Citigroup Releasees (as defined above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Defendants regardless of whether or not such Settlement Class Member submits a Claim Form.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72.     If you purchased or otherwise acquired Citigroup common stock during the Class Period for the beneficial interest of persons or organizations other than yourself, you must, WITHIN FIFTEEN (15) CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE, either (1) forward copies of the Notice and Claim Form (the "Notice Packet") to all such beneficial owners; or (2) provide the names and addresses of such persons or entities to In re Citigroup Inc. Securities, c/o GCG, P.O. Box 9899, Dublin, Ohio 43017-5799. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought. Copies of this Notice and the Claim Form can be obtained from the website maintained by the Claims Administrator, www.citigroupsecuritiessettlement.com, or by calling the Claims Administrator toll-free at (877) 600-6533.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

73.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.citigroupsecuritiessettlement.com.

All inquiries concerning this Notice should be directed to:

|  |  |  |
|---|---|---|
| In re Citigroup Inc. Securities Litigation | | Andrew McNeela, Esq. |
| c/o GCG | and/or | Peter S. Linden, Esq. |
| P.O. Box 9899 | | KIRBY McINERNEY LLP |
| Dublin, Ohio 43017-5799 | | 825 Third Avenue |
| (877) 600-6533 | | New York, NY 10022 |
| www.citigroupsecuritiessettlement.com | | (212) 371-6600 |
| Questions@citigroupsecuritiessettlement.com | | |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: August 29, 2012

By Order of the Court
United States District Court
Southern District of New York

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS) |
| | **ECF Case** |

## PROOF OF CLAIM AND RELEASE

**YOU MUST COMPLETE THIS CLAIM FORM AND SUBMIT IT BY FEBRUARY 7, 2013 TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT.**

If you purchased or otherwise acquired common stock issued by Citigroup Inc. ("Citigroup") between February 26, 2007 and April 18, 2008, inclusive (the "Class Period," as further defined in the Notice), then you may be a class member entitled to share in the settlement proceeds ("Settlement Class Member," as further defined in the Notice) in *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (the "Action"), pending in the United States District Court for the Southern District of New York (the "Court").

To be eligible for any settlement benefits as a Settlement Class Member, you must provide the information requested in this Proof of Claim and Release form or you can complete and submit a valid online Proof of Claim and Release form by visiting the Claims Administrator's website at www.citigroupsecuritiessettlement.com. If submitted by mail, you must complete and sign this Proof of Claim and Release form and submit it to the Claims Administrator at the following address by first class mail, postmarked no later than February 7, 2013:

*In re Citigroup Inc. Securities Litigation*
c/o GCG, Inc.
P.O. Box 9899
Dublin, Ohio 43017-5799

If you do not submit your Proof of Claim and Release form by the deadline set forth above, your claim will be rejected, and you will not receive any money in connection with the settlement of this Action. If you are a Settlement Class Member and you do not timely and validly request exclusion in connection with the settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, regardless of whether you submit a Proof of Claim and Release form.

Do not mail or deliver your Proof of Claim and Release form to the Court or to any of the parties or their counsel as any such claim will be deemed not to have been submitted. Submit your Proof of Claim and Release form only to the Claims Administrator at the address above.

1

In completing the schedules of transactions requested in this Proof of Claim and Release form, separately list each purchase or acquisition and sale of Citigroup common stock, as applicable. Photocopy the relevant pages if more space is needed. Be sure to include and sign your name and the last four digits of your social security number or tax ID number on any additional sheets.

All purchases or acquisitions and sales of Citigroup common stock requested in this Proof of Claim and Release form must be documented by brokerage statements, confirmations or similar documents. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

For further information on the proposed Settlement in this Action, please review the Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation; (III) Settlement Fairness Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

**QUESTIONS? PLEASE CONTACT THE CLAIMS ADMINISTRATOR AT (877) 600-6533, EMAIL QUESTIONS@CITIGROUPSECURITIESSETTLEMENT.COM OR VISIT WWW.CITIGROUPSECURITIESSETTLEMENT.COM**

## PART I:   CLAIMANT IDENTIFICATION

_____   _____
Beneficial Owner's First Name        Beneficial Owner's Last Name

_____   _____
Joint Owner's First Name             Joint Owner's Last Name

_____
Street Address

_____   _____   _____
City                        State/Province      Zip Code

_____
Country Name/Abbreviation

_____
Record Owner's Name (if Different from Beneficial Owner listed Above)

_____   _____
Social Security Number (last four digits)   or Taxpayer I.D. Number (last four digits)

_____   _____
Telephone Number (Home)             Telephone Number (Work)

Check appropriate box:

☐   Individual/Sole Proprietor                 ☐   Pension Plan
☐   Corporation        ☐   Partnership         ☐   Trust
☐   IRA                ☐   Joint Owners        ☐   Other (describe): _____ ___

3

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.gcginc.com or you may e-mail the Claims Administrator at eClaim@gcginc.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gcginc.com to inquire about your file and confirm it was received and acceptable.

**NOTE:** Separate Proof of Claim and Release forms should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim and Release form should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions in Citigroup common stock) during the Class Period on one Proof of Claim and Release form, no matter how many accounts the transactions were made in.

4

**PART II:     SCHEDULE OF TRANSACTIONS IN CITIGROUP COMMON STOCK**

A.     Number of shares of Citigroup common stock held at the beginning of trading on
February 26, 2007: _____.

B.     Purchases or acquisitions of Citigroup common stock during the period February
26, 2007 – July 17, 2008, inclusive[1]:

| Trade Date (Mo./Day/Year) | Number of Shares Purchased or Acquired | Purchase or Acquisition Price Per Share | Net Purchase or Acquisition Price (less commissions and fees) | Identify if shares acquired pursuant to: (i) sale of put options; (ii) corporate merger or acquisition; or (iii) employee shares; or (iv) cover of short position. |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

C.     Sales of Citigroup common stock during the period February 26, 2007 – July 17,
2008, inclusive:

| Trade Date (Mo./Day/Year) | Number of Shares Sold | Sale Price Per Share | Net Sale Price (less commissions and fees) | Shares Sold Short (Y/N) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

---

[1]     Only purchases or acquisitions made during the Class Period (February 26, 2007 through
and including April 18, 2008) will be used to calculate your Recognized Loss.  With respect to
shares of common stock issued pursuant to the Citigroup 1999 Stock Incentive Plan, as amended
and restated effective April 19, 2005, including, but not limited to, through Citigroup's Core
Capital Accumulation Program, Supplemental Capital Accumulation Program, and Voluntary
FA Capital Accumulation Program, the acquisition date is the date on which the grant was
awarded, and the price is the share price at which the grant was awarded on the award date
during the Class Period.

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

D.    Number of shares of Citigroup common stock held at the close of trading on July 17, 2008: _____ .

E.    Sales of put options over Citigroup common stock during the period February 26, 2007 – April 18, 2008, inclusive:[2]

| Option Sale Date (Mo./Day/Year) | Number of Options Sold | Sale Price Per Option | Net Sale Price (less commissions and fees) | Assigned ("A") or Expired ("E") |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If you require additional space to list your transactions, you **must** photocopy this page and check this box ☐ .  If you do not check this box, these additional pages will **not** be reviewed.

---

[2]    For Citigroup shares that were put to investors pursuant to put options sold by those investors, the purchase of the Citigroup shares shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the stock was subsequently put to the investor pursuant to that option.  The proceeds of any put option sales shall be offset against any losses from shares that were purchased as a result of the exercise of the put option.

6

## PART III:   RELEASE

I/We request payment from the Defendants as provided for in the Settlement, and I/we agree to the terms set out below:

I/We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever release, relinquish and discharge (i) all Released Claims (as defined below) against the Citigroup Releasees (as defined below); and (ii) against each and all of the Citigroup Releasees all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims, and that I/we shall forever be barred and enjoined from instituting or prosecuting any other action asserting any Released Claim in any court against the Citigroup Releasees.

"Released Claims" mean:[3]

> (1)     with respect to the Citigroup Releasees, defined below, the release by Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all Settlement Class Members, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, of all claims of every nature and description, known and unknown, arising out of or relating to investments in (including, but not limited to, purchases, sales, exercises, and decisions to hold) Citigroup common stock through April 18, 2008, inclusive, including without limitation all claims arising out of or relating to any disclosures, registration statements or other statements made or issued by any of the Citigroup Defendants concerning subprime-related assets, collateralized debt obligations, residential mortgage-backed securities, auction rate securities, leveraged lending activities, or structured investment vehicles, as well as all claims relating to such investments in Citigroup common stock asserted by or that could have been asserted by Plaintiffs or any member of the Settlement Class in the Action against the Citigroup Releasees, as defined below.

---

[3]      Released Claims do not include, release, bar, waive, impair or otherwise impact any (i) claims asserted in the action styled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (S.D.N.Y.) (SHS), insofar as those claims are not asserted in connection with the purchase or acquisition of Citigroup common stock; (ii) contractual obligations arising out of a corporate merger or acquisition agreement pursuant to which Citigroup common stock was acquired; and (iii) claims relating to the enforcement of the Settlement.

7

(2) with respect to Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all other Settlement Class Members, the release by the Citigroup Defendants of the Plaintiff Releasees, as defined below, from any claims relating to the institution or prosecution of this Action.

"Released Parties" means:

(1)    with respect to the Citigroup Defendants, the Citigroup Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Citigroup Releasees"), and any person or entity which is or was related to or affiliated with any Citigroup Releasee or in which any Citigroup Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

(2)    with respect to Plaintiffs and all other Settlement Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee

Released Claims shall not include claims relating to the enforcement of the Settlement contemplated by the Stipulation and Agreement of Settlement dated August 28, 2012 (the "Stipulation").

"Unknown Claims" means any Released Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Citigroup Releasees, and any Citigroup Releasee's Claims which any Citigroup Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Citigroup Releasees shall

be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each of the Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

Any capitalized terms not otherwise defined in this Proof of Claim and Release form shall have the meaning set forth in the Stipulation, a copy of which (with exhibits) may be obtained as explained in the Notice.

9

**PART IV:    SIGNATURE**

**UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.**

**Signature of Claimant (if this claim is being made on behalf of Joint Claimants, then each must sign.)**

Executed this _____ day of _____, in _____, _____.
        (Month/Year)              (City)                 (State/Country)


_____
Signature of Claimant


_____            _____
Print Name of Claimant                   Date


_____
Signature of Joint Claimant, if any


_____            _____
Print Name of Joint Claimant             Date


*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____
Signature of Person Completing Form


_____            _____
Print Name of Person Completing Form     Date


_____
Capacity of Person(s) Signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

10

## ACCURATE CLAIMS PROCESSING TAKES TIME.
## THANK YOU FOR YOUR PATIENCE.

**Reminder Checklist:**

1.      Please sign the Signature Section of the Proof of Claim and Release form.

2.      If this Proof of Claim and Release form is being made on behalf of Joint Claimants, then both must sign.

3.      For an overview of what constitutes adequate supporting documentation, please visit www.citigroupsecuritiessettlement.com.

4.      Remember to attach supporting documentation, if available.

5.      **DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.**

6.      Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

7.      The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days. **Your claim is not deemed filed until you receive an acknowledgement postcard.** If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator.

8.      If you move, please send your new address to the Claims Administrator at the address below:

*In re Citigroup Inc. Securities Litigation*
c/o GCG, Inc.
P.O. Box 9899
Dublin, Ohio 43017-5799


9.      **Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**


**PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN FEBRUARY 7, 2013.**

11