# Exhibit I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP<br>SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS)<br><br>ECF Case |

**DECLARATION OF KENNETH A. ELAN FILED ON BEHALF OF KENNETH A. ELAN, ESQ. IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

I, KENNETH A. ELAN, declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly admitted to practice law in the State of New York and represented plaintiffs in this litigation. I submit this declaration in support of my application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. Your Declarant served as counsel for Warren Pinchuck in this litigation. My firm participated in the review of documents produced by defendants and represented Mr. Pinchuck at his deposition. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney of my firm who was involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by your Declarant, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

3. The hourly rates for the attorneys in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have

been accepted in other in other securities or shareholder litigation.

4. The total number of hours expended on this litigation by my firm through November 23, 2012 is 979.35. The total lodestar for my firm is $381,213.75, all of which consists of attorneys' time.

5. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

6. As detailed in Exhibit 2, my firm has incurred a total of $11,715.53 in unreimbursed expenses in connection with the prosecution of this litigation.

7. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

With respect to the standing of my firm, attached hereto as Exhibit 3, is a brief biography of the attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury under the laws of New York that the foregoing is true and correct. Executed this 13th day of November, 2012, at New York, New York.

_____
KENNETH A. ELAN

2

EXHIBIT 1
*In re Citigroup Inc. Securities Litigation*
Case No. 07 Civ. 9901 (SHS)

KENNETH A. ELAN, ESQ.

TIME REPORT

Inception through November 23, 2012

| NAME | YEAR OF GRADUATION | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|
| Kenneth A. Elan, Esq. | 1977 | 93.60 | $700 | $65,520.00 |
| | | | | |
| **Of Counsel** | | | | |
| Laura Colatrella | 1994 | 320.50 | $500 | $160,250.00 |
| Rachel Gauchman | 2010 | 565.25 | $275 | $155,443.75 |
| | | | | |
| TOTAL LODESTAR | | 979.35 | | $381,213.75 |

3

**EXHIBIT 2**
*In re Citigroup Inc. Securities Litigation*
Case No. 07 Civ. 9901 (SHS)

**KENNETH A. ELAN, ESQ.**

**EXPENSE REPORT**

Inception through November 23, 2012

| CATEGORY | AMOUNT |
|---|---|
| Litigation Contribution Fund | $10,000.00 |
| Out of Town Travel | $1,170.00 |
| Working Meals | $303.31 |
| Local Transportation | $130.00 |
| Internal Copying (490 @ $0.15/pg.) | $73.50 |
| Postage & Express Mail | $38.72 |
| | |
| TOTAL EXPENSES: | $11,715.53 |

EXHIBIT 3

[ATTORNEY BIOGRAPHIES]

Biography of Kenneth A. Elan

## BIOGRAPHY OF KENNETH A. ELAN

Kenneth A. Elan is a graduate of The American University where he received a B.S. in Political Science in 1974. He received his Juris Doctor from the University of Baltimore School of Law in 1977. Mr. Elan was admitted to the Bar of the State of New York and to the United States District Court for the Southern and Eastern Districts of New York in 1978. He was admitted to the Bar of the Court of Appeals for the Third Circuit and Second Circuit in 2000 and 2001 respectively. Mr. Elan is a member of the New York County Lawyers Association and formerly a member of its Committee on Corporation Law. He has been an Adjunct Professor in the Accounting Department of the City University of New York (Queens College) for more than sixteen years.

Mr. Elan was associated with the firms of Schoengold & Sporn and Rabin & Silverman from 1978 to 1982, where he specialized in the prosecution of class and derivative actions as well as general corporate and commercial litigation. Mr. Elan was associated with the firms of Silverman & DiGiovanna and Dornbush Mensch Mandelstam & Silverman from 1982 to 1986. While continuing to represent clients in a variety of commercial actions, he devoted substantial time to general corporate work including preparation of registration statements, proxy statements and other SEC and related State Law (blue sky) matters.

Mr. Elan has been a sole practitioner since February 1986. He has continued to specialize in corporate and commercial litigation. He has represented numerous clients in the prosecution and defense of complex corporate and commercial cases. For example, Mr. Elan defended the

investment banking firm of Norbay Securities and its principals in the securities class action, *Brownstein v. Entourage International Inc.*, 87 Civ. 0953 (S.D.N.Y. 1987). Mr. Elan defended the investment banking firm of Sherman Fitzpatrick & Co. and several individuals in the securities class action, *Lazzaro v. Manber*, 87 Civ. 2153 (E.D.N.Y. 1987). Mr. Elan defended the investment banking firm of Donald & Co. Securities, Inc. in the class action, *Walsh v. Donald & Co. Securities. Inc.*, 96-1154 (M.D. Fla. 1996). Mr. Elan defended several corporate officers affiliated with Teltran International, Inc., a publicly held company, in an action alleging, *inter alia*, fraud and breach of fiduciary. *Revy v. Lerner, et al.*, 118854/02 (Supreme Court, New York County).

Mr. Elan defended I.C. System, Inc., one of the largest debt collection companies in the United States, in *McStay v. I.C. System. Inc.* In a case of first impression, the Court of Appeals for the Second Circuit held that the validation notice required by Section 1692(g) of the Fair Debt Collection Practices Act does not have to appear on the front side of a debt collection letter provided there is a prominent instruction in the body that warns that there is important information on the reverse side. 308 F.3d 188 (2d Cir. 2002).

Mr. Elan was counsel to the class in George *Apostol v. Guthy-Renker Corporation*, 106052/06 (Supreme Court/New York County), an action alleging that the refund policy for the defendant's skin care product was false and misleading since it omitted to tell consumers that the product had to be returned unopened in order to qualify for a refund. As a result of a settlement, class members received a 100% refund of the price paid for the product. Additionally, the defendant agreed to change its policy in order to permit refunds where the product was opened before being returned.

Mr. Elan was counsel to the class in *Mary Ann Apostol v. Washington Mutual Bank. FA* 111549/04 (Supreme Court/New York County), an action alleging that the defendant, a nationwide lender, collected fees from cooperative apartment owners to record satisfactions of lien ("UCC-3s") but did not remit the fees to the proper county authorities. As a result of a settlement, class members received the return of approximately 84% of their out of pocket loss. Moreover, the defendant changed its payoff letter to notify cooperative apartment owners that they are not required to pay the recording fee.

Mr. Elan was counsel to the class in *Youngman v. MBNA Corp.*, 91 Civ. 1823 (S.D.N.Y. 1991), an action brought under the Federal Truth in Lending Act. As a result of a favorable settlement, the defendant, one of the largest credit card issuers in the United States, substantially modified its credit card agreement with its customers. Mr. Elan was co-lead counsel *in Feinberg v. Dean Witter Reynolds Inc.*, 118682/92 (Supreme Court, New York County), an action brought on behalf of persons with inactive brokerage accounts. The action resulted in a settlement in excess of $2 million. Mr. Elan was co-lead counsel in *Shark 3 Audio. Inc. v. Leasecomm Corp.*, 95-600531 (Supreme Court, New York County), a class action brought on behalf of certain personal property lessees. A favorable settlement was attained following a grant of summary judgment on the issue of liability. Cases where Mr. Elan was co-counsel or otherwise represented plaintiffs in securities class actions include, *In re YES! Entertainment Securities Litigation*, 1998 WL 667863 (N.D. Cal. 1998); *Baffa v. Donaldson. Lufkin & Jenrette Securities Corp.*, 999 F. Supp. 725 (S.D.N.Y. 1998); *In re Norand Corporation Securities Litigation*, C-95-323-EJM (N.D.Iowa 1995); and *In re Cendant Corporation Securities Litigation*, 264 F.3d 201 (3d Cir. 2001).

Since 1980, Mr. Elan has also prosecuted and defended claims brought on behalf of and against numerous registered broker-dealers, individual brokers and public customers in regulatory and arbitration proceedings before the Securities and Exchange Commission, New York Stock Exchange, FINRA and its predecessor, the National Association of Securities Dealers. His representation has included every step of the arbitration process, i.e., investigation of the claims; preparation of the Statement of Claim or Answer; conducting applicable discovery; filing pre and post-arbitration briefs and representing his clients at arbitration hearings.

Mr. Elan was co-counsel and, among other things, assisted in writing the Respondent's brief in *Verizon Communications, Inc. v. Trinko*, 540 U.S. 398 (2004), where the Supreme Court discussed the applicable standards and interplay between causes of action under the Sherman Act and Telecommunications Act of 1996. Mr. Elan has briefed and/or argued points of law in numerous lower court cases including the existence of an implied cause of action under Section 1701 of the Housing and Urban Development Act, as amended, in *Williams v. U.S. Department of Housing and Urban Development*, 2006 WL 2546536 (E.D.N.Y. 2006); the standards to vacate a default judgment under Rule 60(b), Fed. R. Civ. P. in *New Card Inc. v. Van Dijke*, 137 Fed. Appx. 384 (2d Cir. 2005); the statute of limitations under New York law in an action alleging libel and slander in *O'diah v. New York City*, 2002 WL 1941179 (S.D.N.Y. 2002); the applicability of an arbitration provision in a credit card agreement where an action is brought on a class-wide basis under the Federal Truth in Lending Act in *Sagal v. First USA Bank, N.A.*, 69 F. Supp. 2d 627 (D. Del. 1999); and, the parties covered under the Telecommunications Act of 1996 in *Chladek v. Verizon N.Y. Inc.*, 96 Fed.Appx. 19 (2d Cir. 2004). Mr. Elan also participated

8

in the prosecution of two significant antitrust cases, *Brand Name Prescription Drug Antitrust Litigation* and *In re Visa Check/Master Money Antitrust Litigation*. See, 297 F. Supp.2d 503 (E.D.N.Y. 2005). The latter case resulted in the largest antitrust settlement in history.

Mr. Elan is presently representing clients in numerous class, derivative and individual actions including shareholders in *In re CitiGroup Inc. Securities Litigation,* Master File No. 07-CV-9901 (S.D.N.Y); policyholders who paid excess premiums for insurance coverage in *Spagnola v. Chubb Corporation*. 06-CV-9960 (S.D.N.Y. 2006); and shareholders in *Salzman v. Bartz*, Cv-11-03269 (N.D. Cal.), a derivative action contesting the sale of one of Yahoo Inc.'s principal assets. Mr. Elan is presently defending I.C. System, Inc. in a class action styled, *Sussman v. I.C. System*, 12-CV-0181 (S.D.N.Y.) and DCM Services in the class action styled, *Mundy v. DCM Services, LLC,* 11-CV-5979 (S.D.N.Y.)

## BIOGRAPHY OF LAURA M. COLATRELLA

Laura M. Colatrella graduated *cum laude* from New York Law School in 1994. She was admitted to practice law in the State of New York in 1995. She commenced practicing law with the well-known personal injury firm of Schneider, Kleinick & Weitz where she specialized in appellate and complex motion practice.

Between 1995 and 2004 Ms. Colatrella worked primarily for the premier personal injury defense firms of Leahy & Johnson and Gladstein & Isaac. She performed all aspects of trial work, including depositions, court appearances, motion practice, jury selection and second-seating at trial. Ms. Colatrella continued working primarily for personal injury defense firms up to 2010. She was associated with the firms of Robert I. Elan, Esq., Sanford F. Young, P.C. and Armienti, DeBellis, Guglielmo and Rhoden, LLP during this period of time. Ms. Colatrella has been a sole practitioner since June 2010. Her practice includes court appearances, depositions, motions and appellate work.

## BIOGRAPHY OF RACHEL A. GAUCHMAN

Rachel A. Gauchman graduated New York Law School in May 2010. She is admitted to practice law in the States of New York and New Jersey. In 2008, Ms. Gauchman worked for Jacobs DeBrauwere in New York, New York, where she researched copyright cases to aid in the publication of a book on pre-broadcast review. In 2008-2009, Ms. Gauchman worked for the Institute for Information Law and Policy in New York, New York where she collaborated with a team on a project to create an online resource detailing the IP protection afforded to fashion designers and the implications of counterfeiting. In 2009 Ms. Gauchman also worked for the firm of Hiscock & Barclay, LLP where she was responsible for reviewing contracts on behalf of musical artists/clients of the firm.