# Exhibit J

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP SECURITIES LITIGATION | No. 07 Civ. 9901 (SHS)<br>**ECF Case** |

### DECLARATION OF ALAN L. KOVACS, ESQ. FILED ON BEHALF OF LAW OFFICE OF ALAN L. KOVACS IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

I, ALAN L. KOVACS, declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am a member of the Law Office of Alan L. Kovacs, which represents plaintiffs in this litigation. I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm, which served as counsel for ANTHONY SEDUTTO in this litigation, was involved, generally, in investigation of my client's claims; meetings and telephone conferences with my client and co-counsel at various stages of the case regarding strategy, discovery, class certification and settlement; assistance in drafting of consolidated amended complaint; drafting of portions of plaintiffs' opposition to defendants' Motion to Dismiss; drafting of responses, and amended responses to defendants' discovery requests; assistance of client in connection with production of documents; preparation for, and attendance at, client's deposition; review of documents produced by defendants; review and editing of class certification memoranda; and review and editing of proposed Settlement documentation. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney and professional support staff of my firm who was involved in this litigation,

and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

3. The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted in other in other securities or shareholder litigation.

4. The total number of hours expended on this litigation by my firm through November 23, 2012 is 701.20. The total lodestar for my firm is $ 250,570.00, all of which is for attorneys' time.

5. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

6. As detailed in Exhibit 2, my firm has incurred a total of $ 1,183.06 in unreimbursed expenses in connection with the prosecution of this litigation.

7. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

8. With respect to the standing of my firm, attached hereto as Exhibit 3 is a brief

2

biography of my firm and attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury under the laws of Massachusetts that the foregoing is true and correct.

Executed this 6th day of December, 2012, at Newton, Massachusetts.

/s/ Alan L. Kovacs_____
Alan L. Kovacs

**EXHIBIT 1**
*In re Citigroup Inc. Securities Litigation*
**Case No. 07 Civ. 9901 (SHS)**

LAW OFFICE OF ALAN L. KOVACS

**TIME REPORT**

**Inception through November 23, 2012**

| NAME | YEAR OF GRADUATION | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|
| **Partners** | | | | |
| Alan L. Kovacs | 1972 | 127.20 | 475 | $ 60,420.00 |
| | | | | |
| | | | | |
| **Of Counsel** | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Other Attorneys** | | | | |
| Lissa Bourjolly | 2005 | 72.00 | 375 | $ 27,000.00 |
| Kaleen Ford | 2007 | 502.00 | 325 | $163,150.00 |
| | | | | |
| | | | | |
| **Professional Support Staff** | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL LODESTAR** | | 701.20 | | $ 250,570.00 |

4

**EXHIBIT 2**
*In re Citigroup Inc. Securities Litigation*
**Case No. 07 Civ. 9901 (SHS)**

Law Office of Alan L. Kovacs

**EXPENSE REPORT**

**Inception through November 23, 2012**

| CATEGORY | AMOUNT |
|---|---|
| **Court Fees** | |
| **Service of Process** | |
| **On-Line Legal Research** | 27.00 |
| **On-Line Factual Research** | |
| **Investigators** | |
| **Telephones/Conference Calls** | |
| **Faxes** | |
| **Postage & Express Mail** | 68.15 |
| **Hand Delivery Charges** | |
| **Local Transportation** | |
| **Internal Copying** | 88.40 |
| **Outside Copying** | 164.19 |
| **Out of Town Travel** | 796.10 |
| **Working Meals** | |
| **Court Reporters and Transcripts** | |
| **Special Publications** | |
| **Staff Overtime** | |
| **Experts** | |
| **Mediation Fees** | |
| **Misc. including supplies** | 39.22 |
| **TOTAL EXPENSES:** | **1,183.06** |

## EXHIBIT 3

## LAW OFFICE OF ALAN L. KOVACS
## [FIRM RESUME AND BIOGRAPHIES]

**ALAN KOVACS** concentrates on corporate transactional matters for small and medium sized businesses, trade regulation counseling and complex business litigation, including antitrust, consumer protection and securities litigation. Mr. Kovacs has over 35 years of experience as an attorney.

After graduating from law school, Mr. Kovacs spent four years as an Assistant District Attorney in Manhattan, New York and Middlesex County, Massachusetts, where he did both appellate and trial work arguing over a dozen cases before the highest appellate courts in New York and Massachusetts. From 1978 through 1985, he worked in the Antitrust Division of the Massachusetts Attorney General's Office where he rose to Chief of that Division as well as Chairman of Antitrust Task Force of the National Association of Attorneys General. He has been in private practice since 1985, first as Of-counsel to Ferriter, Scobbo, Sikora and now in his own firm.

Some of Mr. Kovacs's relevant work includes:

- Creation of joint venture among over 20 real estate firms to develop website for joint marketing of available properties;

- Representation of overseas wineries seeking to establish U.S. based distribution;

- Lead counsel in Oil Overcharge Litigation, a nationwide class action that involved claims that oil companies had violated price controls and that resulted in a nationwide settlement of over $2 Billion;

- Representation, as Co-Lead Counsel, of retail liquor stores in antitrust litigation challenging validity of price posting statutes. Litigation resulted in a finding that the statutes are unconstitutional;

- Representation, as Co-Lead Counsel, of independent pharmacies in antitrust litigation against nationwide retail pharmacy chain and major HMO. Litigation resulted in a significant settlement based upon the entry of summary judgment against the defendants. Case represents one of few decisions on summary judgment in favor of a class of businesses under the Massachusetts Consumer and Business Protection Act;

- Representation of regional supermarkets in connection with governmental investigations of slotting fees;

- Representation of national food manufacturer in connection with governmental claims that inclusion of toy in product packaging constituted violation of federal and state food and safety regulations and consumer protection laws.

- Representation of internet company in litigation claiming that manufacturer and nationwide brick-and-mortar retailer engaged in antitrust violations and unfair trade practices by conspiring to drive internet company out-of-business. Litigation resulted in purchase of internet company by brick-and-mortar business.

- Shareholder Derivative Actions involving alleged back-dating of stock options exercisable by directors and officers.

- Representation of physician, pharmacies and ambulance companies claiming exclusion from health insurance networks constituted antitrust violations and unfair trade practices;

- Associate Commissioner, Massachusetts Hospital System Payment Advisory Commission, 1995 - 1997.

Mr. Kovacs is admitted to practice in Massachusetts and New York, and in the United States Supreme Court, the US Circuit Courts of Appeal for the First and Second Circuits, and the US District Courts for the Districts of Massachusetts, Southern New York and Eastern New York.

He is a graduate of Amherst College (1969, cum laude) and Columbia Law School (1972), where he was an Associate Editor of the Journal of International Law. He also holds a Masters of Law Degree in Taxation from Boston University (1979).