UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Citigroup Inc.
Securities Litigation   No. 07 Civ. 9901 (SHS)
ECF Case

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/13

Docket ~ file

## OBJECTION

The undersigned objector received notice of the pendency of class action as a putative member of the settlement class set out in the notice. The undersigned objector objects to the settlement on the following grounds:

1. The notice does not permit a meaningful opportunity to exercise the class members' rights to be excluded from the settlement afforded by Federal Rule of Civil Procedure 23, when as is the case with the undersigned, the objector is a small individual investor because to do so would require the investor to first determine when the subject shares were purchased and amounts of the shares. Only large and/or institutional investors would have ready access to information sufficient to exercise their right to be excluded from the settlement class in a meaningful way.

2. The requirement that objectors attach to their objection documents sufficient to establish inclusion in the settlement class effectively deprives small individual investors who do not have ready access to such documents or information of their right to object to the settlement afforded by Federal Rule of Civil Procedure 23. Presumably the parties have sufficient access to such documents and information to confirm the objector's inclusion in the settlement class such that notice was sent to members of the putative settlement class, including the undersigned. Placing the burden upon a small individual investor to attach documents as a prerequisite to object violates the investor's rights under Rule 23 and effectively deprives the investor of due process with regard to any property rights or interest

they may have in a fair and equitable settlement of the investor's individual claim as part of the class settlement.

3. The proposed claim form does not permit a small investor who lacks ready access to documentation concerning the purchase of subject shares from being able to effectively make a claim. Even small investors, like the undersigned, who made an effort to reconstruct and ascertain, after a number of years, when and how many shares were purchased would likely be unable to effectively file a claim using the proposed claim form. The undersigned respectfully suggests that information concerning the purchase of the subject shares that is readily available to the parties be supplied to the putative class members upon request at least 90 days in advance of the date upon which a claim must be filed, so that small individual investors who do not have ready access to this information may have a meaningful opportunity to file a claim.

The undersigned has attempted without success to locate, produce and attach to this objection documents that would confirm inclusion in the putative settlement class sufficient to satisfy subpart (2) of paragraph 65 of the Notice.

Submitted this 19th Day of December 2012.

David E. Breskin