# EXHIBIT 4

 LexisNexis·

*A **Conversation** With **Class** **Action** **Objector** **Ted** **Frank***

The American Lawyer (Online)
March 4, 2011 Friday

Copyright 2011 ALM Media Properties, LLC All Rights Reserved Further duplication without permission is prohibited

# THE AMERICAN LAWYER

**Length:** 912 words

**Byline:** Susan Beck, Special to the

| Body |
| --- |

***Ted* *Frank*** is on *a* mission to curb abusive ***class* *action*** settlements. Since mid-2009, his fledgling nonprofit group, the Center for Class Action Fairness, has filed objections to 17 settlements that he believed provided little, if any, benefit to ***class*** members, but showered plaintiffs lawyers with outsized fees. To date he's convinced federal judges to reject or modify six settlements, including *an* Apple securities settlement that was modified, which we reported on here. He currently has eight objections pending in federal district courts, including a motion he filed this week to enforce a settlement involving computer chip maker NVIDIA. *Frank* claims that the company has reneged on *a* promise to replace defective Hewlett-Packard computers with similar machines.

The 42-year-old ***Frank***, who clerked for Judge ***Frank*** Easterbrook of the U.S. Court of Appeals for the Seventh Circuit, began his legal career as *an* associate at Kirkland & Ellis, Irell & Manella, and O'Melveny & Myers. He was previously *a* resident fellow with the American Enterprise Institute and he now writes *a* blog that appears on the Manhattan Institute's website, called Pointoflaw.com.

The Litigation Daily talked to ***Frank*** about his work as *a* professional ***objector***.

Litigation Daily: What made you decide to get into the role of challenging ***class* *action*** settlements? Was there *a* particular settlement that really bothered you?

***Ted* *Frank***: On *a* whim in 2008 I objected to *a* settlement where I was *a* ***class*** member--the Grand Theft Auto [video game] settlement. I discovered that that brought more attention to the issue than any law review article I would write. On top of it I scuttled *a* very bad settlement. After the publicity from Grand Theft Auto, i started getting phone calls from other ***class*** members. in the best tradition of Rabbi Hillel, I asked: If if not me, who? And if not now, when? I think I can accomplish more by litigating than pontificating.

LD: Are you opposed to ***class* *actions*** in principle?

A Conversation With Class Action Objector Ted Frank

TF: No. When appropriately administered, with appropriate procedural protections, it's the right way to aggregate litigation by numerous claimants. Judges are supposed to make sure everything is happening on the up and up, but without some sort of ombudsman to insist on this, not every judge will do this. It's astonishing to me we still see settlements with worthless coupons. But I do have sympathy for these judges who have very crowded dockets.

LD: Do you think *class action* plaintiffs lawyers are making too much money off of these cases?

TF: I think they are disproportionately paying themselves relative to what their clients are receiving. I saw *a* case last week where the attorneys filed *a* complaint and there was no motion practice, and the company agreed to pay *a* nuisance settlement of $3.5 million. The attorneys filed *a* 33 percent fee request. They could not have put in more than *a* few hours of work. We really wanted to object to this fee request, but we didn't have the bandwidth to do it.

LD: Have you had some unpleasant *conversations* with plaintiffs lawyers in these cases?

TF: Yeah. Some law firms simply lie about me in their pleadings. They claim I'm trying to extort *a* piece of the settlement for myself. I've never agreed to *a* quid pro quo settlement. [In *a* quid pro quo settlement, the *objector* agrees to drop his *action* in exchange for *a* slice of the fees.] It's ironic that [in the NVIDIA case] Milberg issued *a* press release stating that I have *an* anti-consumer agenda when they're the ones arguing against the consumers I represent in my motion. But I also had Mark Lanier--perhaps the greatest living trial lawyer who hasn't been convicted of *a* felony--tell me he liked what I was was doing because there are *a* lot of *class action* lawyers who are ripping off their clients. [The Litigation Daily reached out to Lanier to confirm if he said this, but didn't hear back.]

LD: Have you gotten grief from the defense side? After all, they were hoping to get rid of these cases in which you're filing objections.

TF: I've had *a* variety of reactions. I've had defense attorneys and general counsels come up to me and say, we really appreciate what you're doing but you're wrong in this case. But I've been surprised that some defense lawyers have gone up against me as hard as some plaintiffs lawyers. It seems very short-sighted for them to complain that I'm *a* tort reform advocate.

LD: Have you ever been awarded fees in *a* case as *an objector*?

A Conversation With Class Action Objector Ted Frank

TF: We have been awarded fees as *an **objector*** in *a* case called Lonardo v. Travelers Indemnity, where our objection resulted in ***an*** extra $2 million to the ***class***. We're planning to file *a* fee application in the Apple securities ***class*** ***action*** where we got $2 million more for the ***class***. We have *a* bright line. We won't ask for fees unless the ***class*** gets *a* pecuniary benefit.

LD: How are you making *a* living from this?

TF: We're *a* project of *a* 501(c)(3) organization and it pays me as ***an*** independent contractor to manage the project. I'm making less than *a* junior associate, but I can still pay the mortgage.

LD: Who are some of the major contributors to your organization?

TF: Our donors consist of charitable foundations and independent individuals who like what we're doing.

LD: Can you name some of them?

TF: I'd prefer not to get into that.

LD: Does your work for the Center take up most of your working day?

TF: It's turned into that and is also taking up most of my leisure time, too. It's the main focus of my life now.

| Classification |
|---|

**Language:** ENGLISH

**Publication-Type:** Magazine

**Subject:** LITIGATION (95%); ***CLASS ACTIONS*** (93%); SETTLEMENT & COMPROMISE (90%); MAJOR US LAW FIRMS (90%); SUITS & CLAIMS (90%); LAWYERS (89%); NON-PROFIT ORGANIZATIONS (89%); JUDGES (77%); APPELLATE DECISIONS (76%); COMPUTER EQUIPMENT (75%); ELECTRONICS (75%); APPEALS COURTS (70%); COMPUTER CHIPS (70%); SEMICONDUCTOR MFG (70%); BLOGS & MESSAGE BOARDS (67%)

A Conversation With Class Action Objector Ted Frank

**Company:** O'MELVENY & MYERS LLP (84%); KIRKLAND & ELLIS LLP (58%); IRELL & MANELLA LLP (58%); NVIDIA CORP (57%); HEWLETT-PACKARD CO (57%); AMERICAN ENTERPRISE INSTITUTE FOR PUBLIC POLICY RESEARCH (55%)

**Ticker:** NVDA (NASDAQ) (57%); HPQ (NYSE) (57%)

**Industry:** NAICS541110 OFFICES OF LAWYERS (84%); SIC8111 LEGAL SERVICES (84%); NAICS334413 SEMICONDUCTOR & RELATED DEVICE MANUFACTURING (57%); NAICS334119 OTHER COMPUTER PERIPHERAL EQUIPMENT MANUFACTURING (57%); SIC3674 SEMICONDUCTORS & RELATED DEVICES (57%); SIC3577 COMPUTER PERIPHERAL EQUIPMENT, NEC (57%); NAICS511210 SOFTWARE PUBLISHERS (57%); NAICS334111 ELECTRONIC COMPUTER MANUFACTURING (57%); SIC8733 NONCOMMERCIAL RESEARCH ORGANIZATIONS (55%)

**Geographic:** UNITED STATES (92%)

**Load-Date:** March 28, 2012