# EXHIBIT 5

Dow Jones Reprints: This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers, use the Order Reprints tool at the bottom of any article or visit www.djreprints.com

- See a sample reprint in PDF format.      - Order a reprint of this article now

### THE WALL STREET JOURNAL.
WSJ.com

LAW   |   October 31, 2011

# A Litigator Fights Class-Action Suits

By ASHBY JONES

There are two types of class-action lawyers: those who bring the big lawsuits against corporate America, and those who defend them.

And then there's Ted Frank.



T.J. Kirkpatrick for The Wall Street Journal

Lawyer Ted Frank leads the Center for Class Action Fairness.

Mr. Frank is a relative newcomer to the burgeoning world of class-action objectors. Objectors are lawyers who swoop in at the 11th hour and make formal objections to settlements hammered out between corporate defendants and "classes" of individuals who have alleged that a company has defrauded its investors or created a product that injured consumers.

Many objectors' aims are simple. They want to get more money for a small subset of the class unhappy with a settlement's proposed terms. So they'll typically drop their complaints if the lead class attorneys agree to cut them—and their clients—a bigger slice of the settlement.

Not Mr. Frank, who has emerged as a rare breed in the world of class-action objectors because he tends to stay and fight settlements to the end, rather than cut quick deals. His stated mission is different, too. He says it's to right the wrongs of the class-action system by upending settlements that he thinks give class members too little and give the plaintiffs' lawyers too much.

He has already picked up some wins, including a significant ruling in August involving Bluetooth headsets.

**More**

- Class-Action Settlement's Value Isn't Always Clear Cut

And many in the class-action world are paying close attention to an appeal pending in New York involving a settlement between Sirius XM Radio Inc. and subscribers that Mr. Frank finds objectionable. A win could give Mr. Frank his most influential victory yet.

Mr. Frank's critics paint him as a right-wing ideologue recklessly using the courts to pursue a political agenda against class-action litigation and the plaintiffs' bar. But he insists he's out not to abolish class actions but to improve them.

"Class actions have a place in our legal system, but right now they're corrupt in so many ways," said Mr. Frank, who in 2009 left a position at a right-leaning think tank, the American Enterprise Institute, to launch a new career as a litigator focusing on class actions. "Plaintiffs' lawyers are getting rich without winning anything for their clients, and the consumers are getting ripped off," he says.

Judges in recent cases involving Hertz Corp., West Publishing Corp., Honda Motor Co. and Kellogg Co. have rejected proposed settlements after Mr. Frank and his organization, the Center for Class Action Fairness, raised objections.

In the Bluetooth case, which involved defendants Plantronics Inc. and the company formerly known as Motorola Inc., the Ninth Circuit Court of Appeals rebuffed a deal that would have paid no money to class members but would have given $100,000 to four nonprofit groups dedicated to hearing loss and $850,000 to the plaintiffs' lawyers. Judge Michael Hawkins, writing for a three-judge panel, expressed "discomfort" with the lower court's approval of the fees and said that the settlement carried "multiple indicia of possible implicit collusion" between the two parties.

The lawyers are now back in the lower court, trying to hash out a new deal. "I think the settlement complies with the law," said Daniel Warshaw, a lawyer representing the class. "Our goal now is to put more in the record that shows that we're right." A representative from Motorola Mobility Inc. didn't return a call seeking comment. Plantronics declined to comment.

Mr. Frank considers that case his most significant win largely because the Ninth Circuit issued a lengthy opinion that will serve as "precedent" that lower courts in the western U.S will have to follow. "This is why we're doing this," he said. "To generate opinions that have leverage beyond individual cases."

In other words, Mr. Frank says he is trying to change the law through his lawyering.

Some supporters think he's doing just that: effectively serving as a watch-dog over the class-action system, a role that Congress and the courts have for too long neglected.

"The fact is that he's been able to persuade courts to finally look seriously at issues that they used to completely ignore," said Lester Brickman, an expert on class-action litigation and a professor at the Benjamin N. Cardozo School of Law in New York.

Others are less supportive. "I'm not sure anyone really believes he's in it for the reason he states—that he cares about consumers," said James Sabella, a plaintiffs' lawyer currently defending the Sirius XM settlement over Mr. Frank's objections. "He wants class actions to go awayentirely."

But without class actions, said Mr. Sabella, corporate America will get a "free pass on a lot of questionable behavior."

In some ways, Mr. Frank comes across as more of an eccentric professor than a crusading lawyer. He has been known to show up to court appearances unshaven and rumpled.

And unlike many lawyers, Mr. Frank welcomes a bit of risk in his life. In 2004, he won $215,000 by

investing in a semiprofessional poker player, Greg Raymer, who won that year's World Series of Poker.

Earlier this year, he spent thousands of dollars on Wal-Mart Inc. stock in the hope that the company would win a widely followed employment-discrimination case at the U.S. Supreme Court—and that its stock would jump. (Wal-Mart won the case, but the stock barely budged."The Greek crisis hammered me," he said shortly thereafter.)

Mr. Frank says the money he won in 2004 enabled him to leave full-time legal practice and join the think-tank world, specifically AEI, where he wrote widely on reforming the civil legal system.

But he didn't start objecting to class-action settlements until 2008, when he found himself a member of a class himself. The allegation: that Take-Two Interactive Software Inc., the maker of the videogame "Grand Theft Auto," had defrauded consumers by including on the game disc some software code that contained illicit scenes.

Mr. Frank objected to the settlement between the class and Take-Two, which gave class members a partial refund on their games but gave the plaintiffs' lawyers a seven-figure fee.

The judge rejected the settlement on other grounds, but the case prompted Mr. Frank to switch his emphasis, and the following year, he launched his current organization, the Center for Class Action Fairness. The center is funded through private donations, which is what, for now, allows Mr. Frank to turn down offers to get out of cases and instead press his cause. He won't divulge his funding sources, saying only that the money comes from "others who believe, as I do, that the class-action system is being abused."

David Zlotnick, a San Diego plaintiffs' lawyer, reached a settlement with Hertz on behalf of a class of consumers who argued they were overcharged, only to see it overturned after Mr. Frank's group objected. Since then, settlement talks have stalled.

In Mr. Zlotnick's opinion, Mr. Frank should be made to divulge his funders. "I don't think he's entitled to masquerade his political agenda under the guise of making class actions more fair, especially if he has large, powerful agents behind him."

Still, some feel that regardless of who's doing the funding, Mr. Frank is just what the system needed. Jeffrey Jacobson, the lawyer who defended the "Grand Theft Auto" settlement, said he initially butted heads with Mr. Frank, but has warmed toward him and his work.

"Ted has already made a big difference," said Mr. Jacobson, a Debevoise & Plimpton partner. "Even if he accomplishes nothing else, he'll have had a greater impact than most lawyers will achieve in their careers."

**Write to** Ashby Jones at ashby.jones@wsj.com

Copyright 2012 Dow Jones & Company, Inc. All Rights Reserved
This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our Subscriber Agreement and by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at 1-800-843-0008 or visit www.djreprints.com.