# EXHIBIT 6

December 8, 2012

William B. James and Joy A. James
3675 Classic Dr. S
Memphis, TN 38125


Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
RE: In re Ctitgroup Inc. securities Litigation,
Case No. 07 Civ. 9901 (SHS)



cc.  Brad S. Karp, Esq.
     Richard A. Rosen, Esq
     Susanna M. Buergel, Esq.
     Jane B. O'Brien, Esq.
     Asad Kudiya, Esq.
     Paul Weiss, Rifkind, Wharton & Garrison LLP
     1285 Avenue of the Americas
      New York, NY 10019

cc.  Peter S. Linden, Esq.
     Ira M. Press, Esq
     Andrew McNeela, Esq.
     Kirby McInerney LLP
     825 Third Avenue
     New York, NY 10022

To the Court:

We are writing to object to the proposed settlement and award of attorney's fees and reimbursement of litigation expenses.

As background, I, William B. James, was an employee of Citigroup, Inc. and predecessor firms from January, 1984 until the creation of the joint venture with Morgan Stanley caused the sale of Smith Barney and my termination in January of 2009. I subsequently resigned from Morgan Stanley in September, 2009.

Much of my life's savings was invested and lost in Citigroup, Inc. common stock, primarily because of the mandatory participation in the firm's Management Capital Appreciation Program and a firm requirement for management employees above a certain level to maintain ownership of 75% of the shares purchased. The transactions and losses included on these forms represent only a small fraction of the total losses we had in Citigroup.

During my employment I was in attendance at meetings with senior management at Smith Barney during the time frame which this proposed settlement covers. I heard firsthand from several of the defendants that "everything was secure", "our capital position was strong and would remain strong", "our risk is constantly monitored and under control". My most specific memory of this was a meeting we held for our top producers in 2007. Mr. Crittenden, Citigroup CFO, was asked to come and meet with us (senior Smith Barney management) because of the worries surrounding the involvement we had in the mentioned securities. He was adamant that there was nothing to worry about, that all was manageable and that Citi would weather the storm, survive and prosper. Needless to say, I heard that many times as things eventually spun out of control and the company collapsed.

We object to the settlement itself because we believe it is inadequate. Citigroup, Inc. lost 95% + of its value from highs in the $50's to lows below $2. How can a proposed settlement that suggests a $.19c per share recovery is "an exceptionally significant recovery" and a "truly outstanding result for the Settlement Class" be deemed fair and adequate? We suspect this proposed settlement conveniently mirrors the insurance coverage limits of the defendants and has little or nothing to do with a reasonable settlement for the damaged shareholders.

We object to the settlement process that has been set up as well. It appears to be designed to dissuade shareholders from participation by being so narrow in the scope of the time frame chosen, complicated, and time consuming to complete. It also includes language that takes away the rights of shareholders who don't manage to complete the documents. We suspect that many, many injured parties will not participate for these reasons and we suspect that is the goal of those who designed this settlement.

We object to the proposed payment of attorney's fees and reimbursement of litigation expenses. While not made obvious in the notice to shareholders, simple math suggests that the attorneys are asking to collect *$100 million dollars* and then get back any out of pocket expense on top of that. That is offensive. We lost millions of dollars. We stand to get back pennies. There is a proposed "exceptionally significant recovery" and a "truly outstanding result" for the attorneys who crafted this settlement, not for the Settlement Class. We ask that fairness prevail and the fees paid to the attorneys be reduced significantly by the court to a reasonable amount.

We respectfully submit these objections and appreciate your consideration of them.

*[signature]*  *[signature]*
William B. James    Joy A. James