# EXHIBIT 8

Law Office of Patrick Wright
10888 Shady Tr
Dallas, TX 75220
214-745-1080
Fax 214-745-1140


November 16, 2012

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St
New York, NY 10007-1312

> Re:   In re Citigroup Inc. Securities Litigation.
>        Case No. 07-Civ. 9901 (SHS)

Dear Clerk:

I enclose an original and a copy of the following document:

Class Members' Objection

Please return the copy of this letter, file-stamped, so that I can keep it in my file. I enclose a self-addressed, stamped envelope for your convenience.

By copy of this letter with attachment, I am informing the parties of the filing of the document.

Thank you.

Sincerely,

Kenneth Patrick Wright, Pro Se

cc    Ira M. Press, Esq.
      Peter S. Linden, Esq.
      Andrew McNeela, Esq.
      Kirby McInerney LLP
      825 Third Avenue
      New York, NY 10022

      Brad S. Karp, Esq.

Richard A. Rosen, Esq.
Susanna Buergel, Esq.
Paul. Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-66064

Mydocs\secretary\wright\class action\corr\court\dc 11-16-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CITIGROUP INC.
SECURITIES LITIGATION

VS.                                        )        CASE NO. 07 Civ. 9901 (SHS)

## CLASS MEMBERS' OBJECTION

COME NOW Kenneth Patrick Wright and Hyejin Chung Wright, Class Members, and

file this Objection to Proposed Settlement and Plan of Allocation filed in this case and

preliminarily approved on August 29, 2012.  Kenneth Patrick Wright and Hyejin Chung Wright,

a married couple, hereinafter termed "Objectors," would show as follows:

1.      **Objectors' Are Members of the Class**

Objectors purchased 73 shares of Citigroup, Inc. common stock on May 9, 2007.  See

attached Proof of Claim and Release, with supporting documentation.  Objectors have never sold

the stock and still possess it.  Id.  The relevant period under the Settlement Agreement is from

February 26, 2007 to April 18, 2008.  The Objectors are members of the class.

2.      **The Notice of Settlement Agreement does not provide enough information
        for Class Members to determine if the Allocation method is fair to class
        members who purchased shares between 2-26-07 to 11-4-07 and did not sell
        the shares.**

Objectors bought their 73 shares of common stock on May 9, 2007, and have never sold

the shares.  See Statement for Account, May 1, 2007 to May 31, 2007, attached to Proof of

Claim form.  The average cost of Objectors' 73 shares was $53.93.  Id.  The total cost of the 73

shares paid by Objectors is $3936.62.  Id.

The Notice of Settlement Agreement states that members of the class who did not sell

their shares during the period of February 26, 2007 to July 17, 2008, the recognized loss will be

1

determined by the following formula:

    A.    For shares held at the end of trading on July 17, 2008, the Recognized Loss shall

be that number of shares multiplied by the lessor of:

    (1)    the applicable purchase/acquisition date artificial inflation per share figure, as found in Table A below; or

    (2)    the difference between the purchase/acquisition price per share and $21.07. Notice, p. 7.

The amount in Table A for class members who purchased shares in the period of 2/26/207 to 11/4/07, is $4.94. Id.

Objectors purchased their shares for $53.93. $53.93 minus $21.07 equals $32.86. Because $4.94 is less than $32.86, the multiplier in Objectors' case will be $4.94.

Table A sets forth the multiplier amounts relevant to other purchasers of Citigroup, Inc. stock. Purchasers of the stock on 11/5/07 will have the multiplier amount of $3.38 applied to the number of shares purchased. Id. Purchasers of stock from 11/6/07 to 11/18/07, will have the multiplier rate of 1.72 applied. Id. Purchasers of stock from 11/19/07 to 1/14/08 will have the rate of $1/15 applied. Purchasers of stok on 1/15/08 will have the rate of $0.71 applied. Finally, purchasers of stock between 1/16/08 and 4/18/08 will have the amount of $0.10 applied.

Objectors contend that the Notice provides too little information to determine if the multiplier amounts are reasonable and fair to each categorized purchase date period. How did the parties arrive at the multiplier rates set forth in Table A, under the heading "Artificial Inflation Per Share"? How did the parties determine the duration of each categorized period? How do the parties justify using the "lesser amount" of the "difference between the purchase/acquisition price per share and $21.07" and the multiplier rate set forth in Table A? How do the parties determine that class members will receive only $.019 per share? Notice, p. 1.

Without more explanation, the Proposed Settlement's plan of allocation is not fair and adequate, and should not be approved.

The ultimate test of a plan's allocation of benefits is whether or not it is fair and adequate. "To warrant approval, the plan of allocation must also meet the standards by which the settlement was scrutinized -- namely, it must be fair and adequate." Maley v. Global Technologies Corp., 186 F.Supp.2d 358, 367 (S.D.N.Y. 2002). "An allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." Id. The lack of detail and explanation in the plan's allocation formula prevents Objectors from being able to determine if the allocation is fair to them.

The Court "determines a settlement's fairness by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms." Beane vs. Bank of NY Mellon, 2009 U.S. Dist. LEXIS 27504, at 6 (S.D.N.Y. 2009). Courts must ensure: (1) that the settlement was the product of arm's length negotiations; and (2) that class counsel "possessed the experience and ability, and . . . engaged in the discovery, necessary to effectively represent . . . the class's interests." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001). The Court also determines whether the settlement is fair, adequate and reasonable by considering the nine factors enumerated initially in City of Detroit v. Grinnell Corp. 495 F.2d 448, 463 (2d Cir. 1974).

In the instant case, the few pleadings on file do not show that the parties have engaged in arm's length negotiations. The case, admittedly, has been pending for several years. Very few substantive motions have been filed that reveal the rationale for the proposed settlement, however. No motions for summary judgment, motions to quash, motions to compel discovery, and motions to protect privilege are on file. The parties describe depositions of 50 people or more without saying what information was discovered. Doc. 154, p. 10. The lack of detail in the

3

pleadings on file, rightly or wrongly, give the impression of collusion between the parties. "THe Court has the duty to ensure that the settlement is not the product of collusion." Banyal v. Mazur, 2008 U.S. Dist. LEXIS 93593 at *9 (S.D.N.Y. 2008). The class members have no assurance that the Proposed Settlement is not simply a form of innoculation, a case in which the Defendant is merely settling as many claims as possible for as low a price as possible.

Objectors contend that expert evidence is required to substantiate the settlement. The class members may appreciate the representation of experienced counsel that the agreement is fair. Without evidence that the agreement is fair, however, Objectors do not have factors reliable enough to agree with it. See, generally, In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation, 2012 U.S. Dist. LEXIS 161269 at *25 (S.D.N.Y. 2012) ("The Plan. which was prepared by experienced counsel in concert with a damages expert, provides for the distribution of the settlement proceeds on a pro rata basis based on a formula tied to liability and damages, without favoring any particular type of security."). None of the documents on file with the Court support the allocation formula set forth in the Proposed Settlement.

3.    **Objectors contend that the Attorney's Fee Allowed by the Proposed Settlement and Plan of Allocation is too High.**

A party seeking attorney's fees bears the "burden of establishing entitlement to an award." Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1160 (2d Cir. 1994). The Plaintiff's lawyers in this case, then, must justify the fee they seek. According to the Proposed Settlement and Plan of Allocation, the attorney's fees will be 17% of the Settlement Fund, $590,000,000.00. Notice, p. 10. 17% of the Settlement Fund is $100,300,000.00. The class members will receive $0.19 per share in this case. The Plaintiffs' attorneys will receive more than 100 million dollars. The Objectors contend the proposed attorney's fee is too high.

To determine the reasonableness of fees, the Court "examines Class Counsel's request in light of the Godberger factors." Banyal, supra, at *6. The Court arrives at a fair fee by using "both the percentage of fund and the lodestar method." Id. A "windfall" for Class Counsel is to be avoided. "Starting an analysis with a benchmark could easily lead to routine windfalls." Goldberger v. Integrated Resources, 209 F.3d 43, 51 (2d Cir. 2000). The fact that a large settlement amount has been achieved should also not serve as a basis for a large percentage fee award. "Obviously, it is not ten times as difficult to prepare, and try or settle a 10 million dollar case as it is to try a 1 million dollar case." In re Union Carbide Corp., 724 F.Supp. 160, 166 (S.D.N.Y. 1989).

The risk of the litigation is "perhaps the foremost factor" in establishing the proper fee. Id., at 54. Objectors contend that the risk of litigation in the instant case was low. As the Goldberg case makes clear, "At least one empirical study has concluded that "there appears to be no appreciable risk of non-recovery" in securities class actions. because "virtually all cases are settled." Id, at 51, quoting "Do the Merits Matter? A Study of Settlements in Securities Class Actions, 43 Stan. L. Rev. 497, 578 (1991). Given the low risk of non-recovery in this case, in conjunction with the paucity of litigated issues decided by the Court in this case, a fee of 17% of total recovery is too much. Class counsel will achieve a windfall. Class members will receive a pittance.

Other cases limit the amount of attorney's fees in cases of large recoveries. "Indeed, empirical analyses demonstrate that in cases like this one, with recoveries of between $50 and $75 million, courts have traditionally accounted for these economies of scale by awarding fees in the lower range of about 11% to 19%. Goldberg. supra. at 51. The Goldberg court ended up awarding attorneys fees in the amount of 4% of the recovery. Id, at 52. In another securities

case, the court awarded only fees of 5% of the $75 million dollar settlement.  In Re Wachovia,

2012 U.S. Dist. LEXIS 97910 at * 16 (S.D.N.Y. 2012).  Objectors contend that the economies of

scale in this case require a lesser percentage of attorney's fees than 17%.  The requested fees

should also be cross-checked using the lodestar method.

WHEREFORE, the Objectors request that the Court analyze the Proposed Settlement and

Plan of Allocation in a manner that best  enhances the value of the Objectors' settlement

proceeds.

Respectfully submitted,

Kenneth Patrick Wright
10888 Shady Trail
Dallas, Texas 75220
Telephone No.:        214-745-1080
Telefax No.:           214-745-1140


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following
persons on the 16th of Nov., 2012, by certified mail, RRR, and/or fax, and/or first class mail,
and/or through the Court's electronic filing system.:

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St
New York, NY 10007-1312

Ira M. Press, Esq.
Peter S. Linden, Esq.
Andrew McNeela, Esq.
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022

6

Brad S. Karp, Esq.
Richard A. Rosen. Esq.
Susanna Buergel, Esq.
Paul. Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-66064

_____
Kenneth Patrick Wright