# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION<br><br>This Document Relates To:<br><br>Securities Action, 08 Civ. 2793 (RWS) | Master File No.:<br><br>08 MDL No. 1963 (RWS)<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENTS WITH THE BEAR STEARNS DEFENDANTS AND DELOITTE AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**If you purchased or acquired the publicly traded equity securities or options of The Bear Stearns Companies Inc. ("Bear Stearns") or were an employee who received vested stock units during the period from December 14, 2006 to and through March 14, 2008, inclusive (the "Class Period"), and were damaged thereby, you may be entitled to a payment from two class action settlements.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

      The purpose of this Notice is to inform you of (a) the pendency of this class action (the "Action"), (b) the proposed partial settlement of the Action with the Bear Stearns Defendants (defined below), (c) the proposed partial settlement of the Action with Deloitte & Touche LLP ("Deloitte"), and (d) the hearing to be held by the Court to consider (i) whether the settlements should be approved, (ii) the application of plaintiff's counsel for attorneys' fees and expenses, and (iii) certain other matters (the "Settlement Hearing").  This Notice describes important rights you may have and what steps you must take if you wish to participate in the settlements or wish to be excluded from the Settlement Class (defined below).[1]

- If approved by the Court, the settlement with the Bear Stearns Defendants will provide a $275 million cash settlement fund for the benefit of eligible investors (the "Bear Stearns Settlement").  If approved by the Court, the settlement with Deloitte will provide a $19.9 million cash settlement fund for the benefit of eligible investors (the "Deloitte Settlement" and, together with the Bear Stearns Settlement, the "Settlements").

- The Settlements resolve claims by The State of Michigan Retirement Systems ("Lead Plaintiff") that the Bear Stearns Defendants and Deloitte misled investors about Bear Stearns's financial condition and business prospects, avoids the costs and risks of continuing the litigation, pays money to investors like you, and releases the Bear Stearns Defendants and Deloitte from liability.[2]

- **Your legal rights are affected whether you act or do not act.  Read this Notice carefully.**

- The Court will review the Settlements at the Settlement Hearing to be held on September 19, 2012.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS ||
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 25, 2012** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY AUGUST 29, 2012** | Get no payment.  This is the only option that allows you to ever bring or be part of any <u>other</u> lawsuit about the Released Claims and Released Deloitte Claims (defined in Question 12) against the Bear Stearns Defendants, Deloitte, and the other released defendant parties (defined in Question 1). |
| **OBJECT BY AUGUST 29, 2012** | Write to the Court about why you do not like the Settlements, the proposed Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a member of the Settlement Class (defined in Question 5). |
| **GO TO A HEARING ON SEPTEMBER 19, 2012** | Ask to speak in Court about the Settlements at the Settlement Hearing. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlements and whether to finally certify this as a class action.  Payments will be made in the Bear Stearns Settlement if the Court approves it and in the Deloitte Settlement if the Court approves it, and after any appeals are resolved.  Please be patient.

---

[1] All capitalized terms not otherwise defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement with the Bear Stearns Defendants (the "Bear Stearns Stipulation"), dated as of June 5, 2012, or the Stipulation and Agreement of Settlement with Deloitte & Touche LLP (the "Deloitte Stipulation"), dated as of June 11, 2012 (collectively, the "Stipulations").

[2] The Settlements do not release claims in the related "ERISA Action" (*In re The Bear Stearns Companies, Inc. Sec., Deriv., and ERISA Litig.*, ERISA Action, 08 Civ. 2804 (RWS) (S.D.N.Y.)) or "Derivative Action" (*In re The Bear Stearns Companies, Inc. Sec., Deriv., and ERISA Litig.*, Derivative Action, 07 Civ. 10453 (RWS) (S.D.N.Y.)).

the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

You also can call the Claims Administrator toll free at (888) 309-3823; write *Bear Stearns Securities Litigation Settlements, c/o The Garden City Group, Inc., P.O. Box 9897, Dublin, Ohio 43017-5797*; or visit the websites of the Claims Administrator or Co-Lead Counsel at **www.bearstearnssecuritieslitigation.com, www.bermandevalerio.com, and www.labaton.com**, where you can find answers to common questions about the Settlements, download copies of the Stipulations or Proof of Claim, and locate other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

**Please Do Not Call The Court With Questions About The Settlements**

### K.   PLAN OF ALLOCATION OF NET SETTLEMENT FUNDS AMONG CLASS MEMBERS

**25.   How will my claim be calculated?**

The purpose of the Plan of Allocation (the "Plan") is to distribute settlement proceeds equitably to those Settlement Class Members who suffered economic losses resulting from the alleged misrepresentations and omissions by the Bear Stearns Defendants and Deloitte during the Class Period.

The Settlement Funds, which combined total $294.9 million, minus all taxes, costs, fees and expenses (the Net Settlement Funds), will be distributed according to the Plan of Allocation described below to members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss ("Authorized Claimants"), and who have an out-of-pocket net loss on all Class Period transactions in Bear Stearns equity securities, options, or vested stock units. Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlements. The Court may approve the Plan, or modify it without additional notice to the Settlement Class. Any orders modifying the Plan will be posted on the settlement website at: **www.bearstearnssecuritieslitigation.com,** and at **www.bermandevalerio.com** and **www.labaton.com**.[8]

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Funds based upon each Authorized Claimant's "Recognized Loss," as described below. The Plan of Allocation is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants. The Plan of Allocation is the basis upon which the Net Settlement Funds will be proportionately divided among all the Authorized Claimants. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Funds are distributed to Authorized Claimants. No distributions to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

The Defendants, their respective counsel, and all other released defendant parties will have no responsibility for or liability whatsoever for the investment of the Settlement Funds, the distributions of the Net Settlement Funds, the Plan of Allocation or the payment of any claim. Lead Plaintiff and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlements.

The following Plan of Allocation reflects the allegations that the prices of Bear Stearns publicly traded equity securities, options, or vested stock units during the Class Period were inflated artificially by reason of allegedly false and misleading statements made by the Bear Stearns Defendants and Deloitte about the business, management, and operations of Bear Stearns. The Defendants deny any allegations of wrongdoing or liability. The artificial inflation allegedly began on December 14, 2006 when Bear Stearns issued a press release regarding its fourth quarter and fiscal year-end results for 2006, which allegedly reported false and misleading financial results.

Lead Plaintiff alleges that the artificial inflation was gradually eliminated after disclosures beginning on March 14, 2008 when, among other things, it was revealed that JPMorgan-Chase & Co. would provide short-term funding to Bear Stearns while Bear Stearns worked on alternative forms of financing. The Plan of Allocation described below was created with the assistance of a consulting damages expert who analyzed the movement of Bear Stearns's equity securities and options after the alleged disclosures. It takes into account the portion of the stock drops attributable to the alleged fraud.

**GENERAL PRINCIPLES OF THE PLAN OF ALLOCATION**

Each Authorized Claimant will receive a *pro rata* share of the cash in the Net Settlement Funds based on his, her, or its Recognized Loss. To the extent there are sufficient funds in the Net Settlement Funds, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined herein. If, however, the amounts in the Net Settlement Funds are not sufficient to permit payment of the total of all Recognized Losses, then each Authorized Claimant will be paid the percentage of the Net Settlement Funds that each Authorized Claimant's recognized claim bears to the total of the claims of all Authorized Claimants ("*pro rata* share").

To calculate the Recognized Loss on Bear Stearns equity securities, options, or vested stock units purchased/acquired and sold during the Class Period, sales must be matched against purchases/acquisitions during the Class Period. To do so, the earliest sale will be matched first against those shares in the claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase/acquisition made during the Class Period ("FIFO Matching"). This means that sales of Bear Stearns equity securities, options, or vested stock units will be first matched with any pre-Class Period holdings and then matched

---

[8]   The Bear Stearns Defendants and Deloitte had no involvement in the proposed Plan of Allocation.

with purchases/acquisitions during the Class Period in chronological order. Sales of pre-Class Period purchases shall have no Recognized Loss.

For purposes of determining whether a claimant had an out-of-pocket net loss or gain from his, her, or its overall transactions in Bear Stearns equity securities, options, or vested stock units during the Class Period, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount and (ii) the sum of the Sales Proceeds and the Holding Value. This difference will be deemed a claimant's out-of-pocket net loss (or gain as the case may be) on his, her, or its overall transactions in Bear Stearns securities during the Class Period. (See below for more details.)

A purchase/acquisition or sale of Bear Stearns equity securities or options will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All transaction amounts for purchases/acquisitions and sales of Bear Stearns equity securities or options shall exclude commissions, taxes, and fees.

With respect to shares of Bear Stearns common stock purchased or sold through the exercise of an option, the purchase/sale date is the date of the exercise of the option and the purchase/sale price of the share is the exercise price of the option.

Any person or entity that sold Bear Stearns equity securities "short" will have no Recognized Loss with respect to such purchases/acquisitions during the Class Period to cover said short sale.

In the event that there is an opening short position in Bear Stearns equity securities, the earliest Class Period purchases/acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered. No Recognized Loss will be calculated on receipt of Bear Stearns equity securities, options, or vested stock units by gift, or inheritance. Purchases/acquisitions of Bear Stearns equity securities, options, or vested stock units before December 14, 2006 will have a Recognized Loss of zero. This is because any purchases/acquisitions before the first day of the Class Period are not impacted by the alleged wrongdoing. Purchases/acquisitions of Bear Stearns equity securities, options, or vested stock units during the Class Period that are matched to sales prior to March 14, 2008 will have a Recognized Loss of zero. This is because any losses prior to the first allegedly corrective disclosure cannot be caused by the alleged wrongdoing, but rather were caused by other forces.

Payment in this manner will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations. After initial distributions of the Net Settlement Funds, if there are any balances remaining in the Net Settlement Funds after at least six (6) months from the date of the initial distributions of the Net Settlement Funds (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible and economical, reallocate and redistribute such balances among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Any balances that still remain in the Net Settlement Funds, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, that are not feasible or economical to redistribute shall be contributed to non-sectarian not-for-profit charitable organizations serving the public interest, designated by Lead Plaintiff and approved by the Court.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his/her/its Proof of Claim.

**Publicly Traded Bear Stearns Common Stock**

For Bear Stearns common stock purchased or acquired between December 14, 2006 and March 13, 2008 and:
 a) sold prior to March 14, 2008, the Recognized Loss is zero;
 b) sold on March 14, 2008, the Recognized Loss is the lesser of:
  (1) $23.42 per share; or
  (2) the purchase price paid per share less the sales proceeds received per share;
 c) sold between March 15, 2008 and May 30, 2008,[9] the Recognized Loss is the lesser of:
  (1) $46.59 per share; or
  (2) the purchase price paid per share less the greater of (i) the sales proceeds received per share, or (ii) the average closing price per share applicable to the date of sales as found in Table A;[10]
 d) held after May 30, 2008, the Recognized Loss is the lesser of:
  (1) $46.59 per share; or
  (2) the purchase price paid[11] per share less $9.99, the average closing price per share for the 90 days following the end of the Class Period.

---

[9] May 30, 2008 is the last day that Bear Stearns common stock traded on the NYSE.
[10] Pursuant to Section 21(D)(e)(2) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."
[11] For vested Restricted Stock Units and CAP Units that were converted to common stock, the "purchase price paid" is the price of Bear Stearns common stock on the date you were granted the units. Please refer to the award documents you received for each grant to determine the price of the units you received.

For Bear Stearns common stock purchased or acquired on March 14, 2008 and:
- a) sold on March 14, 2008, the Recognized Loss is zero;
- b) sold between March 15, 2008 and May 30, 2008, the Recognized Loss is the lesser of:
  - (1) $23.17 per share; or
  - (2) the purchase price paid per share less the greater of (i) the sales proceeds received per share, or (ii) the average closing price per share applicable to the date of sales as found in Table A;
- c) held after May 30, 2008, the Recognized Loss is the lesser of:
  - (1) $23.17 per share; or
  - (2) the purchase price paid per share less $9.99, the average closing price per share for the 90 days following the end of the Class Period.

**Bear Stearns CAP Units and Restricted Stock Units**

For all persons who received Bear Stearns CAP Units and Restricted Stock Units (but did not exchange the units for common stock)[12] that had fully vested, entitling them to an equivalent number of shares of Bear Stearns common stock upon settlement at the end of a deferral period, between December 14, 2006 and March 13, 2008 (the "Eligible Vested RSU/CAP Units"), and:

- a) held the units after May 30, 2008, the Recognized Loss is the lesser of:
  - (1) $46.59 per unit of Eligible Vested RSU/CAP Units; or
  - (2) the grant price per unit of Eligible Vested RSU/CAP Units less $9.99.

For Eligible Vested RSU/CAP Units received on March 14, 2008 and:
- a) held after May 30, 2008, the Recognized Loss is the lesser of:
  - (1) $23.17 per unit of Eligible Vested RSU/CAP Units; or
  - (2) the grant price per unit of Eligible Vested RSU/CAP Units less $9.99.

**Publicly Traded Call Options on Bear Stearns Common Stock**

Exchange-traded options are typically written as contracts on 100 shares of the underlying common stock. Each contract entitles the option holder to buy (call option) or sell (put option) 100 shares of the underlying stock upon exercise. The Recognized Loss for a Call Option given below is expressed per one underlying common share. Thus, to compute the Recognized Loss for an option contract, which is written on 100 shares, multiply the Recognized Loss given below for one Call Option by 100. The Recognized Loss will be computed by the Claims Administrator as follows:

For Call Options purchased on Bear Stearns common stock between December 14, 2006 and March 13, 2008:
- a) No Recognized Loss will be recognized for any Call Options that were not owned as of the close of trading on March 13, 2008;
- b) For the Call Options sold on March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $10.34 per Call Option; or
  - (2) the purchase price paid less the sales proceeds received;[13]
- c) For the Call Options sold or held after March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $19.82 per Call Option; or
  - (2) the purchase price paid less the sales proceeds received.

For Call Options purchased on Bear Stearns common stock on March 14, 2008:
- a) For the Call Options sold on March 14, 2008, the Recognized Loss is zero;
- b) For the Call Options sold or held after March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $9.48 per Call Option; or
  - (2) the purchase price paid less the sales proceeds received.

**Publicly Traded Put Options on Bear Stearns Common Stock**

Exchange-traded options are typically written as contracts on 100 shares of the underlying common stock. Each contract entitles the option holder to buy (call option) or sell (put option) 100 shares of the underlying stock upon exercise. The Recognized Loss for a Put Option given below is expressed per one underlying common share. Thus, to compute the Recognized Loss for an option contract, which is written on 100 shares, multiply the Recognized Loss given below for one Put Option by 100. The Recognized Loss will be computed by the Claims Administrator as follows:

For Put Options sold on Bear Stearns common stock between December 14, 2006 and March 13, 2008:
- a) No Recognized Loss will be recognized for any Put Options that were not the obligation of the claimant as of the close of trading on March 13, 2008;
- b) For Put Options repurchased on March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $15.26 per Put Option; or
  - (2) the amount received for writing the Put Option less the repurchase price paid;[14]

---

[12] Recognized Losses associated with Eligible Vested RSU/CAP Units that vested and were exchanged for Bear Stearns Common Stock are calculated pursuant to the "Publicly Traded Bear Stearns Common Stock" section of this Plan of Allocation.
[13] For expired unexercised Call Options, the net exercise proceeds received are zero.
[14] For expired unexercised Put Options, the Recognized Loss is zero.

13

    c) For Put Options repurchased or held after March 14, 2008, the Recognized Loss shall be the lesser of:
       (1) $32.57 per Put Option; or
       (2) the amount received for writing the Put Option less the repurchase price paid.

For Put Options sold on Bear Stearns common stock on March 14, 2008:
- a) For Put Options repurchased on March 14, 2008, the Recognized Loss is zero;
- b) For Put Options repurchased or held after March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $17.31 per Put Option; or
  - (2) the amount received for writing the Put Option less the repurchase price paid.

**Publicly Traded Bear Stearns Series E Preferred Stock**

For Bear Stearns Series E Preferred Stock purchased or acquired between December 14, 2006 and March 13, 2008:
- a) sold prior to March 14, 2008, the Recognized Loss is zero;
- b) sold on March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $6.47 per share of Series E Preferred Stock; or
  - (2) the purchase price paid per share less the sales proceeds received per share;
- c) sold between March 15, 2008 and June 11, 2008, the Recognized Loss is the lesser of:
  - (1) $6.47 per share of Series E Preferred Stock; or
  - (2) the purchase price paid per share less the greater of (i) the sales proceeds received per share, or (ii) the average closing price per share of Series E Preferred Stock applicable to the date of sales as found in Table B;
- d) held after June 11, 2008, the Recognized Loss is the lesser of:
  - (1) $6.47 per share of Series E Preferred Stock; or
  - (2) the purchase price paid per share less $40.37, the average closing price per share of Series E Preferred Stock in the 90 days following the end of the Class Period.

For Bear Stearns Series E Preferred Stock purchased or acquired on March 14, 2008, the Recognized Loss is zero.

**Publicly Traded Bear Stearns Series F Preferred Stock**

For Bear Stearns Series F Preferred Stock purchased or acquired between December 14, 2006 and March 13, 2008:
- a) sold prior to March 14, 2008, the Recognized Loss is zero;
- b) sold on March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $0.73 per share of Series F Preferred Stock; or
  - (2) the purchase price paid per share less the sales proceeds received per share;
- c) sold between March 15, 2008 and June 11, 2008, the Recognized Loss is the lesser of:
  - (1) $0.73 per share of Series F Preferred Stock; or
  - (2) the purchase price paid per share less the greater of (i) the sales proceeds received per share, or (ii) the average closing price per share of Series F Preferred Stock applicable to the date of sales as found in Table C;
- d) held after June 11, 2008, the Recognized Loss is the lesser of:
  - (1) $0.73 per share of Series F Preferred Stock; or
  - (2) the purchase price paid per share less $38.64, the average closing price per share of Series F Preferred Stock in the 90 days following the end of the Class Period.

For Bear Stearns Series F Preferred Stock purchased or acquired on March 14, 2008, the Recognized Loss is Zero.

**Publicly Traded Bear Stearns Series G Preferred Stock**

For Bear Stearns Series G Preferred Stock purchased or acquired between December 14, 2006 and March 13, 2008:
- a) sold prior to March 14, 2008, the Recognized Loss is zero;
- b) sold on March 14, 2008, the Recognized Loss is the lesser of:
  - (1) $5.09 per share of Series G Preferred Stock; or
  - (2) the purchase price paid per share less the sales proceeds received per share;
- c) sold between March 15, 2008 and June 11, 2008, the Recognized Loss is the lesser of:
  - (1) $5.09 per share of Series G Preferred Stock; or
  - (2) the purchase price paid per share less the greater of (i) the sales proceeds received per share, or (ii) the average closing price per share of Series G Preferred Stock applicable to the date of sales as found in Table D;
- d) held after June 11, 2008, the Recognized Loss is the lesser of:
  - (1) $5.09 per share of Series G Preferred Stock; or
  - (2) the purchase price paid per share less $37.11, the average closing price per share of Series G Preferred Stock in the 90 days following the end of the Class Period.

For Bear Stearns Series G Preferred Stock purchased or acquired on March 14, 2008, the Recognized Loss is Zero.

**Calculation of Overall Out-of-Pocket Gain/Loss**

To the extent a Claimant had an overall out-of-pocket gain from his, her or its overall transactions in Bear Stearns equity securities (or Options or Eligible Vested RSU/CAP Units) during the Class Period, the value of the Recognized Loss will be zero. To the extent that a Claimant suffered an overall out-of-pocket loss on his, her or its overall transactions in Bear Stearns equity securities (or

14

Options or Eligible Vested RSU/CAP Units) during the Class Period, but that out-of-pocket loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the out-of-pocket loss.

For purposes of determining whether a Claimant had an out-of-pocket gain from his, her or its overall transactions in Bear Stearns equity securities (or Options or Eligible Vested RSU/CAP Units) during the Class Period or suffered an out-of-pocket loss, the Claims Administrator will:

For Bear Stearns common stock: (i) total the amount paid for all common stock purchased or acquired during the Class Period by the Claimant (the "Total Common Stock Purchase Amount"); (ii) match any sales of common stock during the Class Period first against the Claimant's opening position in the common stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining common stock sold between December 14, 2006 and May 30, 2008, inclusive (the "Common Stock Sales Proceeds"); (iv) ascribe a $9.99 per Common Stock holding value for the number of shares of common stock purchased during the Class Period and still held as of May 30, 2008 ("Common Stock Holding Value"). The difference between (i) the Total Common Stock Purchase Amount and the (ii) sum of the Common Stock Sales Proceeds and Common Stock Holding Value will be deemed a Claimant's out-of-pocket gain or loss on his, her or its overall transactions in Bear Stearns common stock during the Class Period.

For Bear Stearns Eligible Vested RSU/CAP Units: (i) total the grant prices for all Eligible Vested RSU/CAP Units received by the Claimant during the Class Period (the "Total RSU/CAP Grant Amount"); (ii) match any exchanges of Eligible Vested RSU/CAP Units for Bear Stearns Common Stock during the Class Period first against the Claimant's opening position in the Eligible Vested RSU/CAP Units (the opening Eligible Vested RSU/CAP Units so exchanged will not be considered for purposes of calculating gains or losses); (iii) ascribe a $9.99 per RSU/CAP Unit holding value for the number of Eligible Vested RSU/CAP Units received during the Class Period and still held on May 30, 2008 ("RSU/CAP Holding Value"). The difference between (i) the Total RSU/CAP Grant Amount and (ii) the RSU/CAP Holding Value will be deemed a Claimant's out-of-pocket gain or loss on his, her or its overall transactions in Bear Stearns Eligible Vested RSU/CAP Units during the Class Period.

For Bear Stearns call options: (i) total the amount paid for all call options purchased during the Class Period by the Claimant (the "Total Call Option Purchase Amount"); (ii) match any sales of call options during the Class Period first against the Claimant's opening position in call options (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining call options whenever sold (including after the Class Period) (the "Call Option Sales Proceeds"). The difference between (i) the Total Call Option Purchase Amount and the (ii) the Call Option Sales Proceeds will be deemed a Claimant's out-of-pocket gain or loss on his, her or its overall transactions in Bear Stearns call options.

For Bear Stearns put options sold (written) during the Class Period: (i) total the amount received on the sale of all put options sold during the Class Period by the claimant (the "Total Put Option Sales Proceeds"); (ii) match any repurchases of put options whenever repurchased to cover the put options sold during the Class Period ("Total Put Option Cost"). The difference between the Total Put Option Cost and the Total Put Option Sales Proceeds will be deemed a Claimant's out-of-pocket gain or loss on his, her or its overall transactions in Bear Stearns Put Options.

For Bear Stearns Series E Preferred Stock: (i) total the amount paid for all Series E Preferred Stock purchased during the Class Period by the Claimant (the "Total Series E Preferred Stock Purchase Amount"); (ii) match any sales of Series E Preferred Stock during the Class Period first against the Claimant's opening position in the Series E Preferred Stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining Series E Preferred Stock sold between December 14, 2006 and June 11, 2008 (the "Series E Preferred Stock Sales Proceeds"); (iv) ascribe a $40.37 per Series E Preferred Stock holding value for the number of shares of Series E Preferred Stock purchased during the Class Period and still held as of June 11, 2008 ("Series E Preferred Stock Holding Value"). The difference between (i) the Total Series E Preferred Stock Purchase Amount and the (ii) sum of the Series E Preferred Stock Sales Proceeds and Series E Preferred Stock Holding Value will be deemed a Claimant's out-of-pocket gain or loss on his, her or its overall transactions in Bear Stearns Series E Preferred Stock during the Class Period.

For Bear Stearns Series F Preferred Stock: (i) total the amount paid for all Series F Preferred Stock purchased during the Class Period by the Claimant (the "Total Series F Preferred Stock Purchase Amount"); (ii) match any sales of Series F Preferred Stock during the Class Period first against the Claimant's opening position in the Series F Preferred Stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining Series F Preferred Stock sold between December 14, 2006 and June 11, 2008 (the "Series F Preferred Stock Sales Proceeds"); (iv) ascribe a $38.64 per Series F Preferred Stock holding value for the number of shares of Series F Preferred Stock purchased during the Class Period and still held as of June 11, 2008 ("Series F Preferred Stock Holding Value"). The difference between (i) the Total Series F Preferred Stock Purchase Amount and the (ii) sum of the Series F Preferred Stock Sales Proceeds and Series F Preferred Stock Holding Value will be deemed a Claimant's out-of-pocket gain or loss on his, her or its overall transactions in Bear Stearns Series F Preferred Stock during the Class Period.

For Bear Stearns Series G Preferred Stock: (i) total the amount paid for all Series G Preferred Stock purchased during the Class Period by the Claimant (the "Total Series G Preferred Stock Purchase Amount"); (ii) match any sales of Series G Preferred Stock during the Class Period first against the Claimant's opening position in the Series G Preferred Stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining Series G Preferred Stock sold between December 14, 2006 and June 11, 2008 (the "Series G Preferred Stock Sales Proceeds"); (iv) ascribe a $37.11 per Series G Preferred Stock holding value for the number of shares of Series G Preferred Stock purchased during the Class Period and still held as of June 11, 2008 ("Series G Preferred Stock Holding Value"). The difference between (i) the Total Series G Preferred Stock Purchase Amount and the (ii) sum of the Series G Preferred Stock Sales Proceeds and Series G Preferred Stock Holding Value will be deemed a Claimant's out-of-pocket gain or loss on his, her or its overall transactions in Bear Stearns Series G Preferred Stock during the Class Period.

**L.     SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased or acquired Bear Stearns common stock (CUSIP:073902108); options; Series E Preferred Stock (CUSIP: 073902702); Series F Preferred Stock (CUSIP: 073902876); and Series G Preferred Stock (CUSIP: 073902868) during the period from December 14, 2006 to and through March 14, 2008, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Bear Stearns equity securities or options during such time period or; (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies mail the Notice and Proof of Claim form directly to the beneficial owners of those Bear Stearns equity securities or options.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Funds of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Bear Stearns Securities Litigation Settlements*
*c/o The Garden City Group, Inc.*
*P.O. Box 9897*
*Dublin, Ohio 43017-5797*
Phone: (888) 309-3823
Questions@bearstearnssecuritieslitigation.com
**www.bearstearnssecuritieslitigation.com**

Dated:   June 27, 2012                                                                                                BY ORDER OF THE COURT
                                                                                                                                         UNITED STATES DISTRICT COURT
                                                                                                                                         SOUTHERN DISTRICT OF NEW YORK