# EXHIBIT 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
IN RE THE BEAR STEARNS COMPANIES, :
INC. SECURITIES, DERIVATIVE, AND : Master File No.:
ERISA LITIGATION : 08 M.D.L. No. 1963 (RWS)
:
This Document Relates To: :
:
Securities Action, 08-Civ-2793 (RWS) :
:
:
------------------------------------------------------------ x

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR FINAL APPROVAL OF THE PROPOSED CLASS ACTION
SETTLEMENTS WITH THE BEAR STEARNS DEFENDANTS AND DELOITTE
& TOUCHE LLP, THE PROPOSED PLAN OF ALLOCATION, AND FINAL
CERTIFICATION OF THE SETTLEMENT CLASS**

## II. THE PLAN OF ALLOCATION IS FAIR, REASONABLE, AND ADEQUATE AND WARRANTS APPROVAL

"'To warrant approval, the plan of allocation must also meet the standards by which the . . . settlement was scrutinized - - namely, it must be fair and adequate.'" *Maley*, 186 F. Supp. 2d at 367 (citation omitted). A plan of allocation is fair and adequate as long as it has a "reasonable, rational basis." *Id.*[19]

Here, the Plan of Allocation recommended by Co-Lead Counsel was prepared with the assistance of Lead Plaintiff's consulting damages expert. It provides for the distribution of the Net Settlement Funds among Authorized Claimants on a *pro rata* basis based on a formula tied to liability and damages. Joint Decl. ¶ 75. Lead Plaintiff's damages expert calculated the reasonable amount of artificial inflation present in Bear Stearns's securities throughout the Class Period that was purportedly caused by the alleged fraud. *Id.* The damages expert's analysis entailed studying the price declines associated with Bear Stearns's allegedly corrective disclosures, adjusted to eliminate the effects attributable to general market or industry conditions. *Id.*

The Plan of Allocation does not allocate any fixed percentage of the Net Settlement Funds to any particular type of security (*i.e.*, common stock versus Restricted Stock Units or options or preferred shares). Rather, the proposed distribution will be shared on a *pro rata* basis based on the claims submitted, without favoring one security over another. *Id.* ¶ 76.

In sum, the proposed Plan of Allocation was designed to fairly and rationally allocate the Net Settlement Funds among Authorized Claimants based on the amount of alleged artificial inflation present in Bear Stearns's securities that was purportedly caused by the Company's

---

[19] *See also In re Renaissance Holdings Ltd. Sec. Litig.*, Master File No. 05 Civ. 6764 (WHP), 2008 WL 236684, at *2 (S.D.N.Y. Jan. 18, 2008) (Pauley, J.).

overstatement of its financial condition throughout the Class Period. *Id.* ¶ 78. Although Settlement Class Members may benefit differently pursuant to the allocation formula, "there is no rule that settlements benefit all class members equally." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983). Instead, the general rule is that an allocation formula need only have a reasonable and rational basis, particularly if recommended by experienced and competent counsel. *Am. Bank Note*, 127 F. Supp. 2d at 429-30; *EVCI Career Coll.*, 2007 WL 2230177, at *11 ("In determining whether a plan of allocation is fair, courts look primarily to the opinion of counsel."). Accordingly, for all of the reasons set forth herein and in the Joint Declaration, the Plan of Allocation is fair, reasonable, and adequate and should be approved.

### III. NOTICE TO THE SETTLEMENT CLASS SATISFIED RULE 23 AND DUE PROCESS

In its Preliminary Approval Orders, in addition to preliminarily approving the Settlements, the Court also approved the Notice, Proof of Claim, and the Summary Notice for dissemination to the Settlement Class. The Notice provided to the Settlement Class satisfied the requirements of Rule 23(c)(2)(B), which requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The Notice also satisfied Rule 23(e)(1), which requires that notice must be provided in a "reasonable manner"—*i.e.*, it must "'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart*, 396 F.3d at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982)).

Both the substance of the Notice and the method of its dissemination to potential Settlement Class Members satisfied these standards. The Court-approved Notice included all the

19