# EXHIBIT 22

*In re: Citigroup Inc. Securities Litigation*  (No. 07 Civ. 9901) (SHS) (S.D.N.Y.)

PSLRA Settlements Containing Release Language of Class Members' Claims Against Lead or Class Counsel

| No. | Case | Year | Settlement Amount | Page No. | Release Language in Stipulation | Page No. | Release Language in Notice |
|---|---|---|---|---|---|---|---|
| 1 | *In re UnitedHealth Group, Inc. PSLRA Litig.*, No. 06-cv-01691 (D. Minn.) | 2009 | $925,500,000 | 25 | ¶ 6.8 – No Person shall have any claim against Lead Counsel or the Claims Administrator, or their counsel, based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court. | 9 | No Person shall have any claim against Lead Counsel or the Claims Administrator or Defendants or other Person designated by Lead Counsel or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. |
| 2 | *In re American International Group, Inc., Sec. Litig.*, No. 04-cv-08141 (S.D.N.Y.) | 2012 | $725,000,000 | | None | 10 | No person shall have any claim against Lead Plaintiff, their counsel, the Claims Administrator, the Escrow Agent or other agents designated by counsel based on distributions made substantially in accordance with the Agreement and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. |
| 3 | *In re Wachovia Preferred Securities and Bond/Notes Litig.*, No. 09-cv-06351 (S.D.N.Y.) | 2011 | $627,000,000 | 43 | ¶ 31. No Person shall have any claim against Bond/Notes Plaintiffs, Bond/Notes Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Bond/Notes Counsel, or the Released Defendant Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation, or any order of the Court. Bond/Notes Plaintiffs and the Settling Defendants, and their respective counsel, and Lead Bond/Notes Plaintiffs' damages expert and all other Released Defendant Persons shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith. | 14 | ¶ 70.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against Authorized Claimants.  No person shall have any claim against Bond/Notes Plaintiffs, Bond/Notes Plaintiffs' Counsel, Settling Defendants and their respective counsel or any of the other Released Defendant Persons, or the Claims Administrator or other agent designated by Lead Bond/Notes Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court, Bond/Notes Plaintiffs, the Settling Defendants and their respective counsel, and all other Released Defendant Persons shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith. |
| 4 | *In re Initial Public Offering Sec. Litig.*, | 2009 | $586,000,000 | | None | 15 | Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith. |

*In re: Citigroup Inc. Securities Litigation*  (No. 07 Civ. 9901) (SHS) (S.D.N.Y.)

PSLRA Settlements Containing Release Language of Class Members' Claims Against Lead or Class Counsel

| No. | Case | Year | Settlement Amount | Page No. | Release Language in Stipulation | Page No. | Release Language in Notice |
|---|---|---|---|---|---|---|---|
| 5 | *In re Lehman Brothers Equity/Debt Sec. Litig.* , No. 08-cv-5523 (S.D.N.Y.) | 2011 | $516,218,000 | | None | 18 | [DIRECTOR&OFFICERS DEFENDANTS]: No Person shall have any claim against the Named Plaintiffs, Plaintiffs' Counsel, the D&O Defendants and their respective counsel or any other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the D&O Plan of Allocation approved by the Court, or further orders of the Court. Named Plaintiffs, the D&O Defendants and their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the D&O Gross Settlement Fund, the D&O Net Settlement Fund, the D&O Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the D&O Gross Settlement Fund, or any losses incurred in connection therewith. |
| | *(CONTINUED)* *In re Lehman Brothers Equity/Debt Sec. Litig.* , No. 08-cv-5523 (S.D.N.Y.) | 2011 | | | None | 15 | [UNDERWRITER DEFENDANTS]: No Person shall have any claim against the Named Plaintiffs, Plaintiffs' Counsel, Settling Underwriter Defendants and their respective counsel or any other Released Underwriter Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Underwriter Stipulations, the Underwriter Plan of Allocation approved by the Court, or further orders of the Court. Named Plaintiffs, the Settling Underwriter Defendants and their respective counsel, and all other Released Underwriter Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Underwriter Gross Settlement Fund, the Underwriter Net Settlement Fund, the Underwriter Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Underwriter Gross Settlement Fund, or any losses incurred in connection therewith. |

*In re: Citigroup Inc. Securities Litigation* (No. 07 Civ. 9901) (SHS) (S.D.N.Y.)

PSLRA Settlements Containing Release Language of Class Members' Claims Against Lead or Class Counsel

| No. | Case | Year | Settlement Amount | Page No. | Release Language in Stipulation | Page No. | Release Language in Notice |
|---|---|---|---|---|---|---|---|
| 6 | *In re Merrill Lynch & Co., Inc. Sec., Deriv., and ERISA Litig.,* No. 07-cv-9633 (S.D.N.Y.) | 2009 | $475,000,000 | 23 | ¶ 21 – No Settlement Class Member or Authorized Claimant shall have any claim against Co-Lead Counsel, Lead Plaintiff, any other Plaintiffs and Plaintiffs' counsel in the Securities Action, Defendants or their counsel, the Claims Administrator or any employees or agents of any of the foregoing, based on the distributions made substantially in accordance with this Settlement Stipulation or as otherwise approved or directed by the District Court. | 15 | ¶ 17 under "Understanding Your Payment – The Plan of Allocation": No Authorized Claimant shall have any claim against the Settlement Fund, Lead Plaintiff, Plaintiffs, Co-Lead Counsel, the Claims Administrator, Defendants, Defendants' Counsel, the Released Parties, or any other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement Stipulation, the Plan of Allocation, and further orders of the Court. In addition, in the interest of achieving substantial justice, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed. |
| 7 | *In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.,* No. 08-md-1963 (S.D.N.Y.) | 2012 | $294,900,000 | 27 | ¶ 34 [Bear Stearns] – No Person shall have any claim against Lead Plaintiff or their counsel (including Co-Lead Counsel), or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.<br><br>¶ 34 [Deloitte] – No Person shall have any claim against Lead Plaintiff or their counsel (including Co-Lead Counsel), or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court. | 11 | [BANKS DEFENDANTS]: [JOINT NOTICE] The Defendants, their respective counsel, and all other released defendant parties will have no responsibility for or liability whatsoever for the investment of the Settlement Funds, the distributions of the Net Settlement Funds, the Plan of Allocation or the payment of any claim. Lead Plaintiff and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlements. |
| 8 | *In re Adelphia Communications Corp. Sec. & Deriv. Litig.,* No. 03-MD-1529 (S.D.N.Y.) | 2010 | $455,000,000 | 28 | [Banks] ¶ 26. No Authorized Claimant shall have any claim against Lead Plaintiffs, Named Plaintiffs, the Banks, the Administrator, or any of their counsel, based on the distributions made substantially in accordance with this Stipulation and/or orders of the Court.<br><br>[Deloitte] ¶ 7.  No Authorized Claimant shall have any claim against Lead Plaintiffs, Named Plaintiffs, the Claims Administrator, or any of their counsel, based on the distributions made substantially in accordance with this Stipulation and/or orders of the Court. | | None |

*In re: Citigroup Inc. Securities Litigation*  (No. 07 Civ. 9901) (SHS) (S.D.N.Y.)

PSLRA Settlements Containing Release Language of Class Members' Claims Against Lead or Class Counsel

| No. | Case | Year | Settlement Amount | Page No. | Release Language in Stipulation | Page No. | Release Language in Notice |
|---|---|---|---|---|---|---|---|
| 9 | *In re National City Corp. Sec., Deriv. & ERISA Litig.*, No. 08-nc-70004 (N.D. Ohio) | 2012 | $168,000,000 | | None | 10 | Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, or the Plan of Allocation; the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection therewith. |
| 10 | *In re: Satyam Computer Services Ltd. Sec. Litig.*, No. 09-MD-2027 (S.D.N.Y.) | 2011 | $125,000,000 | 42 | ¶ 38. No Person shall have any claim against the Lead Plaintiffs or their counsel (including Lead Counsel), or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation (or such other plan of allocation as may be approved by the Court), or further order(s) of the Court. | 11 | ¶ 8. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulations, the Plan of Allocation, or further orders of the Court. |
| 11 | *Rubin v. MF Global, Ltd., et al.*, No. 08-cv-2233 (S.D.N.Y.) | 2011 | $90,000,000 | 29 | ¶ 34. No Person shall have any claim against the Lead Plaintiffs or their counsel (including Plaintiffs' Counsel), or the Claims Administrator, or other agent designated by Plaintiffs' Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court. | 9 | No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. Lead Plaintiffs, the Settling Defendants, their respective counsel, Lead Plaintiffs' damages expert, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund consistent with the terms of the Stipulation, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith. |
| 12 | *In re CIT Group Inc. Sec. Litig.*, No. 08-cv-06613 (S.D.N.Y.) | 2012 | $75,000,000 | 20 | ¶ 6.8 No Person shall have any claim against the Lead Plaintiff, Lead Counsel, CIT, Defendants, their Related Parties, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court. This does not include any claim by any party for breach of this Stipulation. | | None |

*In re: Citigroup Inc. Securities Litigation*  (No. 07 Civ. 9901) (SHS) (S.D.N.Y.)

PSLRA Settlements Containing Release Language of Class Members' Claims Against Lead or Class Counsel

| No. | Case | Year | Settlement Amount | Page No. | Release Language in Stipulation | Page No. | Release Language in Notice |
|---|---|---|---|---|---|---|---|
| 13 | *In re Wachovia Equity Sec. Litig.*, No. 08-cv-6171 (S.D.N.Y.) | 2012 | $75,000,000 | 33 | ¶ 34. No Person shall have any claim against Lead Equity Plaintiffs, Equity Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Equity Counsel, or the Released Defendant Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation or any order of the Court.  Lead Equity Plaintiffs and the Wachovia Defendants, and their respective counsel, and Lead Equity Plaintiffs' damages expert and all other Released Defendant Persons shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith. | 10 | 54. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Equity Plaintiffs, Lead Equity Counsel, Defendants and their respective counsel or any of the other Released Defendant Persons, or the Claims Administrator or other agent designated by Lead Equity Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Equity Plaintiffs, the Defendants and their respective counsel, and all other Released Defendant Persons shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith. |
| 14 | *In re MBIA, Inc., Sec. Litig.*, No. 08-cv-264 (S.D.N.Y.) | 2011 | $68,000,000 | | None | 10 | 64. Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, Defendants' Counsel, and the other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith. |

# TAB 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re UNITEDHEALTH GROUP INCORPORATED PSLRA LITIGATION ) | Civil File No. 0:06-cv-01691-JMR-FLN |
| ) | CLASS ACTION |
| This Document Relates To: ) | |
| ) | |
| ALL ACTIONS. ) | |
| ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of November 12, 2008 (the "Stipulation")
is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and
contains the terms of a settlement by and among the Parties to the above-entitled
Litigation: (i) the Lead Plaintiff (on behalf of itself and each of the Class Members), by
and through Lead Counsel; and (ii) the Defendants, by and through their counsel of
record in the Litigation. The Stipulation is intended by the Parties to fully, finally and
forever resolve, discharge and settle the Released Claims, upon and subject to the terms
and conditions hereof and subject to the approval of this Court. All capitalized terms in
this Stipulation shall have the meanings specified for them herein.

## I.     THE LITIGATION

On July 7, 2006, California Public Employees' Retirement System ("CalPERS")
initiated an action against the Defendants in the United States District Court, District of
Minnesota (the "Court"), by complaint styled as *California Public Employees'*
*Retirement System, et al. v. UnitedHealth Group Inc., et al.*, and docketed as Index
Number Civ. No. 06 CV 2939 (the "Action"), alleging various violations of the federal

any Taxes, and unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be paid to Minnesota-based non-sectarian, not-for-profit 501(c)(3) organization(s) providing legal services or otherwise in the appropriate public interest designated by Lead Counsel.

6.7     Notwithstanding anything contained herein to the contrary, the Released Persons shall have no responsibility for, interest in, or liability or obligation whatsoever with respect to the administration of the settlement, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the payment of Tax Expenses, or any losses incurred in connection therewith. The Settlement Account shall hold Dr. McGuire and Mr. Lubben harmless from any such liability.

6.8     No Person shall have any claim against Lead Counsel or the Claims Administrator, or their counsel, based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court. No Person shall have any claim whatsoever against Defendants, their counsel, or any Released Persons arising from or related to any distributions made, or not made, from the Settlement Fund, and the Settlement Account shall hold Dr. McGuire and Mr. Lubben harmless from any such liability.

6.9     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund, including but not limited to any adjustments to an

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re UNITEDHEALTH GROUP INCORPORATED ) | Civil File No. 0:06-cv-01691-JMR-FLN |
| PSLRA LITIGATION ) | |
| ———————————————————— ) | CLASS ACTION |
| ) | |
| This Document Relates To: ) | |
| ALL ACTIONS. ) | |
| ) | |
| ) | |
| ———————————————————— ) | |

---

**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**

---

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF UNITEDHEALTH GROUP INCORPORATED ("UNITEDHEALTH") BETWEEN JANUARY 20, 2005 AND MAY 17, 2006.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.   PLEASE NOTE THAT IF YOU ARE A MEMBER OF THE CLASS YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT FUND DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE POSTMARKED, FAXED, EMAILED OR SUBMITTED ONLINE ON OR BEFORE APRIL 22, 2009.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and Orders of the United States District Court for the District of Minnesota (the "Court").   This Notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by any party in this consolidated class action, *In re UnitedHealth Group Incorporated PSLRA Litigation*, Civil File No. 0:06-cv-01691 JMR-FLN (the "Litigation").  The purpose of this Notice is to inform you of the settlement of the Litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement.  The settlement resolves all claims against all Defendants (defined below).  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and the Litigation.  The settlement creates a fund in the principal amount of $925,500,000 in cash (the "Settlement Fund").  If Class Members owning 100% of the number of eligible UnitedHealth shares of common stock, notes or options purchased during the Class Period (defined below) elect to participate in this settlement, the estimated average distribution per share of common stock would be $1.61 per share before deduction of Court-approved fees and expenses (see the Plan of Allocation below in §VI for a more detailed description of how the Settlement Fund will be allocated to the different types of UnitedHealth publicly traded securities).  Historically, actual claim rates are less than 100%, resulting in higher distributions per share.

For all types of UnitedHealth publicly traded securities, your actual recovery from the Settlement Fund will depend on a number of variables, including the number of claimants and the types and amounts of securities they purchased, the type and number of UnitedHealth publicly traded securities you purchased, the expense of administrating the claims process and the timing of your purchases and sales, if any (see Plan of Allocation below).  The Parties to the Litigation do not agree that the Lead Plaintiff (defined below) would have prevailed on any of the claims asserted in the Litigation, or on the average amount of damages per security that would have been recoverable if Lead Plaintiff was to have prevailed on its claims.  Other issues that are the subject of the Litigation on which the parties disagree include: (1) whether any of the statements allegedly made or facts allegedly omitted by the Defendants were false, material or otherwise actionable; (2) whether any of the Defendants acted with the intent to deceive, manipulate, or defraud; (3) the extent to which external factors, such as general market conditions, influenced the trading price of UnitedHealth publicly traded securities at various times during the Class Period (defined below); (4) the extent to which the various matters that Lead Plaintiff alleges were materially false or misleading influenced (if at all) the trading price of UnitedHealth publicly traded securities at various times during the Class Period; (5) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleges were omitted influenced (if at all) the trading price of UnitedHealth publicly traded securities at various times during the Class Period; and (6) the appropriate economic model for determining the amount by which the trading prices of UnitedHealth publicly traded securities were allegedly artificially inflated (if at all) at any time during the Class Period.

Lead Counsel for the Lead Plaintiff believes that the substantial recovery obtained is the largest possible recovery and is in the best interest of the Class (defined below).  Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Lead Plaintiff would not have prevailed on any of its claims, in which case the Class would have received nothing.  Indeed, the Defendants assert that they never made any false or misleading statements or omissions at any time and that they did not act with the intent to deceive, manipulate, or defraud.  In addition, the amount of damages recoverable by the Class, if any, was and continues to be vigorously challenged by the

***Put Options***

1.   For put options on UnitedHealth common stock written from January 20, 2005 through May 17, 2006, and

   (a)   **held** at the end of one of the following dates:  04/16/06, 04/17/06, 05/01/06, 05/02/06, 05/07/06, 05/08/06, 05/10/06, or 05/17/06, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

   (b)   **not held** at the end of one of the following dates:  04/16/06, 04/17/06, 05/01/06, 05/02/06, 05/07/06, 05/08/06, 05/10/06, or 05/17/06, the claim per put option is $0.

2.   For put options on UnitedHealth common stock **purchased from January 20, 2005 through May 17, 2006**, the claim per put option is $0.

**Note**:   In the case the option was exercised for UnitedHealth common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using UnitedHealth common stock's closing price on the date the option was exercised.

**Note**:   The combined recovery for the Call Options and Put Options shall not exceed 2% of the Net Settlement Fund. The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

   For Class Members who held UnitedHealth securities at the beginning of the Class Period or made multiple purchases or other acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

   A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in UnitedHealth securities during the Class Period are subtracted from all losses.  However, the proceeds from sales of securities which have been matched against securities held at the beginning of the Class Period will not be used in the calculation of such net loss.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.  Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Counsel or the Claims Administrator or Defendants or other Person designated by Lead Counsel or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## VII. PARTICIPATION IN THE CLASS

   If you do not request to be excluded from the Class in the manner specified in Section VIII below, you are a Class Member and will be bound by any Judgment entered with respect to the settlement in the Litigation whether or not you submit a Proof of Claim and Release form.

   ***If you are a Class Member, you need do nothing other than timely file a properly completed Proof of Claim and Release form if you wish to participate in the distribution of the Net Settlement Fund.  Your interests will be represented by Lead Plaintiff and Lead Counsel***.  If you choose, you may enter an appearance individually or through your own counsel at your own expense by filing such appearance with the Clerk of the Court, United States District Court for the District of Minnesota, 300 South Forth Street, Minneapolis, Minnesota 55415; provided, however, that in order to be heard at the Settlement Hearing or pose an objection to the settlement, you and your counsel must follow the procedures set forth in Section XII below.  Class Members may both pose an objection to the settlement and also submit a Proof of Claim and Release form to allow them to participate in the distribution of the Net Settlement Fund, if the settlement is approved.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.**

The Proof of Claim and Release form must be sent to the Claims Administrator and postmarked, faxed, emailed or submitted online on or before April 22, 2009.  Filing instructions for each of these methods is available online at www.unitedhealthgroupsettlement.com.  If you submit the Proof of Claim and Release by facsimile, email or online submission, you must retain the confirmation page.  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund, but will

# TAB 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————— x
                                  :   Master File No. 04 Civ. 8141 (DAB) (AJP)
                                  :
IN RE AMERICAN INTERNATIONAL GROUP, INC. :
SECURITIES LITIGATION               :   **NOTICE OF PROPOSED SETTLEMENT,**
                                  :   **MOTION FOR ATTORNEYS' FEES AND**
                                  :   <u>**EXPENSES AWARD AND FAIRNESS HEARING**</u>
                                  :
————————————————————— x

**If You Purchased or Otherwise Acquired Securities Issued by American International Group, Inc. ("AIG")**
**During the Period from October 28, 1999 through April 1, 2005, Inclusive, ("Class Period") and**
**Were Damaged Thereby, You May Be Entitled to Share in a $725 Million Settlement with**
<u>**American International Group, Inc.**</u>

**PLEASE READ THIS NOTICE CAREFULLY.**
**A Federal Court Authorized This Notice. This Is Not A Solicitation.**
**Your Legal Rights Are Affected Whether You Do Or Do Not Act.**

1.     <u>**Statement of Plaintiff Recovery**</u>: This Notice advises you of a proposed partial settlement (the "Settlement"), consisting of $725 million in cash (the "Settlement Amount"), plus interest as it accrues, of a consolidated class action lawsuit brought by the Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and Ohio Police & Fire Pension Fund (collectively, "Lead Plaintiff" or "the Ohio State Funds"), on behalf of the Settlement Class against AIG and other defendants. This Settlement is a final resolution of the Claims brought on behalf of the Settlement Class against AIG and certain related defendants.

This AIG Settlement is separate from the settlement with defendant PricewaterhouseCoopers LLP, previously announced ("PwC Settlement").

The action alleges, among other things, that during the Class Period, defendants made materially false and misleading statements and omissions in connection with the involvement of AIG in an allegedly illegal market division scheme with Marsh & McLennan Companies ("Marsh") and others, as well as an alleged accounting fraud that led to AIG's $3.9 billion restatement or adjustment of earnings in May 2005. The action also alleges certain market manipulation claims. The Consolidated Third Amended Complaint ("Complaint") alleges violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (the "Action").

The Settlement will resolve all claims against AIG and certain related defendants and will create a settlement fund to pay the claims of investors who purchased or otherwise acquired AIG's publicly-traded common stock, debt and options during the Class Period. (*See* below at page 5 for more information about eligible "AIG Securities.") The Distribution Amount (the Settlement Amount plus interest as it accrues and less any Notice and Administrative Expenses, attorneys' fees and litigation expenses awarded to Lead Plaintiff's counsel, expenses awarded to Lead Plaintiff and Tax Expenses) will be distributed in accordance with a proposed plan of allocation (the "Plan of Allocation" or "Plan"), which is described herein. Based on Lead Plaintiff's damages consultant's estimate of the number of shares of common stock entitled to participate in the Settlement, given the allocation of 5% of the recovery to debt purchasers and assuming that all shares entitled to participate do so, Lead Plaintiff estimates that the average recovery per damaged share would be approximately $0.45 per share, before deduction of any court-awarded fees and expenses.[1] An individual Class

---

[1] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery per share would be the total for all purchasers of that share.

Distribution Amount that each Authorized Claimant's Recognized Loss (less any Fair Fund Ratio Amount) bears to the total of all the Recognized Losses (less all Fair Fund Ratio Amounts) of all Authorized Claimants. You will be eligible to participate in the distribution only to the extent you have a net loss on your transactions in AIG debt securities, or on your combined transactions in AIG common stock and options. Payment in this manner will be deemed conclusive against all Authorized Claimants. In no event will any Authorized Claimant receive an amount greater than its Recognized Loss less any Fair Fund Ratio Amount it received.

For all purposes, the transaction date and not the settlement date shall be used as the date for determining inflation per share and eligibility to file a claim. All purchases and sales of AIG Securities shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting. Gifts and transfers of securities are not eligible purchases. The covering purchase of a "short" sale is not an eligible purchase.

The Plan of Allocation is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants. The Plan of Allocation is the basis upon which the Distribution Amount will be proportionately divided among the Authorized Claimants. The Court will be asked to approve the Administrator's determinations before the Distribution Amount is distributed to Authorized Claimants. No distributions to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

If funds remain in the Escrow Account after all distributions, AIG might request return of the leftover amount. If AIG does not make such a request, or if AIG's request is denied as to some or all funds, then the remaining funds will be given to non-sectarian, not-for-profit organization(s) chosen by Hon. Layn R. Phillips (Ret.) based on suggestions by Lead Plaintiff and AIG.

There will be no distribution of the Distribution Amount until a Plan of Allocation is finally approved by the Court and affirmed on appeal (if an appeal is filed) and the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, has expired. The Released Persons have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Distribution Amount.

Each person wishing to participate in the distribution must timely submit a valid claim form and all required documentation or Release Form (as the case may be) **no later than January 23, 2012**, to the address listed below and set forth in the Proof of Claim form or Release Form. The Proof of Claim form and Release Form include a general release of each of the Released Defendant Parties. *See* the section called "How do I participate in the Settlement? What do I need to do?" below.

The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the Authorized Claim of any Settlement Class Member. The Court also reserves the right to modify the Plan of Allocation without further notice to Settlement Class Members. Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, their counsel, the Claims Administrator, the Escrow Agent or other agents designated by counsel based on distributions made substantially in accordance with the Agreement and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

### THE PROPOSED PLAN OF ALLOCATION - CALCULATION OF RECOGNIZED LOSS AMOUNT

**Calculation of Recognized Loss for AIG Common Stock Purchases**

    A. For shares purchased on or between October 28, 1999 through April 1, 2005, the following Recognized Losses shall be allowed, subject to the limitations set forth in Section B:

        1. For each share that was (a) sold on or between October 28, 1999 and October 13, 2004, (b) purchased on or after October 15, 2004 and sold on or before March 16, 2005, or (c) purchased on or after March 17, 2005, and sold on or before March 29, 2005, the Recognized Loss shall be 10% of the difference between the inflation per share at the time of purchase, for the applicable date of purchase, less the inflation per share at the time of sale, subject to a limit of $0.20 per share. Inflation per share shall be determined at each transaction date based on the percentage inflation applicable to that date as set forth in Table 1 times the price paid, excluding any commission, fees or other adjustments;

# TAB 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WACHOVIA PREFERRED SECURITIES AND BOND/NOTES LITIGATION | Master File No. 09 Civ. 6351 (RJS)<br><br>**ECF Case** |

## STIPULATION AND AGREEMENTS OF SETTLEMENT

This Stipulation and Agreements of Settlement dated as of August 5, 2011 (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into, by and through their respective undersigned counsel, and embodies the terms and conditions of the following two Settlements:

(1) The Wachovia Settlement, consisting of a settlement between (a) the Orange County Employees' Retirement System ("Orange County"), Louisiana Sheriffs' Pension and Relief Fund ("Louisiana Sheriffs"), Southeastern Pennsylvania Transportation Authority ("SEPTA") (collectively, "Lead Bond/Notes Plaintiffs") in the above-captioned consolidated class action (the "Bond/Notes Action" or "Action"), individually and on behalf of the proposed Settlement Class (as defined below) and (b) Wachovia Corporation ("Wachovia"), the Wachovia Capital Trusts (defined below), Wachovia Capital Markets, LLC, Wells Fargo Securities, LLC, A.G. Edwards & Sons, Inc., Wells Fargo & Company ("Wells Fargo") (as successor-in-interest to Wachovia), and the Individual Defendants (defined below) (collectively, the "Wachovia Defendants"); and

(2) The KPMG Settlement, consisting of a settlement between (a) Lead Bond/Notes Plaintiffs individually and on behalf of the proposed Settlement Class and (b) KPMG LLP ("KPMG").[1]

Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended by the parties hereto to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss, on the merits and with prejudice, the

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

30.     Payment pursuant to the Stipulation and the plan of allocation shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Wachovia Settlement and the KPMG Settlement (or the relevant Settlement, if only one such Settlement is approved) as embodied in this Stipulation, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action and the applicable Releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Wachovia Releasees concerning any and all of the Released Bond/Notes Claims if the Wachovia Settlement is approved, and will be permanently barred and enjoined from bringing any action against any and all KPMG Releasees concerning any and all of the Released Bond/Notes Claims if the KPMG Settlement is approved.

31.     No Person shall have any claim against Bond/Notes Plaintiffs, Bond/Notes Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Bond/Notes Counsel, or the Released Defendant Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation, or any order of the Court.  Bond/Notes Plaintiffs and the Settling Defendants, and their respective counsel, and Lead Bond/Notes Plaintiffs' damages expert and all other Released Defendant Persons shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WACHOVIA PREFERRED SECURITIES AND BOND/NOTES LITIGATION | Master File No. 09 Civ. 6351 (RJS) **ECF Case** |

### NOTICE OF (I) PENDENCY OF CLASS ACTION; (II) PROPOSED SETTLEMENTS AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired any of following securities (the "Bond Class Securities") issued by Wachovia Corporation ("Wachovia" or the "Company") or its affiliates from the dates they were first offered to the public for sale through and including February 27, 2009 (the "Settlement Class Period"), and were damaged thereby:[1]

6.375% Wachovia Capital Trust IV Trust Preferred Securities (CUSIP 92978U207)

6.375% Wachovia Capital Trust IX Trust Preferred Securities (CUSIP 92978X201)

7.85% Wachovia Capital Trust X Trust Preferred Securities (CUSIP 92979K208)

8.00% Non-Cumulative Perpetual Class A Preferred Stock, Series J (CUSIP 929903276)

Fixed-to-Floating Rate Non-Cumulative Perpetual Class A Preferred Stock, Series K (CUSIP 929403243, later denominated 929903EF5)

7.50% Non-Cumulative Perpetual Convertible Class A Preferred Stock, Series L (CUSIP 929903219)

Three-Month LIBOR Floating Rate Notes Due August 1, 2013 (CUSIP 92976WBB1)

5.70% Notes Due August 1, 2013 (CUSIP 92976WBA3)

Three-Month LIBOR Floating Rate Notes Due October 15, 2011 (CUSIP 929903CG5)

5.30% Notes Due October 15, 2011 (CUSIP 929903CF7)

5.625% Subordinated Notes Due October 15, 2016 (CUSIP 929903CH3)

Three-Month LIBOR Floating Rate Subordinated Notes Due October 15, 2016 (CUSIP 929903CJ9)

Three-Month LIBOR Floating Rate Senior Notes Due December 1, 2009 (CUSIP 92976WBC9)

Three-Month LIBOR Floating Rate Notes Due April 23, 2012 (CUSIP 929903DF6)

Three-Month LIBOR Floating Rate Notes Due June 15, 2017 (CUSIP 929903DU3)

5.75% Notes Due June 15, 2017 (CUSIP 929903DT6)

Three-Month LIBOR Floating Rate Notes Due July 26, 2010 (CUSIP 92976WBD7)

Three-Month LIBOR Floating Rate Notes Due August 20, 2009 (CUSIP 929903EC2)

Three-Month LIBOR Floating Rate Notes Due November 24, 2009 (CUSIP 92976WBG0)

5.75% Notes Due February 1, 2018 (CUSIP 92976WBH8)

5.50% Fixed Rate Notes Due May 1, 2013 (CUSIP 92976WBJ4)

Three-Month LIBOR Floating Rate Notes Due May 1, 2013 (CUSIP 92976WBK1)

**Please note that the Bond Class Securities do not include Wachovia common stock or any other securities that are not listed above. Wachovia common stock is the subject of a separate class action suit,** *In re Wachovia Equity Securities Litigation*, **No. 08 Civ. 6171 (RJS) (S.D.N.Y), which is not part of the Settlements described in this Notice.**

**NOTICE OF SETTLEMENTS:** Please also be advised that the Court-appointed Lead Bond/Notes Plaintiffs, Orange County Employees' Retirement System ("Orange County"), Louisiana Sheriffs' Pension and Relief Fund ("Louisiana Sheriffs"), and Southeastern Pennsylvania Transportation Authority ("SEPTA"), on behalf of themselves and the Settlement Class (as defined in paragraph 32 below), have reached agreements to settle the Action for settlement payments totaling $627 million in cash, plus interest thereon, consisting of: (i) a $590 million cash settlement with the Wachovia Defendants (identified in paragraph 1 below) (the "Wachovia Settlement"); and (ii) a $37 million cash settlement with defendant KPMG LLP ("KPMG") (the "KPMG Settlement") (collectively, the "Settlements").[2] If the Settlements are approved by the Court, all claims in the Action by the Settlement Class Members (defined in paragraph 32 below) against the Settling Defendants, as well as other Released Defendant Persons, identified in paragraph 73 below, will be resolved.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlements. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreements of Settlement dated August 5, 2011 (the "Stipulation"), which is available on the website established for the Settlements at www.WachoviaBondLitigation.com.

[2] The Wachovia Defendants and KPMG are collectively referred to herein as the "Settling Defendants."

any unpaid costs or fees incurred in administering the funds, including for such redistribution.  Additional redistributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $10.00 on such additional redistributions, subject to the conditions previously noted, may occur thereafter if Lead Bond/Notes Counsel, in consultation with the Claims Administrator, determine that additional redistribution, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, is cost-effective.  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit organizations designated by Lead Bond/Notes Counsel.

70.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Bond/Notes Plaintiffs, Bond/Notes Plaintiffs' Counsel, Settling Defendants and their respective counsel or any of the other Released Defendant Persons, or the Claims Administrator or other agent designated by Lead Bond/Notes Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Bond/Notes Plaintiffs, the Settling Defendants and their respective counsel, and all other Released Defendant Persons shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

71.      The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Bond/Notes Plaintiffs and Lead Bond/Notes Counsel after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.WachoviaBondLitigation.com.

| WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE SETTLEMENT CLASS? |
| --- |

72.      If you remain in the Settlement Class, you will be bound by any orders issued by the Court.  For example, if the Wachovia Settlement, the KPMG Settlement or both are approved, the Court will enter a judgment (the "Judgment").  For each Settlement that is approved, the Judgment will dismiss the claims against the applicable Defendants and will provide that, upon the Effective Date of each such Settlement, Lead Bond/Notes Plaintiffs, Additional Bond/Notes Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Bond/Notes Claim (as defined in paragraph 73 below) as against all of the applicable Released Defendant Persons (as defined in paragraph 73 below), and shall forever be enjoined from prosecuting any or all of the Released Bond/Notes Claims against any of the applicable Released Defendant Persons (provided, however, that the releases provided for in the Judgment shall not apply to any Person who validly opts-out of the Settlement Class and nothing in the Stipulation shall preclude any Person from opting out of the Settlement Class in accordance with the instructions set forth in paragraph 81 below).

73.      As described in more detail below, the Released Bond/Notes Claims are any and all claims that (a) were asserted in the Action; or (b) could have been asserted in the Action relating to the allegations in the Amended Bond/Notes Complaint and that arise out of the purchase or other acquisition or sale of the Bond Class Securities during the Settlement Class Period.

"**Released Bond/Notes Claims**" means any and all claims and any and all causes of action of every nature and description, including both known claims and Unknown Claims, whether based on federal, state, local or foreign statutory law or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, existing now or to be created in the future, whether direct, representative, class or individual in nature, that Lead Bond/Notes Plaintiffs or any other member of the Settlement Class (a) asserted in the Bond/Notes Action, or (b) could have asserted in any forum that arise out of, are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Bond/Notes Complaint and that arise out of or are based upon the purchase or other acquisition or sale of the Bond Class Securities during the Settlement Class Period.[19]

"**Unknown Claims**" means any Released Bond/Notes Claims which Lead Bond/Notes Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Persons, and any Released Defendant Persons' Claims which any Released Defendant Person does not know or suspect to exist in his, her, or its favor at the time of the release of the Bond/Notes Plaintiff-Related Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the applicable Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that,

(i)      upon the Effective Date as to the Wachovia Settlement, Lead Bond/Notes Plaintiffs and each of the Wachovia Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Wachovia Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, and

---

[19]   Released Bond/Notes Claims do not include, release, bar, waive, impair or otherwise impact (i) any claims asserted in the actions styled *In re Wachovia Equity Securities Litigation*, No. 08 Civ. 6171 (RJS), *Stichting Pensioenfonds ABP, et al. v. Wachovia Corp., et al.*, 09 Civ. 04473 (RJS), and *FC Holdings AB, et al. v. Wells Fargo & Co., et al.*, No. 09 Civ. 5466 (RJS); or (ii) any claims of any Settlement Class Member against any Non-Settling Defendants.  Additionally, Released Bond/Notes Claims do not include claims relating to the enforcement of the Settlements and do not include any claims against any Underwriter Defendant that does not provide to Lead Bond/Notes Counsel a signed Underwriter Defendant Release by the date that is five (5) business days prior to the date of the Settlement Hearing.

# TAB 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE INITIAL PUBLIC OFFERING SECURITIES LITIGATION | 21 MC 92 (SAS) |
| This Notice relates to all Actions. | |

**NOTICE OF PENDENCY AND PROPOSED GLOBAL SETTLEMENT OF 309 CLASS ACTIONS, MOTION FOR APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, ATTORNEYS' FEES AND EXPENSES, PSLRA AWARDS OF REIMBURSEMENT OF REPRESENTATIVES' TIME AND EXPENSES AND SETTLEMENT FAIRNESS HEARING**

**[Cover Page, as Required by the Private Securities Litigation Reform Act of 1995 (the "PSLRA")]**

IF YOU PURCHASED OR OTHERWISE ACQUIRED ANY OF THE SECURITIES LISTED ON SCHEDULE 1 ANNEXED HERETO (THE "SUBJECT SECURITIES") IN THE DATE RANGES SET FORTH THEREIN, THEN YOU MAY BE A MEMBER OF ONE OR MORE OF THE SETTLEMENT CLASSES HEREIN AND YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT DESCRIBED IN THIS NOTICE.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Notice was distributed in November 2005 describing a proposed settlement of this litigation with certain issuer defendants. That settlement was voluntarily terminated after the classes in the continuing litigation against the underwriter defendants, as originally defined, were decertified on appeal. Following additional litigation, a new Settlement described herein (the "Settlement"), with all the Defendants, has been proposed on behalf of the re-defined Settlement Classes described herein.

- The new proposed Settlement is set forth in a Stipulation and Agreement of Settlement dated April 1, 2009 (the "Stipulation"). If approved, the Stipulation will resolve the claims asserted in the actions against all of the Issuers listed on Schedule 1 annexed hereto (the "Actions"), as well as against all of the defendants ever named in the Actions, on behalf of all persons who purchased or otherwise acquired the Subject Securities, subject to certain exceptions further described herein, in the date ranges set forth on Schedule 1 (the "Settlement Classes" and "Settlement Class Periods").

- The new Settlement provides, among other things, that the Defendants or their insurers will pay a total of $586 Million in cash for the benefit of the Settlement Classes.

- If you received one or more yellow color page(s) headed "FRONTISPIECE" with this notice, such yellow color page(s) indicates the Subject Securities you may have purchased during the respective Class Periods. However, you should check all the Subject Securities listed in Schedule 1, as you may have purchased other Subject Securities as well during the respective Class Periods.

- Your legal rights will be affected whether you act, or do not act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DECEMBER 10, 2009** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY AUGUST 10, 2009** | If you want to bring or continue your own action(s) (including any lawsuit(s) or arbitration proceeding(s)) for claims involved in this proceeding, against any of the persons covered by the Settlement, you must exclude yourself from that particular Settlement Class. This is the only option that allows you to separately pursue such claims against the persons covered by the Settlement. |
| **OBJECT BY AUGUST 10, 2009** | Write to the Court about why you do not like the Stipulation or any of its terms. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

QUESTIONS? CALL 1-800-916-6946 TOLL FREE, OR VISIT *www.iposecuritieslitigation.com*
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

shall mean **the lesser of:  (a)** the **IPS** on the date of purchase, minus the **IPS** on the date of sale, times the number of Subject Securities purchased and sold; **or (b)** the **PPP** minus the **SPR**, times the number of Subject Securities so purchased and sold.

(2)     If the Subject Securities purchased or otherwise acquired during the Class Period were still held as of the close of trading on December 6, 2000, then an Authorized Claimant's "Recognized Claim" from such Subject Security shall mean the **IPS** on the date of purchase times the number of Subject Securities purchased during the Class Period for the Subject Securities so purchased and held.

In the event a Class Member has more than one purchase or sale of an Issuer's Subject Security during that Issuer's relevant Class Period, all purchases and sales shall be matched on a Last In First Out ("LIFO") basis.  A purchase or sale of any Issuer's Subject Security shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  Absent written documentation to the contrary, any Subject Securities acquired in a merger shall be valued for purpose of determining a purchase price as of the date of closing of the merger.  The receipt or grant by gift, devise or operation of law of any Issuer's Subject Security during the Class Period shall NOT be deemed a purchase or sale of such Issuer's Subject Security for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such Subject Securities unless specifically provided in the instrument of gift or assignment.

Each Authorized Claimant shall *first* be allocated a *pro rata* share of the various Net Designation Amounts (up to the full amount of their Recognized Claim on that Subject Security) based on his, her or its Recognized Claim from transactions in the applicable Issuer's Subject Security as compared to the total Recognized Claims of all Authorized Claimants from transactions in that Issuer's Subject Security.  The minimum distribution amount to an Authorized Claimant with a valid Recognized Claim from transactions in an Issuer's common stock shall be $10.00.

In the event that the Total Recognized Claims and minimum distribution amounts with respect to any Subject Security is less than the Net Designation Amount with respect to that Subject Security, the excess of the Net Designation Amount will *next* be distributable to all Authorized Claimants whose Net Designation Amounts are less than the Total Recognized Claims for the other Subject Securities.  In the event that all Authorized Claimants are allocated full payments of their Recognized Claims from all Subject Securities from the *first* and *next* allocations as set forth in this and the prior paragraph, then any remaining funds will be distributable to Authorized Claimants pro rata based on their "Unpaid Market Losses" (defined below) if any.

For each Subject Security purchased during the Class Period, an Authorized Claimant's "Unpaid Market Loss" will be calculated by adding the "Market Loss" **(PPP** minus **SPR** for Subject Securities sold during the Class Period, or **PPP** minus **HPS** for Subject Securities held as of the close of trading on December 6, 2000) on each transaction that resulted in an actual Recognized Claim for the Authorized Claimant (the total of such Market Losses being their "Overall Market Loss") and by subtracting the Authorized Claimant's Recognized Claim from the Authorized Claimant's Overall Market Loss (resulting in their "Unpaid Market Loss").

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds.  Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing the Actions.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If, after the initial distribution, any funds remain un-distributed by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Designation Amounts cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Designation Amounts for such re-distribution.  Such re-distribution will be based *pro-rata* on (i) all Unpaid Recognized Claims (Recognized Claims minus payments made on the initial distribution), or (ii) if there are no Unpaid Recognized Claims, on Unpaid Market Losses, or (iii) if there are no Unpaid Recognized Claims and no Unpaid Market Losses, on a per capita basis.  If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Executive Committee.

Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims

Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

EXAMPLE OF PLAN OF ALLOCATION:

If you purchased 1,000 shares of Airgate PCS at $100 per share on March 31, 2000, when the inflation per share was $4.188 and sold these shares at $30 per share on November 27, 2000, when there was no inflation, your Recognized Claim would be $4.188 per share or $4,188 in the aggregate.  If Total Recognized Claims of Authorized Claimants in Airgate PCS were $155,204.78 or less (which was the un-adjusted Net Designation Amount in that Action, before application of the $300,000 minimum designation), you would receive approximately $4,188 (which is the full amount of your Recognized Claim).  If Total Recognized Claims of Authorized Claimants in Airgate PCS were $300,000, you would still receive approximately $4,188.  If Total Recognized Claims of Authorized Claimants in Airgate PCS were $600,000, you would receive approximately $2,021.34 (representing approximately one half of your Recognized Claim).  If Total Recognized Claims of Authorized Claimants in Airgate PCS were $1,500,000, you would receive approximately $837.60 (representing approximately one fifth of your Recognized Claim).

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased any of the Subject Securities listed on Schedule 1 during the time periods indicated for such securities for the beneficial interest of a person or organization other than yourself, the Court has directed that, within twenty (20) days of your receipt of this Notice, you either (a) provide the Claims Administrator with lists (preferably in electronic format) of the names and last known addresses of each person or organization for whom or which you purchased any such Subject Securities during such time periods (including an indication of which security (or securities) covered by the Actions was (were) purchased by each such beneficial owner), or (b) request additional copies of this Notice and the appropriate Frontispieces for the particular Subject Securities purchased, which will be provided to you free of charge, and mail copies of the Notice, and appropriate Frontispieces, to your beneficial owners of the securities referred to herein.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.

If you have already performed this task in connection with the now terminated Issuer Defendant Settlement, please confirm that your prior instructions are still applicable and accurate by contacting the Claims Administrator at the address set forth below.  Note that the current Settlement involves 11 additional Subject Securities and you should provide information for your beneficiaries who purchased those securities.

You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and your submission to the Claims Administrator of proper documentation of such expenses and a certification of compliance.  All communications concerning the foregoing should be addressed to the Claims Administrator:

Initial Public Offering Securities Litigation
c/o The Garden City Group, Inc., Claims Administrator
P.O. Box 9352
Dublin, OH  43017-4252
(800) 916-6946
E-Mail: IPOBrokerRequests@gardencitygroup.com

Dated:      New York, New York
            July 2, 2009

By Order of the Court
CLERK OF THE COURT

# TAB 5

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT WITH THE DIRECTOR AND OFFICER DEFENDANTS, SETTLEMENT FAIRNESS HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**IF YOU PURCHASED OR ACQUIRED THE LEHMAN SECURITIES DESCRIBED BELOW, YOU COULD GET PAYMENTS FROM LEGAL SETTLEMENTS WITH CERTAIN DEFENDANTS.**

*A U.S. Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- Multiple settlements have been reached in the class action lawsuit *In re Lehman Brothers Equity/Debt Securities Litigation*, Nos. 08-CV-5523, 09-MD-2017 (LAK) (S.D.N.Y.) (the "Action").  This notice addresses one of those settlements – the settlement reached with certain of Lehman's directors and officers during the relevant time period (the "D&O Defendants" or the "Individual Defendants").[1]  This notice is directed at all persons and entities who (1) purchased or acquired Lehman securities identified in Appendix A hereto pursuant or traceable to the Shelf Registration Statement and were damaged thereby, (2) purchased or acquired any Lehman Structured Notes identified in Appendix B hereto pursuant or traceable to the Shelf Registration Statement and were damaged thereby, or (3) purchased or acquired Lehman common stock, call options, and/or sold put options ("Lehman Securities") between June 12, 2007 and September 15, 2008, through and inclusive ("Settlement Class Period") and were damaged thereby (the "D&O Class").

- The settlement is comprised of $90,000,000 in cash ("Settlement Amount") plus interest (the "Settlement Fund") for the benefit of the D&O Class.  Estimates of average recovery per damaged security are set forth on Appendix D hereto.  In addition, as set forth in Question 19 below, Lead Counsel will seek approval for attorneys' fees in the amount not to exceed 17.5% of the Settlement Amount, plus interest thereon, and for reimbursement of Litigation Expenses in an amount not to exceed $2.5 million, plus interest thereon.  The total amount of Litigation Expenses awarded by the Court will be paid to Lead Counsel from the settlements in *pro rata* amounts.  If the Court approves Lead Counsel's application for attorneys' fees and Litigation Expenses (as set forth in Question 19 below), the average cost per damaged security will be as set forth on Appendix D hereto.

- If the settlement is approved by the Court, it will result in (i) the distribution of the Settlement Fund, minus certain Court-approved fees, costs and expenses as described herein, to investors who submit valid claim forms; (ii) the release of the D&O Defendants (as defined below) and certain other related parties from further lawsuits that are based on, arise out of, or relate in any way to the facts and claims alleged, or that could have been alleged, in the Action; and (iii) the dismissal with prejudice of the D&O Defendants.  The settlement also avoids the costs and risks of further litigation against these defendants.

- This settlement does not resolve claims against any other defendants in the Action, and the Action will continue against Lehman Brothers Holdings Inc.'s auditor and the remaining underwriter defendant, UBS Financial Services, Inc. Please Note: This settlement is separate and apart from the proposed settlements Lead Plaintiffs reached with the Settling Underwriter Defendants (the "UW Settlements") for $426,218,000. You should have received a notice for the UW Settlements along with this notice. *See* Question 6 below for more details.  You are not automatically in all settlements as they cover different securities in some instances, so you should read both notices to determine if you are eligible to participate in each settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN MAY 17, 2012** | The only way to get a payment.  Instructions as to how to request a claim form are contained below. |
| **EXCLUDE YOURSELF BY MARCH 22, 2012** | Get no payment.  The only option that might let you sue the defendants that settled concerning the claims being resolved in this settlement. |
| **OBJECT BY MARCH 22, 2012** | Write to the Court about why you don't like the settlement or any aspect thereof. |
| **GO TO A HEARING ON APRIL 12, 2012 AT 4:00 PM** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  If it does, it will take time to process all of the claim forms and to distribute payments.  Please be patient.

---

[1]  The settlements reached with all but one of the underwriters named as defendants in the Action (the "Settling Underwriter Defendants") are addressed briefly below in Question 6.

b) *if sold, exercised or expired after June 6, 2008 but on or before September 11, 2008*, the Recognized Loss or Recognized Gain equals the difference between the Inflation per option on the date of purchase and the Inflation per option on the date of sale, exercise or expiration as shown on Exhibit 4;

c) *if held as of the close of trading on September 11, 2008*, the Recognized Loss or Recognized Gain equals the Inflation per option on the date of purchase as shown on Exhibit 4.

**2.      Sale of Exchange-Traded Put Options**

For each sale or writing of Lehman exchange-traded put options (listed on Exhibit 4), the Recognized Loss or Recognized Gain will be computed by the Claims Administrator as follows:

a) *if re-purchased, exercised or expired on or before June 6, 2008*, there is no Recognized Loss or Recognized Gain;

b) *if re-purchased, exercised or expired after June 6, 2008 but on or before September 11, 2008*, the Recognized Loss or Recognized Gain equals the difference between the Deflation per option on the date of sale or writing and the Deflation per option on the date of re-purchase, exercise or expiration as shown on Exhibit 4;

c) *if still sold or written as of the close of trading on September 11, 2008*, the Recognized Loss or Recognized Gain equals the Deflation per option on the date of sale or writing as shown on Exhibit 4.

**I.   Distribution Amount**

The Claims Administrator will determine each Authorized Claimant's share of the D&O Net Settlement Fund.   In general, each Authorized Claimant will receive an amount (the "Distribution Amount") determined by multiplying the D&O Net Settlement Fund by a fraction, the numerator of which is the Authorized Claimant's Recognized Claim and the denominator of which is the aggregate Recognized Claims of all Authorized Claimants.   The Distribution Amount received by an Authorized Claimant will exceed his, her, or its Recognized Claim only in the unlikely event that the D&O Net Settlement Fund exceeds the aggregate Recognized Claims of all Authorized Claimants.

Payments made pursuant to this D&O Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.   No Person shall have any claim against the Named Plaintiffs, Plaintiffs' Counsel, the D&O Defendants and their respective counsel or any other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the D&O Plan of Allocation approved by the Court, or further orders of the Court.   Named Plaintiffs, the D&O Defendants and their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the D&O Gross Settlement Fund, the D&O Net Settlement Fund, the D&O Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the D&O Gross Settlement Fund, or any losses incurred in connection therewith.

Authorized Claimants who fail to complete and file a valid and timely Claim Form shall be barred from participating in distributions from the D&O Net Settlement Fund, unless the Court otherwise orders.   D&O Class Members who do not either submit a request for exclusion or submit a valid and timely Claim Form will nevertheless be bound by the D&O Settlement and the Judgment of the Court dismissing this Action.

The Court has reserved jurisdiction to modify, amend or alter the D&O Plan of Allocation without further notice to anyone, and to allow, disallow or adjust any Authorized Claimant's claim to ensure a fair and equitable distribution of settlement funds.

If any funds remain in the D&O Net Settlement Fund by reason of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the D&O Net Settlement Fund cash their distribution checks, any balance remaining in the D&O Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $50.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the D&O Net Settlement Fund, including costs for fees for such re-distribution.   The Claims Administrator may make further re-distributions of balances remaining in the D&O Net Settlement Fund to such Authorized Claimants to the extent such re-distributions are cost-effective.   At such time as it is determined that the re-distribution of funds which remain in the D&O Net Settlement Fund is not cost-effective, the remaining balance of the D&O Net Settlement Fund shall be contributed to non-sectarian, not-for-profit, organizations designated by Lead Counsel and approved by the Court.

***Please note that the term "Overall Recognized Claim" is used solely for calculating the amount of participation by Authorized Claimants in the D&O Net Settlement Fund.   It is not the actual amount an Authorized Claimant can expect to recover.***

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT WITH THE SETTLING UNDERWRITER DEFENDANTS, SETTLEMENT FAIRNESS HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**IF YOU PURCHASED OR ACQUIRED THE LEHMAN SECURITIES DESCRIBED BELOW, YOU COULD GET PAYMENTS FROM LEGAL SETTLEMENTS WITH CERTAIN DEFENDANTS.**

*A U.S. Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Multiple settlements have been reached in the class action lawsuit *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-CV-5523-LAK (S.D.N.Y.) (the "Action"). This notice addresses the settlements reached with all but one of the underwriters named as defendants in the Action (the "Underwriter Settlement").[1] The initial settlement was reached with the first group of settling Underwriter Defendants in the amount of $417,000,000 pursuant to a Stipulation of Settlement and Release executed on December 2, 2011 (the "First Underwriter Stipulation"). The second settlement was reached with the second group of settling Underwriter Defendants[2] for additional monetary recoveries in the aggregate amount of $9,218,000 pursuant to a Stipulation of Settlement and Release executed on December 9, 2011 (the "Second Underwriter Stipulation" and together with the First Underwriter Stipulation, the "Stipulations"). The Second Underwriter Stipulation largely adopts the terms of the First Underwriter Stipulation. This notice is directed at all persons and entities who purchased or otherwise acquired Lehman securities identified in Appendix A hereto (the "Lehman Securities") pursuant to or traceable to the Shelf Registration Statement and Offering Materials incorporated by reference in the Shelf Registration Statement and were damaged thereby (the "Underwriter Class").[3]

- The Underwriter Settlement is comprised of $426,218,000 in cash (the "Underwriter Settlement Amount") plus any interest or income earned thereon (the "Underwriter Settlement Fund") for the benefit of the Underwriter Class. Estimates of average recovery per damaged security are set forth on Appendix C hereto. Underwriter Class Members should note, however, that these are only estimates based on the overall number of potentially damaged securities in the Underwriter Class. Some Underwriter Class Members may recover more or less than these estimated amounts depending on, among other factors, how many Underwriter Class Members submit claims, when and the prices at which their Lehman Securities were purchased, acquired or sold, and what security they purchased, acquired or sold. In addition, as set forth in Question 19 below, Lead Counsel (as defined below) will seek approval for attorneys' fees in an amount not to exceed 17.5% of the Underwriter Settlement Amount, plus interest thereon, and for reimbursement of costs incurred by Lead Counsel and other counsel to Named Plaintiffs (as defined below) in connection with commencing and prosecuting the Action and the costs and expenses of the Lead Plaintiffs (as defined below) (collectively, the "Litigation Expenses") in an amount not to exceed $2.5 million, plus interest thereon. The total amount of Litigation Expenses awarded by the Court will be paid to Lead Counsel from the D&O Settlement and the Underwriter Settlement in *pro rata* amounts. If the Court approves Lead Counsel's application for attorneys' fees and Litigation Expenses (as set forth in Question 19 below), the estimated average cost per damaged security will be as set forth on Appendix C hereto.

- If the Underwriter Settlement is approved by the Court, it will result in (i) the distribution of the Underwriter Settlement Fund, minus certain Court-approved fees, costs and expenses as described herein, to investors who submit valid claim forms; (ii) the release of the Settling Underwriter Defendants (as defined below) and certain other related parties, as identified in Question 1 below, from further lawsuits that are based on, arise out of, or relate in any way to the facts and claims alleged, or that could have been alleged, in the Action; and (iii) the dismissal with prejudice of the claims against the Settling Underwriter Defendants. The Underwriter Settlement also avoids the costs and risks of further litigation against these defendants.

- The Underwriter Settlement does not resolve claims against any other defendant in the Action, and the Action will continue against Ernst & Young, LLP ("E&Y"), Lehman Brothers Holdings Inc.'s outside auditor during the relevant time period, and the remaining, non-settling underwriter defendant, UBS Financial Services, Inc. (the "Non-Settling Defendants"). Please Note: The Underwriter Settlement is separate and apart from the D&O Settlement, the proposed $90 million settlement Lead Plaintiffs reached with certain of Lehman's officers and directors during the relevant time period. You should have received a notice for the D&O Settlement along with this Notice. *See* Question 6 below for more details. You are not automatically in both settlements as they cover different securities in some instances, so you should read both notices to determine if you are eligible to participate in each settlement.

---

[1] The $90 million settlement reached with the director and officer defendants (the "D&O Settlement") is addressed briefly below in Question 6.
[2] The first group of settling Underwriter Defendants and the second group of settling Underwriter Defendants shall be jointly referred to as the "Settling Underwriter Defendants," as defined in Part 1 of the Section entitled "Basic Information," below.
[3] The Shelf Registration Statement refers to the shelf registration statement filed by Lehman Brothers Holdings Inc. ("LBHI") with the U.S. Securities and Exchange Commission ("SEC") on Form S-3 and dated May 30, 2006, together with any amendments thereto, as well as any materials incorporated by reference therein. The Offering Materials refer to the materials incorporated by reference in the Shelf Registration Statement.

a) *if sold before June 9, 2008*, there is no Recognized Loss or Recognized Gain;

b) *if sold between June 9, 2008 and October 28, 2008 (inclusive)*, the Recognized Loss or Recognized Gain is the purchase/acquisition price per note (not to exceed the respective issue price per note as shown on Exhibit 1) *minus* the sale price per note;

c) *if sold after October 28, 2008*, the Recognized Loss or Recognized Gain is the purchase/acquisition price per note (not to exceed the respective issue price per note as shown on Exhibit 1) *minus* the greater of (i) the sale price per note or (ii) the closing price per note on October 28, 2008 as shown on Exhibit 1;

d) *if still held as of the date the Claim Form is filed*, the Recognized Loss or Recognized Gain is the purchase/acquisition price per note (not to exceed the respective issue price per note as shown on Exhibit 1), *minus* the closing price per note on October 28, 2008 as shown on Exhibit 1.

Please Note: An Authorized Claimant's claim with respect to a particular Eligible Security will be based on the Authorized Claimant's *pro rata* share of the Underwriter Net Settlement Fund allocated to that particular Eligible Security as identified on Exhibit 2, which will be calculated by multiplying the Underwriter Net Settlement Fund allocated to the particular Eligible Security by a fraction, the numerator of which is the Authorized Claimant's Net Recognized Loss for transactions in the particular Eligible Security, and the denominator of which is the aggregate Net Recognized Losses of all Authorized Claimants for all transactions in the particular Eligible Security.

**F.  Distribution Amount**

The Claims Administrator will determine each Authorized Claimant's share of the Underwriter Net Settlement Fund.  In general, the Underwriter Net Settlement Fund is allocated among the Eligible Securities based on the total dollar amount underwritten by the Settling Underwriter Defendants for each Eligible Security, divided by the total dollar amount underwritten by the Underwriter Defendants for all Eligible Securities (*see* Exhibit 2).

The Distribution Amount received by an Authorized Claimant will exceed his, her, or its Recognized Claim only in the unlikely event that the amount of the Underwriter Net Settlement Fund that is allocated to a particular Eligible Security exceeds the aggregate claims of all Authorized Claimants for that particular Eligible Security.

Payments made pursuant to this Underwriter Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against the Named Plaintiffs, Plaintiffs' Counsel, Settling Underwriter Defendants and their respective counsel or any other Released Underwriter Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Underwriter Stipulations, the Underwriter Plan of Allocation approved by the Court, or further orders of the Court.  Named Plaintiffs, the Settling Underwriter Defendants and their respective counsel, and all other Released Underwriter Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Underwriter Gross Settlement Fund, the Underwriter Net Settlement Fund, the Underwriter Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Underwriter Gross Settlement Fund, or any losses incurred in connection therewith.

Authorized Claimants who fail to complete and file a valid and timely Proof of Claim form shall be barred from participating in distributions from the Underwriter Net Settlement Fund, unless the Court otherwise orders.  Underwriter Class Members who do not either submit a request for exclusion or submit a valid and timely Proof of Claim will nevertheless be bound by the Underwriter Settlement and the Judgment of the Court dismissing this Action.

The Court has reserved jurisdiction to modify, amend or alter the Underwriter Plan of Allocation without further notice to anyone, and to allow, disallow or adjust any Authorized Claimant's claim to ensure a fair and equitable distribution of settlement funds.

If any funds remain in the Underwriter Net Settlement Fund by reason of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Underwriter Net Settlement Fund cash their distribution checks, any balance remaining in the Underwriter Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $50.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Underwriter Net Settlement Fund, including costs or fees for such re-distribution.  The Claims Administrator may make further re-distributions of balances remaining in the Underwriter Net Settlement Fund to such Authorized Claimants to the extent such re-distributions are cost-effective.  At such time as it is determined that the re-distribution of funds which remain in the Underwriter Net Settlement Fund is not cost-effective, the remaining balance of the Underwriter Net Settlement Fund shall be contributed to non-sectarian, not-for-profit, organizations designated by Lead Counsel and approved by the Court.

***Please note that the term "Overall Recognized Claim" is used solely for calculating the amount of participation by Authorized Claimants in the Underwriter Net Settlement Fund.  It is not the actual amount an Authorized Claimant can expect to recover.***

# TAB 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# FILE COPY

|  |  |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No. 07-cv-9633 (JSR)(DFE) |
| This Document Relates To: Securities Action, 07cv9633 (JSR)(DFE) |  |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement dated as of February 17, 2009 (the "Settlement Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the District Court, this Settlement Stipulation is entered into by State Teachers' Retirement System of Ohio ("Lead Plaintiff"), individually and on behalf of the proposed Settlement Class (defined below), by and through its counsel, and certain Defendants (defined below), by and through their respective counsel.

This Settlement Stipulation is intended by the parties hereto to fully and finally compromise, resolve, discharge and settle the Released Claims, as defined herein, subject to the terms and conditions set forth below and final approval of the District Court:

WHEREAS:

A.    Beginning in October 2007, a number of putative class action complaints alleging violations of federal securities laws were filed, variously naming as defendants Merrill Lynch & Co., Inc. ("Merrill"), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Capital Trust I, Merrill Lynch Capital Trust II, Merrill Lynch Capital Trust III, E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Lawrence A. Tosi, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L.

M

forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the District Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the District Court.

20.     Each claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her or its claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed on the merits of the Securities Action or Settlement in connection with processing of the Proofs of Claim.

21.     No Settlement Class Member or Authorized Claimant shall have any claim against Co-Lead Counsel, Lead Plaintiff, any other Plaintiffs and Plaintiffs' counsel in the Securities Action, Defendants or their counsel, the Claims Administrator or any employees or agents of any of the foregoing, based on the distributions made substantially in accordance with this Settlement Stipulation or as otherwise approved or directed by the District Court. Payment pursuant to this Settlement Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be subject to and bound by the provisions of this Settlement Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the

April 2, 2009

Dear Investor:

You are listed as an investor or former investor in Merrill Lynch & Co., Inc. ("Merrill Lynch") common stock or certain preferred securities. Enclosed is a notice about the settlement of a class action lawsuit called *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*. You may be eligible to claim a payment from the settlement, or you may want to act on other legal rights. Important facts are highlighted below and explained more fully in the attached Notice.

---

## Merrill Lynch Securities Class Action Settlement

- **14 Securities:** (1) Merrill Lynch common stock (NYSE: "MER" CUSIP 590188108) and certain preferred securities, specifically: (2) "MERPRD" CUSIP 59021F206; (3) "MERPRE" CUSIP 59021G204; (4) "MERPRF" CUSIP 59021K205; (5) "MERPRG" CUSIP 59021S703; (6) "MERPRH" CUSIP 59021S638; (7) "MERPRI" CUSIP 59021V839; (8) "MERPRJ" CUSIP 59021V813; (9) "MERPRL" CUSIP 59022C178; (10) "MERPRN" CUSIP 59022Y840; (11) "MERPRO" CUSIP 59022Y832; (12) "MERPRK" CUSIP 590199204; (13) "MERPRM" CUSIP 59024T203; and (14) "MERPRP" CUSIP 59025D207.

- **Time Period:** October 17, 2006 – December 31, 2008 (inclusive).

- **Settlement Amount:** $475 million in cash (estimated average of $0.881 per damaged common share and $0.165 per damaged Preferred Security available for public purchase prior to January 17, 2008 as described in the attached Notice), plus interest.

- **Reasons for Settlement:** Avoids costs and risks from continuing the lawsuit; pays money to investors like you.

- **If the Case had not Settled:** There would have been pretrial motion practice and possibly a trial and appeals. The parties disagree on the liability and damage issues. (See Question 4 of the Notice for further explanation.)

- **Attorneys' Fees and Expenses:** Lawyers for investors will ask the Court for an award of attorneys' fees of up to approximately 7.82% of the settlement fund, and reimbursement of out-of-pocket costs and expenses in an amount not to exceed $2,500,000, which will reduce the per share recovery by an estimated $0.073 per damaged common share and $0.014 per damaged Preferred Security available for public purchase prior to January 17, 2008 as described in the attached Notice. The attorneys' fees and expenses awarded by the Court will be paid out of the settlement fund as fees and expenses for investigating the facts, litigating the case, and negotiating and administering the settlement.

- **Deadlines:**

  ► **To File Claims: September 9, 2009**
  ► **To Request Exclusion: July 6, 2009**
  ► **To File and Serve Objections: July 6, 2009**
  ► **Court Hearing on Fairness of Settlement: July 27, 2009 at 4:00 p.m.**

- **More Information:**

*Claims Administrator:*

Merrill Lynch & Co., Inc. Securities Litigation
c/o Rust Consulting, Inc.
P.O. Box 9444
Minneapolis, MN 55440-9444
1-877-576-9980
www.MerrillLynchLitigation.com

*Lawyers for Lead Plaintiff & Investors:*

Frederic S. Fox, Esq.
**Kaplan Fox & Kilsheimer, LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
212-687-1980

Lawrence J. Lederer, Esq.
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103
215-875-3000

M. Richard Komins, Esq.
**Barrack, Rodos & Bacine**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
215-963-0600

Other details about this settlement and the case are in the attached Notice.

12. Merrill Securities "transferred into," "delivered into" or "received into" the Claimant's account shall NOT be considered as a purchase of Merrill Securities unless the Claimant submits documents supporting that the original purchase of the Merrill Securities occurred during the Settlement Class Period.  Also, Merrill Securities purchased and subsequently "transferred out" or "delivered out" of Claimant's account will NOT be considered part of Claimant's claim, as the right to file for those Merrill Securities belongs to the person or party receiving the Merrill Securities.

13. Nothing in this Plan of Allocation represents an admission by any of the Defendants that there is liability or damage of any kind as a result of the allegations in the Amended Complaint or that the dollar amounts set forth in this Plan of Allocation reflect actual or potential damages to the Settlement Class.

14. Payment in the manner set forth above will be deemed conclusive compliance with the Settlement Stipulation against all Authorized Claimants.

15. All Settlement Class Members who fail to submit valid and timely Proofs of Claim will be barred from participating in the distribution of the Net Settlement Fund but otherwise will be bound by all of the terms of the Settlement Stipulation, including the terms of any final orders or judgments entered and the releases given to Defendants and others.

16. The finality of the settlement is not conditioned upon the Court approving the Plan of Allocation.  Any rulings pertaining to the Plan of Allocation shall not operate to terminate the settlement or affect or delay the settlement from becoming effective, assuming the settlement is approved by the Court. The Net Settlement Fund shall not be distributed to any Settlement Class Member until the Court approves the Plan of Allocation.

17. No Authorized Claimant shall have any claim against the Settlement Fund, Lead Plaintiff, Plaintiffs, Co-Lead Counsel, the Claims Administrator, Defendants, Defendants' Counsel, the Released Parties, or any other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement Stipulation, the Plan of Allocation, and further orders of the Court. In addition, in the interest of achieving substantial justice, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Merrill Lynch common stock or any of the listed Preferred Securities during the Settlement Class Period as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either:  (a) send a copy of this Notice and the accompanying Proof of Claim and Release form by first-class mail to all such beneficial owners; or (b) provide a list, electronically if possible, of the names and addresses of such beneficial owners to the Claims Administrator:

*Merrill Lynch & Co., Inc. Securities Litigation*
c/o Rust Consulting, Inc.
P.O. Box 9444
Minneapolis, MN 55440-9444
1-877-576-9980
Website:  www.MerrillLynchLitigation.com
Email:  info@MerrillLynchLitigation.com

If you chose option (a) above, you may request enough Notice forms from the Claims Administrator (at no charge to you) to complete your mailing and send a written statement to the Claims Administrator confirming that the mailing was made as directed, and identifying the persons and the addresses to whom this Notice was sent.  You may seek reimbursement of your reasonable expenses actually incurred in complying with these directives, subject to approval of Co-Lead Counsel or the Court.  All communications concerning this matter should be addressed to the Claims Administrator.

## INQUIRES

All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Settlement Class Members should be directed to:

*Merrill Lynch & Co., Inc. Securities Litigation*
c/o Rust Consulting, Inc.
P.O. Box 9444
Minneapolis, MN 55440-9444
1-877-576-9980
Website:  www.MerrillLynchLitigation.com
Email:  info@MerrillLynchLitigation.com

**PLEASE DO NOT CONTACT THE COURT OR THE COURT'S CLERK REGARDING THIS NOTICE.**

Dated:  April 2, 2009                    By Order of the District Court:
                                         Jed Rakoff, Judge

# TAB 7

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION<br><br>This Document Relates To:<br><br>Securities Action, 08 Civ. 2793 (RWS) | Master File No.:<br>08 MDL No. 1963 (RWS) |

## STIPULATION AND AGREEMENT OF SETTLEMENT
## WITH THE BEAR STEARNS DEFENDANTS

This stipulation and agreement of settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff, The State of Michigan Retirement Systems ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class (as defined below) and The Bear Stearns Companies Inc. ("Bear Stearns" or the "Company"), James E. Cayne, Alan D. Schwartz, Warren J. Spector, Alan C. Greenberg, Samuel L. Molinaro Jr., Michael Alix, and Jeffrey M. Farber (the "Individual Defendants") (collectively, "Settling Defendants" or "Bear Stearns Defendants").

**WHEREAS:**

A.     All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms as set forth herein and in ¶ 1 hereof entitled "Definitions."

B.     Beginning in March of 2008, several securities class action complaints were filed in the U.S. District Court for the Southern District of New York (the "S.D.N.Y.") on behalf of investors in Bear Stearns:

- *Eastside Holdings, Inc. v. The Bear Stearns Cos., Inc., et al.*, No. 08 Civ. 2793;

Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

32.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

33.     No Person shall have any claim of any kind against the Released Defendant Parties or their counsel with respect to the matters set forth in this Section or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

34.     No Person shall have any claim against Lead Plaintiff or their counsel (including Co-Lead Counsel), or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

35.     If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Any balance that still remains in the Net Settlement Fund, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to non-sectarian, not-for-profit charitable organizations serving the public interest, designated by Lead Plaintiff and approved by the Court.

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) |
| This Document Relates To: | |
| Securities Action, 08 Civ. 2793 (RWS) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT
## WITH DELOITTE & TOUCHE LLP

This stipulation and agreement of settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff, The State of Michigan Retirement Systems ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class (as defined below) and Deloitte & Touche LLP ("Deloitte" or the "Settling Defendant").

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms as set forth herein and in ¶ 1 hereof entitled "Definitions."

B.      Beginning in March of 2008, several securities class action complaints were filed in the U.S. District Court for the Southern District of New York (the "S.D.N.Y.") on behalf of investors in The Bear Stearns Companies Inc. ("Bear Stearns" or the "Company"):

- *Eastside Holdings, Inc. v. The Bear Stearns Cos., Inc., et al.*, No. 08 Civ. 2793;

- *Becher v. The Bear Stearns Cos., Inc., et al.*, No. 08 Civ. 2866;

processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

31.    Payment pursuant to the Distribution Order shall be deemed final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Deloitte Defendant Parties concerning the Released Deloitte Claims.

32.    All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

33.    No Person shall have any claim of any kind against the Released Deloitte Defendant Parties or their counsel with respect to the matters set forth in this Section or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

34.    No Person shall have any claim against Lead Plaintiff or their counsel (including Co-Lead Counsel), or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

- 27 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION | Master File No.: |
| | 08 MDL No. 1963 (RWS) |
| This Document Relates To: | |
| | **NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENTS WITH THE BEAR STEARNS DEFENDANTS AND DELOITTE AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| Securities Action, 08 Civ. 2793 (RWS) | |

**If you purchased or acquired the publicly traded equity securities or options of The Bear Stearns Companies Inc. ("Bear Stearns") or were an employee who received vested stock units during the period from December 14, 2006 to and through March 14, 2008, inclusive (the "Class Period"), and were damaged thereby, you may be entitled to a payment from two class action settlements.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the pendency of this class action (the "Action"), (b) the proposed partial settlement of the Action with the Bear Stearns Defendants (defined below), (c) the proposed partial settlement of the Action with Deloitte & Touche LLP ("Deloitte"), and (d) the hearing to be held by the Court to consider (i) whether the settlements should be approved, (ii) the application of plaintiff's counsel for attorneys' fees and expenses, and (iii) certain other matters (the "Settlement Hearing"). This Notice describes important rights you may have and what steps you must take if you wish to participate in the settlements or wish to be excluded from the Settlement Class (defined below).[1]

- If approved by the Court, the settlement with the Bear Stearns Defendants will provide a $275 million cash settlement fund for the benefit of eligible investors (the "Bear Stearns Settlement"). If approved by the Court, the settlement with Deloitte will provide a $19.9 million cash settlement fund for the benefit of eligible investors (the "Deloitte Settlement" and, together with the Bear Stearns Settlement, the "Settlements").

- The Settlements resolve claims by The State of Michigan Retirement Systems ("Lead Plaintiff") that the Bear Stearns Defendants and Deloitte misled investors about Bear Stearns's financial condition and business prospects, avoids the costs and risks of continuing the litigation, pays money to investors like you, and releases the Bear Stearns Defendants and Deloitte from liability.[2]

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

- The Court will review the Settlements at the Settlement Hearing to be held on September 19, 2012.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 25, 2012** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY AUGUST 29, 2012** | Get no payment. This is the only option that allows you to ever bring or be part of any <u>other</u> lawsuit about the Released Claims and Released Deloitte Claims (defined in Question 12) against the Bear Stearns Defendants, Deloitte, and the other released defendant parties (defined in Question 1). |
| **OBJECT BY AUGUST 29, 2012** | Write to the Court about why you do not like the Settlements, the proposed Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a member of the Settlement Class (defined in Question 5). |
| **GO TO A HEARING ON SEPTEMBER 19, 2012** | Ask to speak in Court about the Settlements at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlements and whether to finally certify this as a class action. Payments will be made in the Bear Stearns Settlement if the Court approves it and in the Deloitte Settlement if the Court approves it, and after any appeals are resolved. Please be patient.

---

[1] All capitalized terms not otherwise defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement with the Bear Stearns Defendants (the "Bear Stearns Stipulation"), dated as of June 5, 2012, or the Stipulation and Agreement of Settlement with Deloitte & Touche LLP (the "Deloitte Stipulation"), dated as of June 11, 2012 (collectively, the "Stipulations").

[2] The Settlements do not release claims in the related "ERISA Action" (*In re The Bear Stearns Companies, Inc. Sec., Deriv., and ERISA Litig.*, ERISA Action, 08 Civ. 2804 (RWS) (S.D.N.Y.)) or "Derivative Action" (*In re The Bear Stearns Companies, Inc. Sec., Deriv., and ERISA Litig.*, Derivative Action, 07 Civ. 10453 (RWS) (S.D.N.Y.)).

the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

You also can call the Claims Administrator toll free at (888) 309-3823; write *Bear Stearns Securities Litigation Settlements, c/o The Garden City Group, Inc., P.O. Box 9897, Dublin, Ohio 43017-5797;* or visit the websites of the Claims Administrator or Co-Lead Counsel at **www.bearstearnssecuritieslitigation.com, www.bermandevalerio.com, and www.labaton.com**, where you can find answers to common questions about the Settlements, download copies of the Stipulations or Proof of Claim, and locate other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

**Please Do Not Call The Court With Questions About The Settlements**

**K.     PLAN OF ALLOCATION OF NET SETTLEMENT FUNDS AMONG CLASS MEMBERS**

| 25. | How will my claim be calculated? |
| --- | --- |

The purpose of the Plan of Allocation (the "Plan") is to distribute settlement proceeds equitably to those Settlement Class Members who suffered economic losses resulting from the alleged misrepresentations and omissions by the Bear Stearns Defendants and Deloitte during the Class Period.

The Settlement Funds, which combined total $294.9 million, minus all taxes, costs, fees and expenses (the Net Settlement Funds), will be distributed according to the Plan of Allocation described below to members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss ("Authorized Claimants"), and who have an out-of-pocket net loss on all Class Period transactions in Bear Stearns equity securities, options, or vested stock units.  Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlements.  The Court may approve the Plan, or modify it without additional notice to the Settlement Class.  Any orders modifying the Plan will be posted on the settlement website at: **www.bearstearnssecuritieslitigation.com,** and at **www.bermandevalerio.com** and **www.labaton.com**.[8]

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Funds based upon each Authorized Claimant's "Recognized Loss," as described below.  The Plan of Allocation is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants.  The Plan of Allocation is the basis upon which the Net Settlement Funds will be proportionally divided among all the Authorized Claimants.  The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Funds are distributed to Authorized Claimants.  No distributions to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

The Defendants, their respective counsel, and all other released defendant parties will have no responsibility for or liability whatsoever for the investment of the Settlement Funds, the distributions of the Net Settlement Funds, the Plan of Allocation or the payment of any claim. Lead Plaintiff and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlements.

The following Plan of Allocation reflects the allegations that the prices of Bear Stearns publicly traded equity securities, options, or vested stock units during the Class Period were inflated artificially by reason of allegedly false and misleading statements made by the Bear Stearns Defendants and Deloitte about the business, management, and operations of Bear Stearns.  The Defendants deny any allegations of wrongdoing or liability.  The artificial inflation allegedly began on December 14, 2006 when Bear Stearns issued a press release regarding its fourth quarter and fiscal year-end results for 2006, which allegedly reported false and misleading financial results.

Lead Plaintiff alleges that the artificial inflation was gradually eliminated after disclosures beginning on March 14, 2008 when, among other things, it was revealed that JPMorgan-Chase & Co. would provide short-term funding to Bear Stearns while Bear Stearns worked on alternative forms of financing.  The Plan of Allocation described below was created with the assistance of a consulting damages expert who analyzed the movement of Bear Stearns's equity securities and options after the alleged disclosures.  It takes into account the portion of the stock drops attributable to the alleged fraud.

**GENERAL PRINCIPLES OF THE PLAN OF ALLOCATION**

Each Authorized Claimant will receive a *pro rata* share of the cash in the Net Settlement Funds based on his, her, or its Recognized Loss.  To the extent there are sufficient funds in the Net Settlement Funds, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined herein.  If, however, the amounts in the Net Settlement Funds are not sufficient to permit payment of the total of all Recognized Losses, then each Authorized Claimant will be paid the percentage of the Net Settlement Funds that each Authorized Claimant's recognized claim bears to the total of the claims of all Authorized Claimants ("*pro rata* share").

To calculate the Recognized Loss on Bear Stearns equity securities, options, or vested stock units purchased/acquired and sold during the Class Period, sales must be matched against purchases/acquisitions during the Class Period.  To do so, the earliest sale will be matched first against those shares in the claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase/acquisition made during the Class Period ("FIFO Matching").  This means that sales of Bear Stearns equity securities, options, or vested stock units will be first matched with any pre-Class Period holdings and then matched

---

[8]   The Bear Stearns Defendants and Deloitte had no involvement in the proposed Plan of Allocation.

# TAB 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

IN RE ADELPHIA COMMUNICATIONS CORP.        :
SECURITIES & DERIV. LITIG.                 :          03 MD 1529 (LMM)

This Document Relates to:                 :

Consolidated Class Action Complaint (03-CV-5755; 03-  :
CV-5756; 03-CV-5757; 03-CV-5758; 03-CV-5759; 03-  :
CV-5761; 03-CV-5762; 03-CV-5763; 03-CV-5764; 03-  :
CV-5765; 03-CV-5766; 03-CV-5768; 03-CV-5769; 03-  :
CV-5771; 03-CV-5774; 03-CV-5775; 03-CV-5776; 03-  :
CV-5778; 03-CV-5780; 03-CV-5781; 03-CV-5783; 03-  :
CV-5784; 03-CV-5785; 03-CV-5786; 03-CV-5787; 03-  :
CV-5790; 03-CV-5791; 03-CV-5792).            :

------------------------------------------------------------------------- X

## STIPULATION AND AGREEMENT OF SETTLEMENT
## BETWEEN CLASS MEMBERS AND THE BANKS

        This Stipulation and Agreement of Settlement (the "Stipulation") is entered into

between (i) the Lead Plaintiffs,[1] the Named Plaintiffs and the Class and (ii) the Banks, all by and

through the undersigned attorneys.

        This Stipulation states all of the terms of the Settlement and is intended by the

Parties to fully and finally compromise, resolve, discharge and settle the Released Claims subject

to the terms and conditions set forth below.

        **WHEREAS:**

**The Litigation**

        A.      On July 23, 2003, and thereafter, the actions listed in the caption of this

Stipulation were transferred to, or filed in, the Court, along with other related actions pursuant to

Order of the Judicial Panel on Multi District Litigation, under the Master File No. 03 MD 1529.

---

[1] Except where stated otherwise, all capitalized terms are defined in Section 1 of this Stipulation.

24. Prior to the distribution of the Net Settlement Fund, Lead Counsel shall present for the approval of the Court a final accounting of the receipts to and disbursements from the Settlement Fund and the proposed distribution of the Net Settlement Fund to Authorized Claimants. No such distribution shall be made in the absence of an order approving the accounting and the proposed distribution.

25. Payment from the Net Settlement Fund made pursuant to and in the manner set forth above shall be deemed conclusive of compliance with this Stipulation as to all Authorized Claimants.

26. No Authorized Claimant shall have any claim against Lead Plaintiffs, Named Plaintiffs, the Banks, the Administrator, or any of their counsel, based on the distributions made substantially in accordance with this Stipulation and/or orders of the Court.

**Effect of Disapproval, Cancellation or Termination of Agreement**

27. If the Court does not enter the Judgment substantially in the form provided for in paragraphs 6 and 21 or if the Court enters the Judgment and appellate review is sought and on such review, the entry of Judgment is vacated, modified or reversed, then this Stipulation shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the settlement under the terms of the Judgment as it may be modified by the Court. Such notice may be provided on behalf of Lead Plaintiffs and the Class Members by Lead Counsel. No party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein, except to the extent provided for in paragraphs 7 and 8, relating to the Plan of Allocation, and award of attorneys' fees. If any party hereto engages in a material

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE ADELPHIA COMMUNICATIONS CORP.                     :
SECURITIES & DERIV. LITIG.                               :          03 MD 1529 (LMM)
                                                        :
This Document Relates to:                                :
                                                        :
Consolidated Class Action Complaint (03-CV-5755; 03-     :
CV-5756; 03-CV-5757; 03-CV-5758; 03-CV-5759; 03-        :
CV-5761; 03-CV-5762; 03-CV-5763; 03-CV-5764; 03-        :
CV-5765; 03-CV-5766; 03-CV-5768; 03-CV-5769; 03-        :
CV-5771; 03-CV-5774; 03-CV-5775; 03-CV-5776; 03-        :
CV-5778; 03-CV-5780; 03-CV-5781; 03-CV-5783; 03-        :
CV-5784; 03-CV-5785; 03-CV-5786; 03-CV-5787; 03-        :
CV-5790; 03-CV-5791; 03-CV-5792).                       :
                                                        :
------------------------------------------------------------------X

## STIPULATION AND AGREEMENT OF SETTLEMENT
## BETWEEN CLASS MEMBERS AND DELOITTE & TOUCHE

Allocation, except for their obligation to pay the Settlement Amount as provided herein. The Administration of the Settlement includes, without limitation, investment, allocation and distribution of the Gross Settlement Fund, determination, payment or withholding of taxes or any loss incurred in connection herewith and giving of notice. No Settlement Class Members, any other plaintiffs or plaintiffs' counsel shall have claims against Deloitte & Touche, the other Released Persons or Deloitte & Touche's counsel in connection herewith. Neither Deloitte & Touche nor its counsel shall have any responsibility for, interest in or liability whatsoever with respect to investment or distribution of the Gross Settlement Fund, the Plan of Allocation, determination, administration or calculation of claims, payment or withholding of taxes or any losses incurred in connection herewith.

7.     Prior to the distribution of the Net Settlement Fund, Plaintiffs' Lead Counsel shall present for the approval of the Court a final accounting of the receipts to and disbursements from the Net Settlement Fund and the proposed distribution of the Net Settlement Fund to Authorized Claimants. No such distribution shall be made in the absence of an order approving the accounting and the proposed distribution. The Final Order shall provide that payment from the Net Settlement Fund made pursuant to and in the manner set forth above shall be deemed conclusive of compliance with this Stipulation as to all Authorized Claimants. No Authorized Claimant shall have any claim against Lead Plaintiffs, Named Plaintiffs, the Claims Administrator, or any of their counsel, based on the distributions made substantially in accordance with this Stipulation and/or orders of the Court.

8.     All reasonable costs and expenses actually incurred in connection with providing notice to Members of the Class and administration of the Gross Settlement

# TAB 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re NATIONAL CITY CORPORATION
SECURITIES, DERIVATIVE & ERISA
LITIGATION

This document is applicable to:
The Securities Case

MDL No.: 2003

Case No. 1:08-nc-70004

Judge Solomon Oliver, Jr.

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF NATIONAL CITY CORPORATION ("NATIONAL CITY", TRADING SYMBOL NYSE: NCC) BETWEEN APRIL 30, 2007 AND APRIL 21, 2008, INCLUSIVE ("CLASS PERIOD"), AND/OR IF YOU ACQUIRED NATIONAL CITY COMMON STOCK ISSUED PURSUANT TO A NATIONAL CITY REGISTRATION STATEMENT FILED WITH THE U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC") IN CONNECTION WITH NATIONAL CITY'S ACQUISITION OF MAF BANCORP, INC. ("MAF") ON OR ABOUT SEPTEMBER 1, 2007 (THE "MAF SUBCLASS"), THEN YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

Chief Judge Solomon Oliver, Jr. of the United States District Court for the Northern District of Ohio (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act"). The Settlement will provide $168,000,000 for the benefit of: (1) investors who purchased or otherwise acquired ("purchased") the common stock of National City Corporation between April 30, 2007 and April 21, 2008, inclusive, and (2) a subclass of all persons who acquired National City common stock issued pursuant to a National City Registration Statement filed with the SEC in connection with National City's acquisition of MAF on or about September 1, 2007.[1] The Settlement also provides for payment of legal fees and expenses in an amount to be fixed by the Court. The Settlement is summarized below.

Defendants deny each and every one of Lead Plaintiff's allegations of wrongdoing or liability. Defendants also deny that Lead Plaintiff or any Settlement Class Member suffered damages or that they were harmed in any way by the conduct alleged in the Amended Class Action Complaint ("Amended Complaint").

The Court has scheduled a hearing for final approval of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and expenses. That hearing has been scheduled for Monday at 2:00 p.m. on March 19, 2012 in the courtroom of Chief Judge Solomon Oliver, Jr., United States District Court for the Northern District of Ohio, 801 W. Superior Avenue, Courtroom 19A, Cleveland, Ohio 44113.

Any objections to the Settlement, the Plan of Allocation, the application for attorneys' fees and expenses and related matters must be filed with the Court and served in writing on Lead Counsel for the Settlement Class identified on page 14 of this Notice and on Defendants' Counsel identified on page 14 of this Notice. The procedure for objecting to or excluding yourself from the Settlement is described below.

This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Stipulation and Agreement of Settlement (the "Stipulation"). Capitalized terms used in this Notice but

---

1   Excluded from the Settlement Class are Defendants, members of their immediate families, National City and any officer or director of National City, and any entity in which Defendants had a majority interest during the Class Period. Also excluded from the Settlement Class are persons or entities who properly exclude themselves by filing a timely and valid request for exclusion from the Settlement Class pursuant to the procedures explained below.

M.    If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund nine (9) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions and who would receive at least $10 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  The Claims Administrator, following consultation with Lead Counsel, shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the re-distribution is completed among Authorized Claimants in the same manner and time frame as provided for above.  In the event that the Claims Administrator determines that further redistribution of any balance remaining (following the initial distribution and re-distribution) is no longer feasible, thereafter, the Claims Administrator, following consultation with Lead Counsel, shall donate remaining funds in the Net Settlement Fund, if any, to a non-sectarian charitable organization certified under the United States Internal Revenue Code §501(c), to be designated by Lead Counsel and approved by the Court.

N.    In light of the manner in which the data are kept and the ease with which they can be analyzed, it may be appropriate to simplify some of the features of these calculations.  Such simplifications are acceptable as long as each Authorized Claimant receives a share of the Net Settlement Fund based approximately on the losses sustained on his, her or its shares of National City common stock purchased during the Class Period in comparison with the respective losses on National City common stock held by other Authorized Claimants.  Any such changes will be presented to the Court for approval.

Settlement Class Members who do not submit acceptable Proof of Claim and Release forms will not share in the Settlement proceeds.  Settlement Class Members who neither submit a request for exclusion nor submit an acceptable Proof of Claim and Release form will nevertheless be bound by the settlement and the order and final judgment of the Court dismissing this Action.

Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, or the Plan of Allocation; the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM AND RELEASE FORM

### 11. How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim and Release form.  A Proof of Claim and Release form is being circulated with this Notice.  You may also get a Proof of Claim and Release form on the Internet at *www.nationalcitysecuritiessettlement.com*.  Read the instructions carefully, fill out the Proof of Claim and Release form, include all the documents the form asks for, sign it, and submit it no later than **March 9, 2012** in accordance with the procedures set forth therein.

### 12. When would I get my payment?

The Court will hold a hearing on **March 19, 2012**, to decide whether to approve the Settlement, the Plan of Allocation and an award of attorneys' fees and expenses.  If the Court approves the Settlement, there may then be appeals by interested parties which may further delay the Settlement.  It is always uncertain how those appeals will resolve, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed. Please be patient.

## CLAIMS RELEASED BY THE SETTLEMENT

### 13. What am I giving up to get a payment?

Unless you validly exclude yourself, you will be treated as a member of this class action.  This means that upon the

# TAB 10

EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: SATYAM COMPUTER SERVICES LTD. SECURITIES LITIGATION | No. 09-MD-2027-BSJ |

## STIPULATION AND AGREEMENT OF SETTLEMENT WITH DEFENDANT SATYAM COMPUTER SERVICES LTD.

This stipulation and agreement of settlement (the "Stipulation") is made and entered into through their respective undersigned counsel, by and between Lead Plaintiffs the Public Employees' Retirement System of Mississippi, Mineworkers' Pension Scheme, SKAGEN AS, and Sampension KP Livsforsikring A/S (collectively "Lead Plaintiffs"), on behalf of themselves and the Class, proposed named plaintiff International Brotherhood of Electrical Workers Local Union #237 ("IBEW"), proposed class representative for the Sub-Classes, Brian F. Adams, and defendant Satyam Computer Services Ltd. recently rebranded as "Mahindra Satyam" ("Satyam" or the "Settling Defendant"; Lead Plaintiffs, IBEW, Brian F. Adams and Satyam are collectively referred to as the "Settling Parties"). Subject to the terms and conditions set forth herein and the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement embodied in this Stipulation is intended by the Settling Parties: (a) to be a full and final disposition of the above-captioned action (the "Action") with respect to the Settling Defendant; and (b) to fully, finally and forever resolve, discharge, dismiss and settle the Released Claims against the Released Parties. This Stipulation does not release any claims of Lead Plaintiffs and the other members of the Class against any Non-Settling Defendant.

**WHEREAS:**

NYI-4348185v1

37.     No Person shall have any claim of any kind against the Released Settling Defendant Parties or their counsel with respect to the matters set forth in this Section or any of its subsections.

38.     No Person shall have any claim against the Lead Plaintiffs or their counsel (including Lead Counsel), or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation (or such other plan of allocation as may be approved by the Court), or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

39.     Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation and within five (5) days of the filing of this Stipulation, Lead Counsel and Settling Defendant's Counsel shall jointly apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form attached hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Class.

## TERMS OF THE JUDGMENT

40.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Defendant's Counsel shall jointly request that the Court enter a Judgment substantially in the form attached hereto as Exhibit B, including without limitation, a PSLRA "bar order" as specified in ¶ 12 of the Judgment attached hereto as Exhibit B.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

No. 09-MD-2027-BSJ

|  |
| --- |
| IN RE: SATYAM COMPUTER SERVICES LTD. SECURITIES LITIGATION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION; (II) PROPOSED SETTLEMENTS WITH SATYAM COMPUTER SERVICES LTD. AND THE PWC ENTITIES; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SATYAM COMPUTER SERVICES LTD. AMERICAN DEPOSITORY SHARES ("ADSs") OR ORDINARY SHARES FROM JANUARY 6, 2004 THROUGH JANUARY 6, 2009, YOU MAY BE ELIGIBLE FOR A PAYMENT FROM TWO CLASS ACTION SETTLEMENTS**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Action") if, during the period from January 6, 2004 through January 6, 2009, inclusive, you (a) purchased or acquired the American Depositary Shares ("ADSs") of Satyam Computer Services Ltd. ("Satyam") traded on the New York Stock Exchange ("NYSE", ticker symbol: NYSE: SAY; or (b) purchased or acquired Satyam Ordinary Shares traded on the National Stock Exchange of India or the Bombay Stock Exchange (together, the "Indian Exchanges") while residing in the United States.[1]

**NOTICE OF CLASS ACTION SETTLEMENTS:**  Please also be advised that the Court-appointed Lead Plaintiffs, on behalf of themselves and the Class (as defined in the response to Question 5 below)[2], have reached two proposed settlements of the Action, one with Satyam that provides for payment of $125,000,000 in cash, plus the possibility of some additional recovery in the future as discussed in response to Question 8 below (collectively, the "Satyam Settlement Amount") and the other with Price Waterhouse (Bangalore), PricewaterhouseCoopers Private Limited, Lovelock & Lewes (together, the "PwC India Defendants"), PricewaterhouseCoopers International Limited, and PricewaterhouseCoopers LLP ("PwC USA") (together with the PwC India Defendants, the "PwC Entities" and, along with Satyam, the "Settling Defendants") that provides for payment of $25,500,000 in cash (the "PwC Settlement Amount").[3]  The Action is continuing against the Non-Settling Defendants.[4]

- The Settlements, if approved, will resolve claims against the Settling Defendants.  The Settlements do not resolve claims against any other defendants, the prosecution of which will continue.

- This Notice explains important rights you may have, including your possible receipt of cash from the Settlements.  **If you are a member of the Class, your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

---

[1] All capitalized terms not otherwise defined in this Notice shall have the meanings provided in the Stipulation and Agreement of Settlement with Defendant Satyam Computer Services Ltd. dated February 16, 2011 (the "Satyam Stipulation") and the Stipulation and Agreement of Settlement Between Lead Plaintiffs and the PwC Entities dated April 27, 2011 (the "PwC Stipulation" and, together with the Satyam Stipulation, the "Stipulations").

[2] As set forth in the response to Question 5 below, the Class includes two subclasses of persons who purchased Satyam ADSs and Ordinary Shares through the exercise of stock options awarded by Satyam through employee stock option plans.  The proposed representative for the subclasses is additional named plaintiff Brian F. Adams.

[3] Collectively, the two settlements shall be referred to herein as the "Settlements."

[4] The Non-Settling Defendants include: Byrraju Ramalinga Raju, Byrraju Rama Raju, Vadlamani Srinivas, Maytas Infra Limited, Maytas Properties, Byrraju Teja Raju, Byrraju Rama Raju Jr., Mangalam Srinivasan, Krishna G. Palepu, M. Rammohan Rao, T.R. Prasad, V.S. Raju, Vinod K. Dham, and Ram Mynampati.

6.       Only those Class Members who purchased or acquired, during the Class Period, (i) ADSs of Satyam Computer Services Ltd. traded on the New York Stock Exchange (CUSIP No. 804098101) ("Satyam ADSs"), (ii) Ordinary Shares of Satyam Computer Services Ltd. on the Indian Exchanges ("Satyam Ordinary Shares"), **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES AND/OR ACQUISITIONS**, will be eligible to share in the distribution of the Net Settlement Funds.  Each person wishing to participate in the distribution of the Net Settlement Funds must timely submit a valid Claim Form establishing membership in the Class, and including all required documentation, postmarked no later than September 23, 2011, to the address set forth in the Claim Form.  Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked no later than September 23, 2011 shall be forever barred from receiving payments pursuant to the Satyam Settlement (including the possibility of receiving an additional recovery related to claims Satyam may bring against the PwC Entities in the future as discussed in response to Question 8 above) and the PwC Entities Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulations, including the terms of any judgment(s) entered and releases given.

7.       The Court has reserved continuing jurisdiction to allow, disallow, or adjust the Claim of any Class Member on equitable grounds.

8.       Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulations, the Plan of Allocation, or further orders of the Court.

9.       Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

10.      **PLEASE NOTE:**  Persons and entities that are excluded from the Class by definition or that properly exclude themselves from the Class in accordance with the requirements for exclusion set forth in the Notice are not eligible to receive a distribution from the Net Settlement Funds and should not submit Claim Forms.

11.      Each Claim Form **must** provide all of the information requested therein and provide sufficient supporting documentation as set forth therein.

12.      It is only necessary to file a single Claim Form to participate in both Settlements.

13.      A "Recognized Loss Amount" will be calculated for each purchase and/or acquisition of Satyam ADSs and Satyam Ordinary Shares (collectively "Satyam Securities"), whether by exercise of employee stock option or otherwise, that is listed in the Claim Form that occurred during the Class Period and for which adequate documentation is provided. The calculation of the Recognized Loss Amount will depend upon several factors, including (i) the type of Satyam Security purchased or acquired; (ii) when the Satyam Securities were purchased or acquired; and (iii) whether they were held until the conclusion of the Class Period or sold during the Class Period, and if so, when they were sold.  The total of a Claimant's Recognized Loss Amounts shall be the Claimant's Recognized Claim.

14.      The Recognized Loss Amount formula set forth below is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlements.  The Recognized Loss Amount formula is the basis upon which the Net Settlement Funds will be proportionately allocated to the Authorized Claimants.

15.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Funds to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market and industry factors or Company-specific factors not related to those alleged violations.  To that end, the Plan of Allocation reflects an analysis by Lead Plaintiffs' damages consultant which included a review of publicly available information regarding Satyam and statistical analyses of the price movements of Satyam Securities and the price performance of relevant market and industry indices during the Class Period.  The Plan of Allocation also reflects Lead Counsel's view of the risks involved in establishing the claims of purchasers of Satyam Ordinary Shares on the Indian Exchanges.  For purposes of this Plan of Allocation, Lead Plaintiffs' damages consultant has estimated the artificial inflation percentage in Satyam ADSs and Satyam Ordinary Shares during the Class Period, as reflected in **Table A** contained in the Appendix attached hereto.

16.      The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Funds to Authorized Claimants.  The Plan of

# TAB 11

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| MICHAEL RUBIN, | : |
| Plaintiff, | : |
| v. | : Case No. 08 Civ. 2233 (VM) |
| MF GLOBAL, LTD., et al., | : |
| Defendants. | : |

---

## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement (the "Stipulation" or "Settlement") is made and entered into by and between the Iowa Public Employees' Retirement System ("IPERS"), the Policemen's Annuity & Benefit Fund of Chica go ("PABF"), the Central States, Southeast and Southwest Areas Pension Fund ("Central States "), and the State-Boston Retirement Syste m ("State-Boston") (collectively, "Lead Plaintiffs"), on behalf of th emselves and the putative Class (defined below), and MF Global Holdings Ltd.    (formerly known as MF Global, Ltd.) ("MF Global" or the "Company"), Man Group plc ("Man Group"), Man Group UK Ltd. ("Man UK"), the Individual Defendants (defined below) and the Underwriter Defendants (defined below, and together with the Com pany, Man Group, Man UK, and th e Individual Defendants, the "Settling Defendants").

**WHEREAS:**

A.    All words or te rms used here in that are capitalized shall have the meaning ascribed to those words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.

31.     Payment pursuant to the Distribution Order shall be final and conclusive against all Class Members.  Any Class Member whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Litigation and the releases provided for herein, and will be permanently barred and enjoined from bringing any action against any Released Defendant Party concerning any Released Claim, whether or not such Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any Fee and Expense Application by Plaintiffs' Counsel.

32.     All proceedings with respect to the administration, processing and determination of claims described by ¶¶23 through 34 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

33.     No Person shall have any claim of any kind against the Released Defendant Parties or their counsel with respect to the matters set forth in this Section or any of its subsections.

34.     No Person shall have any claim against the Lead Plaintiffs or their counsel (including Plaintiffs' Counsel), or the Claims Administrator, or other agent designated by Plaintiffs' Counsel, based on the distributions made substantially in accordance with this

Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

35.     Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation and promptly after execution of this Stipulation, Lead Counsel and Settling Defendants' Counsel shall jointly apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Class.

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

37.     The Effective Date of this Settlement shall be the date when all of the following shall have occurred:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

30

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MICHAEL RUBIN, | : | |
| Plaintiff, | : | Case No. 08 Civ. 2233 (VM) |
| | : | |
| v. | : | **NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED** |
| MF GLOBAL, LTD., et al., | : | **SETTLEMENT** |
| Defendants. | : | |

**IF YOU PURCHASED OR OTHERWISE ACQUIRED MF GLOBAL COMMON STOCK PURSUANT OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH THE COMPANY'S INITIAL PUBLIC OFFERING (THE "IPO") THAT WAS ORIGINALLY ISSUED ON OR ABOUT JULY 19, 2007 YOU MAY BE ELIGIBLE FOR A PAYMENT FROM A CLASS ACTION SETTLEMENT**

**A Federal Court authorized this Notice. This is not a solicitation from a lawyer.**

- Court-appointed lead plaintiffs, the Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest Areas Pension Fund, and the State-Boston Retirement System ("Lead Plaintiffs"), on behalf of the Class (as defined below), have reached a proposed settlement in the amount of $90,000,000 in cash that will resolve all claims against MF Global, Ltd. (n/k/a MF Global Holdings Ltd.) ("MF Global" or the "Company") and the other Released Defendant Parties (as defined below) (the "Settlement") in this proposed class action (the "Litigation").

- The Settlement resolves claims in the Litigation that MF Global's investors were misled about MF Global's business performance, avoids the costs and risks of continuing the Litigation, pays money to investors like you, and releases the Released Defendant Parties from liability.

- This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  **Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

- The Court in charge of the Litigation still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 27, 2011.** | This is the only way to get a payment. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN OCTOBER 28, 2011, OR 21 DAYS BEFORE THE HEARING, WHICHEVER IS LATER.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Released Defendant Parties concerning the claims that were, or could have been, asserted in this case.  It is also the **only** way for Class Members to remove themselves from the Class. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN OCTOBER 28, 2011, OR 21 DAYS BEFORE THE HEARING, WHICHEVER IS LATER.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of expenses.  In order to object, you must remain a member of the Class and may not exclude yourself and you will be bound by the determination of the Court. |
| **GO TO THE HEARING ON NOVEMBER 18, 2011 AT 1:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS POSTMARKED NO LATER THAN OCTOBER 28, 2011, OR 21 DAYS BEFORE THE HEARING, WHICHEVER IS LATER.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING.** | Get no payment.  Remain a Class Member.  Give up your rights. |

**SUMMARY OF THIS NOTICE**

**I.    Description of the Litigation and the Class**

This Notice relates to the proposed Settlement with the Settling Defendants.  The Settling Defendants are: MF Global, Man Group plc ("Man Group"), Man Group UK Ltd. ("Man UK"), Kevin R. Davis ("Davis"), Amy S. Butte ("Butte"), Alison J. Carnwath ("Carnwath"), Christopher J. Smith ("Smith"), Christopher Bates ("Bates"), Henri J. Steenkamp ("Steenkamp"), and Edward L. Goldberg ("Goldberg") (Davis, Butte, Carnwath, Smith, Bates, Steenkamp, and Goldberg are collectively the "Individual Defendants"), Citigroup Global Markets Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), Merrill Lynch, Pierce, Fenner & Smith, Incorporated, UBS Securities LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, ABN AMRO Rothschild LLC, Banc of America Securities LLC, BMO Capital Markets Corp., HSBC Securities (USA) Inc., Keefe, Bruyette & Woods, Inc., Sandler O'Neill & Partners, L.P., Wachovia Capital Markets, LLC, Blaylock & Co. Inc., Calyon Securities (USA) Inc. (n/k/a Crédit Agricole Securities (USA) Inc.), Chatsworth Securities LLC, CL King & Associates, Inc., Dowling & Partners Securities, LLC, E*TRADE Securities LLC, Fortis Securities LLC, Guzman & Co., ING Financial Markets, LLC, Jefferies & Co., Inc., Lazard Capital Markets LLC, M.R. Beal & Co., Mizuho Securities USA Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Piper

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

## I.  GENERAL PROVISIONS

The Net Settlement Fund shall be distributed to each Class Member who timely submits a valid Proof of Claim to the Claims Administrator that is accepted for payment by the Court ("Authorized Claimant").  The Net Settlement Fund will not be distributed to Authorized Claimants until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, of the order(s) approving the Settlement and the plan of allocation has expired.  Unless the Settlement is terminated pursuant to paragraph 42 of the Stipulation, the Settling Defendants are not entitled to get back any portion of the Settlement Fund once the Effective Date of the Settlement has occurred.  The Settling Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the plan of allocation.

Approval of the Settlement is independent from approval of the plan of allocation.  Any determination with respect to the plan of allocation will not affect the Settlement, if approved.

The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.MFGlobalSettlement.com.

Payment pursuant to the Plan of Allocation approved by the Court shall be final and conclusive against all Class Members.  No person shall have any claim of any kind against the Released Defendant Parties or their counsel with respect to the administration of the settlement, including the plan of allocation.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.  Lead Plaintiffs, the Settling Defendants, their respective counsel, Lead Plaintiffs' damages expert, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund consistent with the terms of the Stipulation, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

A "Recognized Loss" will be calculated as described in Section II below for each purchase or other acquisition of MF Global common stock that is listed in the Claim Form, and for which adequate documentation is provided.  The calculation of Recognized Loss will depend upon several factors, including (i) when the common stock was purchased or otherwise acquired and (ii) when the common stock was sold.

The Recognized Loss formula set forth below is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged misrepresentations and omissions of the Settling Defendants, as opposed to losses caused by market or industry factors or other Company-specific factors.  Recognized Loss amounts are based on the level of alleged artificial inflation in the price of MF Global's common stock at the time of purchase or other acquisition.  The Plan of Allocation reflects Lead Plaintiffs' determination of potentially recoverable losses based on Lead Plaintiffs' consulting damages expert's analysis.  Lead Plaintiffs' expert's analysis included a review of publicly available information regarding MF Global and statistical analyses of the price movements of MF Global's common stock.

## II.  RECOGNIZED LOSS FORMULA

(i)   The proceeds of the settlement will be distributed to Authorized Claimants in accordance with this Plan of Allocation (the "Plan") or as otherwise ordered by the Court.  The amount to be distributed to Authorized Claimants will be determined as follows:  first, the expenses of the litigation (including taxes, approved costs and fees) will be deducted from the $90 million Settlement Amount to arrive at the Net Settlement Fund.  The Net Settlement Fund plus the interest earned thereon shall be distributed to members of the Class who timely submit valid Proof of Claim forms ("Authorized Claimants").

(ii)   For purposes of determining the amount an Authorized Claimant may recover under the Plan, Lead Counsel conferred with a damages consultant, who prepared the Plan in order to provide an economically reasonable and equitable basis for distributing the Net Settlement Fund among Authorized Claimants.

(iii)  An Authorized Claimant's *pro rata* share of the Net Settlement Fund will be determined based upon the Authorized Claimant's "Recognized Loss" (as described below in paragraph (v)).

(iv)  General Provision:  Subject to Court approval or modification without further notice, an Authorized Claimant's Recognized Loss will be calculated in accordance with the following general provision:

    a)   To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined below.

        (i)   If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants ("*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

        (ii)  In light of the costs of administering and paying very small claims, no payment will be made to any Authorized Claimant if the payment to that Claimant would be less than $10.00.  The calculation of the *pro rata* share distribution amounts will not include such claims.

# TAB 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re CIT GROUP INC. SECURITIES   :   Master File No. 1:08-cv-06613-BSJ-THK
LITIGATION

  :   CLASS ACTION

This Document Relates To:   :   Referred to Magistrate Judge Katz

    ALL ACTIONS.   :   SETTLEMENT AGREEMENT

———————————————————— x

6.7      This Settlement is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurers. Defendants, and CIT and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.8      No Person shall have any claim against the Lead Plaintiff, Lead Counsel, CIT, Defendants, their Related Parties, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court. This does not include any claim by any party for breach of this Stipulation.

6.9      It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

**7.      Plaintiffs' Attorneys' Fees and Expenses**

7.1      Counsel for plaintiffs may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of

- 20 -

# TAB 13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WACHOVIA EQUITY SECURITIES LITIGATION | No. 08 Civ. 6171 (RJS)<br><br>**ECF Case** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of January 20, 2012 (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into between and among the following:

(1)    Lead plaintiffs, the New York City Board of Education Retirement System, the New York City Employees' Retirement System, the New York City Police Pension Fund, the New York City Police Officers' Variable Supplements Fund, the New York City Police Superior Officers' Variable Supplements Fund, the New York City Fire Department Pension Fund, the New York City Firefighters' Variable Supplements Fund, the New York City Fire Officers' Variable Supplements Fund, the New York City Teachers' Retirement System and the New York City Teachers' Retirement System Variable Annuity Program (collectively, the "New York City Pension Funds" or "Lead Equity Plaintiffs"), in the above-captioned class action (the "Equity Action" or "Action"), by and through their undersigned counsel, individually and on behalf of the proposed Settlement Classes (as defined below); and

(2)    Wachovia Corporation ("Wachovia"), Wachovia Capital Markets, LLC and the Individual Defendants (defined below) (collectively, the "Wachovia Defendants"), by and through their undersigned counsel.[1]

Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended by the parties hereto to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss, on the merits and with prejudice, the

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

approving any fees and expenses not previously applied for (including the fees and expenses of the Claims Administrator), and directing payment of the Net Settlement Fund to Authorized Claimants.

34.     No Person shall have any claim against Lead Equity Plaintiffs, Equity Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Equity Counsel, or the Released Defendant Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation or any order of the Court. Lead Equity Plaintiffs and the Wachovia Defendants, and their respective counsel, and Lead Equity Plaintiffs' damages expert and all other Released Defendant Persons shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

36.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all timely Claims have been processed and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed Claims not otherwise

33

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| IN RE WACHOVIA EQUITY SECURITIES LITIGATION | No. 08 Civ. 6171 (RJS) ECF Case |
|---|---|

**NOTICE OF (I) PENDENCY OF CLASS ACTION; (II) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (III) SETTLEMENT FAIRNESS HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned class action lawsuit before this Court (the "Action"), on limited remand from the United States Court of Appeals for the Second Circuit (the "Court of Appeals") for settlement purposes, if you purchased or otherwise acquired common stock issued by Wachovia Corporation ("Wachovia" or the "Company") between May 8, 2006 and September 29, 2008, inclusive (the "Settlement Class Period"), and were damaged thereby, and/or if you acquired Wachovia common stock through any of Wachovia's (a) offerings of common stock in connection with its acquisitions of Golden West Financial Corp., and/or A.G. Edwards, Inc., and/or (b) April 14, 2008 common stock offering, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Equity Plaintiffs, the New York City Board of Education Retirement System, the New York City Employees' Retirement System, the New York City Police Pension Fund, the New York City Police Officers' Variable Supplements Fund, the New York City Police Superior Officers' Variable Supplements Fund, the New York City Fire Department Pension Fund, the New York City Firefighters' Variable Supplements Fund, the New York City Fire Officers' Variable Supplements Fund, the New York City Teachers' Retirement System and the New York City Teachers' Retirement System Variable Annuity Program (collectively, the "New York City Pension Funds"), on behalf of themselves and the Settlement Classes (as defined in Paragraph 31 below), have reached an agreement to settle the Action for a $75 million cash settlement (the "Settlement").  If the Settlement is approved by the Court, all claims in the Action by the Settlement Class Members (defined in Paragraph 31 below) against all the Defendants, as well as other Released Defendant Persons, identified in Paragraph 57 below, will be resolved.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of either (or both) of the Settlement Classes, your legal rights will be affected whether or not you act.**

1.   **Overview of the Action and the Settlement Classes:**  This Notice relates to the proposed Settlement of the claims in a class action lawsuit brought by investors alleging that they suffered damages as a result of alleged violations of the federal Securities Act of 1933 and Securities Exchange Act of 1934.  A more detailed description of the Action is set forth in Paragraphs 14-30 below.  The "Defendants" in the Action are:  (a) Wachovia, Wachovia Capital Markets, LLC, G. Kennedy Thompson, Donald K. Truslow and Thomas J. Wurtz (collectively, the "Wachovia Defendants"); and (b) the Citigroup Global Markets Inc., UBS Securities LLC, Utendahl Capital Group LLC, Goldman, Sachs & Co., Credit Suisse Securities (USA) LLC and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants").

The proposed Settlement provides for the release of claims against all the Defendants, as well as other parties related to the Defendants, as specified in the Stipulation.  The Settlement Classes consist of a class of all persons and entities who purchased or otherwise acquired Wachovia common stock during the Settlement Class Period and were damaged thereby, and a subclass of all persons or entities who acquired Wachovia common stock through any of Wachovia's (a) offerings of common stock in connection with its acquisitions of Golden West Financial Corp., and/or A.G. Edwards, Inc., and/or (2) April 14, 2008 common stock offering, and were damaged thereby, except for certain persons and entities who are excluded from the Settlement Classes by definition (*see* Paragraph 31 below) or persons and entities who timely and validly elect to exclude themselves from the Settlement Classes (*see* Paragraphs 66-69 below).  Members of the Settlement Classes will be affected by the Settlement, if approved by the Court, and may be eligible to receive a payment from the Settlement.

2.   **Statement of the Settlement Classes' Recovery:**  Subject to approval by the Court, and as described more fully below, Lead Equity Plaintiffs, on behalf of themselves and the Settlement Classes, have agreed to settle all claims asserted against the Defendants in the Action in exchange for $75 million in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an interest-bearing escrow account for the benefit of the Settlement Class Members.  The Settlement Amount together with all interest earned thereon while on deposit in the escrow account are referred to as the "Settlement Fund."  The "Net Settlement Fund" (the Settlement Fund less any Taxes, any Notice and Administration Costs and any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among Settlement Class Members who are eligible to participate in the distribution of the Net Settlement Fund and who submit a timely and valid proof of claim and release form (a "Claim Form" or "Proof of Claim Form").  The proposed plan of allocation (the "Plan of Allocation") is included in this Notice at pages 9-10 below.

3.   **Estimate of Average Amount of Recovery Per Share**:  Based on the information currently available to Lead Equity Plaintiffs and the analysis performed by their damages expert, it is estimated that based on the number of Wachovia common shares purchased during the Settlement Class Period that may have been affected by the alleged conduct at issue in the Action and assuming that all Settlement

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 20, 2012 (the "Stipulation"), which is available on the website established for the Settlement at www.wachoviaequitysettlement.com.

commissions and fees, however, for shares of Wachovia common stock sold between September 30, 2008 and December 26, 2008, an Authorized Claimant's Recognized Loss shall in no event exceed the difference between the purchase price paid and the mean daily closing price during the period from September 29, 2008 through the date of the Authorized Claimant's sales; and "Holding Value" means the monetary value assigned to the shares of Wachovia common stock acquired by the Authorized Claimant during the Settlement Class Period and still held by the Authorized Claimant as of the close of trading on December 26, 2008.

The difference between the Total Purchase Amount and the sum of Sales Proceeds and Holding Value will be deemed an Authorized Claimant's gain or loss on his, her or its overall transactions in Wachovia common stock during the Settlement Class Period.

If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. Thereafter, the Claims Administrator, following consultation with Lead Equity Counsel, shall donate any remaining funds to a non-sectarian charitable organization certified under the United States Internal Revenue Code § 501(c)(3), to be designated by Lead Equity Counsel and approved by the Court.

54. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Equity Plaintiffs, Lead Equity Counsel, Defendants and their respective counsel or any of the other Released Defendant Persons, or the Claims Administrator or other agent designated by Lead Equity Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Equity Plaintiffs, the Defendants and their respective counsel, and all other Released Defendant Persons shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

55. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Equity Plaintiffs and Lead Equity Counsel after consultation with their experts. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Classes. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented. Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.wachoviaequitysettlement.com.

## WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE SETTLEMENT CLASSES?

56. If you remain in the Settlement Classes, you will be bound by any orders issued by the Court. For example, if the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against the Defendants and will provide that, upon the Effective Date, Lead Equity Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Equity Claim (as defined in Paragraph 57 below) as against all of the Released Defendant Persons (as defined in Paragraph 57 below), and shall forever be enjoined from prosecuting any or all of the Released Equity Claims against any of the Released Defendant Persons (provided, however, that the releases provided for in the Judgment shall not apply to any person or entity who validly opts-out of the Settlement Classes and nothing in the Stipulation shall preclude any person or entity from opting out of the Settlement Classes in accordance with the instructions set forth in Paragraph 66 below).

57. As described in more detail below, the Released Equity Claims are any and all claims that (a) are based on, related to, or arise out of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts or omissions or failures to act that have been or could have been alleged or asserted in the Action (or in any forum or proceeding or otherwise), and/or (b) relate to or arise out of Lead Equity Plaintiffs' or any other Settlement Class Member's purchase, acquisition, holding or sale or other disposition of Wachovia Common stock during the Settlement Class Period.

"**Released Equity Claims**" means any and all claims, rights, demands, liabilities, or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this Action, by or on behalf of the Lead Equity Plaintiffs or any other Settlement Class Members against any of the Released Defendant Persons that have been alleged or could have been alleged in the Action (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, and that (i) are based on, related to, or arise out of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts or omissions or failures to act that

# TAB 14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE MBIA, INC., SECURITIES LITIGATION | File No. 08-CV-264-KMK |

---

### NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by a class action lawsuit (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if, during the period from July 2, 2007 through and including January 9, 2008 (the "Class Period"), you purchased or otherwise acquired the common stock of MBIA Inc. ("MBIA" or the "Company") and were damaged thereby.

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, the Teachers' Retirement System of Oklahoma ("Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 26 below), has reached a proposed settlement of the Action for a total of $68 million in cash that, if approved, will resolve all claims in the Action.[1]

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

1.      **Description of the Action and Class:**  This Notice relates to a proposed Settlement of claims in a pending class action lawsuit brought by investors alleging that the price of MBIA common stock was artificially inflated during the Class Period as a result of allegedly material false statements and omissions by Defendant MBIA and the Individual Defendants Gary C. Dunton and C. Edward Chaplin (together with MBIA, the "Defendants") regarding the nature and extent of MBIA's exposure to certain collateralized debt obligations.  The proposed Settlement, if approved by the Court, will settle claims of all persons and entities who purchased or otherwise acquired MBIA common stock during the Class Period (i.e., from July 2, 2007 through and including January 9, 2008), and who were damaged thereby (the "Class"), except for certain persons and entities who are excluded from the Class by definition (*see* ¶ 26 below) or who validly elect to exclude themselves from the Class (*see* ¶¶ 76-79 below).

2.      **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle all claims based on the purchase or acquisition of MBIA common stock that were or could have been asserted against Defendants in the Action in exchange for a settlement payment of $68,000,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 7-10 below.

3.      **Estimate of Average Amount of Recovery Per Share:**  Lead Plaintiff's damages expert estimates that approximately 95,879,000 shares of MBIA common stock purchased during the Class Period may have been affected by the conduct at issue in the Action.  If all Class Members elect to participate in the Settlement, the estimated average recovery per affected share of MBIA common stock would be approximately $0.71 before deduction of Court-awarded attorneys' fees and expenses and the costs of providing notice and administering the Settlement.  Class Members should note, however, that this is only an estimate based on the overall number of potentially affected shares.  Some Class Members may recover more or less than the estimated amount per share.

4.      **Statement of Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated September 6, 2011 (the "Stipulation"), which is available on the website established for the Settlement at www.mbiasecuritieslitigationsettlement.com and on Lead Counsel's website www.blbglaw.com.

64.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, Defendants' Counsel, and the other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

65.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted to the settlement website, www.mbiasecuritieslitigationsettlement.com.

---

| WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE CLASS? |
| --- |

66.     If you remain in the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and all other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged, and dismissed each and every Settled Claim (as defined in paragraph 67 below) against any Released Parties (as defined in paragraph 68 below) and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

67.     "Settled Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of MBIA common stock during the Class Period. The Settled Claims do not include claims relating to the enforcement of the Settlement.

68.     "Released Parties" means any and all of the Defendants; MBIA's predecessors, successors, past, present or future parents and subsidiaries, and each of their and MBIA's respective past or present officers, directors, partners, principals, members, and employees; the Individual Defendants' respective Immediate Family members, heirs, executors, personal representatives, estates and administrators; and all of the Defendants' respective assigns, attorneys, auditors, accountants, insurers, and representatives.

69.     "Unknown Claims" means any Settled Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which any Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment or, if applicable, the Alternative Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and each of the Defendants acknowledge, and each of the other Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.