# EXHIBIT F



CYNTHIA FEATHERS (cfeathers@appealsny.com) is an attorney in Saratoga Springs whose practice focuses on appeals and on research and writing services as a contract attorney.

CRAIG S. BROWN (cbrown@b3legal.com) is President of Balint Brown & Basri LLC, a national contract attorney staffing agency headquartered in New York City.

# Contract Attorneys: How a Small Firm Can Reap Huge Benefits

By Cynthia Feathers and Craig S. Brown

### Introduction

The outsourcing of legal work may conjure up images of major law firms and Fortune 500 corporations using outside and even overseas entities to handle administrative tasks and routine legal projects. Yet outsourcing is also a vital tool for small firms, including solo practitioners. This is especially true when it comes to using contract attorneys to provide highly skilled legal work.

Outsourcing can have a direct impact on firm profits and client satisfaction. Contract attorneys offer at least seven potential advantages:

1. allowing small firms to become full-service firms;
2. leveling the playing field vis-à-vis large-firm competition;
3. producing better results, even in the firm's areas of expertise;
4. freeing up time for rainmaking and growing the practice;
5. providing a testing ground for potential permanent staff;
6. serving as a personnel cushion; and
7. providing an alternative to hourly rate billing.

The myth that law firms must overcome is that contract attorneys are by definition inferior to permanent staff; but the contrary is true. These attorneys are often high-caliber legal professionals possessing greater expertise regarding the relevant project than their permanent counterparts. They may be former practicing partners with extensive experience in the subject area, who are now happy to provide the same services for a lower cost. Such contract attorneys may have thrived in their permanent jobs but decided to seek alternative ways to practice that offer more autonomy, control, and flexibility. The types of projects contract attorneys can handle range from document review to trials, from acquiring public companies to writing memoranda of law. Any work a law firm attorney can do, a contract attorney can be hired to do.

### The Benefits
#### 1. Become a Full-Service Law Firm

Before the contract attorney industry existed, a small firm generally had two choices when clients or prospective clients requested legal services outside the firm's areas of expertise: turn away the work or refer the client to another firm.

Both options had obvious downsides. Turning away business has financial ramifications in the short and long term. Referring work elsewhere typically yields no

financial benefit (with the exception of personal injury matters). Further, while the recipient firm may refer matters back to the small firm, this can be problematic. The cross-referrals may not be at the same level. For example, the small firm could refer out a lucrative antitrust case, but in return receive a simple real estate closing. Also, the recipient firm may decide to enter the small firm's area of practice and keep those clients.

Outsourcing to contract attorneys may offer a superior solution to the problem of representing clients in areas outside the small firm's expertise. If a client comes to the firm with a matter the firm does not normally handle, it can retain an expert contract attorney. By taking this route, the firm keeps the client, makes a profit on the new matter, and avoids the risk of referring to a potential competitor a client who might represent profitable repeat business.

### 2. Level the Playing Field

Another issue for small firms is how to compete in complex litigation against much larger firms with their seemingly unlimited resources. Similarly, in a non-litigation context, some corporate, real estate, and financing transactions may be too large for a small firm to handle. In both arenas, contract attorneys can provide a potential solution. No matter how large the matter, by adding contract attorneys to the team, small firms can level the playing field. Contract attorneys might be junior attorneys hired to review thousands of documents or seasoned attorneys retained to handle motions, depositions, trials, and appeals. By assembling such teams on a per-project basis, a firm converts labor from a fixed to a variable cost. Once the project ends, the small firm disbands the team and incurs no additional labor costs.

### 3. Win More Cases

There can be a thin line between maximizing the use of associates and risking malpractice. Contract attorneys can help the small firm avoid crossing that line. Here's an example of a too-typical scenario: A small matrimonial firm had an associate with virtually no experience and yet delegated to him the task of doing all motions and appeals – with only minimal supervision. As a result, many motions and appeals that could have been won were lost, and clients paid for time inefficiently and ineffectually spent.

Consider the path taken by another small firm. An insurance defense firm used a contract attorney to handle opinion letters, motions, memoranda of law, and briefs. The firm's two senior attorneys were freed to do what they did best – depositions and trials. The small firm's motions and briefs were more polished, persuasive, and successful. Their profits were greater, too. The contract attorney did this work in a fraction of the time spent by the associate. She also offered flexible payment options, ranging from a fixed-fee project cost, to a relatively modest hourly fee, to a blended fee that was part hourly, part contingency.

### 4. Gain Time to Grow Your Practice

One common dilemma faced by small firms, and especially solo practitioners, is being constantly overwhelmed by the demands of handling the substantive, administrative, and business aspects of their practices. These competing demands may leave little time for other vital activities, such as networking in the community to sustain and grow the practice. By judicious use of contract attorneys on an as-needed basis, a firm can free up time and energy to handle important activities like rainmaking. The small firm attorney may also gain more time to relax and regroup – a luxury for chronically overworked attorneys – and may thereby become more productive, creative, and strategic over the long term.

### 5. Test Potential Permanent Staff

For small firms in particular, a hiring mistake can be deadly. A new hire cannot hide in the back office for months. On day one, that person needs to hit the ground running. To ensure that a candidate has the right skills and temperament for the firm and its clients, the small firm should consider engaging the candidate as a contract attorney. Only when the firm is sure that the candidate is a good fit, and that it has the flow of work to keep the new hire busy full-time, should it seek to convert the contract attorney to a permanent employee.

### 6. Create a Personnel Cushion

Contract attorneys can provide a personnel cushion. They can allow small firms to ramp up during peak busy periods; they can fill in gaps when key attorneys are on leave; they can help avoid hasty over-hiring and layoffs; they can help free up permanent attorneys to concentrate or more important matters; and they can make it possible for a small firm to accept matters the firm might otherwise decline due to lack of staff.

### 7. Offer Hourly Rate Alternatives

Decades ago, legal fees were generally based not only on the time spent but also on the nature of the services, the result achieved, the amount at stake, and the attorney's professional judgment.[1] Today, lawyers are typically paid like hourly laborers, but at a higher rate. This approach can breed dissatisfaction among clients, and it is not surprising that firms of every size are facing client pressure to provide greater value in legal services. Indeed, clients are driving the bargain. They are demanding faster, cheaper, and more effective results from their attorneys.[2] After all, using hours spent as a measure of legal service costs fails to address the service's value, worth, and benefit to the client, and the proportionality to the task at issue of time spent and fees charged. Further, the billable

hour can create a conflict. What is good for the lawyer is bad for the client. The more time the lawyer spends, the more the lawyer makes – and the more money the client spends. The client may be justifiably concerned that self-interest could impact the lawyer's judgment. What is good for the client – a clear and fair price – may be bad for the firm, if the firm cannot reasonably predict how much time is needed to do a job.

Outsourcing to contract attorneys offers a way to reduce costs and increase value to clients, while maintaining or even increasing firm profits. The concept is simple. The firm should focus on its attorneys' core skills and let them do what they do best. Contract attorneys should be hired to do what they do best, providing services in their areas of expertise more efficiently and effectively than the firm's permanent personnel.[3]

For billing purposes, a contract attorney need not be an out-of-pocket cost that is simply passed on to the client. Firms can bill at a partner's rate, an associate's rate, a standard flat rate, or any rate that is established in the retainer agreement and is acceptable to the client. The results can be a win-win. For the client, contract attorneys can offer better services at lower cost. The cost to the firm can be less than that for associates, since no salary, benefits, taxes, and other carrying charges must be paid. Moreover, the firm can mark up the rate charged to the client in order to cover overhead and yet still provide value to the clients and a profit to the law firm.

### The Ethics of Outsourcing: ABA Formal Opinion 08-451

A 2008 ABA Formal Opinion[4] contains an expansive discussion on ethical issues raised by outsourcing. If certain conditions are met, there is nothing unethical about outsourcing legal services. Model Rule 1.1, requiring the provision of competent legal services to the client, does not specify that tasks must be done in a special way. Lawyers may decide to outsource tasks to independent legal service providers, as long as the outsourcing attorney satisfies his or her duty to render legal services competently.

Model Rule 5.1(b) requires a lawyer with direct supervisory control over another lawyer to make reasonable efforts to ensure that the latter attorney conforms to the Rules of Professional Conduct. This duty applies whether or not the lawyer is directly affiliated with the supervising lawyer's firm. Obviously, to meet this duty, the outsourcing lawyer should delegate tasks only to individuals who are competent to perform them and should appropriately oversee execution of the project. The 2008 ABA Formal Opinion on outsourcing reiterated a previous position: Client consent should be obtained if a temporary lawyer is to perform independent work without the close supervision of the hiring lawyer's firm.[5]

> Outsourcing to contract attorneys may offer a superior solution to the problem of representing clients in areas outside the small firm's expertise.

Another reaffirmed ABA position is that a law firm that engages a contract lawyer may add a surcharge to the cost paid by the billing lawyers – as long as the total charge to the client is reasonable and otherwise complies with Rule 1.5.[6]

Finally, the 2008 ABA Formal Opinion explains the rationale behind a surcharge on fees paid to contract attorneys – to yield a profit to the law firm:

> This is not substantively different from the manner in which a conventional law firm bills for the services of its lawyers. The firm pays a lawyer a salary, provides him with employment benefits, incurs office space and overhead costs to support him, and also earns a profit for his services; the client generally is not informed of the details of the financial relationship between the law firm and the lawyer. Likewise, the lawyer is not obligated to inform the client how much the firm is paying the contract lawyer; the restraint is the overarching requirement that the fee charged for the services not be unreasonable. If the firm decides to pass those costs through to the client as a disbursement, however, no markup is permitted.[7]

### Three Ways to Hire a Contract Attorney

Perhaps now you are sold on the virtues of contract attorneys, but you wonder how to find the right ones. There are at least three ways to hire contract attorneys.

**1. Contract Attorneys as Independent Contractors**
Cost is the primary advantage of hiring a contract attorney directly as an independent contractor. The firm avoids the expense and paperwork of paying taxes and providing benefits, as it does for its own employees. Unless the firm knows of qualified contract attorneys in the legal community, however, there is a downside to this approach. The firm may have to spend some time and effort to search for contract attorneys by placing ads online or in legal publications. Then, the firm will need to conduct interviews, verify education and legal credentials, check references, assess writing skills, evaluate analytical skills, and review other relevant skills and expertise. Moreover,

if the contract attorney ultimately hired decides to leave, all this work would have to be repeated.

There is also a risk in hiring a contract attorney as an "independent contractor." The firm may consider that attorney to be an independent contractor, but the attorney may properly be considered an "employee" and might successfully seek benefits that are provided to employees.

### 2. Contract Attorneys as Your Employees
Law firms can hire contract attorneys as their own employees. However, the firm may spend much time and effort to procure the services of such personnel on a purely temporary basis. This option is rarely used for another reason: by hiring temporary workers directly as their own employees, firms face the same liabilities as they do with their permanent employees. These include employee benefits (health care, 401(k) plan, unemployment insurance, Workers' Compensation) and wrongful discharge and discrimination actions.

### 3. Legal Staffing Agencies
Finally, legal staffing agencies can be utilized to bring on board the right contract attorneys. Such agencies typically treat contract attorneys as their own employees. They pay all employer-related taxes and offer employee benefits. This can make for a content contract staff. It can also absolve the hiring firm of any liability for employment-related disputes. There are several additional benefits of legal staffing agencies:

- The agency can provide access to top legal talent. Most agencies maintain a list of qualified candidates. Many require candidates to meet key criteria, such as years of experience and expertise in a particular area. Since contract placement is the business of the agency, it is constantly meeting and testing new talent, as compared to a firm that sporadically runs ads seeking contract attorneys.
- The agency handles the candidate-screening process. It verifies the attorney's academic degrees and legal credentials, including admission to the bar, current good standing, past employment, and references.
- The agency can help you find the ideal candidate quickly. With a comprehensive candidate database, the agency can assemble a large number of qualified candidates to meet urgent needs.
- The agency has already met the candidate in person. Checking resumes and references can take you only so far. A personal interview is the best way to assess the attorney's strengths, weaknesses, appearance, poise, and personality. This is important to ensure that the candidate fits in well with the hiring law firm's culture. An experienced staffing company will be adept at identifying qualified candidates and weeding out those who are unsuited to a particular assignment at a particular firm.

### Be a Contract Attorney
Small firm attorneys may want to consider not only utilizing contract attorneys but also offering their services as contract attorneys. If an attorney is in a fledgling practice or has extra time available, he or she may be able to offer contract services on a temporary or per-project basis. This could afford the attorney the opportunity to make additional money and introduce his or her services to potential new clients and referral sources.

The most effective way to promote availability as a contract attorney is through a legal staffing agency. To do otherwise could limit prospects and confuse clients as to why two sets of rates are offered. As a contract attorney, the attorney's rate would typically be lower than that charged to his or her regular clients.

There is another huge benefit to proceeding through an agency. The agency, not the law firm or client, is the entity that pays the contract attorney, so the attorney avoids having to chase down the client for fees or having to write off any amounts owed. Assuming the attorney works with a reputable agency, he or she will be paid for all hours worked, no questions asked.

### Conclusion
The use of contract attorneys to provide legal services is a relatively new phenomenon, but one whose time has come for large firms, as well as small firms, in urban centers and rural communities. By utilizing contract attorneys, small law firms can keep clients; attract new business; become more competitive; save money, time, and space; and make the best use of the firm's own expertise and resources. The recession, downsizings at firms, and other market forces brought a growing acceptance of the use of contract attorneys to handle functions normally done internally. The trend, however, is growing for reasons that transcend any temporary economic condition. Simply put, it makes good business sense for a small law firm to incorporate contract attorneys into its practice. ■

1. Edward Poll, *Outsourcing: A Multi-Level Solution to the Cost/Value Dilemma*, Law Practice Today, American Bar Association Law Practice Management Services, July 2005.

2. Richard A. Matasar, *Does the Current Economic Model of Legal Education Work for Law Schools, Law Firms (or Anyone Else?)*, N.Y. St. B.J. (Oct. 2010), p. 20.

3. *See id.*

4. ABA Committee on Ethics and Professional Responsibility, Formal Op. 08-451 (Aug. 5, 2008) (Outsourcing Legal and Nonlegal Support Services).

5. ABA Committee on Ethics and Professional Responsibility, Formal Op. 88-356 (Dec. 16, 1988).

6. ABA Committee on Ethics and Professional Responsibility, Formal Op. 00-420 (Nov. 29, 2000) (Surcharge for Contract Lawyer).

7. Formal Op. 08-451, *supra* note 4.