```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE CITIGROUP INC. SECURITIES
LITIGATION

---

09 MD 2070 (SHS)
This document relates to:
07 Civ. 9901 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

In connection with the April 8, 2013 hearing on the fairness of the proposed class action settlement and the reasonableness of Lead Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses, the parties are requested to include the following areas in their presentations:

1) What is the basis of the share-price inflation schedule that underlies the Plan of Allocation? Did plaintiffs rely on the ABX and TABX indices as indicators of the declining value of Citigroup's subprime assets, and thus indicators of the share-price inflation due to the alleged fraud, and if not, why not?

2) Does the absence of any payments from the individual defendants render the settlement unfair to class members who still hold the Citigroup stock they purchased during the class period?

3) Is the inclusion or exclusion of any given FA CAP stock award fair and reasonable?   Does the release in this litigation by FA CAP class members of Securities Act claims not asserted here render the settlement or Plan of Allocation unfair?

4) What factual evidence in the record establishes:
   (i) the rate a reasonable client would pay for contract attorneys' services?
   (ii) the rate a reasonable client would pay for attorneys to perform document review?
   (iii) the rate a reasonable client would pay for the "Analysts"?

5) To what extent did work by the additional counsel firms prior to the interim appointment of Lead Counsel confer a substantial benefit on the Class?

To aid its review of the pending motions, the Court would appreciate hearing from Mr. Moscaret and the damages expert who determined the

1

estimated share-price inflation that underlies the Plan of Allocation, if they are available.

On or before April 8, plaintiffs' counsel are requested to provide the following information:

1) What is (i) the blended hourly rate, (ii) the total number of hours, and (iii) the total lodestar submitted in the fee request for each of the following categories:
   a. All contract attorneys' work;
   b. All contract attorneys' work on document review;
   c. All contract attorneys' work in areas other than document review;
   d. All firm attorneys' work on document review; and
   e. All firm associates' work?
2) What is the lodestar amount for contract attorneys' work performed after a settlement in principle was reached but before a settlement agreement was finalized, excluding work on finalizing the settlement and preparing the motion for preliminary approval?
3) What is the lodestar amount for firm attorneys' work performed after a settlement in principle was reached but before a settlement agreement was finalized, excluding work on finalizing the settlement and preparing the motion for preliminary approval?

Dated:   New York, New York
         April 1, 2013

SO ORDERED:

Sidney H. Stein, U.S.D.J.

2