UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP INC.<br>SECURITIES LITIGATION | Master File No. 07 Civ. 9901 (SHS)<br><br>**ECF Case** |

PLAINTIFFS' COUNSEL'S MEMORANDUM OF LAW IN OPPOSITION TO
THEODORE H. FRANK'S MOTION TO STRIKE TESTIMONY AND EXPERT
<u>REPORTS OF JOHN C. COFFEE, JR. AND GEOFFREY P. MILLER</u>

KIRBY McINERNEY, LLP
Ira M. Press
Peter S. Linden
Andrew McNeela
Edward M. Varga III
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Lead Counsel for Plaintiffs*

*Additional Plaintiffs' counsel on signature page*

Dated:   April 1, 2013

**INTRODUCTION**

This memorandum of law is submitted in opposition to the motion of Theodore Frank ("Frank") to strike the testimony and expert reports of Plaintiffs' and Lead Counsel's experts John Coffee (the "Coffee Report") and Geoffrey Miller (the "Miller Report") (collectively, the "Expert Reports").  As an initial matter, the Court should not consider Frank's motion because it is untimely.  In any event, for the reasons already addressed in Plaintiffs' and Lead Counsel's prior submissions, even if the Court were to consider the substance of Frank's motion, the Expert Reports should not be stricken.

**ARGUMENT**

**I.      The Motion to Strike is Untimely**

On December 7, 2012, Plaintiffs and Lead Counsel filed the Coffee and Miller Reports in support of their motion for attorneys' fees and reimbursement of litigation expenses.  Frank himself admits he received notice of the settlement on December 12, 2012. (Dec. 20, 2012, Frank Decl. ¶4).  Frank, however, waited more than three months, until March 15, 2013, to file his motion to strike the expert reports.  "The motion to strike must be timely." 10B Wright, Miller & Kane, Federal Practice and Procedure, § 2738, at 374.  Whether a motion to strike is timely is left to the discretion of the Court. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Siliconix, Inc.,* 726 F. Supp. 264, 268 (N.D. Cal. 1989).

Although this Court extended the time for certain class members, including Frank, to file an objection to March 15, 2013 (*see* March 4, 2013 Am. Order), it did not extend the time to file any other type of submission, including Frank's motion to strike.  The individual practices of this Court are clear: requests for extensions of time are to be made by letter to the Court after

1

requesting consent from opposing counsel. *See* Hon. Judge Stein's Ind. Prac. 1(A), (D).  Frank has made no such request and his motion is therefore untimely.

Moreover, Frank can claim no prejudice if his motion is rejected as untimely – because he has already had two bites at the apple with his first and second objections – Plaintiffs are likely to be prejudiced if the Court considers his motion. *See, e.g.,* Suppl. Obj. of Frank at 31 (citing Rule 702 and *Daubert* arguments Frank makes in his first objection).  Indeed, given that Frank has already exceeded this Court's 25 page briefing limitation by twelve pages in his second objection, and has had, collectively, 62 pages of briefing and 28 pages of declarations to set out his arguments, it would be unnecessary and unfair to allow Frank a third bite of the apple. *See Haka v. Lincoln Cnty.,* 533 F. Supp. 2d 895, 899 n. 1 (W.D. Wis. 2008) ("To the extent defendants are simply repeating objections they made previously, their motion to strike is redundant and unnecessary.  To the extent defendants are raising new objections, it is too late to do so.").

**II.     Frank's Challenges to the Miller and Coffee Reports Lack Merit**

Frank challenges the Coffee and Miller Reports on two grounds: 1) that they are impermissible legal opinions; and 2) that they contain insufficient data and unreliable methodology.  Neither charge withstands scrutiny.

**A.  The Miller and Coffee Reports are Not Impermissible Legal Opinions**

Frank asserts that the Expert Reports purportedly usurped the Court's role in concluding the class counsel's fee is reasonable.[1]  This is plainly incorrect.  The Expert Reports opine on the

---

[1] Experts are generally precluded from offering a legal conclusion on an ultimate issue of law. *See Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, *i.e.,* an opinion on an ultimate issue of law") (quotes omitted).  However, "[t]here is a distinction between testimony on ultimate issues of fact and ultimate issues of law." *U.S. v. Barbee*, 968 F.2d 1026, 1031 (10th Cir. 1992).  "[A] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *U.S. v. Oles*, 994 F.2d 1519, 1523 (10th Cir. 1993).  Moreover, an expert "may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is

reasonableness of fees requested and granted in other cases, as guidance for the Court's analysis here, and nothing more.  Moreover, even where an expert "shared his legal conclusions regarding the ultimate issue," those legal conclusions are permissible when "accompanied by detailed factual background and explanation that gave the jury 'helpful information beyond a simple statement on how its verdict should read.'" *Floyd v. City of New York*, 861 F. Supp. 2d 274, 287 (S.D.N.Y. 2012) (quoting *Fiataruolo*, 8 F.3d at 942).

Frank complains that the experts impermissibly argue for the application of a particular legal standard in discussing "similar cases" in their reports.  But this is not so.  The Expert Reports simply provided an empirical analysis of fee awards in other cases, which is unremarkable, since court-awarded legal fees by their very nature occur only within the context of lawsuits.  A fee expert's reliance on prior cases for data does not, therefore, in any way support disqualification. *See American Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 252 (S.D.N.Y. 2003) ("[A]n expert's testimony on issues of law is inadmissible.  *An expert may, however, include factual conclusions and opinions embodying legal conclusions that encroach upon the court's duty to instruct upon the law*.") (internal citation omitted and emphasis added).

In essence, the Expert Reports opine on the prevailing customs and practices pertaining to the settlement of PSLRA lawsuits.  Courts routinely admit expert evidence on the customs and practices of an industry when it bears on a relevant legal standard. *See, e.g., Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 691 F. Supp. 2d 448, 465-66 (S.D.N.Y. 2010); *Pereira v. Cogan*, 281 B.R. 194, 198-200 (S.D.N.Y. 2002) (rejecting argument that expert testimony on good corporate practice was legal opinion, even though "custom assuredly is based in good part on what others believe the law to require").

---

couched in legal terms." *Amakua Dev. LLC v. Warner*, 2007 U.S. Dist. LEXIS 49952, at 31 (N.D. Ill. July 10, 2007) (quoting *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988)); *see also Fiataruolo v. U.S.*, 8 F.3d 930, 941 (2d Cir. 1993) ("Experts may testify on questions of fact as well as mixed questions of fact and law").

The fact that fee expert reports are not impermissible legal opinion is confirmed by Frank's failure to cite a single instance in which a fee expert's report was stricken or otherwise disregarded for that reason. By contrast there are numerous PSLRA cases involving large settlements in which expert reports have been submitted in support of attorneys' fees.[2] The validity of these expert fee opinions is further borne out by the fact that oftentimes they are expressly considered by a court before awarding attorneys' fees. *See In re Adelphia*, 03-md-01529, 2006 WL 3378705, at *1 (S.D.N.Y. Nov. 16, 2006) ("Court has had the benefit of considering the helpful declarations of [] John C. Coffee, Jr., . . . which give a very thorough overview of what federal courts have been doing in recent years on fee applications in class actions."); *In re Royal Ahold*, 461 F. Supp. 2d 383, 386 (D. Md. 2006) ("relying heavily on the affidavits of [ ] John C. Coffee Jr." in awarding attorneys' fee); *Carlson v. Xerox Corp.*, 596 F. Supp. 2d 400, 405-413 (D. Conn. 2009) (citing extensively to chart of similar cases in expert report); *In re Countrywide*, 07-cv-5295, Dkt. No. 1062 at 1, attached as Ex. A to the April 1, 2013 Declaration of Edward M. Varga (citing expert report, referred to as the Supp. Decl. of Michael H. Diamond, as amongst the papers considered in awarding fee); *In re Cardinal Health,* 528 F. Supp. 2d 752, 755 (S.D. Ohio 2007).

### B. Frank's Disagreement with the Expert's Methodology Cannot Serve to Disqualify Their Reports

---

[2] *In re Enron Corp. Sec. Litig.*, 01-cv-3624 (S.D. Tex.) Dkt. No. 5903; *In re Royal Ahold, N.V. Sec. & ERISA Litig.*, 03-md-01539 (D. Md.) Dkt. Nos. 730, 751; *Carlson v. Xerox Corp.,* 00-cv-01621 (D. Conn.) Dkt. No. 493-2; *In re Lucent Techs. Inc. Sec. Litig.*, 00-cv-621 (D.N.J.) Dkt. No. 179; *In re Countrywide Fin. Corp. Sec. Litig.*, 07-cv-5295 (C.D. Cal.) Dkt. No. 990; *In re Cardinal Health, Inc. Sec. Litig.*, 04-cv-575 (S.D. Ohio) Dkt. Nos. 319-2 through 319-5; *In re Adelphia Commc'n. Corp. Sec. & Deriv. Litig.*, 03-md-01529 (S.D.N.Y.) Dkt. Nos. 457, 469; *In re Dynegy, Inc. Sec. Litig.*, 02-cv-1571 (S.D. Tex.) Dkt. No. 679; *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, 09-cv-6351 (S.D.N.Y.) Dkt. No. 154.

In his motion to strike, self-appointed expert Frank presents a laundry list critique of the Expert Reports. But mere disagreement with an expert's methods or data will not disqualify his report from consideration. This is particularly true with respect to fee expert reports. The reasonableness of the attorneys' fee is determined by the Court, not a jury. When the court is the fact finder, it has "greater flexibility in satisfying its gatekeeping function vis a vis expert testimony . . . given the absence of the need to protect juries from dubious expert evidence." *In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig.*, 772 F. Supp. 2d 519, 563 (S.D.N.Y. 2011) (quoting *Chitayat v. Vanderbilt Assocs.*, Civ. No. 03-5314, 2007 U.S. Dist. LEXIS 72207, 2007 WL 2890248, at *2 (E.D.N.Y. Sept. 27, 2007)).

> In the Second Circuit, those seeking to exclude expert testimony face a high hurdle:
>
> Our Court has stated that a trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison. Other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony.

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213-214 (2d Cir. 2009) (internal citation and quotation marks omitted). Whatever Frank's criticisms may amount to, they do not show the experts' testimony, based on actual fee awards in the public record, to be either "speculative" or "conjectural." Even Frank does not go so far as to suggest bad faith, and while Frank may nitpick the experts' choices of the most apt comparisons among similar settled cases, one can hardly say that any rise to the level of an "apple to oranges" comparison. His concerns, if they had any merit, would simply affect the weight given to the Reports by the Court, and would not prevent the Court from considering them.

### C. The Motion to Strike Fails to Impugn the Reliability of the Reports

5

Plaintiffs have already rebutted Frank's various gripes in papers previously filed with the Court.³ To avoid unnecessarily burdening the Court, we refer to and incorporate the arguments from those papers, which are summarized below.

Frank asserts that the experts are unreliable because they did not consider that counsel's lodestar included contract attorneys, when in fact the cases they relied on in their analysis *did* include contract attorney time in counsel's lodestar. *See* Supp. Decl. ¶¶13-16. Frank's belief that there was little risk of non-recovery once Plaintiffs survived the motion to dismiss is belied by the fact that significant percentages of post-motion-to-dismiss securities suits are defeated at the class certification and summary judgment stages. Pls. Reply at 19. Frank's accusation that the experts cherry-picked settlement ranges for comparison is not only untrue, but can be leveled with greater accuracy against his own choice of ranges. *See* Pls. Supp. Reply at 7 n.5. The suggestion that the experts relied solely on Citi's bankruptcy risk to determine that the $590 million recovery was a success is a straw-man rebutted by simple reference to the Coffee Report ¶¶ 2-3, 12-25, which contains a much more robust analysis. *See* Pls. Reply at 22. Frank has it flat wrong when he states that the market was trading downward on the day news of the $590 million settlement was released and that Citi stock bucked the trend and rose in response. In fact, the S&P closed up for the day, and Citi's intraday stock price declined on news of the settlement. *See* Pls. Reply at 24; Reply Decl. ¶¶ 184-85. Finally, Frank's argument that the

---

³ *See* Plaintiffs' Reply Memorandum of Law in Further Support of the Proposed Settlement and Request for Attorneys' Fees, and in Response to All Objections to the Proposed Settlement and the Fee Request, Dkt. No. 195 ("Pls. Reply"); Plaintiffs' Reply Memorandum of Law in Response to Post-December 21, 2012 Objections to Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses, Dkt No. 232 ("Pls. Supp. Reply"); Reply Declaration of Ira M. Press and Peter S. Linden in Further Support Of (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and (ii) Plaintiffs' Counsel's Motion for Award of Attorneys' Fees And Reimbursement of Litigation Expenses, Dkt. No. 196 ("Reply Decl."); Supplemental Declaration of Ira M. Press and Peter S. Linden in Response to Post-December 21, 2012 Objections to Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses, Dkt. No. 233 ("Supp. Decl.").

Coffee Report contradicts Professor Coffee's prior opinions does not withstand even cursory review. *See* Pls. Supp. Reply at 8.

## CONCLUSION

For the reasons set forth above, Plaintiffs and Lead Counsel respectfully request that Frank's Motion to Strike be denied in its entirety. If for any reason the Court decides to strike any portion of the Coffee or Miller Reports, Plaintiffs and Lead Counsel ask that the Court nonetheless continue to consider the charts and tables of facts contained within the Reports, including the data concerning fees awarded in similar cases in rendering a decision on reasonable attorneys' fees. *See U.S. v. Alessi*, 599 F.2d 513, 515 (2d Cir. 1979) ("district court judge was free to disregard the inadmissible paragraphs and consider the rest of the affidavit").

Dated: April 1, 2013                  Respectfully Submitted,

                                      KIRBY McINERNEY LLP

                                      By:      /s/ Peter S. Linden
                                           Ira M. Press (ipress@kmllp.com)
                                           Peter S. Linden (plinden@kmllp.com)
                                           Andrew S. McNeela (amcneela@kmllp.com)
                                           Edward M. Varga III (evarga@kmllp.com)
                                           825 Third Avenue, 16th Floor
                                           New York, NY 10022
                                           Tel.: (212) 371-6600
                                           Fax: (212) 751-2540

                                       *Lead Counsel for Plaintiffs*

                                           Andrew J. Entwistle
                                           ENTWISTLE & CAPPUCCI LLP

280 Park Avenue
26th Floor West
New York, NY  10017
Tel.: 212-894-7200
Fax: 212-894-7272

James Allen, Sr.
ALLEN BROTHERS, P.L.L.C.
400 Monroe, Suite 220
Detroit, MI   48226
Tel.: (313) 962-7777
Fax: (313) 962-0581

Kenneth Gold
439 Griffith Street
Saugatuck, MI 49453
Tel.: (248) 310-9870

Lionel Glancy
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East. Suite 2100
Los Angeles, CA 90067
Tel.: (310) 201-9150
Fax: (310) 201-9160

William Narwold
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: 843.216.9000
Fax: 843.216.9450

Alan L. Kovacs
LAW OFFICE OF ALAN L. KOVACS
2001 Beacon St., Suite 106
Boston, MA 02135
Tel.: (617) 964-1177
Fax.: (617) 332-1223

Kenneth A. Elan
LAW OFFICE OF KENNETH A. ELAN

8

> 217 Broadway, Suite 606
> New York, NY 10007
> Tel.: (212) 619-0261
> Fax.: (212) 385-2707
>
> *Additional Plaintiffs' Counsel*

9