# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.699.1194
www.kmllp.com

Of counsel
  Roger W. Kirby
  Alice McInerney



Docket-file

**BY FAX (212-805-7924)**

April 7, 2013

The Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/13

Re:   *In re Citigroup Inc. Securities Litigation,* No. 07 Civ. 9901 (SHS)

Dear Judge Stein:

We are Plaintiffs' Lead Counsel in the above-referenced action. We write to furnish the information the Court requested in its Order dated April 1, 2013. We respond below to each of the Court's inquiries:

**1.     What is the (i) blended hourly rate, (ii) the total number of hours, and (iii) the total lodestar submitted in the fee request for each of the following categories:**

**a.  All contract attorney's work.**

For the purposes of our responses to the Court's inquiries, we have defined "contract attorneys" as any attorneys, whether hired through an agency or directly by the law firm, who were hired on an hourly or project-specific basis. The contract attorneys that worked for Plaintiffs in this action were billed as follows:

(i)     Blended hourly rate: $465.56

(ii)    Total number of hours: 61,507.30

KIRBY McINERNEY LLP

Honorable Sidney H. Stein
Page 2
April 7, 2013

        (iii)    Total lodestar: $28,635,530.00[1]

**b. All contract attorneys' work on document review.**

In responding to this request, we defined "document review" as the review of document productions (not done for the purpose of preparing for a specific deposition) and any analysis, indexing, digesting or other memorialization of that review.

        (i)    Blended hourly rate: $457.02

        (ii)    Total number of hours: 25,538.80

        (iii)    Total lodestar: $11,671,673.75

The review of documents in connection with preparation for a specific deposition is discussed separately in 1(c), below.

**c. All contract attorneys' work in areas other than document review.**

In connection with this response, we are providing a sub-total for "deposition preparation" work, which refers to work performed by an attorney who does not actually take a deposition, to prepare the deposition taker for a specific deposition. Such work includes review and analysis of documents related to a specific deponent, selection of potential exhibits for the deposition, preparation of indices and summary memoranda, meeting with the attorneys who were to conduct the deposition, and appearing at the deposition as a "second chair".

The work breaks down as follows:

        (i)    Blended hourly rate: $471.63

        (ii)    Total number of hours: 35,968.50

        (iii)    Total lodestar submitted in the fee request: $16,963,856.25

---

[1] The Law Offices of Kenneth A. Elan's December 7, 2012 lodestar submission included 34.75 hours, or $9,556.25 in lodestar, for one attorney (Rachel Gauchman) that should not have been included. The daily time records for the Elan firm that were submitted to the Court on March 6, 2013 do not include the 34.75 erroneous hours, and the total lodestar provided above also excludes this time.

## KIRBY McINERNEY LLP

Honorable Sidney H. Stein
Page 3
April 7, 2013

Of this time, 1,601.25 hours (or $880,687.50 in lodestar with an hourly rate of $550) was spent by a senior contract attorney who was "Of Counsel" to Kirby McInerney who conducted depositions in this action, and also worked on discovery requests and briefing. The remaining time in this category was spent on "deposition preparation," as defined above. The figures for the "deposition preparation" portion of this category are as follows:

(i) Blended hourly rate: $467.98

(ii) Total number of hours: 34,367.25

(iii) Total lodestar: $16,083,168.75

**d. All firm attorneys' work on document review.**

In responding to this inquiry, we have defined "firm attorneys" as all attorneys, other than "contract attorneys," whose time was included in the lodestar submitted in the fee request. In addition, in this response we defined "document review" the same way it was defined in 1(b), above.

(i) Blended hourly rate: $475.19

(ii) Total number of hours: 845.30

(iii) Total lodestar: $401,675.63[2]

---

[2] In reviewing the time records in connection with our responses to the Court's inquiries, we noticed a handful of minor discrepancies between the summary figures submitted in the December 7, 2012 application and the daily time records which were submitted to the Court on March 6, 2013:

The December 7, 2012 summaries for Kirby McInerney included a total of 20.75 hours of Beverly Mirza's time and 3.5 hours of Mark Strauss' time that should have been billed to other cases. Correcting these errors reduces the lodestar by $11,956.25. This time was not included in the daily time records that were provided to the Court on March 6, 2013, nor is it included in the figures set forth in this document.

In addition, we discovered that our initial submission omitted 0.5 hours of Roger Kirby's time, 14 hours of Peter Linden's time, 2 hours of Edward Varga's time, and 2 hours of Kenneth Walsh's time that should have been included. All of these time entries were included in the daily records that we furnished to the Court on March 6, 2013.

NEW YORK        TEXAS

KIRBY McINERNEY LLP

Honorable Sidney H. Stein
Page 4
April 7, 2013

### e. All firm associate work.

  (i)  Blended hourly rate: $402.17

  (ii)  Total number of hours: 9,340.80

  (iv)  Total lodestar: $3,756,583.75

Of this time, 72 hours (or $28,093.75 in lodestar for a blended hourly rate of $390.19) were spent on "deposition preparation" work, as the same was defined in 1(c) above.

While the Court did not request similar information respecting the work of other firm attorneys besides associates (such as firm Partners and Of Counsel), we provide this information below:

  (i)  Blended hourly rate: $632.23

  (ii)  Total number of hours: 20,991.90

  (v)  Total lodestar: $13,271,682.75

  **2.**  **What is the lodestar amount for contract attorneys' work performed after a settlement in principle was reached but before a settlement agreement was finalized, excluding work on finalizing the settlement and preparing the motion for preliminary approval?**

The parties agreed to a settlement amount on May 8, 2012, but no written agreement was signed by the parties. As we informed the Court at the time, a major impediment to finalizing the settlement was a disagreement over the so-called opt-out "blow" provision that was not resolved until mid-July 2012. The settlement agreement was finalized and executed on August 28, 2012. *See* ¶¶ 52-55 of our March 25, 2013 Supplemental Declaration.

From May 9, 2012 through July 19, 2012, contract attorneys worked 16,155.25 hours for a lodestar of $7,440,625. Contract attorneys had only 32.75 hours, representing

---

The total effect of these corrections (and the Elan firm's corrections identified in footnote 1, above) is to reduce lead counsel's total number of hours by 5.75 hours and class counsel's total hours by 40.5 hours, and to increase lead counsel's lodestar by $193.75 and to reduce class counsel's total lodestar by $9,362.50. Accordingly, class counsel's total lodestar is reduced from $51,438,451.15 to $51,429,088.65.

NEW YORK      TEXAS

KIRBY McINERNEY LLP

Honorable Sidney H. Stein
Page 5
April 7, 2013

$12,981.25 in lodestar, from July 20 to August 28, 2012, for a total of 16,188 hours and a lodestar of $7,453,606.25 from May 9 to August 28, 2012.

**3.   What is the lodestar amount for firm attorneys' work performed after a settlement in principle was reached but before a settlement agreement was finalized, excluding work on finalizing the settlement and preparing the motion for preliminary approval?**

Between May 8, 2012 and August 28, 2012, Plaintiffs' counsel's firm attorneys billed 103.80 hours, excluding work relating to the settlement and preliminary approval, for a lodestar of $56,560.50. None of this work was done after July 19, 2012.

Lead Counsel believes that the foregoing provides all of the information requested in the Court's Order dated April 1, 2013. We look forward to appearing before Your Honor at the fairness hearing on April 8, 2013 to respond to any questions the Court may have regarding the fairness of the proposed class action settlement and the reasonableness of the request for attorneys' fees and reimbursement of expenses.

Finally, Plaintiffs are filing, contemporaneous with the submission of this letter, a Notice of Additional Information Regarding Billing Rates. This submission shows that large New York law firms: (i) bill contract attorneys out at a rate of $500 per hour (*see In re General Growth Props., Inc.*, Bankr. No. 09-11977 (Bankr. S.D.N.Y. filed Sept. 15, 2009) (Dkt No. 2366, at 3); *id.*, Dkt. No. 6355, at 3) (filed Nov. 15, 2010); (ii) bill their associates out for document review work at rates up to $695 per hour (*see In re Lightsquared Inc.*, Bankr. No. 12-12080 (Bankr. S.D.NY. filed Oct. 9, 2012) (Dkt. No. 365, at 4, 266) (associate billed at $695); *In re Great Atl. & Pac. Tea Co.*, Bankr. No. 10-24549 (Bankr. S.D.N.Y. filed May 11, 2011) (Dkt. No. 1566, at 42, 245) (associate billed at $605); *General Growth*, Dkt. No. 6355 at 3, 149 (associate billed at $595)); (iii) bill their partners and special counsel out for document review work at rates up to $990 per hour (*see In re Eastman Kodak Co.*, Bankr. No. 12-10202 (Bankr. S.D.N.Y. filed Oct. 16, 2012) (Dkt. No. 2177, at 6, 528) (special counsel billed at $990); *General Growth*, Dkt. No. 6355 at 2, 43-46 (partner billed at $885); *Great Atl. & Pac.*, Dkt. No. 1566 at 42, 245, 247-48 (partner billed at $680)); and (iv) bill analysts or other non-legal staff at rates up to $305 per hour (*see, e.g., Eastman Kodak*, Dkt. No. 2177, at 10 (legal analysts billed at $290); *Great Atl. & Pac.*, Dkt. No. 1566 at 44 (legal assistants billed at $305)).

Respectfully submitted,

Peter S. Linden

cc:   Richard Rosen, Esq. (via email and fax (212-492-0305))
      Theodore Frank, Esq. (via email)