Docket + file
07 Civ. 9901 (SHS)

Subj: **Suggestion of judicial notice of Baby Products Antitrust Litigation**
Date: 5/15/2013 5:39:29 A.M. Central Daylight Time
From: RDShatt@aol.com
To: mwb@blbglaw.com, steven@blbglaw.com, rkaplan@kaplanfox.com, ffox@kaplanfox.com, dkessler@ktmc.com, gcastaldo@ktmc.com, bkarp@paulweiss.com, dkramer@paulweiss.com, asoloway@paulweiss.com, jbernstein@labaton.com, rcs@cabaniss.com, pfruin@maynardcooper.com, blatham@bassberry.com, larry.polk@sutherland.com, kevinlogue@paulhastings.com, plinden@kmllp.com

**BY US MAIL**
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Clerk of the Court
United States District Court for the Western District of Tennessee
Clifford Davis/Odell Horton Federal Building
167 North Main Street, Room 242
Memphis, Tennessee 38103

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/13

**IN RE BANK OF AMERICA CORP.   Master File No. 09 MDL 2058 (PKC)
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION
(Southern District of New York)**

**IN RE CITIGROUP SECURITIES        Master File No. 07 MDL CIV 9901 (SHS)
LITIGATION (Southern District of New York)**

**In re Regions Morgan Keegan Closed-End Fund Litigation, No. 07-cv-02830 SHM dkv
(Western District of Tennessee)**

### SUGGESTION OF JUDICIAL NOTICE OF BABY PRODUCTS ANTITRUST LITIGATION

To the Honorable United States District Court of the Southern District of New York:
To the Honorable United States District Court of the Western District of Tennessee:

I previously submitted an objection in the In re Regions Morgan Keegan Closed-End Fund Litigation in which I was a member of the plaintiff class and *amicus curiae* objections in the IN RE BANK OF AMERICA CORP.SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION and the IN RE CITIGROUP SECURITIES LITIGATION.

I urge the Honorable Courts to take judicial notice of the order issued in February of this year by the Third Circuit Court of Appeals, which vacated the district court's order approving the settlement in the Baby Products Antitrust Litigation. (The settlement website for this litigation is http://www.babyproductsantitrustsettlement.com/ and there is a link on the website to the Third Circuit's order.)

The Third Circuit said the following in its opinion in support of its order:

> *Most importantly, [the lower court] did not know the amount of compensation that will be distributed directly to the class. Removing attorneys' fees and expenses, approximately $21,500,000 ... of the settlement were designated for the class, but only around $3,000,000 of that amount actually will be distributed to class members, with the remainder going to cy pres recipients after expenses relating to the administration of the fund are paid.*

Wednesday, May 15, 2013 AOL: RDShatt

\* \* \* \*

*Though the claims period had concluded, counsel did not provide this information to the Court, preventing it from properly assessing whether the settlement was in the best interest of the class as a whole.*

A gist of my objections in the instant cases is that there is an inadequate or faulty informational basis for evaluating what the settlements in the cases accomplish, and that the Honorable Courts are thereby prevented from properly assessing the settlements.

In particular, it has been submitted to the Honorable Courts that there is no information about the extent to which selling shareholders will walk away with windfall gains that correspond to losses suffered by purchasers of stock, and hence no information about the extent to which there is merely shifting around of losses so that purchasers who suffered greater losses get a portion of those losses shifted to purchasers who suffered lesser losses or shifted to shareholders or other innocent persons who neither gained nor had losses from stock purchases or sales. Also, while the plaintiffs seem to color the cases and the settlements as having deterrence value that should be relevant to approval of the settlements, there is a deficit of information or proof about whether there is any deterrence value.

The Honorable Courts should follow the lead of the Third Circuit Court of Appeals and not approve the settlements unless the informational deficiencies are remedied for the Honorable Courts.

I am sending a paper copy of this email by U.S. mail to the Honorable Courts. I am sending this email electronically (and not by U.S. mail) to the parties' counsel in the Citigroup case, the Bank of America case, and the Regions Morgan Keegan case per the above email addresses.

Respectfully submitted,
Robert Shattuck
3812 Spring Valley Circle
Birmingham, AL 25223
(205) 967-5586

*Robert Shattuck*

Wednesday, May 15, 2013  AOL: RDShatt