```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____            │
│ DATE FILED:  8/1/13              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CITIGROUP INC.
SECURITIES LITIGATION

No. 07 Civ. 9901 (SHS)

**ECF Case**

## ~~[CORRECTED AND PROPOSED]~~ FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

SIDNEY H. STEIN, District Judge

On this 1st day of, August 2013, a hearing having been held before this

Court to determine (i) whether the terms and conditions of the Stipulation and Agreement

of Settlement between Lead Plaintiff, Named Plaintiffs, and Additional Proposed Named

Plaintiffs on behalf of themselves and the Settlement Class, and the Citigroup

Defendants, dated August 28, 2012 as amended on October 18, 2012 and on July 24,

2013 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims

asserted by the Settlement Class Members against the Citigroup Defendants;[1] and (ii)

whether judgment should be entered dismissing the Complaint on the merits and with

prejudice in favor of the Citigroup Defendants, and the Released Claims should be

released in favor of the Citigroup Defendants and the other Released Parties, as against

---

[1]     Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation, the Court's August 29, 2012 Order Preliminarily Approving Proposed Settlement and Providing for Notice [Dkt. No. 156], and as modified by the Court's September 28, 2012 Order Further Amending the Order Preliminarily Approving Proposed Settlement and Providing for Notice [Dkt. No. 159].

all persons or entities who are Settlement Class Members and who have not requested exclusion therefrom;

And it appears that a notice of the hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, who purchased or otherwise acquired common stock issued by Citigroup Inc. during the Class Period, except those persons and entities excluded from the definition of the Settlement Class, as shown by the records of Citigroup and as further identified through the mailing of the Notice of Class Action and the Summary Notice of Class Action, pursuant to earlier order of the Court, at the respective addresses set forth in such records;

And it appears that a summary notice of the hearing substantially in the form approved by the Court was published once in the national edition of the *Wall Street Journal* and was transmitted once over the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against the Citigroup Defendants and the Released Parties;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the following defined terms:

(a) "Action" means the actions filed in the Court on and after November 8, 2007, which were consolidated by order of the Court on August 19, 2008,

2

and includes the proceedings in the caption of this Judgment within File No. 07 Civ. 9901 (SHS).

(b)     "Additional Proposed Named Plaintiffs" means Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado.

(c)     "Additional Settlement Class Counsel" means the law firms of Entwistle & Cappucci LLP; Allen Brothers, P.L.L.C.; Kenneth Gold; Glancy Binkow & Goldberg LLP; Motley Rice LLC; Law Office of Alan L. Kovacs; and Law Office of Kenneth A. Elan.

(d)     "Claim" means the submission to be made by Settlement Class Members, on the Proof of Claim and Release form, which shall be agreed upon by the Parties or as may be required by the Court.

(e)     "Class Representatives" means Jonathan Butler, M. David Diamond, David K. Whitcomb, Henrietta Whitcomb, John A. Baden III, Warren Pinchuk, Anthony Sedutto, Edward Claus, Carol Weil, and Public Employees' Retirement Association of Colorado.

(f)     "Citigroup Defendants" means the defendants named in the Complaint, including specifically Citigroup Inc., David Bushnell, Gary Crittenden, Robert Druskin, Michael Klein, Thomas Maheras, Charles Prince, and Robert Rubin, together with the defendants who were dismissed from this Action by order of the Court, including specifically Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk.

(g)     "Complaint" means the Amended Consolidated Class Action Complaint filed by Lead Plaintiff and Named Plaintiffs on February 24, 2009.

(h)     "Lead Class Counsel" or "Interim Lead Counsel" means the law firm of Kirby McInerney LLP.

(i)     "Lead Plaintiff" or "Interim Lead Plaintiff" means the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust.

(j)     "Litigation Expenses" means costs and expenses incurred in connection with commencing and prosecuting the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class) but excluding Notice and Administration Costs (as defined below), for which Lead Counsel applied to the Court for reimbursement from the Settlement Fund.

(k)     "Named Plaintiffs" means John Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto.

(l)     "Net Settlement Fund" means the Settlement Fund less any taxes, attorneys' fees, expert fees, Notice and Administration Costs, and other costs and expenses approved by the Court.

(m)     "Notice and Administration Costs" means all costs and expenses incurred in connection with printing and providing notice to Settlement Class Members and administration of the Settlement, including without limitation, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to the Settlement Class, processing proofs of claim,

4

processing requests for exclusion, filing tax returns on behalf of the Settlement Fund, escrow fees and costs.

(n)     "Parties" means: (i) Lead Plaintiff the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust, Named Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto, and Additional Proposed Named Plaintiffs Tennessee Consolidated Retirement System and Public Employees' Retirement Association of Colorado, and (ii) current defendants Citigroup Inc., David Bushnell, Gary Crittenden, Robert Druskin, Michael Klein, Thomas Maheras, Charles Prince, and Robert Rubin, and dismissed defendants Steven Freiberg, John Gerspach, Lew Kaden, Sallie Krawcheck, Vikram Pandit, Todd Thomson, and Stephen Volk.

(o)     "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(p)     "Plaintiffs" means (i) Lead Plaintiff the ATD Group, which includes Jonathan Butler, M. David Diamond, David K. Whitcomb both individually and as trustee for the David K. Whitcomb 2001 Trust, and Henrietta Whitcomb as trustee for the Henrietta C. Whitcomb 2001 Trust, together with (ii) Named Plaintiffs John A. Baden III, Warren Pinchuck, Anthony Sedutto, Edward Claus, Carol Weil, and Joseph DiBenedetto, and (iii) Additional Proposed Named Plaintiffs Tennessee Consolidated

Retirement System and Public Employees' Retirement Association of Colorado, on

behalf of themselves and the Settlement Class.

(q)     "Plan of Allocation" means the plan for allocating the Net

Settlement Fund between and among the members of the Settlement Class and as

approved by the Court.

(r)     "Released Claims" means:[2]

(i)     with respect to the Citigroup Releasees, defined
below, the release by Lead Plaintiff, Named
Plaintiffs, Additional Proposed Named Plaintiffs
and all Settlement Class Members, on behalf of
themselves, their respective present and former
parents, subsidiaries, divisions and affiliates, the
present and former employees, officers and
directors of each of them, the present and former
attorneys, accountants, insurers, and agents of each
of them, and the predecessors, heirs, successors and
assigns of each, of all claims of every nature and
description, known and unknown, arising out of or
relating to investments in (including, but not limited
to, purchases, sales, exercises, and decisions to
hold) Citigroup common stock through April 18,
2008, inclusive, including without limitation all
claims arising out of or relating to any disclosures,
registration statements or other statements made or
issued by any of the Citigroup Defendants
concerning subprime-related assets, collateralized
debt obligations, residential mortgage-backed
securities, auction rate securities, leveraged lending

---

[2] Released Claims do not include, release, bar, waive, impair or otherwise impact any (i) claims
asserted in the action styled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522
(S.D.N.Y.) (SHS), insofar as those claims are not asserted in connection with the purchase or
acquisition of Citigroup common stock; (ii) contractual obligations arising out of a corporate
merger or acquisition agreement pursuant to which Citigroup common stock was acquired; and
(iii) claims relating to the enforcement of the Settlement. In addition, Released Claims do not
release, bar or waive the claims for violation of Section 12(a)(2) of the Securities Act of 1933, 15
U.S.C. § 77*l*(a)(2), that have been asserted in *Brecher v. Citigroup Inc.*, No. 09 Civ. 7359 (SHS)
(S.D.N.Y.), provided, however, that any amount received in the settlement of this Action by any
member of the class in this Action who is also a member of the *Brecher* class shall be treated as a
dollar for dollar offset against any damages claim asserted in *Brecher* that falls within the class
period for this Action.

activities, or structured investment vehicles, as well as all claims relating to such investments in Citigroup common stock asserted by or that could have been asserted by Plaintiffs or any member of the Settlement Class in the Action against the Citigroup Releasees, as defined below.

(ii)    with respect to Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs and all other Settlement Class Members, the release by the Citigroup Defendants of the Plaintiff Releasees, as defined below, from any claims relating to the institution or prosecution of this Action.

(s)    "Released Parties" means:

(i)    with respect to the Citigroup Defendants, the Citigroup Defendants, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Citigroup Releasees"), and any person or entity which is or was related to or affiliated with any Citigroup Releasee or in which any Citigroup Releasee has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

(ii)    with respect to Plaintiffs and all other Settlement Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

(t)     "Settlement" means the settlement of the Action between and among Lead Plaintiff, Named Plaintiffs and Additional Proposed Named Plaintiffs on behalf of themselves and the Settlement Class, and the Citigroup Defendants, as set forth in the Stipulation.

(u)     "Settlement Amount" means Five Hundred and Ninety Million Dollars ($590,000,000.00) in cash, plus any interest as earned from the date ten business days after Preliminary Approval of the Settlement, until the Effective Date.

(v)     "Settlement Class" means all persons who purchased or otherwise acquired common stock issued by Citigroup during the period between February 26, 2007 and April 18, 2008, inclusive, or their successor in interest, and who were damaged thereby, excluding (i) the defendants named in the Complaint, (ii) members of the immediate families of the individual defendants named in the Complaint, (iii) any firm, trust, partnership, corporation, present or former officer, director or other individual or entity in which any of the Citigroup Defendants has a controlling interest or which is related to or affiliated with any of the Citigroup Defendants, and (iv) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities.  The Settlement Class includes persons or entities who acquired shares of Citigroup common during the Class Period by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, and persons or entities who acquired shares of Citigroup common stock after the Class Period pursuant to the sale of a put option during the Class Period.  Regardless of the identity of the person or entity that beneficially

owned Citigroup common stock in a fiduciary capacity or otherwise held Citigroup

common stock on behalf of third party clients or any employee benefit plans, such third

party clients and employee benefit plans shall not be excluded from the Settlement Class,

irrespective of the identity of the entity or person in whose name the Citigroup common

stock were beneficially owned, except that any beneficiaries of such third party clients, or

beneficiaries of such benefit plans who are natural persons and, who are otherwise

excluded above will not share in any settlement recovery.  Notwithstanding any other

provision of this Agreement, the Citibuilder 401(k) Plan for Puerto Rico and the

Citigroup 401(k) Plan shall qualify as members of the Settlement Class.   In addition, a

Person who owns Citigroup common stock shall not be excluded from the Settlement

Class solely because that common stock is held (i) in a registered or unregistered

investment company (including a unit investment trust) in which any defendant in the

Action has a controlling interest, or serves as investment manager, investment adviser or

depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or

subaccount of a life insurance company's general account to the extent associated with

insurance contracts under which the insurer's obligation is determined by the investment

return and/or market value of the assets held in such segment or subaccount. A defendant

shall be deemed to have a "controlling interest" in an entity if such defendant has a

beneficial ownership interest, directly or indirectly, in more than 50% of the total

outstanding voting power of any class or classes of capital stock that entitle the holders

thereof to vote in the election of members of the Board of Directors of such entity.

"Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of

the Securities Exchange Act of 1934, as amended, or any successor statute or statutes

9

thereto. Notwithstanding the foregoing, the Settlement Class shall not include Persons whose only acquisitions of Citigroup common stock during the Class Period was via gift or inheritance if the Person from which the common stock was received did not themselves acquire the common stock during the Class Period.

(w)   "Settlement Class Member" means a member of the Settlement Class who does not submit a timely, signed request for exclusion.

(x)   "Settlement Fund" means the sum of the Settlement Amount.

(y)   "Unknown Claims" means any Released Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Citigroup Releasees, and any Citigroup Releasees' Claims which any Citigroup Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and each of the Citigroup Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Citigroup Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each of the Citigroup Defendants acknowledge, and each of the other

Settlement Class Members and each of the other Citigroup Releasees shall be deemed by

operation of law to have acknowledged, that the foregoing waiver was separately

bargained for and a key element of the Settlement.

      2.     This Court has jurisdiction over the subject matter of the Action and over

all parties to the Action, including all Settlement Class Members.

      3.     The Court finds that all elements for maintenance of this Action as a class

action have been met.  Specifically, the Settlement Class satisfies the numerosity

requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to

satisfy Rule 23(a)(2); the claims of the Class Representatives are typical of the claims of

absent Settlement Class Members, satisfying Rule 23(a)(3); the Class Representatives

and Lead Class Counsel are adequate representatives of the Settlement Class Members,

satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying

Rule 23(b)(3)(i); and class action treatment of this Action is a superior method of

proceeding in this matter, satisfying Rule 23(b)(3)(ii).

      4.     Accordingly, and for settlement purposes only, the Court hereby certifies a

Settlement Class as defined above in paragraph 1(v).

      5.     The Court hereby finds, in accordance with the Orders of Preliminary

Approval, dated August 29, 2012, September 6, 2012 and September 28,  2012, that the

notice given to the Settlement Class, including the individual notice to all Settlement

Class Members who could be identified through reasonable effort, was the best notice

practicable under the circumstances.  Said notice provided due and adequate notice of

these proceedings and the matters set forth herein, including the proposed Settlement set

forth in the Stipulation, to all Persons entitled to such notice, and said notice fully

satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private

Securities Litigation Reform Act (the "PSLRA"), due process, the Rules of the Court, and

all other applicable laws and rules.

6.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves

the Settlement as fair, reasonable and adequate, and in the best interests of the Settlement

*for the reasons set forth in the Opinion dated today.*

Class Members. The Parties to the Settlement are directed to consummate the Settlement

in accordance with the terms and provisions of the Stipulation.

7.      The claims of the Settlement Class Members are dismissed on the merits,

without costs, and with prejudice, and the Released Claims are released as against each of

the Released Parties.

8.      The Action is dismissed with prejudice as against the Citigroup

Defendants and bars, as against the Citigroup Defendants and the other Released Parties,

the Released Claims by the Lead Plaintiff, Named Plaintiffs, Additional Proposed Named

Plaintiffs and all Settlement Class Members.

9.      Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs

and other Settlement Class Members (exclusive of the persons and entities as listed on

Exhibit A-1 annexed hereto who submitted timely and valid exclusion requests) who

have not timely and validly opted out in accordance with the requirements set forth in the

Notice of Class Action, on behalf of themselves, their respective present and former

parents, subsidiaries, divisions and affiliates, the present and former employees, officers

and directors of each of them, the present and former attorneys, accountants, insurers, and

12

agents of each of them, and the predecessors, heirs, successors and assigns of each, are deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged (whether or not such Settlement Class Members execute and deliver the Proof of Claim and Release forms) (i) all Released Claims against the Citigroup Releasees; and (ii) against each and all of the Citigroup Releasees all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims. This release shall not apply to any Person who has timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice of Class Action.

10.    All Settlement Class Members are hereby permanently barred and enjoined from instituting or prosecuting any other action asserting any Released Claim in any court against the Citigroup Releasees.

11.    The Citigroup Releasees hereby fully, finally, and forever release, relinquish and discharge each and all of the Lead Plaintiff, Named Plaintiffs, Additional Proposed Named Plaintiffs, other Settlement Class Members, Lead Class Counsel and Additional Settlement Class Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

12.    Notwithstanding paragraphs 9-11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    All Persons are barred from bringing any claim for contribution or indemnification against the Citigroup Releasees arising out of or related to the Released

Claims, and the Citigroup Releasees are barred from bringing any claim for contribution

or indemnification arising out of or related to the Released Claims against any such

Persons, except that this provision shall not apply as among the Citigroup Defendants.

     14.    Neither the Stipulation nor the Settlement, nor any act performed or

document executed pursuant to or in furtherance of the Stipulation or the Settlement:

     (a)    shall be offered in evidence or used for any other purpose in this or

any other proceeding in any court, administrative agency, arbitration forum or other

tribunal other than as may be necessary to enforce the terms of this Judgment and/or the

Settlement;

     (b)    shall be described as, construed as, interpreted as or offered against

the Citigroup Releasees as evidence of and/or deemed to be evidence of any presumption,

concession or admission by the Citigroup Releasees as to any liability, negligence, fault,

wrongdoing on their part or the validity of any claim by Plaintiffs or the merits of any of

their defenses; or

     (c)    shall be described as, construed as, interpreted as or offered against

Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of

Plaintiffs and the Settlement Class, or as evidence that the damages recoverable from the

Citigroup Releasees would not have exceeded the Settlement Amount.

     15.    The Plan of Allocation is approved as fair and reasonable, and the Claims

Administrator is directed to administer the Settlement Fund in accordance with its terms.

     16.    Defendants and other Released Parties as they relate to the Citigroup

Defendants, including their respective insurers, shall have no responsibility for the

14

administration of the Settlement and shall have no liability to the Lead Plaintiff, the

Settlement Class or Lead Class Counsel in connection with such administration.

17.     After completion of the processing of all claims by the Claims

Administrator, Lead Plaintiff shall file a motion for disbursement of the Net Settlement

Fund.     *for the reasons set forth in the Opinion issued today,*

18.     The Court finds that an attorneys' fee award in the amount of **17**% of the

*which is $70.8 million,*

Settlement Fund, plus accrued interest, is just and reasonable, and fairly accounts for (i)

the time and labor expended by Lead Class Counsel and Additional Settlement Class

Counsel; (ii) the magnitude and complexities of the Action, (iii) the risks of litigation;

(iv) the quality of representation; (v) the requested fee in relation to the Settlement Fund;

and (vi) public policy considerations.  The attorneys' fee award is to be paid to Lead

Class Counsel from the Settlement Fund.  Lead Class Counsel's application for Litigation

Expenses in the amount of $**2,042,841.59**, plus accrued interest, is also approved as just

and reasonable and is to be paid to Lead Class Counsel from the Settlement Fund.  Lead

Class Counsel may make payments of fees and expenses to counsel for other plaintiffs as

Lead Class Counsel deems appropriate based on their relative contribution to the

prosecution and resolution of the Action.

19.     The Court finds that during the course of the Action, the Parties and their

respective counsel at all times complied with the requirements of Federal Rule of Civil

Procedure 11.

20.     In the event that this Judgment is modified or reversed on appeal to the

extent that the Settlement does not become effective in accordance with the terms of the

Stipulation, or the Stipulation terminates according to its provisions, or the Settlement

Fund, or any portion thereof, is returned to the Citigroup Defendants or their insurers, or this Judgment does not become final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before May 8, 2012, except that (i) Notice and Administration Costs that have been paid or incurred at the time of modification or reversal, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) need not be refunded to the Citigroup Defendants; (ii) any modifications, reductions or reversal of the award of attorneys' fees and Litigation Expenses to Lead Class Counsel on appeal or in any further motion in this Court shall in no way disturb or affect any other part of this Judgment, and (iii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Judgment.

21.     In the event any award of attorneys' fees and Litigation Expenses is subsequently modified, reduced or reversed on appeal, Lead Class Counsel, Additional Settlement Class Counsel and all other Plaintiffs' counsel to whom any portion of such attorneys' fees and expenses have been distributed shall refund or repay to Citigroup the full amount of any such reduction, together with interest thereon, except for Notice and Administration Costs that have been paid or incurred at the time of modification, reduction or reversal, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of modification, reduction or reversal, within thirty days after any such order modifying,

reversing or reducing any award of attorneys' fees or expenses is entered by this Court or any court in relation to any motions or appeals concerning any award of attorneys' fees or expenses. All Plaintiffs' counsel that receives any portion of any attorneys' fees or expenses pursuant to the Stipulation shall be jointly and severally liable for the full amounts referred to in the immediately preceding sentence of this paragraph.

22.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including any interest earned thereon; (ii) disposition of the Settlement Fund; and (iii) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

24.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

24. Judgment shall enter accordingly.

SO ORDERED:

Dated: New York, New York
       August 1, 2013

_____
SIDNEY H. STEIN
United States District Judge

# EXHIBIT A-1
## List of Timely and Valid Exclusion Requests

## In re Citigroup Inc. Securities Litigation
### Exhibit D
Valid Exclusions

| Count | Exclusion ID Number | Name(s) | Received Date |
|---|---|---|---|
| 1 | 1468794 | BETTY R. WAGGONER | November 2, 2012 |
| 2 | 1468793 | JERRY M WAGGONER | November 2, 2012 |
| 3 | 1547160 | LOUIS LUBRANO | November 12, 2012 |
| 4 | 1962643 | JOSEPH D RUSSO & HELENE L OBACK-RUSSO JT TEN | November 16, 2012 |
| 5 | 1382132 | RALPH E BIRCHARD JR | November 16, 2012 |
| 6 | 1880765 | LOUISE S GILLESPIE | November 19, 2012 |
| 7 | 1382616 | COURTNEY LEE | November 19, 2012 |
| 8 | 701 | IRMTRUD WENZEL | November 21, 2012 |
| 9 | 1745799 | FOTIOS PANTELIS KOSMAS & JILL KOSMAS | November 26, 2012 |
| 10 | 1375046 | RICHARD STRASSER | November 27, 2012 |
| 11 | 1060989 | ELIZABETH SIMPSON | November 28, 2012 |
| 12 | 923 | NORGES BANK | November 29, 2012 |
| 13 | 924 | MINEWORKERS' PENSION SYSTEM | November 29, 2012 |
| 14 | 2485006 | SALOMON MELGEN, FLOR MELGEN & SFM HOLDINGS LIMITED PARTNERSHIP | December 1, 2012 |
| 15 | 2494817 | SANDRA B D'ARCANGELO | November 30, 2012 |
| 16 | 1966033 | DEBBIE CRINK | November 30, 2012 |
| 17 | 975 | STICHTING PENSIOENFONDS ABP | December 3, 2012 |
| 18 | 977 | STATE OF NEW JERSEY, DEPT. OF TREASURY, DIVISION OF INVESTMENT | December 3, 2012 |
| 19 | 1014214 | DORA RADIX | December 3, 2012 |
| 20 | 992 | THE COMMONWEALTH OF PENNSYLVANIA PUBLIC SCHOOLS EMPOYEES' RETIREMENT | December 3, 2012 |
| 21 | 993 | PENNSYLVANIA MUNICIPAL RETIREMENT BOARD | December 3, 2012 |
| 22 | 1001 | ABU DHABI INVESTMENT AUTHORITY | December 3, 2012 |
| 23 | 1985526 | FMT CO IRA ROLLOVER FBO ARTHUR GLAZER | December 3, 2012 |
| 24 | 2380649 | ANGELA H. WILLIAMS | December 3, 2012 |
| 25 | 2212441 | AHW INVESTMENT PARTNERSHIP | December 3, 2012 |
| 26 | 1128 | ARTHUR L. WILLIAMS III | December 3, 2012 |
| 27 | 1129 | ANDREW L WILLIAMS | December 3, 2012 |
| 28 | 1130 | ARTHUR L. WILLIAMS IV | December 3, 2012 |
| 29 | 1131 | ALEX LANIER WILLIAMS | December 3, 2012 |
| 30 | 1132 | ELIZABETH W. CARTER | December 3, 2012 |
| 31 | 1226 | ESTATE OF JOHN J. BEATON | December 4, 2012 |
| 32 | 1227 | LGT FUNDS SICAV | December 4, 2012 |
| 33 | 1229 | MEAG MUNICH ERGO KAPITALANLAGEGESELLSCHAFT MBH | December 4, 2012 |
| 34 | 1230 | UNIVERSAL-INVESTMENT-GESELLSCHAFT MBH | December 4, 2012 |
| 35 | 1699080 | BORUT F SKOK SR | December 4, 2012 |
| 36 | 1980612 | ERIC S MERRIFIELD MD | December 4, 2012 |
| 37 | 1239 | INTERNATIONAL FUND MANAGEMENT S.A. | December 4, 2012 |
| 38 | 1238 | DEKA INTERNATIONAL S.A. LUXEMBOURG | December 4, 2012 |
| 39 | 1237 | DEKA INTERNATIONAL (IRELAND) LTD. | December 4, 2012 |
| 40 | 1236 | DEKA FUNDMASTER INVESTMENTGESELLSCHAFT MGH | December 4, 2012 |
| 41 | 1235 | DEKA INVESTMENT GMBH | December 4, 2012 |
| 42 | 1241 | FTIF - FRANKLIN TEMPLETON GLOBAL FUNDAMENTAL STRATEGIES FUND | December 5, 2012 |
| 43 | 1245 | FRANKLIN TEMPLETON FUNDS - FRANKLIN MUTUAL SHARES FUND | December 5, 2012 |
| 44 | 1246 | SWISS LIFE INVESTMENT MANAGEMENT HOLDING AG | December 4, 2012 |
| 45 | 1247 | FTIF - FRANKLIN MUTUAL GLOBAL  DISCOVERY FUND | December 5, 2012 |
| 46 | 1248 | FTIF FRANKLIN MUTUAL BEACON FUND | December 5, 2012 |
| 47 | 1250 | MUTUAL GLOBAL DISCOVERY FUND (CANADA) | December 5, 2012 |
| 48 | 1251 | MUTUAL BEACON FUND (CANADA) | December 5, 2012 |
| 49 | 1252 | FTVIP MUTUAL GLOBAL DISCOVERY SECURITIES FUND | December 5, 2012 |
| 50 | 1253 | FTVIP MUTUAL SHARES SECURITIES FUND | December 5, 2012 |

In re Citigroup Inc. Securities Litigation

Exhibit D

Valid Exclusions

| Count | Exclusion ID Number | Name(s) | Received Date |
|---|---|---|---|
| 51 | 1254 | MUTUAL FINANCIAL SERVICES FUND | December 5, 2012 |
| 52 | 1256 | MUTUAL GLOBAL DISCOVERY FUND | December 5, 2012 |
| 53 | 1257 | MUTUAL BEACON FUND | December 5, 2012 |
| 54 | 1258 | MUTUAL SHARES FUND | December 5, 2012 |
| 55 | 1264 | KATHLEEN SHUM | December 5, 2012 |
| 56 | 1296 | EQ/MUTUAL LARGE CAP EQUITY PORTFOLIO | December 6, 2012 |
| 57 | 1297 | JNL/FRANKLIN TEMPLETON MUTUAL SHARES FUND | December 6, 2012 |
| 58 | 2741665 | MULIAN ZHOU | December 6, 2012 |
| 59 | 2370137 | KEITH M MANNING | December 6, 2012 |
| 60 | 1302 | PENNYGOLD TRADING SUPPLIES | December 6, 2012 |
| 61 | 1308 | ESL PARTNERS L.P. | December 6, 2012 |
| 62 | 1310 | ESL INVESTORS, L.L.C. | December 6, 2012 |
| 63 | 2370759 | OLSTEIN ALL CAP VALUE FUND (F/K/A) OLSTEIN FINANCIAL ALERT FUND | December 6, 2012 |
| 64 | 1312 | WOLF OPPORTUNITY FUND, LTD. | December 6, 2012 |
| 65 | 1313 | OKUMUS CAPITAL, L.L.C. | December 6, 2012 |
| 66 | 1314 | OKUMUS DIVERSIFIED VALUE, LTD. (F/K/A OKUMUS DIVERSIFIED VALUE FUND, LTD.) | December 6, 2012 |
| 67 | 1315 | OKUMUS OPPORTUNITY, LTD. (F/K/A OKUMUS OPPORTUNITY FUND, LTD.) | December 6, 2012 |
| 68 | 2095847 | HOAG MEMORIAL HOSPITAL PRESBYTERIAN | December 6, 2012 |
| 69 | 1319 | HOAG HOSPITAL FOUNDATION | December 6, 2012 |
| 70 | 1320 | INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH | December 6, 2012 |
| 71 | 1321 | BAYERNINVEST KAPITALANLAGEGESELLSCHAFT MBH | December 6, 2012 |
| 72 | 1323 | METZLER INVESTMENT GMBH | December 6, 2012 |
| 73 | 1324 | NORD/LB KAPITALANLAGEGESELLSCHAFT AG | December 6, 2012 |
| 74 | 1325 | SWISS & GLOBAL ASSET MANAGEMENT AG | December 6, 2012 |
| 75 | 1326 | SWISS & GLOBAL ASSET MANAGEMENT (LUXEMBOURGH) SA | December 6, 2012 |
| 76 | 1327 | SWISSCANTO ASSET MANAGEMENT AG | December 6, 2012 |
| 77 | 1328 | FRANK G RACZEK & COLLEEN RACZEK | December 6, 2012 |
| 78 | 1305 | WILLIAM F. GRAHAM | December 6, 2012 |
| 79 | 1322 | HANSAINVEST HANSEATISCHE INVESTMENT-GMB | December 6, 2012 |
| 80 | 1402 | SWISSCANTO ASSET MANAGEMENT INTERNATIONAL S.A. | December 6, 2012 |
| 81 | 1428 | GESTION SJG, INC. | December 10, 2012 |
| 82 | 1431 | ORTRUD DEROUICHE | December 10, 2012 |
| 83 | 3167714 | LILLIAN VANDEPUTTE BROWN | January 17, 2013 |
| 84 | 2761971 | CHRISTINE RYALS | January 17, 2013 |
| 85 | 2728362 | WANDA H PENDERGRASS | January 16, 2013 |
| 86 | 3052762 | ELEANOR B ZIMMERMAN & STANLEY R ZIMMERMAN | January 23, 2013 |
| 87 | 2746418 | DONALD HOLTZBERGER | January 23, 2013 |
| 88 | 2743666 | JAMES MICHAEL LAY | January 23, 2013 |
| 89 | 2725097 | ROBERT E RICHARDSON | January 25, 2013 |
| 90 | 3013211 | WILLIAM HEATON WOODRUFF (DEC'D) & KATE LILLIAN WOODRUFF | January 30, 2013 |
| 91 | 11501 | CAROL MIYAI | February 5, 2013 |
| 92 | 3047867 | ROBERT W MITCHELL & ALBERTA R MITCHELL | February 5, 2013 |
| 93 | 2489460 | PUCAS CV | February 13, 2013 |
| 94 | 15683 | HUIPING ZHANG | February 11, 2013 |
| 95 | 3318889 | FRANCIS R STARR & ROSALIND E STARR JT TEN | February 14, 2013 |
| 96 | 15728 | MARIA POTH | February 14, 2013 |
| 97 | 1997 | KEN LEE | February 12, 2013 |
| 98 | 17781 | MEDARTIS CONSULTANTS INC. | February 19, 2013 |
| 99 | 2633601 | RICHARD MARTIN | February 19, 2013 |
| 100 | 3231906 | SIN HAN TERRY LEE | February 21, 2013 |

In re Citigroup Inc. Securities Litigation

## Exhibit D

Valid Exclusions

| Count | Exclusion ID Number | Name(s) | Received Date |
|---|---|---|---|
| 101 | 3298484 | ROY R SYKES | February 22, 2013 |
| 102 | 3357501 | BARBARA SULCOVA | February 25, 2013 |
| 103 | 3259153 | YOUSSEF RANDJIOU | February 25, 2013 |
| 104 | 3105754 | WILLIAM HENRY COOK | February 26, 2013 |
| 105 | 3136489 | RAY C DENSON | February 27, 2013 |
| 106 | 2567283 | MEI YIN SHIRLEY LAU | February 28, 2013 |
| 107 | 3085348 | LES SCHACHAR | March 1, 2013 |
| 108 | 2758467 | ARMANDS LUCIJANOVS | March 4, 2013 |
| 109 | 2735375 | JEFFREY J. HUSO | March 4, 2013 |
| 110 | 2878164 | KING IN DAVID YEUNG AND | March 4, 2013 |
| 111 | 3319585 | LAI YIN SANDIE LAU | March 8, 2013 |
| 112 | 2771603 | RICHARD G. MAKOWSKI | March 8, 2013 |
| 113 | 1056827 | RACHEL MOSER | November 5, 2012 |
| 114 | 1354758 | THURE W DAHLGREN IRA | November 9, 2012 |
| 115 | 2369039 | ROBERT FAMILY TRUST DTD 01/19/1993 RICHARD & DOROTHY ROBERT TTEES | November 26, 2012 |
| 116 | 709 | GORDON B WRIGHT & HILDEGARD WRIGHT | November 26, 2012 |
| 117 | 2274789 | GERARDO MARINI | November 27, 2012 |
| 118 | 2360576 | MARY ANNE JOHNSON | December 3, 2012 |
| 119 | 1006 | ANNETTE B. DICKIE | December 3, 2012 |
| 120 | 1265 | SUWANDI GUNAWAN/LIE FIE FIE | December 5, 2012 |
| 121 | 1266 | TERESA M. KENT | December 5, 2012 |
| 122 | 2708738 | ROBERT D IMKE | December 6, 2012 |
| 123 | 1502 | GRAZIELA PIMENTEL | December 10, 2012 |
| 124 | 1926 | MARGARET FAYE BANNERMAN | December 17, 2012 |
| 125 | 2722632 | CAROL LYNN JUNG TTEE U/A DTD 03/30/1999 CAMPBELL SURVIVORS TR | January 15, 2013 |
| 126 | 3270625 | URSULA I M SCHUSTER | January 17, 2013 |
| 127 | 2609110 | LYNN J SWEAT | January 23, 2013 |
| 128 | 2714934 | PATTY SIEBERT | February 4, 2013 |
| 129 | 2721641 | THOMAS J NICOLAY | February 19, 2013 |
| 130 | 18623 | ROBERT TY | February 25, 2013 |
| 131 | 18719 | ESTATE OF DONALD RAE READ | February 26, 2013 |
| 132 | 3289453 | PHYLLIS I SCHUMACHER | February 27, 2013 |
| 133 | 3335349 | BING YEE LAU | February 28, 2013 |
| 134 | 19204 | PETER GEORGE HOLLAND | March 6, 2013 |