# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | Civil Action No. 7-9901 (SHS)<br><br>Judge Sidney H. Stein |

## MEMORANDUM OF THEODORE H. FRANK IN SUPPORT OF MOTION FOR COSTS

Theodore H. Frank
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 23-6
Washington, DC 20036
Telephone: (703) 203-3848
Email: tedfrank@gmail.com

*In pro per*

## INTRODUCTION

Frank's objection unquestionably produced $26.7 million of value for the class. Had Frank not objected, the objection deadline would have passed without comment, and an oversized fee request would almost certainly have been approved. Every reason the Court gave for reducing the fee request came directly from Frank's two objections to the fee request, and as a result of discovery that Frank insisted be produced over the strenuous resistance and stonewalling of class counsel who had sought to hide the degree to which they had inflated their lodestar.

Frank objected *pro se*; because of the happenstance that he represented himself instead of using colleagues to make an appearance, there is precedent stating he cannot seek attorneys' fees or litigation expenses, even though hundreds of hours of attorney time were devoted to his objection, and over $1000 in travel expenses. But the law permits reimbursement of Frank's § 1920 costs in pursuing the objection—two testifying experts and a consulting expert. Because Frank's experts worked at a substantial discount from their normal rates, the total sought is less than 0.1% of the benefit to the class: $19,987.50.

## ARGUMENT

Objectors are entitled to attorneys' fees when they confer a substantial benefit on the class. *Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012); *Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994) (error to deny fees to objector that benefitted class). In *Rodriguez v. W. Pub. Corp.*, the Ninth Circuit held that it was "clearly erroneous" to deny an objector attorneys' fees where the objector had raised issues that the court had not previously considered. 563 F.3d 948 (9th Cir. 2009). Judge Posner similarly held in *Reynolds v. Beneficial Nat'l Bank* that objectors' "lawyers who contribute materially to the proceeding" are entitled to a fee, even if the judge would have *sua sponte* made same

MEMO IN SUPPORT OF MOTION FOR COSTS                                                                 1

finding without the objection. 288 F.3d 277, 288 (7th Cir. 2002).

Here, Frank's objection is responsible for an additional $26.7 million in class recovery. This, under normal circumstances, would have entitled Frank to a fee award in the seven-digit range. The appropriate percentage of recovery should be utilized for objectors' counsel as it is for class counsel. *See, e.g., Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844, at *64 (D.N.J. Dec. 14, 2012) (awarding the Center for Class Action Fairness "10.5% of the benefit conferred, well within the range of acceptable percentages-of-recovery"); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) (finding that "10% [of $3 million benefit conferred] is reasonable and appropriate to reflect Objectors' time, effort, ingenuity and success in increasing the kitty for the benefit of the Class."); *Lan v. Ludrof,* 2008 WL 763763, at *28 (W.D. Pa. Mar, 21, 2008) (awarding objector 25% of the increase in the benefit to the class); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004) (awarding objector $1,260,000 which was 1.4% of class counsel's fee award because objection was responsible for 1.4% of class recovery). Here, class counsel was awarded 12% of the gross settlement fund plus expenses; if Frank had requested 6%, half that percentage, that would have represented an award of just over $1.6 million.

However, because Frank represented himself instead of finding a shareholder to object (or agreeing to represent a shareholder that approached him in January), a quirk of the law suggests that Frank's benefit to the class is not compensable, even where he used other attorneys to assist in his research and brief-writing. This seems wrong in the context of a class-action objector who is creating a common benefit for a class far in excess of any benefit the objector could realize for himself. It is especially wrong in the case of a public-interest objector, who is already constrained by tax law to only object in

MEMO IN SUPPORT OF MOTION FOR COSTS                                                                                          2

the public interest, and not in search of compensation. But Frank will not challenge that issue at this time, and will restrict this request to what the law clearly entitles him to.

"[A]lthough a successful pro se litigant is not entitled to an award of attorneys' fees, see generally *Kay v. Ehrler*, 499 U.S. 432, 113 L. Ed. 2d 486, 111 S. Ct. 1435 (1991), [Frank] is entitled to an award of costs." *Iannaccone v. Law*, 1 Fed. Appx. 96, 97 (2d Cir. 2001). *Accord Rainone v. Potter*, 388 F. Supp. 2d 120, 127 (E.D.N.Y. 2005); *LaBounty v. Rivera*, 95 CIV. 2617 (DLC), 1999 U.S. Dist. LEXIS 18877, at *23 (S.D.N.Y. Dec. 7, 1999); *Candelaria v. Coughlin*, 181 F.R.D. 278, 283 (S.D.N.Y. 1998).

Frank seeks the following costs pursuant to 28 U.S.C. § 1920, to be paid to his public-interest law firm, the Center for Class Action Fairness:

**Expert witnesses:** $14,187.50 for the expert report of William Ruane; $5,000.00 for the expert report of John Toothman; and $800.00 for consulting expert expenses from Professor Michael J. Krauss of George Mason Law School. Their invoices are attached as Exhibits 1-3. Both Mr. Ruane and Mr. Toothman charged thousands of dollars less than their market rates—in each case at an effective hourly rate less than the $560/hour ($200/hour x 2.8 multiplier) that this Court awarded class counsel's contract attorneys. The total is $19,987.50.

Frank requests that this amount be paid by class counsel, rather than the settlement fund. *E.g., Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010) (awarding objector's attorneys' fees out of class counsel's fee award); *Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009) (same); *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 573 (D. N.J. 2003), aff'd 103 Fed. Appx. 695, 697 (3d Cir. 2004) (same); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74 (E.D. Tex. 2000) (same); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (same); *In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d

1208, 1215 (D.N.M. 1998) (same). It would be unfair for the class to be billed twice without penalty to class counsel when the objection would have been unnecessary had class counsel's original request been reasonable.

## CONCLUSION

For the foregoing reasons, Frank asks for an award of §1920 costs totaling $19,987.50, payable by class counsel to the Center for Class Action Fairness.

Dated:  August 15, 2013                              Respectfully submitted,

                                                                    /s/ *Theodore H. Frank*
                                                                    Theodore H. Frank
                                                                    CENTER FOR CLASS ACTION FAIRNESS
                                                                    1718 M Street NW
                                                                    No. 23-6
                                                                    Washington, DC 20036
                                                                    Telephone:  (703) 203-3848
                                                                    Email:  tedfrank@gmail.com

                                                                    *In pro per*

## CERTIFICATE OF SERVICE

The undersigned certifies he electronically filed the foregoing Motion via the ECF system for the Southern District of New York, thus effecting service on all attorneys registered for electronic filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 15, 2013                               /s/ *Theodore H. Frank*
                                                                    Theodore H. Frank

MEMO IN SUPPORT OF MOTION FOR COSTS                                                          4