USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

IN RE CITIGROUP INC. SECURITIES
LITIGATION

------------------------------------

09 MD 2070 (SHS)
This document relates to:
07 Civ. 9901 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

Pro se objector Theodore H. Frank has moved for reimbursement of costs expended in crafting his objection to the attorneys' fees sought by lead plaintiffs' counsel in connection with the settlement of this class action securities litigation. (Dkt. No. 279.) Specifically, he seeks recompense for $19,987.50 paid to two testifying experts and a consulting expert. Frank represents that he is responsible for an additional $26.7 million in recovery to the class and that, although he is ineligible for attorneys' fees as a result of his appearing pro se, *see, e.g., In re Texaco Inc. Shareholder Derivative Litig.*, 123 F. Supp. 169, 172-73 (S.D.N.Y. 2000) (observing that "[t]here is authority in many types of cases for the position that a pro se litigant who is also an attorney should not be awarded attorney's fees" and collecting cases), he contends that fairness dictates that he be reimbursed for his expenses because his efforts benefitted the class.

This Court has, in connection with a motion for attorneys' fees in this action, agreed with the observation that "'objectors have a valuable and important role to perform in policing class action settlements' and may be awarded attorneys' fees and expenses when their efforts improve the settlement or otherwise enhance the adversarial process in a manner that benefits the class." *In re Citigroup Inc. Sec. Litig.*, No. 09 MD 2070 (SHS), Memorandum Order dated Aug. 27, 2013, Dkt. No. 284 (quoting *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 353-54 (S.D.N.Y. 2005), *aff'd in part, vacated in part, remanded sub nom. Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006)). Here, Frank's objections enhanced the adversarial process and played a not insignificant role in focusing the Court on instances of overbilling by plaintiffs' counsel, resulting in a reduction of the attorneys' fees awarded to lead counsel and therefore providing a tangible economic benefit to the class. *See In re Citigroup Inc. Sec. Litig.*, No. 09 MD 2070 (SHS), 2013 WL 3942951, at *6, *19, *20, *22, *24, *27 (S.D.N.Y. Aug. 1, 2013). The Court therefore grants Frank's motion for reimbursement of expenses of $19,987.50, to be paid to the

Center for Class Action Fairness—a nonprofit organization founded by Frank for the purpose of representing the interests of consumers in class action settlements. This award shall be deducted from the attorneys' fees awarded to lead counsel.

Dated: New York, New York
September 10, 2013

SO ORDERED:

Sidney H. Stein, U.S.D.J.