UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/17

IN RE CITIGROUP INC. SECURITIES
LITIGATION

07-cv-9901 (SHS)

MEMORANDUM
OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Objector Theodore Frank has moved for an award of attorneys' fees and expenses incurred in opposing the distribution of settlement funds to three cy pres beneficiaries designated by class counsel in this long running consolidated securities class action. Frank contends that he is entitled to an award of fees because his objections led to an additional distribution of funds to the class. [Docs. 409, 410] For the following reasons, Frank's motion is granted.

## I. Factual Background

On August 1, 2013, this Court approved a $590 million settlement of a securities fraud action brought on behalf of a class of purchasers of Citigroup, Inc. common stock against Citigroup and certain of its officers. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013). The parties' Stipulation and Agreement of Settlement provided that, after essentially all of the settlement funds had been distributed to the class and its attorneys, "[i]n the event that Lead Counsel [for the class] determines that further redistribution of any balance remaining . . . is no longer feasible, thereafter Lead Counsel shall donate the remaining funds, if any, to a nonsectarian charitable

organization(s) certified under the United States Internal Revenue Code § 501(c)(3), to be designated by Lead Counsel and approved by the Court." Doc. 155, Ex. 1 at ¶ 44. On February 5, 2016, Lead Counsel advised the Court that $374,820 in settlement funds remained and that a further distribution was not economically feasible. Lead Counsel therefore moved the Court to approve distribution of those funds to South Brooklyn Legal Services, the National Consumers League, and the Consumer Federation of America (the "Cy Pres Beneficiaries"). The Court subsequently approved that motion. *See* Doc. 377.

Frank subsequently moved for reconsideration of the Court's order approving the Cy Pres Beneficiaries and distribution of the remaining funds. He contended that a cy pres beneficiary must be the "next best" recipient of the class members' funds and that the three Cy Pres Beneficiaries fell short of that standard because of an inadequate nexus between them and the class's interests. Doc. 378 at 4. Instead, Frank argued, the funds should go to "non-profit recipients that directly or tangentially work on behalf of shareholder interests in securities litigation," or "to the Securities and Exchange Commission 'Fair Funds for Investors' to pay future victims of securities fraud" (an "SEC Fair Fund").[1] Id at 7.

---

[1] The SEC establishes "fair funds" pursuant to 15 U.S.C. § 7246(a), which provides that where the SEC obtains a civil penalty or a settlement for the violation of securities laws, "the amount of such civil penalty shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund or other fund established for the benefit of the victims of such violation." Further, 15

2

Lead Counsel disputed the notion that an SEC Fair Fund better matched the class's interests than did the Cy Pres Beneficiaries and maintained – incorrectly, it was later discovered – that "the SEC has already made a Fair Funds distribution to Citigroup shareholders harmed" by the violations of law alleged in the complaint in this action. Doc. 381 at 11. That distinct "Citigroup SEC Fair Fund" was established from a $75 million settlement payment that the SEC had obtained from Citigroup in a separate action, captioned *S.E.C. v. Citigroup*, Inc., No. 10-cv-1277 (D.D.C.). Indeed, Lead Counsel contended that distribution of the remaining funds to an SEC Fair Fund "may not share any overlap at all with class interests here as they will flow to entirely different investors harmed by a variety of entirely different frauds." Id. at 12.

On August 9, 2016, the Court granted Frank's motion for reconsideration but, on reconsideration, adhered to its earlier decision, holding that the appropriate legal standard was whether the cy pres beneficiaries "reasonably approximate" the interest of the class and finding that the Cy Pres Beneficiaries satisfied that standard. *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 849-53 (S.D.N.Y. 2016). Frank filed a notice of appeal from that decision, and this Court stayed the distribution of the cy pres funds pending the outcome of that appeal. On appeal, Frank urged the Second Circuit to reverse this Court's August 9 order and "direct distribution to the SEC Fair Fund as the

---

U.S.C. § 7246(b) authorizes the SEC to "accept, hold, administer, and utilize gifts, bequests and devises of property" – such as a cy pres contribution – for "fair funds" established by 15 U.S.C. § 7246(a).

3

recipient as near as possible to the class's interests." Dkt. No. 16-2850, Doc. No. 41, at *28.

While Frank's appeal was pending, Lead Counsel determined that the $75 million Citigroup SEC Fair Fund that Lead Counsel previously represented had already been distributed had in fact not yet been distributed and would be distributed entirely to members of the settlement class in this action, with Citigroup paying for the cost of that distribution. Thus, it was economically feasible to distribute the remaining funds in this action – now increased to $405,000 – to class members by combining that $405,000 with the $75 million distribution of the Citigroup SEC Fair Fund.

As a result of its discovery, Lead Counsel moved pursuant to Fed. R. Civ. P. 60(b) for an order vacating the order designating the Cy Pres Beneficiaries and authorizing the distribution to them. After jurisdiction was returned to this Court following a limited remand for that purpose from the Second Circuit, this Court granted the motion, vacated the cy pres designation, and directed that the remaining settlement funds be distributed to the class members in this action through the Citigroup SEC Fair Fund. [Doc. 407]

## II. Legal Standard

"[I]t is well settled that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements, and that . . . they are entitled to an allowance as compensation for attorneys' fees and expenses where a proper

4

showing has been made that the settlement was improved as a result of their efforts." *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974). "Under the 'common fund doctrine,' a party that secured a fund for the benefit of others, in addition to himself, may recover his costs, including his attorney's fees, from the fund itself or directly from the other parties enjoying the benefit." *In re Holocaust Victim Assets Litig.*, 424 F.3d 150, 156-57 (2d Cir. 2005) (internal quotation marks omitted). "The actions of the party seeking to recover costs must, however, be a substantial cause of the benefit obtained." *Id.* at 157 (internal quotation marks omitted). "[T]he trial judge has broad discretion in deciding whether, and in what amount, attorneys' fees should be awarded, since he is in the best position to determine whether the participation of objectors assisted the court and enhanced the recovery." *White*, 500 F.2d at 828.

### III. Discussion

Frank contends that his objection substantially caused a benefit to the class for essentially two reasons: (1) the ultimate decision to distribute the remaining funds to class members through the Citigroup SEC Fair Fund has roots in his argument that the funds should be awarded to an SEC Fair Fund; and (2) had Frank not objected to Lead Counsel's three original cy pres designations, the remaining funds would have gone to those three Cy Pres Beneficiaries, instead of to the class. Lead Counsel responds that (1) an SEC Fair Fund that Frank proposed is distinct from the Citigroup SEC Fair Fund and would simply have been a different cy pres beneficiary, and thus Frank did not argue

5

for an additional benefit to the class; and (2) the causal connection between Frank's objection and the additional distribution is mere happenstance, which is insufficient to entitle Frank to fees.

However, the causal connection between Frank's objection and the discovery by Lead Counsel that the separate Citigroup SEC Fair Fund, for which each recipient is also a class member in this litigation, had not yet been distributed is not mere happenstance. Frank argued that the funds should go to an SEC Fair Fund, which admittedly would only have compensated *future* victims of fraud and not necessarily members of the class in this litigation. But Frank's request was based on Lead Counsel's representation that the "the SEC has already made a Fair Funds distribution to Citigroup shareholders harmed by inadequate disclosure of Citigroup's CDO exposure . . . at $75 million" and therefore "any funds handed over to it . . . will flow to entirely different investors." Doc. 381 at 11-12. This exchange shows that although Frank proposed a separate SEC Fair Fund from the Citigroup SEC Fair Fund the two were clearly conceptually linked. Indeed, Lead Counsel's discovery that they were incorrect in believing that the Citigroup SEC Fair Fund had already been distributed was reached "[i]n preparing [Lead Counsel's] response to Mr. Frank's appeal." Doc. 397 at 5.

The Court concludes that the connection between Frank's objection to the Cy Pres Beneficiaries and Lead Counsel's discovery that the Citigroup SEC Fair Fund was

available to be distributed to class members in this litigation justifies an award of fees to Frank because he was a "substantial cause of the benefit obtained." *In re Holocaust Victim Assets Litig.*, 424 F.3d at 157.

Although Lead Counsel opposes the award of any fees to Frank, Lead Counsel does not contest the percentage of recovery that Frank seeks, the number of hours that his attorneys spent on filing and pursuing the objection, the hourly rate proposed for his attorneys' time, or the amount of Frank's expenses. The Court has reviewed the submission in support of Frank's request for attorneys' fees and expenses of $33,412.50 (8.25% of the $405,000 in additional settlement funds to be distributed to the class) under both the percentage of recovery method and the lodestar method of calculating reasonable attorneys' fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *In re Citigroup, Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 387-88 (S.D.N.Y. 2013).

The Court finds Frank's request for $33,412.50 in attorneys' fees and expenses to be reasonable and accordingly grants Frank's motion.[2] The fees and expenses are to be deducted from the remaining $405,000 in undistributed settlement funds.

Dated: New York, New York
September 1, 2017

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[2] Frank's motion seeks "attorneys' fees and expenses in the total amount of $33,412.50," without separating attorneys' fees from expenses. Doc. 409 at 2. But Frank's briefing and his attorney's declaration make clear that he seeks $2,443 in expenses. [Docs. 410 at 3; 411 at 8] Accordingly, the Court treats Frank's motion as seeking $30,969.50 in attorneys' fees and $2,443 in expenses and grants those amounts.

8